UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>T-MOBILE USA, INC.; T-MOBILE US, INC.;<br><br>*Defendants*. | Case No.   2:22-cv-477<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cobblestone Wireless, LLC ("Cobblestone") files this complaint against Defendants T-Mobile USA, Inc. and T-Mobile US, Inc. (collectively, "Defendants" or "T-Mobile") alleging infringement of U.S. Patent Nos. 8,891,347 (the "'347 patent"), 9,094,888 (the "'888 patent"), 10,368,361 (the "'361 patent"), and 8,554,196 (the "'196 patent") (collectively, the "Patents-in-Suit" or "Asserted Patents").

### Plaintiff Cobblestone and the Patents-in-Suit

1. Plaintiff Cobblestone Wireless, LLC is a limited liability company organized under the laws of the State of Texas, with an address at 101 E. Park Blvd., Suite 600, Plano, Texas 75074.

2. Cobblestone is the owner of U.S. Patent No. 8,891,347 entitled "User-Focusing Technique for Wireless Communication Systems," which issued November 18, 2014. A copy of the '347 patent is attached to this complaint as Exhibit 1.

3. Cobblestone is the owner of U.S. Patent No. 9,094,888 entitled "Wireless Device Handoff Between Wireless Networks," which issued July 28, 2015. A copy of the '888 patent is attached to this complaint as Exhibit 2.

1

4. Cobblestone is the owner of U.S. Patent No. 10,368,361 entitled "Adaptive Communication Resource Allocation in a Wireless Network," which issued July 30, 2019. A copy of the '361 patent is attached to this complaint as Exhibit 3.

5. Cobblestone is the owner of U.S. Patent No. 8,554,196 entitled "Network Coverage By Cycling Through Beam Shape Coverage Configurations," which issued October 8, 2013. A copy of the '196 patent is attached to this complaint as Exhibit 4.

6. On information and belief, Defendant T-Mobile USA, Inc. ("TUSA") is a corporation organized under the laws of the State of Delaware, with its principal place of business at 12920 S.E. 38th Street, Bellevue, Washington 98006. TUSA has as its registered agent for service: Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808. TUSA has been registered to do business in the state of Texas under Texas SOS file number 12958406.

7. On information and belief, Defendant T-Mobile US, Inc. ("TUS") is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 12920 S.E. 38th Street, Bellevue, Washington 98006. TUS has as its registered agent for service: Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

### Jurisdiction and Venue

8. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over T-Mobile in this action because T-Mobile has committed acts of infringement within this District giving rise to this action, has a regular and established place of business in this District, and has established minimum contacts with this forum such that the exercise of jurisdiction over T-Mobile would not offend traditional notions of fair

play and substantial justice. T-Mobile, directly and/or through subsidiaries or intermediaries, conducts its business extensively throughout Texas, by shipping, distributing, offering for sale, selling, and advertising its products and/or services in the State of Texas and the Eastern District of Texas, regularly does business or solicits business, engages in other persistent courses of conduct, and/or derives substantial revenue from products and/or services provided to individuals in the State of Texas, and commits acts of infringement of Plaintiff's patents in this District by, among other things, making, using, importing, offering to sell, and selling products and/or services that infringe the asserted patents, including without limitation the tablets and phones accused of infringement in this case and cellular services offered by T-Mobile on its network.

10. T-Mobile, directly and/or through subsidiaries or intermediaries, has purposefully and voluntarily placed one or more products and/or services in the stream of commerce that practice the Asserted Patents with the intention and expectation that they will be purchased and used by consumers in the Eastern District of Texas. These products and/or services have been and continue to be purchased and used in the Eastern District of Texas.

11. Venue as to T-Mobile is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). On information and belief, T-Mobile resides in this District and/or has committed acts of infringement and has a regular and established place of business in this District.

12. For example, Defendants have regular and established places of business in the Eastern District of Texas, including at 116 E Loop Ste 101, Longview, Texas 75605; 1806 E End Blvd N Ste 100, Marshall, Texas 75670; and 5800 Legacy Dr Suite C-9, Plano, Texas 75024.

13. For example, T-Mobile maintains or has authorized retail locations in this District, including at the addresses listed above in Paragraph 12, where cellular handsets, and other infringing devices have been sold.

14. For example, T-Mobile also owns, leases, maintains and/or operates cellular base stations in this District that provide 5G data services to T-Mobile customers in this District, including numerous cell tower locations in Tyler, Texas; Longview, Texas; and Marshall, Texas.

15. For example, T-Mobile offers 5G data coverage to customers in this District and within the Marshall division. Furthermore, according to its website, T-Mobile also offers and /or provides 4G and 5G services and equipment to customers in this District.

