**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| COBBLESTONE WIRELESS, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 2:22-cv-00477-JRG-RSP (Lead Case) |
| T-MOBILE USA, INC.; T-MOBILE US, INC. | § § | |
| *Defendants*. | § § § § | |

| | | |
|---|---|---|
| | § § | |
| COBBLESTONE WIRELESS, LLC, | § § | |
| *Plaintiff*, | § § | Case No. 2:22-cv-00478-JRG-RSP (Member Case) |
| v. | § § | |
| VERIZON COMMUNICATIONS, INC. et al., | § § | |
| *Defendants*. | § § § | |

## VERIZON'S ANSWER AND COUNTERCLAIMS

Defendant Cellco Partnership d/b/a Verizon Wireless ( "Verizon" or "Defendant")[1] files this Answer and Defenses to the Complaint for Patent Infringement ("Complaint") filed by Cobblestone Wireless, LLC ("Cobblestone" or "Plaintiff") (Dkt. 1). Except as hereinafter specifically admitted, qualified, or affirmatively alleged, Defendant denies each and every

---

[1] Verizon Communications Inc. was also a named defendant in this case. Verizon Communications Inc. and Plaintiff have, however, filed a joint stipulation pursuant to Fed. R. Civ. P. 41(a) dismissing Verizon Communications Inc. As used herein, the term "Verizon" or "Defendant" does not include Verizon Communications Inc. For the sake of clarity, Verizon Communications Inc. denies that it has engaged in any acts of infringement.

allegation, matter, or thing contained in the Complaint. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, or implications that might follow from the admitted facts.

## PLAINTIFF COBBLESTONE AND THE PATENTS-IN-SUIT[2]

1.      Verizon is without knowledge or information sufficient to admit or deny the allegations of paragraph 1 and therefore denies them.

2.      Verizon admits that Exhibit 1 to the Complaint purports to be U.S. Patent No. 8,891,347 (the "'347 Patent") entitled "User-Focusing Technique for Wireless Communication Systems" and indicates on its face that it issued on November 18, 2014. Verizon is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 2 and therefore denies them.

3.      Verizon admits that Exhibit 2 to the Complaint purports to be U.S. Patent No. 9,094,888 (the "'888 Patent") entitled "Wireless Device Handoff Between Wireless Networks" and indicates on its face that it issued on July 28, 2015. Verizon is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 3 and therefore denies them.

4.      Verizon admits that Exhibit 3 to the Complaint purports to be U.S. Patent No. 10,368,361 (the "'361 Patent") entitled "Adaptive Communication Resource Allocation in a Wireless Network" and indicates on its face that it issued on July 30, 2019. Verizon is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 4 and

---

[2]Headings and subheadings are copied from the Complaint for ease of reference only. These headings and subheadings do not require any response and do not constitute an admission or denial of any purported fact or allegation. To the extent a response is required to any allegation in the Complaint's headings or subheadings, Verizon denies those allegations.

therefore denies them.

5.      Verizon admits that Exhibit 4 to the Complaint purports to be U.S. Patent No. 8,554,196 (the "'196 Patent") entitled "Network Coverage by Cycling Through Beam Shape Coverage Configurations" and indicates on its face that it issued on October 8, 2013. Verizon is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 5 and therefore denies them.

6.      Verizon admits that Verizon Communications Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1095 Avenue of the Americas, New York, New York 10036. Verizon Communications Inc. has a registered agent for service at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Except as expressly admitted, denied.

7.      Admitted.

8.      Verizon admits that Verizon Communications Inc. is the parent corporation of Cellco Partnership d/b/a Verizon Wireless. Except as expressly admitted, denied.

## JURISDICTION AND VENUE

9.      Verizon admits that the Complaint purports to bring an action under Title 35 of the United States Code, but denies that Verizon has committed any act of infringement of the Patents-in-Suit. Verizon does not dispute that this Court has subject matter jurisdiction, but denies that Cobblestone is entitled to any relief. Except as expressly admitted, denied.

10.     Verizon is unable to respond to this paragraph as it contains allegations regarding numerous entities without specifying which entity to which it refers. On that basis, Verizon denies the allegations in this paragraph.

11.     Verizon is unable to respond to this paragraph as it contains allegations regarding numerous entities without specifying which entity to which it refers. On that basis, Verizon denies

the allegations in this paragraph.

