**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| COBBLESTONE WIRELESS, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. 2:22-cv-00477-JRG-RSP |
| T-MOBILE USA, INC.; T-MOBILE US, INC. | § § | (Lead Case) |
| *Defendants*. | § § § § § | |
| COBBLESTONE WIRELESS, LLC, | § § § § | |
| *Plaintiff*, | § § | Case No. 2:22-cv-00478-JRG-RSP |
| v. | § § | (Member Case) |
| VERIZON COMMUNICATIONS, INC. et al., | § § § | |
| *Defendants*. | § § | |

**T-MOBILE'S ANSWER AND COUNTERCLAIMS**

Defendant T-Mobile USA, Inc. ("T-Mobile or "Defendant")[1] files this Answer and

Defenses to the Complaint for Patent Infringement ("Complaint") filed by Cobblestone Wireless,

LLC ("Cobblestone" or "Plaintiff") (Dkt. 1). Except as hereinafter specifically admitted, qualified,

or affirmatively alleged, Defendant denies each and every allegation, matter, or thing contained in

---

[1] T-Mobile US, Inc. was also a named defendant in this case. T-Mobile US, Inc. and Plaintiff
have, however, filed a joint stipulation pursuant to Fed. R. Civ. P. 41(a) dismissing T-Mobile
US, Inc. As used herein, the terms "T-Mobile" and "Defendant" do not include T-Mobile US,
Inc. For the sake of clarity, T-Mobile US, Inc. denies that it has engaged in any acts of
infringement.

the Complaint. Any factual allegation admitted below is admitted only as to the specific admitted

facts, and not as to any purported conclusions, characterizations, or implications that might follow

from the admitted facts. As a general matter, T-Mobile notes that Cobblestone drafted many of its

allegations in terms of a collective group of "T-Mobile" entities without specifying whether the

allegations refer to one or more than one of the entities in the group (and if more than one, which

ones). Therefore, unless stated otherwise, a statement that T-Mobile admits an allegation means

that T-Mobile admits the allegation as to at least one of the entities, but does not necessarily mean

each individual entity because Cobblestone did not clarify which specific individual entities the

allegation refers to.

## PLAINTIFF COBBLESTONE AND THE PATENTS-IN-SUIT[2]

1.      T-Mobile is without knowledge or information sufficient to admit or deny the

allegations of paragraph 1 and therefore denies them.

2.      T-Mobile admits that Exhibit 1 to the Complaint purports to be U.S. Patent No.

8,891,347 (the "'347 Patent") entitled "User-Focusing Technique for Wireless Communication

Systems" and indicates on its face that it issued on November 18, 2014. T-Mobile is without

knowledge or information sufficient to admit or deny the remaining allegations of paragraph 2 and

therefore denies them.

3.      T-Mobile admits that Exhibit 2 to the Complaint purports to be U.S. Patent No.

9,094,888 (the "'888 Patent") entitled "Wireless Device Handoff Between Wireless Networks"

and indicates on its face that it issued on July 28, 2015. T-Mobile is without knowledge or

---

[2]Headings and subheadings are copied from the Complaint for ease of reference only. These
headings and subheadings do not require any response and do not constitute an admission or
denial of any purported fact or allegation. To the extent a response is required to any allegation
in the Complaint's headings or subheadings, T-Mobile denies those allegations.

information sufficient to admit or deny the remaining allegations of paragraph 3 and therefore denies them.

4.      T-Mobile admits that Exhibit 3 to the Complaint purports to be U.S. Patent No. 10,368,361 (the "'361 Patent") entitled "Adaptive Communication Resource Allocation in a Wireless Network" and indicates on its face that it issued on July 30, 2019. T-Mobile is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 4 and therefore denies them.

5.      T-Mobile admits that Exhibit 4 to the Complaint purports to be U.S. Patent No. 8,554,196 (the "'196 Patent") entitled "Network Coverage by Cycling Through Beam Shape Coverage Configurations" and indicates on its face that it issued on October 8, 2013. T-Mobile is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 5 and therefore denies them.

