# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC, <br><br> Plaintiff, <br> v. <br><br> T-MOBILE USA, INC., et al. <br><br> Defendants, <br><br> NOKIA OF AMERICA CORPORATION, <br><br> Intervenor, | CASE NO. 2:22-cv-00477-JRG-RSP <br> (Lead Case) <br><br> JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC, <br><br> Plaintiff, <br> v. <br><br> AT&T, INC., et al. <br><br> Defendants, <br><br> NOKIA OF AMERICA CORPORATION, <br><br> Intervenor, | CASE NO. 2:22-cv-00474-JRG-RSP <br> (Member Case) <br><br> JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC, <br><br> Plaintiff, <br> v. <br><br> VERIZON COMMUNICATIONS, INC., et al. <br><br> Defendants. <br><br> NOKIA OF AMERICA CORPORATION, <br><br> Intervenor, | CASE NO. 2:22-cv-00478-JRG-RSP <br> (Member Case) <br><br> JURY TRIAL DEMANDED |

1

## NOKIA INTERVENOR'S ANSWER AND COUNTERCLAIMS IN INTERVENTION

Intervenor Nokia of America Corporation ("Nokia" or "Intervenor"), by and through its undersigned counsel, hereby submits the following Answer and Counterclaims in Intervention to the December 15, 2022, Complaint (Dkt. 1) ("Complaint") of Plaintiff Cobblestone Wireless, LLC, ("Cobblestone" or "Plaintiff"):

## SCOPE OF NOKIA'S ANSWER IN INTERVENTION

Nokia's intervention in this case is limited to defending claims arising from Defendants' AT&T Services, Inc., AT&T Mobility LLC, and AT&T Corp. (collectively, "Defendants" or "AT&T")[1] use of Nokia equipment. To the extent a response is required to allegations outside of this scope, Nokia lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore denies them. Nokia's use of headings in this Answer in Intervention is for convenience only and is not an admission as to any of Plaintiff's allegations in the Complaint.

Nokia further denies that any patent claims in this action are valid or enforceable. Nokia further reserves the right to amend or supplement its Answer in Intervention based on any additional facts or developments that become available or that arise after the filing of this Answer in Intervention.

Nokia denies each and every allegation averred in the Complaint that is not expressly admitted below. Any factual allegation admitted below is admitted only as to the specific admitted facts, and not as to any purported conclusions, characterizations, implications, or speculations that might follow from the admitted facts.

---

[1] AT&T Inc. was also a named defendant in this case. However, AT&T Inc. was dismissed without prejudice (Dkt. 23).

**Plaintiff Cobblestone and the Patents-in-Suit[2]**

1. Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

2. Nokia admits that Exhibit 1 to the Complaint purports to be U.S. Patent No. 8,891,347 (the "'347 Patent") entitled "User-Focusing Technique for Wireless Communication Systems" and indicates on its face that it issued on November 18, 2014. Nokia lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

3. Nokia admits that Exhibit 2 to the Complaint purports to be U.S. Patent No. 9,094,888 (the "'888 Patent") entitled "Wireless Device Handoff Between Wireless Networks" and indicates on its face that it issued on July 28, 2015. Nokia lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

4. Nokia admits that Exhibit 3 to the Complaint purports to be U.S. Patent No. 10,368,361 (the "'361 Patent") entitled "Adaptive Communication Resource Allocation in a Wireless Network" and indicates on its face that it issued on July 30, 2019. Nokia lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

5. Nokia admits that Exhibit 4 to the Complaint purports to be U.S. Patent No. 8,554,196 (the "'196 Patent") entitled "Network Coverage by Cycling Through Beam Shape

---

[2] Headings and subheadings are copied from the Complaint for ease of reference only. These headings and subheadings do not require any response and do not constitute an admission or denial of any purported fact or allegation. To the extent a response is required to any allegation in the Complaint's headings or subheadings, Nokia denies those allegations

Coverage Configurations" and indicates on its face that it issued on October 8, 2013. Nokia lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

6. Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

7. Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them.

8. Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them

9. Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them

## JURISDICTION AND VENUE

10. Nokia admits that this action purports to arise under Title 35 of the United States Code. Nokia does not dispute that this Court has subject matter jurisdiction, but denies that Cobblestone is entitled to any relief.  Except as expressly admitted, denied.

