# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>Plaintiff,<br>v.<br><br>T-MOBILE USA, INC.<br><br>Defendant,<br><br>ERICSSON INC., NOKIA OF AMERICA CORPORATION,<br>Intervenors, | CASE NO.  2:22-cv-00477-JRG-RSP<br>(LEAD CASE)<br><br>JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC,<br><br>Plaintiff,<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS<br><br>Defendant,<br><br>ERICSSON INC., NOKIA OF AMERICA CORPORATION,<br>Intervenors, | Case No. 2:22-cv-00478-JRG-RSP<br>(Member Case)<br><br>JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC,<br><br>Plaintiff,<br>v.<br><br>AT&T SERVICES INC.; AT&T MOBILITY LLC; AND AT&T CORP.<br><br>Defendants,<br><br>ERICSSON INC., NOKIA OF AMERICA CORPORATION,<br>Intervenors. | CASE NO.  2:22-cv-00474-JRG-RSP<br>(Member Case)<br><br>JURY TRIAL DEMANDED |

1

**PLAINTIFF COBBLESTONE WIRELESS, LLC'S RESPONSE TO NOKIA OF AMERICA CORPORATION'S COUNTERCLAIMS IN INTERVENTION REGARDING AT&T SERVICES INC.,AT&T MOBILITY LLC, AND AT&T CORP.**

Plaintiff Cobblestone Wireless, LLC ("Cobblestone" or "Plaintiff") hereby answers the Counterclaims of Intervenor Nokia of America Corporation ("Nokia" or "Intervenor") regarding Defendants AT&T Services Inc., AT&T Mobility LLC, and AT&T Corp. (collectively, "Defendants" or "ATT") as follows:

**THE PARTIES**

1.      Admit.

2.      Admit.

**JURISDICTION AND VENUE**

3.      Admit that Intervenor's counterclaims arise under the patent laws of the United States and that Intervenor seeks certain declaratory relief. Deny that Intervenor is entitled to any such relief. Deny any other allegations in this paragraph.

4.      Admit that Intervenor seeks certain declaratory relief. Deny that Intervenor is entitled to any such relief. Deny any other allegations in this paragraph.

5.      Admit.

6.      Admit that venue is proper in this district. Deny any other allegations in this paragraph.

**NATURE OF THE ACTION**

7.      Admit.

8.      Admit.

9.      Admit.

10. Plaintiff lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

11. Admit that Nokia asserts that the '347, '888, and '361 Patents are invalid. Deny any other allegations in this paragraph.

12. Admit that Nokia denies that T-Mobile has infringed the '347, '888, and '361 Patents. Deny any other allegations in this paragraph.

13. Admit that there is a case or controversy between the parties concerning alleged infringement of the '347, '888, and '361 Patents. Deny any other allegations in this paragraph.

14. Admit that Nokia brings counterclaims of non-infringement as to the '347, '888, and '361 Patents. Deny any other allegations in this paragraph.

## FIRST COUNTERCLAIM DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 8,891,347

15. Plaintiff realleges the allegations in Paragraphs 1-14 as though fully set forth herein.

16. Admit that Plaintiff's allegations in its Complaint speak for themselves. Deny any other allegations in this paragraph.

17. Admit that there is a case or controversy between the parties concerning alleged infringement of the '347 Patent. Deny any other allegations in this paragraph.

18. Deny.

19. Admit that there is a case or controversy between the parties concerning alleged infringement of the '347 Patent. Deny any other allegations in this paragraph.

20. Deny.

## SECOND COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 9,094,888

21.     Plaintiff realleges the allegations in Paragraphs 1-20 as though fully set forth herein.

22.     Admit that Plaintiff's allegations in its Complaint speak for themselves. Deny any other allegations in this paragraph.

23.     Admit that there is a case or controversy between the parties concerning alleged infringement of the '888 Patent. Deny any other allegations in this paragraph.

24.     Deny.

25.     Admit that there is a case or controversy between the parties concerning alleged infringement of the '347 Patent. Deny any other allegations in this paragraph.

26.     Deny.

**THIRD COUNTERCLAIM – DECLARATION OF NON-INFRINGEMENT OF U.S. PATENT NO. 10,368,361**

27.     Plaintiff realleges the allegations in Paragraphs 1-26 as though fully set forth herein.

28.     Admit that Plaintiff's allegations in its Complaint speak for themselves. Deny any other allegations in this paragraph.

29.     Admit that there is a case or controversy between the parties concerning alleged infringement of the '361 Patent. Deny any other allegations in this paragraph.

30.     Deny.

31.     Admit that there is a case or controversy between the parties concerning alleged infringement of the '347 Patent. Deny any other allegations in this paragraph.

32.     Deny.

**PRAYER FOR RELIEF**

4

WHEREFORE, Cobblestone prays for the following relief with respect to Intervenor's counterclaims:

A.      A judgment in favor of Plaintiff on all counterclaims asserted by Intervenor;

B.      An adjudication that Intervenor is not entitled to any relief on its counterclaims, including, without limitation, any fine or damages; and

C.      A dismissal with prejudice of Intervenor's counterclaims;

D.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Intervenor;

E.      Plaintiff's costs of suit against Intervenor; and

F.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Cobblestone demands a trial by jury on all issues so triable.

Dated:  May 3, 2023                          Respectfully submitted,

*/s/ Reza Mirzaie*
Reza Mirzaie
CA State Bar No. 246953
Marc A. Fenster
CA State Bar No. 181067
Neil A. Rubin
CA State Bar No. 250761
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com

5

Email: mfenster@raklaw.com
Email: nrubin@raklaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on May 3, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3)(A).

/s/ Reza Mirzaie
Reza Mirzaie