IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC, <br><br>    *Plaintiff*, <br>    v. <br><br> T-MOBILE USA, INC., <br><br>    *Defendant*. | Case No. 2:22-cv-00477-JRG-RSP <br><br> **LEAD CASE** |
| COBBLESTONE WIRELESS, LLC, PLAINTIFF, <br><br>    v. <br><br> AT&T SERVICES INC.; AT&T MOBILITY LLC; AND AT&T CORP., <br><br> *Defendants*. | Case No.  2:22-cv-00474-JRG-RSP <br><br> **MEMBER CASE** |
| COBBLESTONE WIRELESS, LLC, <br><br>    *Plaintiff*, <br>    v. <br><br> CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, <br><br>    *Defendant*. | Case No. 2:22-cv-00478-JRG-RSP <br><br> **MEMBER CASE** |

**ORDER REGARDING E-DISCOVERY**

The Court **ORDERS** as follows:

1. This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This order may be modified in the court's discretion or by agreement of the parties. If the

      parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirements of this Court, shall not include metadata except for the following fields: Beg Bates, End Bates, Family ID, Custodian, Subject, Sent Date, Sent Time, Receive Date, Receive Time, To, From, CC, BCC, Title, File Name, Author, Creation Date and time, Modified Date and time, and Native Link, if such fields exist and are in the Producing Party's possession, custody, or control.

5. Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

    A.    **General Document Image Format**. Each electronic document shall be produced in single-page Tag Image File ("TIFF") or Portable Document Format ("PDF") format. Each electronic document shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location of produced electronic documents, identify any attachments to electronic documents through unitization information, and identify any metadata of produced electronic documents. Color documents will be produced in color upon reasonable request and to the extent available.

    B.    **Text-Searchable Documents**. No party has an obligation to make its

      production text-searchable; however, if a party's documents exist in any text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

    C.    **Footer**. Each page of any document produced in electronic image format shall contain a footer with a sequentially ascending production number.

    D.    **Native Files**. Excel files shall be produced in native file format. For all other file types, a party that receives a document produced in the format specified above may make a reasonable request to receive the document in its native format.

    E.    **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

    F.    **Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, PDAs, mobile phones, mobile phone messages (*e.g.*, SMS), and corporate chat histories, are deemed not reasonably accessible and need not be collected and produced.

6.    General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail, parties must

propound specific e-mail production requests.

7. E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures, a specific listing of likely e-mail custodians, a specific identification[1] of the fifteen most significant listed e-mail custodians in view of the pleaded claims and defenses, infringement contentions and accompanying documents pursuant to P.R. 3-1 and 3-2, invalidity contentions and accompanying documents pursuant to P.R. 3-3 and 3-4, and preliminary information relevant to damages. The exchange of this information shall occur at the time required under the Federal Rules of Civil Procedure, Local Rules, or by order of the court. Each requesting party may also propound up to five written discovery requests and take one deposition per producing party to identify the specific listing of likely e-mail custodians, proper search terms, and proper time frame for e-mail production requests. The court may allow additional discovery upon a showing of good cause.

8. E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Each requesting party shall limit its e-mail production requests to a total of eight (8) custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

9. Each requesting party shall limit its e-mail production requests to a total of ten (10) search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer search

---

[1] A "specific identification" requires a short description of why the custodian is believed to be significant.

      terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. The parties agree that foreign-language translations of search terms may be identified by a requesting party, and that such translated search terms shall not count towards the ten (10) search terms per custodian per party limit.

10. For any email custodians located in the European Union or the United Kingdom, the Parties will confer about an appropriate agreed upon method to filter the email search results to exclude and/or redact hits that contain sensitive information, to comply with obligations under the GDPR and/or the UK's Data Protection Act of 2018. Nothing in this Order shall require any party to violate the terms of the GDPR and/or the UK's Data Protection Act of 2018 or any other privacy law or regulation that may be applicable to a given custodian.

11. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

12. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

13. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.