# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| COBBLESTONE WIRELESS, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, <br><br> *Defendant*, | § § § § § § § § § § § | CASE NO. 2:23-cv-00382-JRG-RSP <br> (Lead Case) <br><br> JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> AT&T SERVICES INC.; AT&T MOBILITY LLC; AT&T CORP., <br><br> *Defendants*, | § § § § § § § § § § § § | CASE NO. 2:23-cv-00380-JRG-RSP <br> (Member Case) <br><br> JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> T-MOBILE USA, INC. <br><br> *Defendant*, | § § § § § § § § § § § | CASE NO. 2:23-cv-00381-JRG-RSP <br> (Member Case) <br><br> JURY TRIAL DEMANDED |

---------------------------------------------------AND---------------------------------------------------

| | | |
|---|---|---|
| COBBLESTONE WIRELESS, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> T-MOBILE USA, INC. <br><br> *Defendant*, <br><br> NOKIA OF AMERICA CORPORATION, ERICSSON INC. <br><br> *Intervenors*. | § § § § § § § § § § § § § § | CASE NO. 2:22-cv-00477-JRG-RSP <br> (Lead Case) <br><br> JURY TRIAL DEMANDED |

| | | |
|---|---|---|
| COBBLESTONE WIRELESS, LLC, <br> *Plaintiff*, <br> v. <br> AT&T SERVICES INC.; AT&T MOBILITY LLC; AT&T CORP., <br> *Defendants*, <br> NOKIA OF AMERICA CORPORATION, ERICSSON INC. <br> *Intervenors*. | § § § § § § § § § § § § § § | CASE NO. 2:22-cv-00474-JRG-RSP <br> (Member Case) <br><br> JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC, <br> *Plaintiff*, <br> v. <br> CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, <br> *Defendant*, <br> NOKIA OF AMERICA CORPORATION, ERICSSON INC. <br> *Intervenors*. | § § § § § § § § § § § § § § § | CASE NO. 2:22-cv-00478-JRG-RSP <br> (Member Case) <br><br> JURY TRIAL DEMANDED |

### **DEFENDANTS' OPPOSED MOTION TO CONSOLIDATE CASES**[1]

---

[1] This motion is being filed in both the Cobblestone 1.0 Carrier Cases and Cobblestone 2.0 Carrier Cases concurrently.

Over the course of eight months, Cobblestone filed six cases in this District involving the same AT&T, Verizon, and T-Mobile defendants (the "Carrier Defendants"), the same accused products, and similar technology. In the same timeframe, Cobblestone also sued the Carrier Defendants' supplier, Samsung, involving the same patents, the same accused products, and the same technology. The litany of cases filed by Cobblestone involve common questions of law and fact and have created a procedural quagmire involving seven trials, three different scheduled *Markman* hearings, three different pre-trial conference dates, three different discovery periods, and three different rounds of potential dispositive motions before the Court. Cobblestone's decision to file its cases in this piecemeal manner—and Cobblestone's specific decision to sit on an issued patent and delay asserting it—will waste resources for both the Court and the parties, cause confusion, and present a situation where Cobblestone is litigating the same issues with the same parties attempting to recover twice on the same claims.

Pursuant to Rule 42(a), Defendants[2] request the cases against AT&T, T-Mobile, and Verizon be consolidated into a single case on the timeline of the latest filed case. In doing so, three trials would be removed from the Court's calendar, and all claims asserted against each carrier can be resolved in a single respective trial against each carrier instead of two respective trials. Cobblestone opposes and claims prejudice, but no substantial activity has started in any of the cases. Instead, Defendants' solution aligns the cases so that resources are used efficiently.

---

[2] Defendants as used herein refers to the named Defendants in the Cobblestone 1.0 and Cobblestone 2.0 cases, as well as Nokia and Ericsson who have intervened in the Cobblestone 1.0 case and intend to intervene in the Cobblestone 2.0 cases. Nokia and Ericsson have asked permission from Cobblestone to intervene in Cobblestone 2.0 cases and are discussing the same with Cobblestone.

