# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS <br><br> *Defendant,* | CASE NO. 2:23-cv-00382-JRG-RSP <br><br> (Lead Case) <br><br> JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> AT&T SERVICES INC.; AT&T MOBILITY LLC; AT&T CORP., <br><br> *Defendants,* | CASE NO. 2:23-cv-00380-JRG-RSP <br> (Member Case) <br><br> JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> T-MOBILE USA, INC., <br><br> *Defendant,* | CASE NO. 2:23-cv-00381-JRG-RSP <br> (Member Case) <br><br> JURY TRIAL DEMANDED |

—AND—

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> T-MOBILE USA, INC., | CASE NO. 2:22-cv-00477-JRG-RSP <br> (Lead Case) <br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| *Defendant,*<br><br>NOKIA OF AMERICA CORPORATION, ERICSSON INC.<br><br>*Intervenors.* | |
| COBBLESTONE WIRELESS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>AT&T SERVICES INC.; AT&T MOBILITY LLC; AT&T CORP.,<br><br>*Defendants,*<br><br>NOKIA OF AMERICA CORPORATION, ERICSSON INC.<br><br>*Intervenors.* | CASE NO. 2:22-cv-00474 -JRG-RSP (Member Case)<br><br>JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS<br><br>*Defendant,*<br><br>NOKIA OF AMERICA CORPORATION, ERICSSON INC.<br>        *Intervenors.* | CASE NO. 2:22-cv-00478 -JRG-RSP (Member Case)<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S OPPOSITION TO MOTION TO CONSOLIDATE**

I.       INTRODUCTION

Defendants' motion to consolidate the Carrier 1 cases and the Carrier 2 cases, and put all cases on the same schedule as the later-filed Carrier 2 cases, is without merit and should be denied. The purpose of Rule 42 is to promote judicial economy and reduce unnecessary costs or delay. But consolidating the two sets of cases, which were filed eight months apart and thus are at completely different stages, would not meaningfully reduce costs at all. There are zero overlapping patents and the accused functionalities differ. Indeed, the '802 patent asserted in the Carrier 2 cases is not related to the patents asserted in the Carrier 1 cases and there are no overlapping inventors. Thus, the Carrier 1 and Carrier 2 cases will require separate discovery and claim construction regardless of consolidation. And to the extent there is any overlap, the Court has already ordered cross-use of documents and source code in order to minimize duplication.

Defendants attempt to downplay the substantial prejudice to Cobblestone that would result if their motion were granted by arguing that it would only set the Carrier 1 cases back by a "few months." This is simply untrue. Trial in the Carrier 1 cases is currently set for September 2024, whereas trial in the Carrier 2 cases is in May 2025. The requested consolidation would thus delay Carrier 1 by *eight months*, which is substantial. Indeed, this Court recently denied consolidation where the cases had far more in common than they do here because they were "too far apart" in time. *Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, No. 2:22-cv-00125-JRG, 2023 WL 5613185, at *1 (E.D. Tex. Aug. 29, 2023). The same reasoning applies here.

Notably, during the parties' meet and confer, Cobblestone offered to put the Carrier 2 cases on the same track as the Carrier 1 cases in order to address Defendants' purported concerns about duplication and costs. Defendants rejected this proposal, confirming that their primary goal is delay. This is improper. Their motion should be denied.

## II.  BACKGROUND

Defendants' motion seeks to consolidate two sets of consolidated cases, filed eight months apart, that are on different schedules and concern different patents and different accused instrumentalities. The first set of consolidated cases, which Defendants refer to as the "Cobblestone 1.0 Carrier Cases" (hereafter referred to as the "Carrier 1" cases), were filed in December 2022:

- *Cobblestone Wireless, LLC v. T-Mobile USA, Inc.*, No. 2:22-cv-00477 (E.D. Tex.) (lead case), filed on December 16, 2022;

- *Cobblestone Wireless, LLC v. Verizon Communications Inc.*, No. 2:22-cv-00478 (E.D. Tex.), filed on December 16, 2022; and

- *Cobblestone Wireless, LLC v. AT&T Inc.*, No. 2:22-cv-00474 (E.D. Tex.), filed on December 15, 2022.

