# Exhibit E

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC, | |
| *Plaintiff,* | Case No. 2:23-cv-00382 |
| | **(Lead Case)** |
| v. | **JURY TRIAL DEMANDED** |
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS | |
| *Defendants.* | |
| COBBLESTONE WIRELESS, LLC, | |
| *Plaintiff,* | Case No. 2:23-cv-00380-JRG-RSP (Member Case) |
| v. | **JURY TRIAL DEMANDED** |
| AT&T SERVICES INC.; et al. | |
| COBBLESTONE WIRELESS, LLC, | Case No. 2:23-cv-00381-JRG-RSP (Member Case) |
| *Plaintiff,* | **JURY TRIAL DEMANDED** |
| T-MOBILE USA, INC. | |

**PLAINTIFF COBBLESTONE WIRELESS, LLC'S PRELIMINARY DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**

**I.     Patent Rule 3-1: Disclosure of Asserted Claims and Infringement Contentions**

Pursuant to Patent Rule 3-1, Plaintiff Cobblestone Wireless, LLC submits the following Preliminary Disclosure of Asserted Claims and Infringement Contentions. This disclosure is based on the information available to Cobblestone as of the date of this disclosure, and Cobblestone reserves the right to amend this disclosure to the full extent permitted, consistent with the Court's Rules and Orders.

**A.     Patent Rule 3-1(a): Asserted Claims**

Cobblestone asserts that Defendant T-Mobile USA, Inc. ("Defendant" or "T-Mobile") infringes the following claims (collectively, "Asserted Claims"):

> (1) U.S. Patent No. 7,924,802 (the "'802 patent" or "Asserted Patent"), claims 1-4, 6-10, 13-14, 17, 21, 23-24.

## B.  Patent Rule 3-1(b): Accused Instrumentalities of which Cobblestone is aware

Cobblestone asserts that the Asserted Claims are infringed by the various instrumentalities used, made, sold, offered for sale, or imported into the United States by Defendant, including certain cellular base stations, mobile products, and services that support 3GPP carrier aggregation, including without limitation 3GPP 4G and 5G NR Radio Access Network (RAN) solutions and cellular base stations supporting 4G and 5G carrier aggregation capable radios and basebands compliant with the 3GPP 4G and 5G Standards that are provided to Defendant from Nokia, Ericsson, or Samsung, and Apple mobile products ("Accused Instrumentalities"). A partial list of Accused Instrumentalities, based on Cobblestone's knowledge and investigation to date, follows:

**Nokia:** AirScale base station, AirScale radio and baseband, AirScale 5G mMIMO base station, ReefShark System on Chip and all products containing the same, AirScale Osprey, AirScale Habrok, AirScale mRRH, AirScale pRRH, AirScale 4.5G Pro RRH, AirScale sHUB, FZHR, AHBOA, FSIH, FHFB, AZHL, AAFIA, 32TRX, and 64TRX.

**Ericsson:** 4G AIR products, 4G Baseband products, 4G Radio products, 4G Antenna products, 5G AIR products, 5G Baseband products, 5G Radio products, 5G Antenna products, AIR 1279, AIR 3218, AIR 3219, AIR 3229, AIR 3239, AIR 3246, AIR 3258, AIR 3268, AIR 3283, AIR 6419, AIR 6428, AIR 6468, AIR 6476, AIR 6488, Interleaved AIR, Baseband 5216, Baseband 6502, Baseband 6648, 5G Radio Dot, Radio 4407, Radio 4408, Radio 4412, Radio 4418, Radio 4485, Radio 4490, Radio 8808, Radio 8863, Antenna 4600, Antenna 4602, Antenna 5500, and Antenna 6600.

**Samsung:** 4G base stations, 5G base stations, 4T4R CBRS Radio, 32T32R Radio, 64T64R Radio, C-Band Radio, CDU50, One Antenna Radio, Link Hub, and Link HubPro.

**Apple**: iPhone 15 Pro Max, iPhone 15 Pro, iPhone 15 Plus, iPhone 15, iPhone 14, iPhone 13, iPhone SE (3 Gen), iPad Pro 11-inch (3rd generation), iPad Pro (12.9-inch) (5th generation), iPad air 5, iPad Mini (6th Gen), and iPad 10th Generation

Defendant's Accused Instrumentalities of which Cobblestone is presently aware are described in more detail in the accompanying preliminary infringement contention chart, Exhibit A.

Cobblestone reserves the right to accuse additional products from Defendant to the extent Cobblestone becomes aware of additional products during the discovery process. Unless otherwise stated, Cobblestone's assertions of infringement apply to all variations, versions, and applications of each of the Accused Instrumentalities, on information and belief, that different variations, versions, and applications of each of the Accused Instrumentalities are substantially the same for purposes of infringement of the Asserted Claims.

### C.      Patent Rule 3-1(c): Claim Charts

Cobblestone's analysis of Defendant's products is based upon limited information that is publicly available, and based on Cobblestone's own investigation prior to any discovery in these actions. Specifically, Cobblestone's analysis is based on certain limited resources that evidence certain products made, sold, used, or imported into the United States by Defendant.