**Count 1 – Claim for infringement of the '347 patent.**

16. Cobblestone incorporates by reference each of the allegations in paragraphs 1–15 above and further alleges as follows:

17. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 8,891,347 (the "'347 Patent"), entitled "User-Focusing Technique for Wireless Communication Systems." The '347 Patent was duly and legally issued by the United States Patent and Trademark Office on November 18, 2014. A true and correct copy of the '347 Patent is attached as Exhibit 1.

18. On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Instrumentalities"), including (1) cellular base stations that support 3GPP 5G NR beamforming, and (2) cellular handsets that support 3GPP 5G NR beamforming, including without limitation the Apple iPhone 12, iPhone 12 mini, iPhone 13, iPhone 13 mini, iPhone 13 Pro, iPhone 13 Pro Max, iPhone 14, iPhone 14 Plus, iPhone 14 Pro, and iPhone 14 Pro Max and Samsung Galaxy S20 FE, Galaxy S21 FE, Galaxy S22, Galaxy S22+, Galaxy S22 Ultra, Galaxy Z Flip3, Galaxy Z Flip4, Galaxy Z Fold3, Galaxy Z Fold4, Galaxy A53, that directly infringe, literally and/or under the doctrine of equivalents, at least Claim 1 of the '347 Patent.

19. Defendants also knowingly and intentionally induce infringement of at least Claim 1 of the '347 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this

Complaint, Defendants have had knowledge of the '347 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '347 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Instrumentalities in ways that directly infringe the '347 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite their knowledge of the '347 Patent, thereby specifically intending for and inducing their customers to infringe the '347 Patent through the customers' normal and customary use of the Accused Instrumentalities.

20. Defendants have also infringed, and continue to infringe, at least Claim 1 of the '347 Patent by selling, offering for sale, or importing into the United States, the Accused Instrumentalities, knowing that the Accused Instrumentalities constitute a material part of the inventions claimed in the '347 Patent, are especially made or adapted to infringe the '347 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Defendants have been, and currently are, contributorily infringing the '347 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

21. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '347 Patent. A claim chart comparing independent claim 1 of the '347 Patent to representative Accused Instrumentalities is attached as Exhibit 5.

22. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants have injured Plaintiff and are liable for infringement of the '347 Patent pursuant to 35 U.S.C. § 271.

23. As a result of Defendants' infringement of the '347 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less

than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

### Count 2 – Claim for infringement of the '888 patent.

24. Cobblestone incorporates by reference each of the allegations in paragraphs 1–23 above and further alleges as follows:

25. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 9,094,888 (the "'888 Patent"), entitled "Wireless Device Handoff Between Wireless Networks." The '888 Patent was duly and legally issued by the United States Patent and Trademark Office on July 28, 2015. A true and correct copy of the '888 Patent is attached as Exhibit 2.

26. On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Instrumentalities"), including cellular base stations that support handover between 4G LTE and 5G NR wireless networks, that directly infringe, literally and/or under the doctrine of equivalents, at least Claim 9 of the '888 Patent.

27. Defendants also knowingly and intentionally induce infringement of at least Claim 9 of the '888 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Defendants have had knowledge of the '888 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '888 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Instrumentalities in ways that directly infringe the '888 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite their knowledge of the '888 Patent,

thereby specifically intending for and inducing their customers to infringe the '888 Patent through the customers' normal and customary use of the Accused Instrumentalities.

28. Defendants have also infringed, and continue to infringe, at least Claim 9 of the '888 Patent by selling, offering for sale, or importing into the United States, the Accused Instrumentalities, knowing that the Accused Instrumentalities constitute a material part of the inventions claimed in the '888 Patent, are especially made or adapted to infringe the '888 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Defendants have been, and currently are, contributorily infringing the '888 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

29. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '888 Patent. A claim chart comparing independent claim 9 of the '888 Patent to representative Accused Instrumentalities is attached as Exhibit 6.

30. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants have injured Plaintiff and are liable for infringement of the '888 Patent pursuant to 35 U.S.C. § 271.

31. As a result of Defendants' infringement of the '888 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

### Count 3 – Claim for infringement of the '361 patent.

32. Cobblestone incorporates by reference each of the allegations in paragraphs 1–31 above and further alleges as follows:

33. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 10,368,361 (the "'361 Patent"), entitled "Adaptive Communication Resource Allocation in a Wireless Network." The '361 Patent was duly and legally issued by the United States Patent and Trademark Office on July 30, 2019. A true and correct copy of the '361 Patent is attached as Exhibit 3.

34. On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Instrumentalities"), including cellular base stations that support 3GPP NG-RAN supporting directional Supplementary Uplink (SUL) functionality, that directly infringe, literally and/or under the doctrine of equivalents, at least Claim 10 of the '361 Patent.