12.     Verizon is unable to respond to this paragraph as it contains allegations regarding numerous entities without specifying which entity to which it refers. On that basis, Verizon denies the allegations in this paragraph.

13.     Verizon is unable to respond to this paragraph as it contains allegations regarding numerous entities without specifying which entity to which it refers. On that basis, Verizon denies the allegations in this paragraph.

14.     Verizon is unable to respond to this paragraph as it contains allegations regarding numerous entities without specifying which entity to which it refers. On that basis, Verizon denies the allegations in this paragraph.

15.     Verizon is unable to respond to this paragraph as it contains allegations regarding numerous entities without specifying which entity to which it refers. On that basis, Verizon denies the allegations in this paragraph.

16.     Verizon is unable to respond to this paragraph as it contains allegations regarding numerous entities without specifying which entity to which it refers. On that basis, Verizon denies the allegations in this paragraph.

## COUNT 1 –CLAIM FOR ALLEGED INFRINGEMENT OF THE '347 PATENT

17.     Verizon repeats its responses to paragraphs 1-16 as if fully stated herein.

18.     Verizon admits that Exhibit 1 to the Complaint purports to be U.S. Patent No. 8,891,347 (the "'347 Patent") entitled "User-Focusing Technique for Wireless Communication Systems" and indicates on its face that it issued on November 18, 2014. Verizon is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 18 and therefore denies them.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

## COUNT 2 - CLAIM FOR ALLEGED INFRINGEMENT OF THE '888 PATENT

25.     Verizon repeats its responses to paragraphs 1-24 as if fully incorporated herein.

26.     Verizon admits that Exhibit 2 to the Complaint purports to be U.S. Patent No. 9,094,888 (the "'888 Patent") entitled "Wireless Device Handoff Between Wireless Networks" and indicates on its face that it issued on July 28, 2015. Verizon is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 26 and therefore denies them.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

## COUNT 3 –CLAIM FOR ALLEGED INFRINGEMENT OF THE '361 PATENT

33.     Verizon repeats its responses to paragraphs 1-32 as if fully incorporated herein.

34.     Verizon admits that Exhibit 3 to the Complaint purports to be U.S. Patent No. 10,368,361 (the "'361 Patent") entitled "Adaptive Communication Resource Allocation in a Wireless Network" and indicates on its face that it issued on July 30, 2019. Verizon is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 34

and therefore denies them.

35.  Denied.

36.  Denied.

37.  Denied.

38.  Denied.

39.  Denied.

40.  Denied.

### COUNT 4 –CLAIM FOR ALLEGED INFRINGEMENT OF THE '196 PATENT

41.  Verizon incorporates its responses to paragraphs 1-40 as if fully incorporated herein.

42.  Verizon admits that Exhibit 4 to the Complaint purports to be U.S. Patent No. 8,554,196 (the "'196 Patent") entitled "Network Coverage by Cycling Through Beam Shape Coverage Configurations" and indicates on its face that it issued on October 8, 2013. Verizon is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 42 and therefore denies them.

43.  Denied.

44.  Denied.

45.  Denied.

46.  Denied.

47.  Denied.

### ANSWER TO THE JURY TRIAL DEMAND

48.  Verizon admits that the Complaint sets forth a demand for a jury trial.

### VERIZON DENIES COBBLESTONE IS ENTITLED TO ITS PRAYER FOR RELIEF

Verizon denies all the allegations contained in Cobblestone's Prayer for Relief and Verizon

further denies that Cobblestone is entitled to any relief whatsoever, including any relief sought in paragraphs A through F of its Prayer for Relief. Cobblestone's Prayer for Relief should, therefore, be denied in its entirety and with prejudice, and Cobblestone should take nothing.

## JURY TRIAL DEMAND

Verizon respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## VERIZON'S DEFENSES

Upon information and belief, and subject to its responses above, Verizon alleges and asserts the following defenses in response to the allegations of the Complaint, without admitting or acknowledging that Verizon bears the burden of proof as to any of them or that any must be pleaded as defenses. Regardless of how such defenses are listed herein, Verizon undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. Verizon expressly reserves the right to amend or raise additional defenses pursuant to any docket control order as additional information becomes available through further investigation and discovery.

## FIRST DEFENSE
### (Non-Infringement of the '347 Patent)

Verizon does not infringe and has not infringed the '347 Patent directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '347 Patent.

## SECOND DEFENSE
### (Non-Infringement of the '888 Patent)

Verizon does not infringe and has not infringed the '888 Patent directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '888 Patent.