6.      T-Mobile admits T-Mobile USA, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006. T-Mobile admits that T-Mobile USA, Inc. has a registered agent for service, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808. T-Mobile admits that T-Mobile USA, Inc. has been registered to do business in the state of Texas under Texas SOS file number 12958406.

7.      T-Mobile admits T-Mobile US, Inc. ("TUS") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006.[3] T-Mobile admits that TUS has a registered agent for

---

[3] T-Mobile US, Inc. is a holding company that does not provide any products, services, or networks. As such, T-Mobile US, Inc. and Plaintiff have filed a joint stipulation pursuant to Fed. R. Civ. P. 41(a) dismissing T-Mobile US, Inc.

service, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

## JURISDICTION AND VENUE

8.      T-Mobile admits that the Complaint purports to bring an action under Title 35 of the United States Code, but denies that T-Mobile has committed any act of infringement of the Patents-in-Suit. T-Mobile does not dispute that this Court has subject matter jurisdiction, but denies that Cobblestone is entitled to any relief. Except as expressly admitted, denied.

9.      T-Mobile does not contest that, for purposes of this action only, T-Mobile is subject to specific personal jurisdiction in this Court. T-Mobile denies the remaining allegations of this paragraph.

10.      Denied.

11.      T-Mobile does not contest that, for purposes of this action only, venue is proper in this District, but denies that T-Mobile has committed acts of infringement of the Patents-in-Suit in this District or in any other judicial district in the United States. T-Mobile denies any remaining allegations of this paragraph.

12.      T-Mobile admits that T-Mobile USA, Inc. has retail stores in the Eastern District of Texas.  T-Mobile denies the remaining allegations of this paragraph.

13.      T-Mobile admits that T-Mobile USA, Inc. has retail stores in the Eastern District of Texas. T-Mobile denies the remaining allegations of this paragraph.

14.      T-Mobile admits that T-Mobile USA, Inc. operates a wireless telecommunications network that provides services to customers within the Eastern District of Texas. T-Mobile is without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

15.      T-Mobile admits that T-Mobile USA, Inc. operates a wireless telecommunications network which provides services to customers within the Eastern District of Texas. T-Mobile is

without knowledge or information sufficient to admit or deny the remaining allegations of this paragraph and therefore denies them.

### COUNT 1 –CLAIM FOR ALLEGED INFRINGEMENT OF THE '347 PATENT

16.     T-Mobile repeats its responses to paragraphs 1-15 as if fully stated herein.

17.     T-Mobile admits that Exhibit 1 to the Complaint purports to be U.S. Patent No. 8,891,347 (the "'347 Patent") entitled "User-Focusing Technique for Wireless Communication Systems" and indicates on its face that it issued on November 18, 2014. T-Mobile is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 17 and therefore denies them.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

### COUNT 2 - CLAIM FOR ALLEGED INFRINGEMENT OF THE '888 PATENT

24.     T-Mobile repeats its responses to paragraphs 1-23 as if fully incorporated herein.

25.     T-Mobile admits that Exhibit 2 to the Complaint purports to be U.S. Patent No. 9,094,888 (the "'888 Patent") entitled "Wireless Device Handoff Between Wireless Networks" and indicates on its face that it issued on July 28, 2015. T-Mobile is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 25 and therefore denies them.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

**COUNT 3 –CLAIM FOR ALLEGED INFRINGEMENT OF THE '361 PATENT**

32.     T-Mobile repeats its responses to paragraphs 1-31 as if fully incorporated herein.

33.     T-Mobile admits that Exhibit 3 to the Complaint purports to be U.S. Patent No. 10,368,361 (the "'361 Patent") entitled "Adaptive Communication Resource Allocation in a Wireless Network" and indicates on its face that it issued on July 30, 2019. T-Mobile is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 33 and therefore denies them.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