11. Nokia denies that AT&T has infringed that Patents-in-Suit through AT&T's use of Nokia Equipment. Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this Paragraph and therefore denies them. Nokia is unable to respond to this paragraph as it contains allegations regarding numerous entities without specifying the entity to which it refers. On that basis, Nokia denies this paragraph.

12. Nokia denies that AT&T has infringed that Patents-in-Suit through AT&T's use of Nokia Equipment. Nokia lacks knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in this Paragraph and therefore denies them. Nokia is unable to respond to this paragraph as it contains allegations regarding numerous entities without specifying the entity to which it refers. On that basis, Nokia denies this paragraph.

13. This Paragraph states a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Nokia denies that AT&T has infringed the Patents-in-Suit through AT&T's use of Nokia equipment. Nokia lacks knowledge or information sufficient to form a belief as to the of the allegation set forth in this Paragraph and therefore denies them. Nokia is unable to respond to this paragraph as it contains allegations regarding numerous entities without specifying the entity to which it refers. On that basis, Nokia denies this paragraph.

14. Nokia admits that the cited link, https://www.att.com/maps/wireless-coverage.html, includes a purported wireless coverage map including parts of the State of Texas. Nokia lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and therefore denies them. Nokia is unable to respond to the remaining allegations of this paragraph as it contains allegations regarding numerous entities without specifying the entity to which it refers. On that basis, Nokia denies the remaining allegations of this paragraph.

15. Nokia admits that the cited link, https://investors.att.com/~/media/Files/A/ATT-IR-V2/financial-reports/quarterly-earnings/2022/1Q22/ATT_1Q22_8K.pdf, states that "[a]t March 31, 2022, wireless subscribers totaled 196.6 million.". Nokia lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph and therefore denies them. Nokia is unable to respond to the remaining allegations of this paragraph as it contains allegations regarding numerous entities without specifying the entity to which it refers. On that basis, Nokia denies the remaining allegations of this paragraph.

16. Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies them. Nokia is unable to respond to this paragraph as it contains allegations regarding numerous entities without specifying the entity to which it refers. On that basis, Nokia denies this paragraph.

17. Nokia lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph and therefore denies them. Nokia is unable to respond to this paragraph as it contains allegations regarding numerous entities without specifying the entity to which it refers. On that basis, Nokia denies this paragraph.

**COUNT 1 – CLAIM FOR ALLEGED INFRINGEMENT OF THE '347 PATENT**

18. Nokia repeats its responses to Paragraphs 1-17 as if fully stated herein.

19. Nokia admits that Exhibit 1 to the Complaint purports to be U.S. Patent No. 8,891,347 (the "'347 Patent") entitled "User-Focusing Technique for Wireless Communication Systems" and indicates on its face that it issued on November 18, 2014. Nokia lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this Paragraph and therefore denies them.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

**COUNT 2 – CLAIM FOR ALLEGED INFRINGEMENT OF THE '888 PATENT**

26. Nokia repeats its responses to paragraphs 1-25 as if fully stated herein.

6

27. Nokia admits that Exhibit 2 to the Complaint purports to be U.S. Patent No. 9,094,888 (the "'888 Patent") entitled "Wireless Device Handoff Between Wireless Networks" and indicates on its face that it issued on July 28, 2015. Nokia lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph and therefore denies them.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

**COUNT 3 – CLAIM FOR ALLEGED INFRINGEMENT OF THE '361 PATENT**

34. Nokia repeats its responses to paragraphs 1-33 as if fully stated herein.

35. Nokia admits that Exhibit 3 to the Complaint purports to be U.S. Patent No. 10,368,361 (the "'361 Patent") entitled "Adaptive Communication Resource Allocation in a Wireless Network" and indicates on its face that it issued on July 30, 2019. Nokia lacks sufficient knowledge and information to admit or deny the remaining allegations set forth in this Paragraph and therefore denies them.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