1

## I.   FACTUAL BACKGROUND

### A.   Cobblestone 1.0 Carrier Cases

On December 15-16, 2022, Plaintiff Cobblestone Wireless, LLC ("Cobblestone") filed three cases against mobile network carriers AT&T, T-Mobile, and Verizon accusing the same products and technology of infringing four different patents:

- *Cobblestone Wireless, LLC v. T-Mobile USA, et al.*, Civil Action No. 2:22-cv-00477 (E.D. Tex.) (lead);

- *Cobblestone Wireless, LLC v. Verizon Communications Inc., et al.*, Civil Action No. 2:22-cv-00478 (E.D. Tex.); and

- *Cobblestone Wireless, LLC v. AT&T Inc. et al.*, Civil Action No. 2:22-cv-00474 (E.D. Tex.).

The four patents asserted are U.S. Patents No. 8,891,347 (the "'347 Patent"), 9,094,888 (the "'888 Patent"), 10,368,361 (the "'361 Patent"), and 8,554,196 (the "'196 Patent"). (*See e.g.*, Civil Action No. 2:22-cv-477, Dkt. No. 1).

Referred herein as the Cobblestone 1.0 Carrier Cases (or Cobblestone 1.0), Cobblestone has accused Nokia, Ericsson, and/or Samsung 4G and 5G base stations and mobile devices made by Samsung and Apple, among others. (*Id.*). The Cobblestone 1.0 Carrier Cases are currently set for trial on September 23, 2024, with the pretrial conference scheduled for August 21, 2024. (*See e.g.*, Civil Action No. 2:22-cv-477, Dkt. No. 62). Furthermore, the *Markman* hearing is scheduled for April 30, 2024. (*Id.*).

### B.   Cobblestone 2.0 Carrier Cases

In August 2023, Cobblestone filed three more cases against the same Carrier Defendants asserting one patent, U.S. Patent No. 7,924,802 (the "'802 Patent"):

- *Cobblestone Wireless, LLC v. Cellco Partnership d/b/a Verizon Wireless*, Civil Action No. 2:23-cv-00382 (E.D. Tex.) (lead);

2

- *Cobblestone Wireless, LLC v. AT&T Mobility LLC et al.*, Civil Action No. 2:23-cv-00380 (E.D. Tex.);

- *Cobblestone Wireless, LLC v. T-Mobile USA, Inc.*, Civil Action No. 2:23-cv-00381 (E.D. Tex.).

Referred to herein as the Cobblestone 2.0 Carrier Cases (or Cobblestone 2.0), Cobblestone appears to accuse (based on the Complaint) the ***same*** base stations and mobile devices that it is accusing in Cobblestone 1.0.[3] As such, the accused products for the Cobblestone 2.0 Carrier Cases will likely include the same base stations manufactured by Nokia, Ericsson, and/or Samsung as well as the same mobile devices made by Samsung and Apple, among others. At the Court's recent scheduling conference, the Court provided that the Cobblestone 2.0 Carrier Cases should be set for jury selection on May 19, 2025, pretrial conference on April 11, 2025, and *Markman* on November 14, 2024.[4]

C.  **The Samsung Case**

On June 16, 2023 (right in between the filing of Cobblestone 1.0 and Cobblestone 2.0), Cobblestone directly sued the Carrier Defendants' supplier Samsung on *the same five patents*, the same largely overlapping technology, the same Samsung-based 4G and 5G base stations, and the same Samsung mobile devices:

- *Cobblestone Wireless, LLC v. Samsung Electronics Co., Ltd. et al.*, Civil Action No. 2:23-cv-00285, Dkt. No. 1 (E.D. Tex.) (the "Samsung Case").

---

[3] Cobblestone has twice asked for an extension to serve detailed infringement contentions listing the full set of products it accuses. Cobblestone has agreed not to use Defendants' non-opposition to these extensions as a basis to oppose this motion.

[4] Defendants have endeavored to bring this consolidation issue to the Court's attention as soon as practical. In fact, Defendants have been attempting to discuss this issue with Cobblestone since September in an effort to present a joint motion to the Court.