In each of these cases, Cobblestone alleges infringement of U.S. Patent Nos. 8,891,347 ("'347 patent"), 9,094,888 ("'888 patent"), 10,368,361 ("'361 patent"), and 8,554,196 (the "'196 patent"). As set forth in Cobblestone's infringement contentions served on March 13, 2022, the accused products in the Carrier 1 cases include (1) cellular base stations that support 3GPP 5G NR beamforming, handover between 4G and 5G NR wireless networks, or directional Supplementary Uplink (SUL) and/or Bandwidth Adaptation functionality, (2) cellular user equipment and Wi-Fi gateway devices that supports 3GPP 5G NR beamforming, and (3) cellular handsets, tablets, or smartwatches that support Wi-Fi-only automatic updates. Mirzaie Decl. ¶ 2. At a high level, beamforming is a technique that uses multiple antennas at the base station to form directional beams towards user devices, improving the signal quality and the spectral efficiency. Handover is the process of transferring a mobile device's connection from one network to another, while maintaining the continuity and quality of the services. Directional supplementary uplink and/or bandwidth adaptation allows base stations to adjust the frequency spectrum utilized according to

the channel conditions and mobile device requirements. Wi-Fi-only automatic updates is a feature that allows a device to update applications or software only when connected to a Wi-Fi network, thus saving cellular data and battery life. Jury selection is set to begin in the Carrier 1 cases on September 23, 2024.

The second set of consolidated cases, which Defendants refer to as the "Cobblestone 2.0 Carrier Cases" (hereafter referred to as the "Carrier 2" cases), were filed eight months later in August 2023:

- *Cobblestone Wireless, LLC v. Cellco Partnership d/b/a Verizon Wireless*, No. 2:23-cv-00382 (E.D. Tex.) (lead case), filed on August 25, 2023;
- *Cobblestone Wireless, LLC v. AT&T Services Inc.*, No. 2:23-cv-00380 (E.D. Tex.), filed on August 25, 2023; and
- *Cobblestone Wireless, LLC v. T-Mobile USA, Inc.*, No. 2:23-cv-00381 (E.D. Tex.), filed on August 25, 2023.

The asserted patent in those cases, U.S. Patent No. 7,924,802 ("'802 patent"), comes from a different family than those asserted in the Carrier 1 case. As set forth in Cobblestone's infringement contentions served on December 11, 2023, the accused products in the Carrier 2 cases include cellular base stations, mobile products, and services that support 3GPP carrier aggregation. Mirzaie Decl. ¶ 3. At a high level, 3GPP carrier aggregation is a technology that allows a device to use multiple frequency ranges simultaneously for faster and more reliable data transmission. Jury selection is currently set for May 19, 2025—eight months after the trial in the Carrier 1 cases.

The accused products and accused functionalities are fundamentally different as described in detail above even if there is some general overlap between the Carrier 1 and Carrier 2 cases. Given the highly specialized settings in which these functionalities are typically developed, it is unlikely for there to be meaningful overlap in Defendants' technical witnesses. Defendants also

3

have not identified any technical witnesses in Carrier 2 to date, thus any purported overlap is speculative. *See* Mirzaie ¶ 9.

Importantly, Cobblestone has already agreed to, and the Court has ordered, the cross-use of documents and source code in order to minimize duplication and Cobblestone remains open to additional streamlining proposals. *See Cobblestone Wireless, LLC v. Cellco Partnership d/b/a Verizon Wireless*, No. 2:23-cv-00382, Dkt. No. 69 at 7 (E.D. Tex.). And during the parties' meet and confers, Cobblestone made clear that it was amenable to putting the Carrier 2 cases on the same schedule as the Carrier 1 cases (rather than delaying the Carrier 1 cases eight months to put them on the same schedule as the Carrier 2 cases, which is what Defendants propose). Mirzaie Decl. ¶ 4. This would address Defendants' purported concerns about "unnecessary repetition and costs" and avoid delaying trial in the Carrier 1 cases. Defendants, however, rejected this proposal. *Id.*

### III. LEGAL STANDARD

"Under Rule 42(a), where actions involve a common question of law or fact, 'the court *may* ... consolidate the actions.'" *Entropic*, 2023 WL 5613185, at *1 (emphasis in original). However, "common issues do not mandate consolidation." *Network Sys. Techs., LLC v. Samsung Elecs. Co.*, No. 2:22-cv-00481-JRG, 2023 WL 4534358, at *3 (E.D. Tex. July 13, 2023). The rule "is permissive and vests a purely discretionary power in the district court." *Id.* "Consolidation is improper if it would prejudice the rights of the parties," or where the cases are "different stages of preparedness for trial." *St. Bernard Gen. Hosp., Inc. v. Hosp. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 889, 990 (5th Cir. 1983).