Cobblestone reserves the right to amend or supplement these disclosures for any of the following reasons:

(1) Defendant and/or third parties provide evidence relating to the Accused Instrumentalities;

(2) Cobblestone's position on infringement of specific claims may depend on the claim constructions adopted by the Court, which has not yet occured; and

(3) Cobblestone's investigation and analysis of Defendant's Accused Instrumentalities is based upon public information and Cobblestone's own investigations. Cobblestone reserves the right to amend these contentions based upon discovery of non-public information that Cobblestone anticipates receiving during discovery.

Attached as Exhibit A, and incorporated herein in its entirety, is a chart identifying where each element of the Asserted Claims are found in the Accused Instrumentalities.

Unless otherwise indicated, the information provided that corresponds to each claim element is considered to indicate that each claim element is found within each of the different variations, versions, and applications of each of the respective Accused Instrumentalities described above.

**D.       Patent Rule 3-1(d): Literal Infringement / Doctrine of Equivalents**

With respect to the patents at issue, each element of each Asserted Claim is considered to be literally present. Cobblestone also contends that each Asserted Claim is infringed or has been infringed under the doctrine of equivalents in Defendant's Accused Instrumentalities. Cobblestone also contends that Defendant both directly and indirectly infringes the Asserted Claims. For example, the Accused Instrumentalities are provided by the Defendant to customers, who are actively encouraged and instructed (for example, through Defendant's online instructions on its website and instructions, manual, or user guides that are provided with the Accused Instrumentalities) by the Defendant to use the Accused Instrumentalities in ways that directly infringe the Asserted Claims. Defendant therefore specifically intends for and induces its customers to infringe the Asserted Claims under Section 271(b) through the customers' normal and customary use of the Accused Instrumentalities. In addition, Defendant is contributorily infringing the Asserted Claims under Section 271(c) and/or Section 271(f) by selling, offering for sale, or importing the Accused Instrumentalities into the United States, which constitute a material part of the inventions claimed in the Asserted Claims, are especially made or adapted to infringe the Asserted Claims, and are otherwise not staple articles or commodities of commerce suitable for non-infringing use.

**E.       Patent Rule 3-1(e): Priority Dates**

The Asserted Claims of the '802 patent are entitled to a priority date at least as early as January 23, 2008, the filing date of Application No. 12/018,370.

A diligent search continues for additional responsive information and Cobblestone reserves the right to supplement this response.

### F.      Patent Rule 3-1(f): Identification of Instrumentalities Practicing the Claimed Invention

At this time, Cobblestone does not identify any of its instrumentalities as practicing the Asserted Claims. A diligent search continues for additional responsive information and Cobblestone reserves the right to supplement this response.

## II.      Patent Rule 3-2: Document Production Accompanying Disclosure

Pursuant to Patent Rule 3-2, Cobblestone submits the following Document Production Accompanying Disclosure, along with an identification of the categories to which each of the documents corresponds.

### F.      Patent Rule 3-2(a) documents:

Cobblestone is presently unaware of any documents sufficient to evidence any discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the inventions recited in the Asserted Claims of the Asserted Patents prior to the application dates or priority dates for the Asserted Patents.  A diligent search continues for such documents and Cobblestone reserves the right to supplement this response.

### G.      Patent Rule 3-2(b) documents:

Cobblestone  identifies the following non-privileged documents as related to evidencing conception and reduction to practice of each claimed invention of the Asserted Patent: COBB2_000001-COBB2_000022. A diligent search continues for additional documents and Cobblestone reserves the right to supplement this response.

**H.      Patent Rule 3-2(c) documents:**

Cobblestone identifies the following documents as being the file history for the Asserted

Patent: COBB2_000023-COBB2_000117.

Dated: December 11, 2023                              Respectfully submitted,

                                                     */s/ Reza Mirzaie*
                                                     Reza Mirzaie
                                                     CA State Bar No. 246953
                                                     Marc A. Fenster
                                                     CA State Bar No. 181067
                                                     Neil A. Rubin
                                                     CA State Bar No. 250761
                                                     Christian W. Conkle
                                                     CA State Bar No. 306374
                                                     Amy E. Hayden
                                                     CA State Bar No. 287026
                                                     Jonathan Ma
                                                     CA State Bar No. 312773
                                                     Jacob R. Buczko
                                                     CA State Bar No. 269408
                                                     Peter Tong
                                                     TX State Bar No. 24119042
                                                     Matthew D. Aichele
                                                     VA State Bar No. 77821
                                                     RUSS AUGUST & KABAT
                                                     12424 Wilshire Boulevard, 12th Floor
                                                     Los Angeles, CA  90025
                                                     Telephone: 310-826-7474
                                                     Email: rmirzaie@raklaw.com
                                                     Email: mfenster@raklaw.com
                                                     Email: nrubin@raklaw.com
                                                     Email: cconkle@raklaw.com
                                                     Email: ahayden@raklaw.com
                                                     Email: jma@raklaw.com
                                                     Email: jbuczko@raklaw.com
                                                     Email: ptong@raklaw.com
                                                     Email: maichele@raklaw.com

                                                     **ATTORNEYS FOR PLAINTIFF**
                                                     **COBBLESTONE WIRELESS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I certify that this document is being served upon counsel of record for Defendant on December 11, 2023 via e-mail.


*/s/ Reza Mirzaie*
Reza Mirzaie