35. Defendants also knowingly and intentionally induce infringement of at least Claim 10 of the '361 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Defendants have had knowledge of the '361 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '361 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Instrumentalities in ways that directly infringe the '361 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite their knowledge of the '361 Patent, thereby specifically intending for and inducing their customers to infringe the '361 Patent through the customers' normal and customary use of the Accused Instrumentalities.

36. Defendants have also infringed, and continue to infringe, at least Claim 10 of the '361 Patent by selling, offering for sale, or importing into the United States, the Accused Instrumentalities, knowing that the Accused Instrumentalities constitute a material part of the inventions claimed in the '361 Patent, are especially made or adapted to infringe the '361 Patent, and are not

staple articles or commodities of commerce suitable for non-infringing use. Defendants have been, and currently are, contributorily infringing the '361 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

37. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '361 Patent. A claim chart comparing independent claim 10 of the '361 Patent to representative Accused Instrumentalities is attached as Exhibit 7.

38. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants have injured Plaintiff and are liable for infringement of the '361 Patent pursuant to 35 U.S.C. § 271.

39. As a result of Defendants' infringement of the '361 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

### Count 4 – Claim for infringement of the '196 patent.

40. Cobblestone incorporates by reference each of the allegations in paragraphs 1–39 above and further alleges as follows:

41. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 8,554,196 (the "'196 Patent"), entitled "Network Coverage By Cycling Through Beam Shape Coverage Configurations." The '196 Patent was duly and legally issued by the United States Patent and Trademark Office on October 8, 2013. A true and correct copy of the '196 Patent is attached as Exhibit 4.

42. On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Instrumentalities"), including cellular handsets that support wifi-only auto-

9

matic updates, including without limitation the Apple iPhone 12, iPhone 12 mini, iPhone 13, iPhone 13 mini, iPhone 13 Pro, iPhone 13 Pro Max, iPhone 14, iPhone 14 Plus, iPhone 14 Pro, and iPhone 14 Pro Max and Samsung Galaxy S20 FE, Galaxy S21 FE, Galaxy S22, Galaxy S22+, Galaxy S22 Ultra, Galaxy Z Flip3, Galaxy Z Flip4, Galaxy Z Fold3, Galaxy Z Fold4, Galaxy A53, that directly infringe, literally and/or under the doctrine of equivalents, at least Claim 23 of the '196 Patent.

43.     Defendants also knowingly and intentionally induce infringement of at least Claim 23 of the '196 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Defendants have had knowledge of the '196 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '196 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Instrumentalities in ways that directly infringe the '196 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite their knowledge of the '196 Patent, thereby specifically intending for and inducing their customers to infringe the '196 Patent through the customers' normal and customary use of the Accused Instrumentalities.

44.     The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '196 Patent. A claim chart comparing independent claim 23 of the '196 Patent to representative Accused Instrumentalities is attached as Exhibit 8.

45.     By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendants have injured Plaintiff and are liable for infringement of the '196 Patent pursuant to 35 U.S.C. § 271.

46.     As a result of Defendants' infringement of the '196 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## Jury Trial Demanded

47.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Cobblestone requests a trial by jury of any issues so triable by right.

## Prayer for Relief

Plaintiff Cobblestone respectfully requests the following relief from this Court:

A.      A judgment in favor of Cobblestone that Defendants have infringed, either literally and/or under the doctrine of equivalents, the '347, '888, '361, and '196 patents, and that the '347, '888, '361, and '196 patents are valid, enforceable, and patent-eligible;

B.      A judgment and order requiring Defendants to pay Cobblestone compensatory damages, costs, expenses, and pre-judgment and post-judgment interest for their infringement of the asserted patents, as provided under 35 U.S.C. § 284;

C.      Any and all injunctive and/or equitable relief to which Cobblestone may be entitled including, but not limited to, ongoing royalties with respect to Defendants' infringement of the '347, '888, '361, and '196 patents;

D.      A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Cobblestone, including, without limitation, pre-judgment and post-judgment interest;

E.      A judgment and order finding that this case is exceptional under 35 U.S.C. § 285, and an award of Cobblestone's reasonable attorney's fees and costs; and

F. Any and all other relief to which Cobblestone may be entitled.

Dated:  December 16, 2022

Respectfully submitted,

*/s/ Reza Mirzaie*
Reza Mirzaie
CA State Bar No. 246953
Marc A. Fenster
CA State Bar No. 181067
Neil A. Rubin
CA State Bar No. 250761
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com

**ATTORNEYS FOR PLAINTIFF, COBBLESTONE WIRELESS, LLC**