## THIRD DEFENSE
### (Non-Infringement of the '361 Patent)

Verizon does not infringe and has not infringed the '361 Patent directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '361 Patent.

## FOURTH DEFENSE
### (Non-Infringement of the '196 Patent)

Verizon does not infringe and has not infringed the '196 Patent directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '196 Patent.

## FIFTH DEFENSE
### (Invalidity of the '347 Patent)

The claims of the '347 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

## SIXTH DEFENSE
### (Invalidity of the '888 Patent)

The claims of the '888 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

## SEVENTH DEFENSE
### (Invalidity of the '361 Patent)

The claims of the '361 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

**EIGHTH DEFENSE**
**(Invalidity of the '196 Patent)**

The claims of the '196 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

**NINTH DEFENSE**
**(Statutory Limit on Damages)**

Cobblestone's claim for damages, equitable relief, and/or costs is statutorily limited by 35 U.S.C. §§ 252, 286, 287, and/or 288.

**TENTH DEFENSE**
**(No Willful Infringement)**

Cobblestone is not entitled to enhanced or increased damages for willful infringement because Verizon has not engaged in any conduct that meets the applicable standard for willful infringement.

**ELEVENTH DEFENSE**
**(No Exceptional Case)**

Cobblestone cannot prove that this is an exceptional case justifying award of attorney's fees against Verizon pursuant to 35 U.S.C. § 285.

**TWELFTH DEFENSE**
**(Waiver, Equitable Estoppel, Acquiescence, Unclean Hands)**

Cobblestone's claims are barred, in whole or in part, or its remedies limited, by the doctrines of waiver, implied waiver, equitable estoppel, acquiescence, and/or unclean hands.

**THIRTEENTH DEFENSE**
**(Prosecution History Estoppel – '347 Patent)**

Cobblestone's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admission, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '347

Patent.

## FOURTEENTH DEFENSE
### (Prosecution History Estoppel – '888 Patent)

Cobblestone's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admission, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '888 Patent.

## FIFTEENTH DEFENSE
### (Prosecution History Estoppel – '361 Patent)

Cobblestone's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admission, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '361 Patent.

## SIXTEENTH DEFENSE
### (Prosecution History Estoppel – '196 Patent)

Cobblestone's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admission, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '196 Patent.

## SEVENTEENTH DEFENSE
### (Statutory Limitation)

To the extent certain products accused of infringing the Patents-in-Suit are used by and/or manufactured for the United States Government and/or the public good, Cobblestone's claims involving Verizon may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

## EIGHTEENTH DEFENSE
### (License, Implied License, Exhaustion)

Cobblestone's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to Verizon by any entity or entities having express or implied licenses or covenant not to sue or assert the Patents-in-Suit and/or (ii) under the doctrine of patent exhaustion. Additionally, Cobblestone's claims for patent infringement are precluded in whole or in part by any direct licenses or agreements/covenants not to sue that pertain to Verizon.

## NINETEENTH DEFENSE
### (No Injunctive Relief)

Cobblestone's claims for relief are barred in whole or in part because Cobblestone is not entitled to injunctive relief. Any alleged injury to Cobblestone is not immediate or irreparable and Cobblestone has an adequate remedy at law.

## TWENTIETH DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

## TWENTY FIRST DEFENSE
### (Standing/Ownership)

To the extent that Cobblestone was not the sole and total owner of all substantial rights in any of the Patents-in-Suit as of the filing date of the Complaint, Cobblestone lacks standing to bring one or more claims in this lawsuit.

## COUNTERCLAIMS

Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to the right to plead any additional counterclaims as the facts of the matter warrant, pursuant to Rule 13 of the Federal Rules of Civil Procedure, Cellco Partnership d/b/a Verizon Wireless ("Verizon") asserts the following Counterclaims against

Plaintiff Cobblestone Wireless, LLC ("Cobblestone"):

## **THE PARTIES**

1.      Verizon is a Delaware partnership with its principal place of business at One Verizon Way, Backing Ridge, New Jersey 07920.

2.      Upon information and belief, and based on Cobblestone's allegations in its Complaint, Cobblestone Wireless, LLC is a Texas limited liability company with a principal place of business located at 101 E. Park Boulevard, Suite 600, Plano, Texas 75074.

## **JURISDICTION AND VENUE**

3.      These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 25 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, and 2201-02.