**COUNT 4 –CLAIM FOR ALLEGED INFRINGEMENT OF THE '196 PATENT**

40.     T-Mobile incorporates its responses to paragraphs 1-39 as if fully incorporated herein.

41.     T-Mobile admits that Exhibit 4 to the Complaint purports to be U.S. Patent No. 8,554,196 (the "'196 Patent") entitled "Network Coverage by Cycling Through Beam Shape Coverage Configurations" and indicates on its face that it issued on October 8, 2013. T-Mobile is without knowledge or information sufficient to admit or deny the remaining allegations of

paragraph 41 and therefore denies them.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

## ANSWER TO THE JURY TRIAL DEMAND

47.     T-Mobile admits that the Complaint sets forth a demand for a jury trial.

## T-MOBILE DENIES COBBLESTONE IS ENTITLED TO ITS PRAYER FOR RELIEF

T-Mobile denies all the allegations contained in Cobblestone's Prayer for Relief and T-Mobile further denies that Cobblestone is entitled to any relief whatsoever, including any relief sought in paragraphs A through F of its Prayer for Relief. Cobblestone's Prayer for Relief should, therefore, be denied in its entirety and with prejudice, and Cobblestone should take nothing.

## JURY TRIAL DEMAND

T-Mobile respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## T-MOBILE'S DEFENSES

Upon information and belief, and subject to its responses above, T-Mobile alleges and asserts the following defenses in response to the allegations of the Complaint, without admitting or acknowledging that T-Mobile bears the burden of proof as to any of them or that any must be pleaded as defenses. Regardless of how such defenses are listed herein, T-Mobile undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. T-Mobile expressly reserves the right to amend or raise additional defenses pursuant to any docket control order as additional information becomes available through further investigation and

discovery.

## FIRST DEFENSE
### (Non-Infringement of the '347 Patent)

T-Mobile does not infringe and has not infringed the '347 Patent directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '347 Patent.

## SECOND DEFENSE
### (Non-Infringement of the '888 Patent)

T-Mobile does not infringe and has not infringed the '888 Patent directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '888 Patent.

## THIRD DEFENSE
### (Non-Infringement of the '361 Patent)

T-Mobile does not infringe and has not infringed the '361 Patent directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '361 Patent.

## FOURTH DEFENSE
### (Non-Infringement of the '196 Patent)

T-Mobile does not infringe and has not infringed the '196 Patent directly, indirectly, literally, or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any valid and enforceable claim of the '196 Patent.

## FIFTH DEFENSE
### (Invalidity of the '347 Patent)

The claims of the '347 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

## SIXTH DEFENSE
### (Invalidity of the '888 Patent)

The claims of the '888 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

## SEVENTH DEFENSE
### (Invalidity of the '361 Patent)

The claims of the '361 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

## EIGHTH DEFENSE
### (Invalidity of the '196 Patent)

The claims of the '196 Patent are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

## NINTH DEFENSE
### (Statutory Limit on Damages)

Cobblestone's claim for damages, equitable relief, and/or costs is statutorily limited by 35 U.S.C. §§ 252, 286, 287, and/or 288.

## TENTH DEFENSE
### (No Willful Infringement)

Cobblestone is not entitled to enhanced or increased damages for willful infringement because T-Mobile has not engaged in any conduct that meets the applicable standard for willful infringement.

## ELEVENTH DEFENSE
### (No Exceptional Case)

Cobblestone cannot prove that this is an exceptional case justifying award of attorney's fees against T-Mobile pursuant to 35 U.S.C. § 285.

### TWELFTH DEFENSE
### (Waiver, Equitable Estoppel, Acquiescence, Unclean Hands)

Cobblestone's claims are barred, in whole or in part, or its remedies limited, by the doctrines of waiver, implied waiver, equitable estoppel, acquiescence, and/or unclean hands.

### THIRTEENTH DEFENSE
### (Prosecution History Estoppel – '347 Patent)

Cobblestone's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admission, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '347 Patent.

### FOURTEENTH DEFENSE
### (Prosecution History Estoppel – '888 Patent)

Cobblestone's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admission, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '888 Patent.

### FIFTEENTH DEFENSE
### (Prosecution History Estoppel – '361 Patent)

Cobblestone's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admission, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '361 Patent.