**COUNT 4 – CLAIM FOR ALLEGED INFRINGEMENT OF THE '196 PATENT**

42. Nokia repeats its responses to paragraphs 1-41 as if fully stated herein.

43. Nokia admits that Exhibit 4 to the Complaint purports to be U.S. Patent No. 8,554,196 (the "'196 Patent") entitled "Network Coverage By Cycling Through Beam Shape Coverage Configurations" and indicates on its face that it issued on October 8, 2013. Nokia lacks sufficient knowledge and information to admit or deny the remaining allegations set forth in this Paragraph and therefore denies them.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

**ANSWER TO THE JURY TRIAL DEMANDED**

49. Nokia admits that the Complaint sets forth a jury trial demand.

**NOKIA DENIES PLAINTIFF IS ENTITLED TO ITS PRAYER FOR RELIEF**

To the extent any response is required to any paragraph of Cobblestone's Prayer for Relief, Nokia denies that Cobblestone is entitled to any of the requested relief and denies any allegations of its Prayer for Relief as to AT&T. Nokia further denies each and every allegation in the Complaint to which it has not specifically responded.

**NOKIA'S DEFENSES**

Upon information and belief, and subject to its responses above, Nokia asserts the

8

following defenses in response to the allegations of the Complaint, without admitting or acknowledging that Nokia bears the burden of proof as to any of them or that any must be pleaded as defenses. Regardless of how such defenses are listed herein, Nokia undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law. Nokia expressly reserves the right to amend or raise additional defenses pursuant to any docket control order or as additional information becomes available through further investigation and discovery.

### FIRST DEFENSE
### (Non-Infringement)

Nokia equipment and technology supplied to AT&T do not, alone or in combination, infringe any valid and enforceable claim of the Patents-in-Suit, either literally or under the doctrine of equivalents, nor is such equipment or technology used in any infringement of any valid and enforceable claim.

### SECOND DEFENSE
### (Invalidity)

The claims of the Patents-in-Suit are invalid for failure to comply with the requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### THIRD DEFENSE
### (Statutory Limit on Damages)

Plaintiff's claim for damages, equitable relief, and/or costs is statutorily limited by 35 U.S.C. §§ 252, 286, 287, and/or 288.

### FOURTH DEFENSE
### (No Willful Infringement)

Plaintiff is not entitled to enhanced or increased damages for willful infringement because AT&T has not engaged in any conduct that meets the applicable standard for willful infringement.

## FIFTH DEFENSE
## (No Exceptional Case)

Plaintiff cannot prove that this is an exceptional case justifying award of attorney fees against AT&T pursuant to 35 U.S.C. § 285.

## SIXTH DEFENSE
## (Waiver, Equitable Estoppel, Acquiescence, Unclean Hands)

Plaintiff's claims are barred, in whole or in part, or their remedies limited, by the doctrines of waiver, implied waiver, equitable estoppel, acquiescence, and/or unclean hands.

## SEVENTH DEFENSE
## (Prosecution History Estoppel)

Plaintiff's claims for relief are barred in whole or in part by prosecution history estoppel and/or prosecution history disclaimer based on amendments, statements, admissions, omissions, representations, disclaimers, and/or disavowals made by the applications for the Patents-in-Suit.

## EIGHTH DEFENSE
## (Statutory Limitation)

To the extent certain equipment accused of infringing the Patents-in-Suit are used by and/or manufactured for the United States Government and/or public good, Plaintiff's claims involving Nokia may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

## NINTH DEFENSE
## (License, Implied License, Exhaustion)

Plaintiff's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to Nokia by any entity or entities having express or implied licenses or covenant not to sue or assert to the Patents-in-Suit and/or (ii) under the doctrine of patent exhaustion. Additionally, Plaintiff's claims for patent infringement are precluded in whole or in part by any direct licenses

or agreements/covenants not to sue that pertain to Nokia.

## TENTH DEFENSE
### (No Injunctive Relief)

Plaintiff's claims for relief are barred in whole or in part because Cobblestone is not entitled to injunctive relief. Any alleged injury to Cobblestone is not immediate or irreparable and Cobblestone has an adequate remedy at law.

## ELEVENTH DEFENSE
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

## TWELFTH DEFENSE
### (Standing/Ownership)

To the extent that Cobblestone was not the sole and total owner of all substantial rights in any of the Patents-in-Suit as of the filing date of the Complaint, Cobblestone lacks standing to bring one or more claims in this lawsuit.