The Cobblestone Samsung Case is currently set for trial on May 5, 2025, with the pretrial conference scheduled for March 31, 2025. Furthermore, claim construction is not set to begin until July 10, 2024, with the *Markman* hearing scheduled for November 13, 2024. (*Id.*) (Civil Action No. 2:23-cv-285, Dkt. No. 30).

### D. The Overlap of Issues and Scheduled Proceedings

The above cases revolve around overlapping issues of law and fact. First, the same products are involved. Cobblestone has not served contentions in all cases, but based on the pleadings, the same mobile devices as well as Nokia, Ericsson, and/or Samsung base stations will be involved across the cases identified above. This means the same discovery will be triplicated, the same source code will be reviewed three times, and the same issues will be litigated. Second, the same patents are involved. Across all seven cases, Cobblestone has launched a patchwork of allegations that lead to the same thing, namely, Cobblestone is litigating all five patents in Cobblestone 1.0, Cobblestone 2.0, and the Samsung Cases. Finally, the Court is poised to conduct overlapping *Markman* hearings and overlapping pre-trial conferences. Below is the current grid of *thirteen* Court-based events the Court has docketed on behalf of Cobblestone:

|  | **Cobblestone 1.0** | **Cobblestone 2.0** | **Samsung Case** |
|---|---|---|---|
| ***Markman* Hearing** | April 30, 2024 | November 14, 2024 | November 13, 2024 |
| **Pre-Trial Conference(s)** | August 21, 2024 | April 11, 2025 | March 31, 2025 |
| **Trial (Lead)** | September 23, 2024 | May 19, 2025 | May 5, 2025 |
| **Trial (Second Carrier)** | September 23, 2024 | May 19, 2025 | - |
| **Trial (Third Carrier)** | September 23, 2024 | May 19, 2025 | - |

Thus, in order to streamline the issues for the Court and the parties, Defendants request that the Court consolidate the Cobblestone 1.0 Carrier Cases and the Cobblestone 2.0 Carrier Cases

4

together and set the cases on the schedule that the Cobblestone 2.0 Carrier Cases were assigned at the recent December 4, 2023 Scheduling Conference.[5]

## II. GOVERNING LEGAL STANDARDS

Rule 42(a) of the Federal Rules of Civil Procedure enables a court to consolidate actions pending before it if those actions involve "a common question of law or fact." Fed. R. Civ. P. 42(a). "The proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a) of the Federal Rules of Civil Procedure." *Miller v. United States Postal Service*, 729 F.2d 1033, 1036 (5th Cir. 1984). "The stated purpose of Rule 42(a) is to 'avoid unnecessary costs or delay', and hence the decision to invoke the rule is entirely within the discretion of the district court as it seeks to promote the administration of justice." *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973). Furthermore, the Fifth Circuit has stated that "[T]rial judges are urged to make good use of Rule 42(a)" to "expedite the trial and eliminate unnecessary repetition and confusion." *Dupont v. S. Pac. Co.*, 366 F.2d 193, 195-96 (5th Cir. 1966). Furthermore, "[a]ctions involving the same parties are apt candidates for consolidation." *Wright & Miller*, Fed. Prac. & Proc. § 2384.

## III. DISCUSSION

Consolidating Cobblestone 1.0 into Cobblestone 2.0 would help to avoid unnecessary costs, unnecessary confusion, and remove three of the seven cases, one *Markman* hearing, and at least one pretrial conference from the Court's docket. Furthermore, this consolidation will not cause any significant prejudicial delay. *See Immersion Corp. v. Samsung Elec. Am., Inc., et al.*,

---

[5] Defendants are also amendable to consolidate Cobblestone 1.0 and 2.0 with the Samsung Case for pretrial purposes.

No. 2:17-cv-00572, Dkt. No. 30 (E.D. Tex., June 7, 2018) (ordering consolidation of two cases brought by the same Plaintiff against the same Defendants).