## IV. ARGUMENT

As set forth below, consolidation of the Carrier 1 and Carrier 2 cases is inappropriate here. While there may be some general overlap in the issues when viewed at a high level, consolidation will not meaningfully reduce duplication or costs given that there are no overlapping patents or patent families, and the accused functionalities across the two cases are different. Thus, each set of the Carrier cases will require separate discovery and claim construction. Any minimal cost savings is far outweighed by the significant prejudice by delaying Cobblestone's day in court for the Carrier 1 cases by eight months.

### A. Consolidation Will Not Meaningfully Reduce Duplication and Costs Given That There Are No Overlapping Patent Families and Different Accused Functionalities

The Court has already consolidated the three Carrier 1 cases and the three Carrier 2 cases, which makes sense because the asserted patent families across the respective consolidated cases are the same. In contrast, there are *zero* overlapping patent families between the Carrier 1 and Carrier 2 cases. The patent asserted in the Carrier 2 cases (the '802 patent) is not asserted in any of the Carrier 1 cases. In addition, while Defendants speculate in their motion that "the accused products in both cases will be substantially the same, if not identical" (Mot. at 6), that is simply not the case. As set forth above, the Carrier 1 cases concern products pertaining to beamforming, supplemental uplink, bandwidth adaptation, handover, and wifi-only automatic updates, whereas the Carrier 2 cases focus on products pertaining to carrier aggregation. The Carrier 1 cases also focus on mobile devices pertaining to 5G beamforming or wifi-only automatic updates, while the Carrier 2 cases, focuses on mobile devices pertaining to 4G and 5G carrier aggregation. Mirzaie Decl. ¶ 8. Defendants have not demonstrated the extent to which the accused products actually overlap or not, other than offering speculation. The mere fact that both cases generally concern 4G and 5G wireless standards is of little consequence given that the cases focus on different specific

5

functionalities of the accused base stations and user equipment, and will thus require different discovery. And regardless, to the extent there is overlap in the issues and discovery, Cobblestone has already agreed to, and the Court has ordered, the cross-use of documents and source code in order to minimize duplication and reduce costs and Cobblestone remains open to additional streamlining proposals.

Defendants' assertion that consolidation of the Carrier 1 and Carrier 2 cases "would remove three trials, a *Markman* hearing, and at least one pretrial conference" (Mot. at 9) does not mean the issues would be reduced; it simply means Cobblestone's day in court will be delayed, and the Court and the jury would have to deal with more unrelated issues at once. Further, combining the *Markman* hearings and pretrial conferences will not reduce efforts or costs given the different asserted patent families, claim terms, and accused functionalities. For example, the parties will still have to litigate, and the Court will still have to separately construe, the disputed terms of the '802 patent regardless of whether the *Markman* hearing in the Carrier 2 cases is held at the same time as the *Markman* in the Carrier 1 cases.

Defendants further argue that consolidation "will avoid unnecessary repetition and costs because Cobblestone 2.0 is scheduled directly behind the Samsung Case," and that litigation of claims against the manufacturer should take precedence over the customer defendants. Mot. at 6–7. By "Samsung Case," Defendants are referring to *Cobblestone Wireless, LLC v. Samsung Electronics, Co.*, No. 2L23-cv-00285-JRG (E.D. Tex.). Defendants' argument fails for multiple reasons. As an initial matter, the cases cited by Defendants concern staying the claims against the customer defendants pending resolution of the manufacturer suit. A motion to stay based on the customer suit exception involves a completely different standard than a motion to consolidate, and requires consideration of several factors, including whether the customer defendants have agreed

to be bound by the outcome of the manufacturer suit. *See, e.g.*, *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1358 (Fed. Cir. 2011). Defendants have not made any showing that the case against Samsung will resolve any of the issues in the carrier cases. Nor can they, given that Samsung is not the only manufacturer/supplier of accused products; others include Nokia, Ericsson (both of which have intervened in both sets of Carrier cases), and Apple. *See, e.g.*, Ex. 3 at 2. Additionally, customer-suit stays are typically where the customer is a "mere reseller" (*see, e.g.*, *id*. at 1357), and here, the Carrier Defendants typically implement the accused products in highly customized networks, such that their use of the equipment is often highly customized to their particular network needs. Furthermore, Defendants have not agreed to be bound by any decisions in the Samsung case. Mirzaie Decl. ¶ 5. But perhaps more fundamentally, it is simply inappropriate for Defendants to use a motion to consolidate as a means to obtain their preference to have the Samsung claims tried first.