4.      This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

5.      This Court has personal jurisdiction over Cobblestone, as Cobblestone consented to personal jurisdiction by commencing this action for patent infringement in this judicial district.

6.      Cobblestone has consented to venue in this Court by bringing this action against Verizon, and thus venue for Verizon's counterclaims is proper in this district, although a different venue may be more convenient to hear the dispute.

7.      Cobblestone has filed suit in this Court against Verizon for alleged infringement of one or more claims of the Patents-in-Suit in this action. Accordingly, there is an actual, continuing, and justiciable controversy arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.* between Cobblestone, on the one hand, and Verizon, on the other, concerning the alleged infringement by Verizon of the Patents-in-Suit.

8.      Verizon denies that it directly or indirectly infringes any valid and enforceable

-12-

claim of the Patents-in-Suit. In view of the foregoing, there exists an actual and justiciable controversy between the parties with respect to the alleged infringement of the Patents-in-Suit.

## FIRST COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,891,347

9.      Verizon realleges Paragraphs 1-8 as though fully set forth herein.

10.      Cobblestone alleges that Verizon has infringed and continues to infringe at least claim 1 of the '347 Patent under 35 U.S.C. § 271(a).

11.      Verizon denies that it infringes any valid claim of the '347 Patent.

12.      Verizon does not make, use, sell, or offer to sell any product, system, platform, or service, that practices every element of any claim of the '347 Patent, including but not limited to claim 1, at least because Verizon does not make, use, sell, or offer to sell any product, system, platform, or service that perform, for example: (i) "[a] method for wireless communication in a system including a transmitter, a receiver, and a plurality of propagation paths formed between the transmitter and the receiver which are capable of carrying a signal transmitted by the transmitter to the receiver, the method comprising:"; (ii) "transmitting a first signal from the transmitter to the receiver via a first propagation path of the plurality of propagation paths"; (iii) "receiving the first signal at the receiver"; (iv) "performing a channel estimation based on the first signal to obtain path parameter information of the first propagation path"; (v) "sending the channel estimation that includes the path parameter information from the receiver to the transmitter via the first propagation path"; (vi) "predistorting a second signal at the transmitter in a time domain, a frequency domain, and a spatial domain, according to the channel estimation based on the first signal"; (vii) "transmitting the predistorted second signal from the transmitter to the receiver via the first propagation path"; and (viii) "receiving the predistorted second signal at the receiver."

13.      For these, and other reasons to be established through discovery, Verizon denies that it infringes any valid claim of the '347 Patent.

14.     There is an actual and justiciable controversy between Cobblestone and Verizon arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, concerning Cobblestone's allegations that Verizon infringes the '347 Patent.

15.     Verizon is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '347 Patent.

16.     Absent a declaration that Verizon does not infringe the '347 Patent, Cobblestone will continue to wrongfully assert the '347 Patent against Verizon and thereby cause Verizon irreparable harm and injury.

### SECOND COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,094,888

17.     Verizon realleges Paragraphs 1-16 as though fully set forth herein.

18.     Cobblestone alleges that Verizon has infringed and continues to infringe at least claim 9 of the '888 Patent under 35 U.S.C. § 271(a).

19.     Verizon denies that it infringes any valid claim of the '888 Patent.

20.     Verizon does not make, use, sell, or offer to sell any product, system, platform, or service, that practices every element of any claim of the '888 Patent, including but not limited to claim 9, at least because Verizon does not make, use, sell, or offer to sell any product, system, platform, or service that performs, for example: (i) "[a] method implemented at a first wireless network for a mobile wireless device handoff between a second wireless network and the first wireless network, the method comprising:"; (ii) "receiving a handoff request from the second wireless network, the handoff request based, at least in part, on a determination by the second wireless network that the wireless device is not currently covered by the first wireless network but is capable of being covered by the first wireless network"; (iii) "based, at least in part, on the handoff request, adapting one or more beams of an antenna array to facilitate coverage of the

wireless device by the first wireless network"; and (iv) "transmitting a confirmation from the first wireless network to the second wireless network to indicate acceptance of the handoff request, wherein the wireless device is handed off from the second wireless network to the first wireless network."

21.     For these, and other reasons to be established through discovery, Verizon denies that it infringes any valid claim of the '888 Patent.

22.     There is an actual and justiciable controversy between Cobblestone and Verizon arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, concerning Cobblestone's allegations that Verizon infringes the '888 Patent.