### SIXTEENTH DEFENSE
### (Prosecution History Estoppel – '196 Patent)

Cobblestone's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admission, omissions, representations, disclaimers, and/or disavowals made by the applicants for the '196

Patent.

## SEVENTEENTH DEFENSE
### (Statutory Limitation)

To the extent certain products accused of infringing the Patents-in-Suit are used by and/or manufactured for the United States Government and/or the public good, Cobblestone's claims involving T-Mobile may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

## EIGHTEENTH DEFENSE
### (License, Implied License, Exhaustion)

Cobblestone's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to T-Mobile by any entity or entities having express or implied licenses or covenant not to sue or assert the Patents-in-Suit and/or (ii) under the doctrine of patent exhaustion. Additionally, Cobblestone's claims for patent infringement are precluded in whole or in part by any direct licenses or agreements/covenants not to sue that pertain to T-Mobile. Additionally, Cobblestone's claims for patent infringement are precluded in whole or in part by direct or implied licenses and/or covenants not to sue that pertain to Cobblestone or prior assignees affiliations with any defensive patent trust.

## NINETEENTH DEFENSE
### (No Injunctive Relief)

Cobblestone's claims for relief are barred in whole or in part because Cobblestone is not entitled to injunctive relief. Any alleged injury to Cobblestone is not immediate or irreparable and Cobblestone has an adequate remedy at law.

## TWENTIETH DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

## TWENTY FIRST DEFENSE
### (Standing/Ownership)

To the extent that Cobblestone was not the sole and total owner of all substantial rights in any of the Asserted Patents as of the filing date of the Complaint, Cobblestone lacks standing to bring one or more claims in this lawsuit.

## COUNTERCLAIMS

Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to the right to plead any additional counterclaims as the facts of the matter warrant, pursuant to Rule 13 of the Federal Rules of Civil Procedure, T-Mobile USA, Inc. ("T-Mobile") alleges as follows and asserts the following Counterclaims against Plaintiff Cobblestone Wireless, LLC ("Cobblestone"):

## THE PARTIES

1.      T-Mobile USA, Inc. is a Delaware corporation with its principal place of business at 12920 SE 38th Street, Bellevue, Washington 98006.

2.      Upon information and belief, and based on Cobblestone's allegations in its Complaint, Cobblestone Wireless, LLC is a Texas limited liability company with a principal place of business located at 101 E. Park Boulevard, Suite 600, Plano, Texas 75074.

## JURISDICTION AND VENUE

3.      These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 25 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, and 2201-02.

4.      This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

5.      This Court has personal jurisdiction over Cobblestone, as Cobblestone consented to personal jurisdiction by commencing this action for patent infringement in this judicial district.

6.      Cobblestone has consented to venue in this Court by bringing this action against T-Mobile, and thus venue for T-Mobile's counterclaims is proper in this district, although a different venue may be more convenient to hear the dispute.

7.      Cobblestone has filed suit in this Court against T-Mobile for alleged infringement of one or more claims of the Patents-in-Suit in this action. Accordingly, there is an actual, continuing, and justiciable controversy arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.* between Cobblestone, on the one hand, and T-Mobile, on the other, concerning the alleged infringement by T-Mobile of the Patents-in-Suit.

8.      T-Mobile denies that it directly or indirectly infringes any valid and enforceable claim of the Patents-in-Suit. In view of the foregoing, there exists an actual and justiciable controversy between the parties with respect to the alleged infringement of the Patents-in-Suit.

## FIRST COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,891,347

9.      T-Mobile realleges Paragraphs 1-8 as though fully set forth herein.

10.     Cobblestone alleges that T-Mobile has infringed and continues to infringe at least claim 1 of the '347 Patent under 35 U.S.C. § 271(a).