## INTERVENOR NOKIA'S COUNTERCLAIMS

Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to the right to plead any additional counterclaims as the facts of the matter warrant, pursuant to Rule 13 of the Federal Rules of Civil Procedure, Nokia of America Corporation ("Nokia") asserts the following Counterclaims against Plaintiff Cobblestone Wireless, LLC ("Plaintiff" or "Cobblestone"):

## THE PARTIES

1. Intervenor Nokia of America ("Nokia") is a Delaware Corporation with a principal place of business at 600-700 Mountain Avenue, Murray Hill, NJ 07974.

2. Upon information and belief, and based on Cobblestone's allegations in its Complaint, Cobblestone Wireless, LLC is a Texas limited liability company with a principal place of business at 101 E. Park Blvd., Suite 600, Plano, Texas 75074.

## JURISDICTION AND VENUE

3. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 25 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, and 2201-02.

4. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

5. This Court has personal jurisdiction over Cobblestone, as Cobblestone consented to personal jurisdiction by commencing this action for patent infringement in this judicial district.

6. Cobblestone has consented to venue in this Court by bringing this action against AT&T, and thus venue for Nokia's counterclaims is proper in this district, although a different venue may be more convenient to hear the dispute.

**NATURE OF THE ACTION**

7. Based on Cobblestone's Complaint, Cobblestone has substantial rights and interest in U.S. Patent Nos. 8,891,347 (the "'347 Patent"), 9,094,888 (the "'888 Patent"), and 10,368,361 (the "'361 Patent") (collectively, the "Patents-in-Suit").

8. Cobblestone has sued Nokia's customer, AT&T Services, Inc., AT&T Mobility LLC, and AT&T Corp. (collectively, "Defendants" or "AT&T")[3] for alleged infringement of the Patents-in-Suit in Eastern District of Texas Case No. 2:22-cv-0474 (the "AT&T Case").

9. Cobblestone's Complaint in the AT&T Case alleges infringement based, in part, upon functionality implemented by network equipment and technology supplied by Nokia to AT&T.

10. In response, AT&T has tendered an indemnity demand to Nokia with respect to the Patents-in-Suit.

11. Nokia asserts that the Patents-in-Suit are invalid for failing to satisfy one or more of the requirements for patentability of Title 35 of the United States Code, including 35 U.S.C. §§ 100, 101, 102, 103 and/or 112, or other judicially created bases for invalidity or unenforceability

12. Nokia further denies that AT&T has infringed the Patents-in-Suit directly or indirectly through AT&T's use of Nokia equipment or technology.

13. In view of the foregoing, a conflict of asserted rights has arisen between Nokia and Cobblestone with respect to the alleged infringement and validity of the Patents-in-Suit.

14. Nokia brings the following counterclaims against Cobblestone.

---

[3] AT&T Inc. was also a named defendant in this case. However, AT&T Inc. was dismissed without Prejudice. (No. 2:22-cv-0474, Dkt. 23)

## FIRST COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,891,347

15. Nokia restates and incorporates by reference each of the allegations of its Counterclaims from paragraphs 1-14 as if fully stated herein.

16. Cobblestone has asserted that AT&T infringes the '347 Patent.

17. An actual, substantial, and continuing justiciable controversy exists between Nokia and Cobblestone with respect to infringement of the '347 Patent.

18. Nokia's equipment and technology in AT&T's network have not infringed and do not infringe any valid and enforceable claim of the '347 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

19. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Nokia and Cobblestone as to whether Nokia's equipment and technology has infringed or infringes any valid and enforceable claim of the '347 Patent.

20. A judicial declaration concerning these matters is necessary and appropriate so that Nokia can ascertain its rights regarding the '347 Patent.

## SECOND COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,094,888

21. Nokia restates and incorporates by reference each of the allegations of its Counterclaims from paragraphs 1-20 as if fully stated herein.

22. Cobblestone has asserted that AT&T infringes the '888 Patent.

23. An actual, substantial, and continuing justiciable controversy exists between Nokia and Cobblestone with respect to infringement of the '888 Patent.