### A. Consolidation Will Help Avoid Unnecessary Repetition and Unnecessary Costs

Consolidation will facilitate judicial economy and help to preserve the parties' and Court's resources by reducing costs and avoiding unnecessary repetition as the cases involve multiple common questions of law and fact. As an initial matter, the Cobblestone 1.0 and Cobblestone 2.0 involve the same parties[6] and counsel on both sides. Furthermore, while Cobblestone has yet to serve infringement contentions in the Cobblestone 2.0 cases, Defendants anticipate the accused products in both cases will be substantially the same, if not identical. *See Cobblestone Wireless, LLC v. Cellco P'ship d/b/a Verizon Wireless*, No. 2:23-cv-00382 (E.D. Tex.), Dkt. No. 1 at ¶12 (defining "Accused Instrumentalities" as "cellular base stations, mobile products, and services that support 3GPP carrier aggregation"). In addition, the technology at issue in both cases is similar because 4G and 5G wireless standards are accused in both cases. Furthermore, there is good reason to believe that the same witnesses, source code, custodians, and documents will be relevant for both cases. Cobblestone has recognized the benefits of consolidating the five patents asserted across Cobblestone 1.0 and 2.0 as it has asserted the same five patents in a single case against Samsung (*i.e.*, the Samsung Case). Thus, consolidating the Cobblestone 1.0 and 2.0 cases will relieve the parties and the Court of the significant burden associated with duplicative fact and expert discovery and pretrial matters.

In addition, consolidating Cobblestone 1.0 into Cobblestone 2.0 will avoid unnecessary repetition and costs because Cobblestone 2.0 is scheduled directly behind the Samsung Case (*e.g.*,

---

[6] Nokia and Ericsson intend to intervene and are currently discussing their intervention in Cobblestone 2.0 with Cobblestone.

the Samsung Case has a May 5, 2025 trial date and Cobblestone 2.0 has a May 19, 2025 trial date). The Federal Circuit has expressed favor with Courts that resolve claims against the manufacturer/supplier (Samsung) before the customer (the Carrier Defendants) under the customer-suit exception. *See Katz v. Lear Siegler*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) ("[L]itigation against . . . the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer."); *Spread Spectrum Screenings, LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011) ("[T]he guiding principles in the customer suit exception cases are efficiency and judicial economy."). Cobblestone cannot collect damages twice for the same patent on the same products, so Cobblestone will have to address this issue at some point regardless of the outcome of this Motion. *Tex. Advanced Optoelectronic Sols., Inc. v. Renesas Elecs. Am., Inc.*, 895 F.3d 1304, 1328 (Fed. Cir. 2018) ("[D]ouble recovery for the same injury is inappropriate."); *see also Aero Prods. Int'l, Inc. v. Intex Recreation Corp.*, 466 F.3d 1000, 1017 (Fed. Cir. 2006).

### B. Consolidation Will Reduce Confusion

Consolidation of Cobblestone 1.0 into Cobblestone 2.0 will reduce confusion and the potential for inconsistent outcomes. For example, Cobblestone's licensing history and discussions with each Carrier Defendant are common questions of fact across both Cobblestone 1.0 and 2.0. These common questions of fact will play a role in the Carrier Defendants' defense against Cobblestone's damages case. Trying these same common issues to a jury in two separate trials for each Carrier could lead to inconsistent outcomes that will unnecessarily confuse and complicate the litigation. Likewise, Defendants have raised other defenses with common issues of fact, such as patent ownership, which if tried twice by each Carrier Defendant could lead to an inconsistent result that would be both difficult and confusing to resolve.

### C. Consolidation Will Not Prejudice Cobblestone.

Finally, Cobblestone is not prejudiced by consolidation. Consolidation will only cause a delay of mere months for the resolution of the Cobblestone 1.0 Carrier Cases, and even so, that delay is the result of Cobblestone's own actions. *First*, Cobblestone could have asserted the '802 Patent against the Carrier Defendants earlier, but instead, Cobblestone sat on the patent for five months and waited until August 2023 to assert it. Cobblestone was assigned the '802 Patent in April 2023. Cobblestone filed suit against Samsung on the '802 Patent in June 2023. Either of those times it could have addressed this patent with the Carrier Defendants or attempted to add the patent to Cobblestone 1.0. Instead, Cobblestone waited until August 2023 to file Cobblestone 2.0. Indeed, shortly after the Cobblestone 2.0 Carrier Cases were filed, Defendants' counsel contacted Cobblestone to discuss the issues raised by the filing of the Cobblestone 2.0 Carrier Cases that are now the subject of this Motion. Ex. A (E-mail from Barton to Mirzaie). Cobblestone did not respond to any of the issues until Defendants gave notice of the instant Motion and requested a meet-and-confer consistent with the Court's local rules. Ex. B (E-mail from Barton to Mirzaie); Ex. C (E-mail from Deane to Ma). Thus, any delay that may be experienced now by consolidating Cobblestone 1.0 into Cobblestone 2.0 is a result of Cobblestone's failure to assert the '802 Patent when it first could have and failure to engage with Defendants once it did.