Finally, Defendants' concerns about potential jury confusion and inconsistent results are overblown. Defendants only vaguely allude to common defenses with "common issues of fact" such as "Cobblestone's licensing history and discussions with each Carrier Defendant." Mot. at 7. But Defendants fail to explain how the mere presence of such highly generalized alleged "common issues of fact" could confuse the jury. And even assuming this is a legitimate concern, the Court can "instruct the jury and cabin party arguments to limit jury confusion, which is an inherent risk when any single case from a group of complex cases goes to trial." *Entropic*, 2023 WL 5613185, at *2. Furthermore, the doctrine of collateral estoppel (issue preclusion) should sufficiently protect against the danger of inconsistent outcomes should the same issues arise in the Carrier 2 cases. *See id.* (noting that defendant "may litigate … issue preclusion if it wishes" and "it is not unfair to [defendant] to ask it to defend itself").

7

### B. Consolidation Will Substantially Prejudice Cobblestone by Delaying Trial in the Carrier 1 Cases for Eight Months

It is well-established that consolidation is inappropriate where it would result in prejudice or where the cases are "different stages of preparedness for trial." *St. Bernard*, 712 F.2d at 889, 990. And here, it is clear that the two sets of cases are at different stages, as they were filed eight months apart and thus have different schedules with different deadlines and different trial dates. Trial in the Carrier 1 cases is set for September 2024, and trial in the Carrier 2 cases is set eight months later in May 2025. Mirzaie Decl. ¶ 6. In the Carrier 1 cases, the parties have already completed certain claim construction disclosures, fact discovery is well underway and set to close in under four months, and expert discovery is set to close in under five months. *See Id.*; Dkt. No. 62 (Carrier 1 lead case). By contrast, the Carrier 2 cases are still in the pleading stage and, for example, claim construction disclosures are not even set to begin until July (after the close of expert discovery in the Carrier 1 cases). *See* Mirzaie Decl. ¶ 6; Dkt. No. 66 (Carrier 2 lead case). Thus, there can be no question that the cases are at different stages of preparedness for trial. *See AGIS Software Dev. LLC v. Waze Mobile Ltd.*, No. 2:19-cv-00359-JRG, 2022 WL 1608047, at *4 (E.D. Tex. May 20, 2022) (denying motion to consolidate where the cases had "different trial schedules … with varying deadlines, and consequently, they 'are at different stages of preparedness for trial'").

Defendants attempt to downplay the delay that would result from their requested consolidation, asserting that they only want to "move Cobblestone 1.0 back by a few months." Mot. at 8. This is a gross understatement. Consolidation would delay the Carrier 1 cases by *eight months*. Defendants' proposal would derail the discovery progress in the Carrier 1 cases. Discovery has been open since April 2023 and is set to close soon, in May 2024. Mirzaie Decl. ¶ 7. Defendants and Intervenors Ericsson and Nokia have responded to numerous interrogatories and have

8

produced hundreds of thousands of pages of documents. *Id.* The parties have engaged in multiple rounds of discovery correspondence. *Id.* Cobblestone's source code expert has conducted code review multiple times. *Id.* In contrast, discovery has just opened in the Carrier 2 cases. *Id.* Defendants' proposal to delay Cobblestone's day in Court for *eight* months, in view of a case where discovery has just opened, does not make logical sense and is unduly prejudicial to Cobblestone.