23.     Verizon is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '888 Patent.

24.     Absent a declaration that Verizon does not infringe the '888 Patent, Cobblestone will continue to wrongfully assert the '888 Patent against Verizon and thereby cause Verizon irreparable harm and injury.

## THIRD COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,368,361

25.     Verizon realleges Paragraphs 1-24 as though fully set forth herein.

26.     Cobblestone alleges that Verizon has infringed and continues to infringe at least claim 10 of the '361 Patent under 35 U.S.C. § 271(a).

27.     Verizon denies that it infringes any valid claim of the '361 Patent.

28.     Verizon does not make, use, sell, or offer to sell any product, system, platform, or service, that practices every element of any claim of the '361 Patent, including but not limited to claim 10, at least because Verizon does not make, use, sell, or offer to sell any product, system, platform, or service including for example: (i) "[a] wireless base station for a wireless

communication network, the wireless base station comprising:"; (ii) "a quality status module configured to determine a respective quality status of a first frequency spectrum resource and a second frequency spectrum resource, wherein each of the first frequency spectrum resource and the second frequency spectrum resource are associated with an air interface that is available for use by the wireless base station for an uplink channel or a downlink channel"; (iii) "a processor coupled to the quality status module and configured to"; (iv) "determine, based on the quality status of the first frequency spectrum resource, that the first frequency spectrum resource is a sub-optimal resource, for the uplink channel and the downlink channel, relative to other frequency spectrum resources that are available for use by the wireless base station"; (v) " and in response to the determination that the first frequency spectrum resource is the sub-optimal resource, assign the first frequency spectrum resource to a shared resource pool"; (vi) "and a scheduler module coupled to the processor and configured to: schedule the second frequency spectrum resource for the uplink channel or the downlink channel based on an initial directional allocation of frequency spectrum resources for the wireless base station"; (vii) "determine an updated directional allocation of frequency spectrum resources for the wireless base station after the second frequency spectrum resource is scheduled for the uplink channel or the downlink channel"; and (viii) "schedule the first frequency spectrum resource based on the updated directional allocation of frequency spectrum resources for the wireless base station."

29.     For these, and other reasons to be established through discovery, Verizon denies that it infringes any valid claim of the '361 Patent.

30.     There is an actual and justiciable controversy between Cobblestone and Verizon arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, concerning Cobblestone's allegations that Verizon infringes the '361 Patent.

31.     Verizon is entitled to a judicial declaration that it has not and does not infringe

directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '361 Patent.

32.     Absent a declaration that Verizon does not infringe the '361 Patent, Cobblestone will continue to wrongfully assert the '361 Patent against Verizon and thereby cause Verizon irreparable harm and injury.

### FOURTH COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,554,196

33.     Verizon realleges Paragraphs 1-32 as though fully set forth herein.

34.     Cobblestone alleges that Verizon has infringed and continues to infringe at least claim 23 of the '196 Patent under 35 U.S.C. § 271(a).

35.     Verizon denies that it infringes any valid claim of the '196 Patent.

36.     Verizon does not make, use, sell, or offer to sell any product, system, platform, or service, that practices every element of any claim of the '196 Patent, including but not limited to claim 23, at least because Verizon does not make, use, sell, or offer to sell any product, system, platform, or service that practices, for example: (i) "[a] method for a device to receive data updates comprising: cycling over time through an update sequence that includes:"; (ii) "deferring, during coverage by a first network, data updates for a device"; (iii) "transmitting a data update request in response to coverage by a second network, wherein the second network is a more capable network than the first network"; and (iv) "receiving, during the second coverage configuration, a data update."

37.     For these, and other reasons to be established through discovery, Verizon denies that it infringes any valid claim of the '196 Patent.

38.     There is an actual and justiciable controversy between Cobblestone and Verizon arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, concerning Cobblestone's allegations that Verizon infringes the '196 Patent.

39.     Verizon is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '196 Patent.

40.     Absent a declaration that Verizon does not infringe the '196 Patent, Cobblestone will continue to wrongfully assert the '196 Patent against Verizon and thereby cause Verizon irreparable harm and injury.

**FIFTH COUNTERCLAIM – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,891,347**

41.     Verizon realleges Paragraphs 1-40 as though fully set forth herein.

42.     Verizon asserts that claims of the '347 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 112.

43.     Accordingly, there exists an actual and justiciable controversy as to whether the claims of the '347 patent are valid.