11.     T-Mobile denies that it infringes any valid claim of the '347 Patent.

12.     T-Mobile does not make, use, sell, or offer to sell any product, system, platform, or service, that practices every element of any claim of the '347 Patent, including but not limited to claim 1, at least because T-Mobile does not make, use, sell, or offer to sell any product, system, platform, or service that perform, for example: (i) "[a] method for wireless communication in a system including a transmitter, a receiver, and a plurality of propagation paths formed between the transmitter and the receiver which are capable of carrying a signal transmitted by the transmitter to the receiver, the method comprising:"; (ii) "transmitting a first signal from the transmitter to the receiver via a first propagation path of the plurality of propagation paths"; (iii) "receiving the first

signal at the receiver"; (iv) "performing a channel estimation based on the first signal to obtain path parameter information of the first propagation path"; (v) "sending the channel estimation that includes the path parameter information from the receiver to the transmitter via the first propagation path"; (vi) "predistorting a second signal at the transmitter in a time domain, a frequency domain, and a spatial domain, according to the channel estimation based on the first signal"; (vii) "transmitting the predistorted second signal from the transmitter to the receiver via the first propagation path"; and (viii) "receiving the predistorted second signal at the receiver."

13.     For these, and other reasons to be established through discovery, T-Mobile denies that it infringes any valid claim of the '347 Patent.

14.     There is an actual and justiciable controversy between Cobblestone and T-Mobile arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, concerning Cobblestone's allegations that T-Mobile infringes the '347 Patent.

15.     T-Mobile is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '347 Patent.

16.     Absent a declaration that T-Mobile does not infringe the '347 Patent, Cobblestone will continue to wrongfully assert the '347 Patent against T-Mobile and thereby cause T-Mobile irreparable harm and injury.

### SECOND COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,094,888

17.     T-Mobile realleges Paragraphs 1-16 as though fully set forth herein.

18.     Cobblestone alleges that T-Mobile has infringed and continues to infringe at least claim 9 of the '888 Patent under 35 U.S.C. § 271(a).

19.     T-Mobile denies that it infringes any valid claim of the '888 Patent.

20.     T-Mobile does not make, use, sell, or offer to sell any product, system, platform, or

service, that practices every element of any claim of the '888 Patent, including but not limited to claim 9, at least because T-Mobile does not make, use, sell, or offer to sell any product, system, platform, or service that performs, for example: (i) "[a] method implemented at a first wireless network for a mobile wireless device handoff between a second wireless network and the first wireless network, the method comprising:"; (ii) "receiving a handoff request from the second wireless network, the handoff request based, at least in part, on a determination by the second wireless network that the wireless device is not currently covered by the first wireless network but is capable of being covered by the first wireless network"; (iii) "based, at least in part, on the handoff request, adapting one or more beams of an antenna array to facilitate coverage of the wireless device by the first wireless network"; and (iv) "transmitting a confirmation from the first wireless network to the second wireless network to indicate acceptance of the handoff request, wherein the wireless device is handed off from the second wireless network to the first wireless network."

21.     For these, and other reasons to be established through discovery, T-Mobile denies that it infringes any valid claim of the '888 Patent.

22.     There is an actual and justiciable controversy between Cobblestone and T-Mobile arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, concerning Cobblestone's allegations that T-Mobile infringes the '888 Patent.

23.     T-Mobile is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '888 Patent.

24.     Absent a declaration that T-Mobile does not infringe the '888 Patent, Cobblestone will continue to wrongfully assert the '888 Patent against T-Mobile and thereby cause T-Mobile irreparable harm and injury.

**THIRD COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,368,361**

25.     T-Mobile realleges Paragraphs 1-24 as though fully set forth herein.

26.     Cobblestone alleges that T-Mobile has infringed and continues to infringe at least claim 10 of the '361 Patent under 35 U.S.C. § 271(a).