24. Nokia's equipment and technology in AT&T's network have not infringed and do not infringe any valid and enforceable claim of the '888 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

25. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Nokia and Cobblestone as to whether Nokia's equipment and technology has infringed or infringes any valid and enforceable claim of the '888 Patent.

26. A judicial declaration concerning these matters is necessary and appropriate so that Nokia can ascertain its rights regarding the '888 Patent.

### THIRD COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,368,361

27. Nokia restates and incorporates by reference each of the allegations of its Counterclaims from paragraphs 1-26 as if fully stated herein.

28. Cobblestone has asserted that AT&T infringes the '361 Patent.

29. An actual, substantial, and continuing justiciable controversy exists between Nokia and Cobblestone with respect to infringement of the '361 Patent.

30. Nokia's equipment and technology in AT&T's network have not infringed and do not infringe any valid and enforceable claim of the '361 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

31. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Nokia and Cobblestone as to whether Nokia's equipment and technology has infringed or infringes any valid and enforceable claim of the '361 Patent.

32. A judicial declaration concerning these matters is necessary and appropriate so that Nokia can ascertain its rights regarding the '361 Patent.

### DEMAND FOR JURY TRIAL

Nokia hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38 on all issues triable of right to a jury.

## FEES AND COSTS

To the extent that Cobblestone's patent infringement case supports a finding that this is an exceptional case, an award of attorneys' fees and costs to Nokia is justified pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Nokia respectfully request that the Court enter judgment and order in its favor and grant the following relief:

a)  A declaration that AT&T has not infringed the Patents-in-Suit through AT&T's use of Nokia equipment and/or technology, contributed to infringement of any of the Patents-in-Suit, and/or induced the infringement of any of the Patents-in-Suit;

b)  A judgment in favor of Nokia on all of its Defenses;

c)  A judgment denying any relief whatsoever, including but not limited to injunctive relief, in favor of Cobblestone;

d)  A judgment in favor of Nokia on its Counterclaims;

e)  A judgment that the claims of each of the Patents-in-Suit are invalid and/or unenforceable.

f)  A judgment that this action is exceptional within the meaning of 35 U.S.C. § 285 and an award of attorneys' fees to Nokia pursuant to 35 U.S.C. § 285 or as otherwise permitted by law.

g)  An award to Nokia of its fees and expenses of litigation, including but not limited to attorney's fees and costs;

h)  Such other and further relief as the Court deems just and proper.

Dated: April 19, 2023                    Respectfully Submitted,

                                          */s/ David S. Frist*
David S. Frist (GA Bar No. 205611)
John D. Haynes (GA Bar No. 340599)
Emily C. Welch (GA Bar No. 606071)
Michael C. Deane (GA Bar No. 497195)
Sloane S. Kyrazis (GA Bar No. 878240)
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Phone: (404) 881-7000
Fax:    (404) 881-7777
Email: david.frist@alston.com
john.haynes@alston.com
emily.welch@alston.com
michael.deane@alston.com
sloane.kyrazis@alston.com

Ross R. Barton (NC Bar No. 37179)
ALSTON & BIRD LLP
101 South Tryon Street
Suite 4000
Charlotte, NC 28280-4000
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
Email: ross.barton@alston.com

Theodore Stevenson, III (TX Bar No. 19196650)
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas TX 75201
Phone: (214) 922-3400
Fax:    (214) 922-3899
Email: ted.stevenson@alston.com

Deron R. Dacus
THE DACUS FIRM
821 E SE Loop 323 Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Facsimile: (903) 581-2543
Email: ddacus@dacusfirm.com
*Attorneys for Nokia of America Corporation*

**CERTIFICATE OF SERVICE**

      The undersigned certifies that a copy of the foregoing document was served on all parties who have appeared in this case on April 19, 2023, via the Court's CM/ECF system.

| | |
|---|---|
| Dated: April 19, 2023 | */s/ David S. Frist* <br> David S. Frist (GA Bar No. 205611) <br> ALSTON & BIRD LLP <br> 1201 West Peachtree Street, Suite 4900 <br> Atlanta, GA 30309 <br> Phone: (404) 881-7000 <br> Fax:    (404) 881-7777 <br> Email: david.frist@alston.com |