*Second*, Cobblestone cannot argue that it will be prejudiced by having to litigate all five patents at the same time. By asserting all five patents against Samsung and accusing the same technology, Cobblestone has evidenced that it is capable of litigating all five patents at the same time in a single trial. Thus, Cobblestone cannot now complain that litigating five patents against AT&T, T-Mobile, or Verizon, would be burdensome.

*Third*, the delay is not substantial and is dramatically offset by other benefits. Defendants are only requesting to move Cobblestone 1.0 back by a few months. Meanwhile, consolidating the

8

cases would reduce the number of Court hearings (*e.g.*, consolidation would remove three trials, a *Markman* hearing, and at least one pretrial conference). Thus, the benefits from consolidating Cobblestone 1.0 and the Cobblestone 2.0 together far outweigh any prejudice that may be experienced by Cobblestone.

### IV.    CONCLUSION

As explained above, consolidation of the Cobblestone 1.0 Carrier Cases and Cobblestone 2.0 Carrier Cases will promote efficiency, conserve judicial and party resources, eliminate the need for duplicative discovery, and aid in the just resolution of this matter. As such, Defendants respectfully request that the Court consolidate Cobblestone 1.0 and Cobblestone 2.0 and adopt the Docket Control Order for Cobblestone 2.0.

Respectfully submitted: December 15, 2023

/s/ David S. Frist
David S. Frist
  David.Frist@alston.com
John Daniel Haynes
  John.Haynes@alston.com
Emily Welch
  Emily.Welch@alston.com
Michael Clayton Deane
  Michael.Deane@alston.com
Sloane Sueanne Kyrazis
  Sloane.Kyrazis@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, GA 30309
404-881-7000
Fax: 404-881-7777

Ross Ritter Barton
  Ross.Barton@alston.com
ALSTON & BIRD LLP
1120 South Tryon Street
Suite 300
Charlotte, NC 28203
704-444-1287
Fax: 704-444-1111

Theodore Stevenson, III
  Ted.Stevenson@alston.com
Adam Ahnhut
  Adam.ahnhut@alston.com
ALSTON & BIRD LLP
2200 Ross Ave
Suite 2300
Dallas, TX 75201
214-922-3507
Fax: 214-922-3899

*Attorneys for AT&T Services, Inc., AT&T Corp., AT&T Mobility LLC, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless, Ericsson Inc. and Nokia of America Corporation*

**Deron Dacus**
ddacus@dacusfirm.com
**The Dacus Firm**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
903-705-1117
Fax: 903-581-2543

*Attorney* for *AT&T Services, Inc., AT&T Corp., AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, Ericsson Inc. and Nokia of America Corporation*

**Melissa R. Smith**
melissa@gillamsmithlaw.com
**Tom Gorham**
tom@gillamsmithlaw.com
**Gillam & Smith LLP**
102 N. College, Suite 800
Tyler, TX 75702
903-934-8450
Fax: 903-934-9257

*Attorneys for T-Mobile USA, Inc.*

11

## CERTIFICATE OF CONFERENCE

I hereby certify that the parties met and conferred on November 30, 2023, pursuant to Local Rule CV-7(h). The personal conference required by Local Rule CV-7(h) was conducted telephonically between John Ma, for Cobblestone, and Michael Deane and David First, for Defendants. Despite the parties' efforts, the parties were not able to come to an agreement on the relief requested in this motion. As such, this motion is opposed.

*/s/ David S. Frist*
David S. Frist

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on December 15, 2023, on the counsel of record via electronic mail.

*/s/ David S. Frist*
David S. Frist