For example, in *Entropic*, this Court denied consolidation despite the patents in the two actions sharing the same specification and inventors, and despite the accused products and services sharing the "same definition," because the cases were "simply too far apart for it to be practical to consolidate them." 2023 WL 5613185, at *1-2. In that case, the trials were ten months apart, which is similar to the eight-month difference between the Carrier 1 and Carrier 2 trials here. The *Entropic* Court found that plaintiff "should not have to delay in bringing its case to trial before a jury." *Id.* at *2. The Court also rejected the defendant's concerns about "litigat[ing] the same case twice" and potential jury confusion, explaining that "discovery between these actions will overlap, such that discovery does not have to be wholly duplicative between the First and Second Actions," and that the similarities between the patents-in-suit will actually "simplify claim construction" in the second action. *Id.* The Court further explained any potential jury confusion can be remedied with appropriate jury instructions, and that defendants have the option to litigate issue preclusion if they so choose. *Id.* In conclusion, the *Entropic* Court recognized that any additional costs that may result from denying consolidation are "insufficient to overcome the burdens of consolidating two cases that are at very different stages of development and readiness." *Id.*

The same analysis applies here. Indeed, there is even less reason to consolidate the Carrier 1 and Carrier 2 given that, unlike *Entropic*, the '802 patent family is *not* related to the patent families asserted in the Carrier 1 cases, there are no overlapping inventors, and the accused

9

instrumentalities are different. As in *Entropic*, Defendants' purported concerns about duplication and jury confusion can easily be remedied through cross-use agreements, issue preclusion, and jury instructions.

Defendants' assertion that the delay that would result from consolidation is somehow Cobblestone's fault because it waited until August 2023 to assert the '802 patent against them (Mot. at 8) is nonsensical. As noted by Defendants, the '802 patent was not assigned to Cobblestone until April 2023—four months *after* it filed the Carrier 1 cases. Accordingly, Cobblestone opted to file a new case rather than seek amendment, as it was fully within its rights to do. Not surprisingly, Defendants cite no authority to support the proposition that Cobblestone was somehow obligated to seek to amend the Carrier 1 cases to add the '802 patent—which is unrelated to any of the Carrier 1 patents. Nor do they cite any authority to support the notion that filing complaints a mere four months after acquiring the patent was somehow unreasonable.

Instead, Defendants offer only attorney argument, claiming that "[b]y asserting all five patents against Samsung and accusing the same technology, Cobblestone has evidenced that it is capable of litigating all five patents at the same time in a single trial." Mot. at 8. This misses the point. Whether Cobblestone is "capable" of litigating all five patents together is irrelevant and does not change the fact that the requested consolidation would substantially delay the Carrier 1 cases and prejudice Cobblestone's right to a timely trial. Indeed, in *Entropic* the Court rejected a nearly identical argument. *See* 2023 WL 5613185, at *2 (rejecting argument that plaintiff "filed a case in California that included all eight patents from both the First and Second Actions here" and denying consolidation because the cases were "too far apart").

Notably, Defendants fail to mention that Cobblestone offered to put the Carrier 2 cases on the same schedule as the Carrier 1 cases, which would address their purported concerns about

10

duplication and inconsistent results while also avoiding any delay and prejudice to Cobblestone. *See* Mirzaie Decl. ¶ 4. Defendants rejected this proposal, which confirms that their primary goal is delay, not efficiency. *See id.* Where, as here, Defendants' motion "appears to be nothing more than a veiled attempt to delay trial" in the Carrier 1 cases, "proceeding with the order of trials as currently scheduled avoids prejudice and delay, ensures judicial economy, and safeguards principles of fundamental fairness." *AGIS Software*, 2022 WL 1608047, at *4 (cleaned up).

## V. CONCLUSION

For the foregoing reasons, Defendants' motion to consolidate should be denied.

Dated: January 12, 2024                                     Respectfully submitted,

                                                            */s/ Reza Mirzaie*

                                                            Reza Mirzaie
                                                            CA State Bar No. 246953
                                                            Marc A. Fenster
                                                            CA State Bar No. 181067
                                                            Neil A. Rubin
                                                            CA State Bar No. 250761
                                                            Amy E. Hayden
                                                            CA State Bar No. 287026
                                                            Christian W. Conkle
                                                            CA State Bar No. 306374
                                                            Jonathan Ma
                                                            CA State Bar No. 312773
                                                            RUSS AUGUST & KABAT
                                                            12424 Wilshire Boulevard, 12th
                                                            Floor Los Angeles, CA 90025
                                                            Telephone: 310-826-7474
                                                            Email: rmirzaie@raklaw.com
                                                            Email: mfenster@raklaw.com
                                                            Email: nrubin@raklaw.com
                                                            Email: ahayden@raklaw.com

Email: cconkle@raklaw.com
Email: jma@raklaw.com

12

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via email on all counsel of record January 12, 2024.

/s/ *Reza Mirzaie*
Reza Mirzaie