44.     Verizon requests a judicial determination and declaration that the claims of the '347 Patent are invalid.

**SIXTH COUNTERCLAIM – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 9,094,888**

45.     Verizon realleges Paragraphs 1-44 as though fully set forth herein.

46.     Verizon asserts that claims of the '888 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 112.

47.     Accordingly, there exists an actual and justiciable controversy as to whether the claims of the '888 patent are valid.

48.     Verizon requests a judicial determination and declaration that the claims of the '888

Patent are invalid.

## SEVENTH COUNTERCLAIM – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 10,368,361

49. Verizon realleges Paragraphs 1-48 as though fully set forth herein.

50. Verizon asserts that claims of the '361 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 112.

51. Accordingly, there exists an actual and justiciable controversy as to whether the claims of the '361 patent are valid.

52. Verizon requests a judicial determination and declaration that the claims of the '361 Patent are invalid.

## EIGHTH COUNTERCLAIM – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,554,196

53. Verizon realleges Paragraphs 1-52 as though fully set forth herein.

54. Verizon asserts that claims of the '196 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 112.

55. Accordingly, there exists an actual and justiciable controversy as to whether the claims of the '196 patent are valid.

56. Verizon requests a judicial determination and declaration that the claims of the '196 Patent are invalid.

## RESERVATIONS

Verizon reserves the right to supplement and/or amend their defenses and/or counterclaims as discovery proceeds in this case.

## **REQUEST FOR RELIEF**

Defendant respectfully requests that this Court enter judgment as follows:

a.   A judgment dismissing Cobblestone's Complaint against Defendant with prejudice;

b.   A judgment in favor of Defendant on all of its Defenses;

c.   A judgment denying any relief whatsoever, including but not limited to injunctive relief, in favor of Cobblestone;

d.   A judgment in favor of Verizon on its Counterclaims;

e.   A judgment that the claims of the Patents-in-Suit are invalid;

f.   A judgment that Defendant has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the Patents-in-Suit;

g.   A judgment that this action is exceptional within the meaning of 35 U.S.C. § 285 and that Defendant is entitled to recover its reasonable attorney's fees upon prevailing in this action;

h.   An award to Defendant of its fees and expenses of litigation, including but not limited to attorney's fees and costs;

i.   A judgment limiting or barring Cobblestone's ability to enforce the Patents-in-Suit in equity;

j.   Such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, Defendant respectfully demands a trial by jury on all issues so triable in this action.

DATED:  February 24, 2023

Respectfully submitted,

Alston & Bird LLP


BY: */s/ Ross Barton*_____ _____
    Ross Barton (NC Bar No. 37179)
     ross.barton@alston.com
    ALSTON & BIRD LLP
    101 South Tryon Street
    Suite 4000
    Charlotte, NC 28280-4000
    Telephone: (704) 444-1000
    Facsimile: (704) 444-1111

    Theodore Stevenson (TX Bar No. 19196650)
     ted.stevenson@alston.com
    ALSTON& BIRD LLP
    2200 Ross Avenue, Suite 2300
    Dallas, TX 75201
    Phone: (214) 922-3400
    Fax: (214) 922-3899

    John D. Haynes (GA Bar No. 340599)
    David S. Frist (GA Bar No. 205611)
    Emily Welch (GA Bar No. 606071)
    Michael C. Deane (GA Bar No. 497195)
    Sloane S. Kyrazis (GA Bar No. 878240)
     john.haynes@alston.com
     david.frist@alston.com
     michael.deane@alston.com
     emily.welch@alston.com
     sloane.kyrazis@alston.com
    One Atlantic Center
    1201 West Peachtree Street
    Atlanta, GA 30309-3424
    Telephone: (404)-881-7000
    Facsimile: (404) 881-7777

    ***Counsel for Defendants Verizon
    Communications Inc. and Cellco Partnership
    d/b/a Verizon Wireless***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of February, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing upon Counsel of Record.

/s/ *Ross Barton*
Ross Barton (NC Bar No. 37179)
   ross.barton@alston.com
ALSTON & BIRD LLP
101 South Tryon Street
Suite 4000
Charlotte, NC 28280-4000
Telephone: (704) 444-1000
Facsimile: (704) 444-1111

*Counsel for Defendants Verizon*
*Communications Inc. and Cellco Partnership*
*d/b/a Verizon Wireless*