27.     T-Mobile denies that it infringes any valid claim of the '361 Patent.

28.     T-Mobile does not make, use, sell, or offer to sell any product, system, platform, or service, that practices every element of any claim of the '361 Patent, including but not limited to claim 10, at least because T-Mobile does not make, use, sell, or offer to sell any product, system, platform, or service including for example: (i) "[a] wireless base station for a wireless communication network, the wireless base station comprising:"; (ii) "a quality status module configured to determine a respective quality status of a first frequency spectrum resource and a second frequency spectrum resource, wherein each of the first frequency spectrum resource and the second frequency spectrum resource are associated with an air interface that is available for use by the wireless base station for an uplink channel or a downlink channel"; (iii) "a processor coupled to the quality status module and configured to"; (iv) "determine, based on the quality status of the first frequency spectrum resource, that the first frequency spectrum resource is a sub-optimal resource, for the uplink channel and the downlink channel, relative to other frequency spectrum resources that are available for use by the wireless base station"; (v) " and in response to the determination that the first frequency spectrum resource is the sub-optimal resource, assign the first frequency spectrum resource to a shared resource pool"; (vi) "and a scheduler module coupled to the processor and configured to: schedule the second frequency spectrum resource for the uplink channel or the downlink channel based on an initial directional allocation of frequency spectrum resources for the wireless base station"; (vii) "determine an updated directional allocation of frequency spectrum resources for the wireless base station after the second frequency spectrum

resource is scheduled for the uplink channel or the downlink channel"; and (viii) "schedule the first frequency spectrum resource based on the updated directional allocation of frequency spectrum resources for the wireless base station."

29.     For these, and other reasons to be established through discovery, T-Mobile denies that it infringes any valid claim of the '361 Patent.

30.     There is an actual and justiciable controversy between Cobblestone and T-Mobile arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, concerning Cobblestone's allegations that T-Mobile infringes the '361 Patent.

31.     T-Mobile is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '361 Patent.

32.     Absent a declaration that T-Mobile does not infringe the '361 Patent, Cobblestone will continue to wrongfully assert the '361 Patent against T-Mobile and thereby cause T-Mobile irreparable harm and injury.

## FOURTH COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,554,196

33.     T-Mobile realleges Paragraphs 1-32 as though fully set forth herein.

34.     Cobblestone alleges that T-Mobile has infringed and continues to infringe at least claim 23 of the '196 Patent under 35 U.S.C. § 271(a).

35.     T-Mobile denies that it infringes any valid claim of the '196 Patent.

36.     T-Mobile does not make, use, sell, or offer to sell any product, system, platform, or service, that practices every element of any claim of the '196 Patent, including but not limited to claim 23, at least because T-Mobile does not make, use, sell, or offer to sell any product, system, platform, or service that practices, for example: (i) "[a] method for a device to receive data updates comprising: cycling over time through an update sequence that includes:"; (ii) "deferring, during

coverage by a first network, data updates for a device"; (iii) "transmitting a data update request in response to coverage by a second network, wherein the second network is a more capable network than the first network"; and (iv) "receiving, during the second coverage configuration, a data update."

37.     For these, and other reasons to be established through discovery, T-Mobile denies that it infringes any valid claim of the '196 Patent.

38.     There is an actual and justiciable controversy between Cobblestone and T-Mobile arising under the Patent Act, 35 U.S.C. §§ 1, *et seq.*, concerning Cobblestone's allegations that T-Mobile infringes the '196 Patent.

39.     T-Mobile is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, or under the doctrine of equivalents, any valid, enforceable claim of the '196 Patent.

40.     Absent a declaration that T-Mobile does not infringe the '196 Patent, Cobblestone will continue to wrongfully assert the '196 Patent against T-Mobile and thereby cause T-Mobile irreparable harm and injury.

## FIFTH COUNTERCLAIM – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,891,347

41.     T-Mobile realleges Paragraphs 1-40 as though fully set forth herein.

42.     T-Mobile asserts that claims of the '347 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 112.

43.     Accordingly, there exists an actual and justiciable controversy as to whether the claims of the '347 patent are valid.

44.     T-Mobile requests a judicial determination and declaration that the claims of the '347 Patent are invalid.

## SIXTH COUNTERCLAIM – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 9,094,888

45.     T-Mobile realleges Paragraphs 1-44 as though fully set forth herein.

46.     T-Mobile asserts that claims of the '888 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 112.

47.     Accordingly, there exists an actual and justiciable controversy as to whether the claims of the '888 patent are valid.

48.     T-Mobile requests a judicial determination and declaration that the claims of the '888 Patent are invalid.

## SEVENTH COUNTERCLAIM – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 10,368,361

49.     T-Mobile realleges Paragraphs 1-48 as though fully set forth herein.

50.     T-Mobile asserts that claims of the '361 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 112.

51.     Accordingly, there exists an actual and justiciable controversy as to whether the claims of the '361 patent are valid.

52.     T-Mobile requests a judicial determination and declaration that the claims of the '361 Patent are invalid.

## EIGHTH COUNTERCLAIM – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 8,554,196

53.     T-Mobile realleges Paragraphs 1-52 as though fully set forth herein.

54.     T-Mobile asserts that claims of the '196 Patent are invalid for failure to satisfy one or more of the provisions of Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, 112.

55.     Accordingly, there exists an actual and justiciable controversy as to whether the claims of the '196 patent are valid.

56.     T-Mobile requests a judicial determination and declaration that the claims of the '196 Patent are invalid.

## RESERVATIONS

T-Mobile reserves the right to supplement and/or amend its defenses and/or counterclaims as discovery proceeds in this case.

## REQUEST FOR RELIEF

T-Mobile respectfully requests that this Court enter judgment as follows:

a.  A judgment dismissing Cobblestone's Complaint against T-Mobile with prejudice;

b.  A judgment in favor of T-Mobile on all of its Defenses;

c.  A judgment denying any relief whatsoever, including but not limited to injunctive relief, in favor of Cobblestone;

d.  A judgment in favor of T-Mobile on its Counterclaims;

e.  A judgment that the claims of the Patents-in-Suit are invalid;

f.  A judgment that T-Mobile have not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the Patents-in-Suit;

g.  A judgment that this action is exceptional within the meaning of 35 U.S.C. § 285 and that T-Mobile are entitled to recover their reasonable attorney's fees upon prevailing in this action;

h.  An award to T-Mobile of their fees and expenses of litigation, including but not limited to attorney's fees and costs;

i.  A judgment limiting or barring Cobblestone's ability to enforce the Patents-in-Suit in

equity;

j.   Such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, T-Mobile respectfully demands a trial by jury on all issues so triable in this action.

DATED:  February 24, 2023

Respectfully submitted,

Alston & Bird LLP


BY: */s/ Ross Barton*_____  _____
    Theodore Stevenson (TX Bar No. 19196650)
     ted.stevenson@alston.com
    ALSTON& BIRD LLP
    2200 Ross Avenue, Suite 2300
    Dallas, TX 75201
    Phone: (214) 922-3400
    Fax: (214) 922-3899

    Ross Barton (NC Bar No. 37179)
     ross.barton@alston.com
    ALSTON & BIRD LLP
    101 South Tryon Street
    Suite 4000
    Charlotte, NC 28280-4000
    Telephone: (704) 444-1000
    Facsimile: (704) 444-1111

    John D. Haynes (GA Bar No. 340599)
    David S. Frist (GA Bar No. 205611)
    Emily Welch (GA Bar No. 606071)
    Michael C. Deane (GA Bar No. 497195)
    Sloane S. Kyrazis (GA Bar No. 878240)
     john.haynes@alston.com
     david.frist@alston.com
     michael.deane@alston.com
     emily.welch@alston.com
     sloane.kyrazis@alston.com
    One Atlantic Center
    1201 West Peachtree Street
    Atlanta, GA 30309-3424
    Telephone: (404)-881-7000
    Facsimile: (404) 881-7777

    ***Attorneys for Defendants T-Mobile US, Inc.
    and T-Mobile USA, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 24th day of February, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing upon Counsel of Record.

/s/ *Ross Barton*
Ross Barton (NC Bar No. 37179)
  ross.barton@alston.com
ALSTON & BIRD LLP
101 South Tryon Street
Suite 4000
Charlotte, NC 28280-4000
Telephone: (704) 444-1000
Facsimile: (704) 444-1111

*Counsel for Defendants T-Mobile US, Inc. and T-Mobile USA, Inc.*