**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERISON WIRELESS<br><br>Defendants, | Case No. 2:23-cv-00382-JRG-RSP<br>(LEAD CASE)<br><br>JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC,<br><br>Plaintiff,<br><br>AT&T MOBILITY LLC, AT&T SERVICES, INC., AND AT&T CORP.,<br><br>Defendants, | Case No. 2:23-cv-00380-JRG-RSP<br>(Member Case)<br><br>JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.<br><br>Defendant | Case No. 2:23-cv-00381-JRG-RSP<br>(Member Case)<br><br>JURY TRIAL DEMANDED |

------AND------

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERISON WIRELESS<br><br>Defendants,<br><br>ERICSSON INC., and NOKIA OF AMERICA CORPORATION<br><br>Intervenors, | Case No. 2:22-cv-00477-JRG-RSP<br>(LEAD CASE)<br><br>**JURY TRIAL DEMANDED** |

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>              Plaintiff,<br><br>AT&T MOBILITY LLC, AT&T SERVICES, INC., AND AT&T CORP.,<br><br>              Defendants,<br><br>ERICSSON INC., and NOKIA OF AMERICA CORPORATION<br>              Intervenors, | Case No. 2:22-cv-00474-JRG-RSP<br>          (Member Case)<br><br>JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC,<br><br>              Plaintiff,<br>     v.<br><br>T-MOBILE USA, INC.<br><br>              Defendant,<br><br>ERICSSON INC., and NOKIA OF AMERICA CORPORATION<br>              Intervenors. | Case No. 2:22-cv-00478-JRG-RSP<br>          (Member Case)<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO MOTION TO CONSOLIDATE**

Consolidating the Carrier 1 and Carrier 2 cases would not promote judicial efficiency as the cases concern different patents and different accused functionalities. Indeed, Defendants have still failed to specifically identify any common issues, such as overlapping claim construction terms or invalidity theories. Any minimal cost savings that would result from the requested consolidation is far outweighed by the substantial prejudice that would result from delaying trial in the Carrier 1 cases, which are now in the midst of claim construction, by eight months.

**A.      Consolidation Will Not Meaningfully Reduce Duplication and Costs Given That There Are No Overlapping Patents and Different Accused Functionalities**

Defendants do not dispute that the Carrier 2 cases involve a different, unrelated patent with a different specification and different inventors. Instead, they argue that this does not matter because consolidation will "prevent unnecessary costs resulting from two separate yet duplicative Markman hearings and trials." Reply at 2. But Defendants have yet to specifically identify any overlapping claim construction terms or issues. The *Immersion* case on which Defendants rely is easily distinguishable, as the movant in that case (Samsung) specifically identified several common claim terms in its motion, and the plaintiff used the same language to describe the patents in both cases. *Immersion Corp. v. Samsung Elecs. Am., Inc.*, No. 2:17-cv-00572-JRG, Dkt. 48 at 3 (E.D. Tex. Apr. 27, 2018) (Mirzaie Sur-Reply Decl. at Ex. A); *Immersion Corp. v. Samsung Elecs. Am., Inc.*, No. 2:17-cv-00572-JRG, Dkt. 61 at 1–2 (E.D. Tex. June 8, 2018) (Mirzaie Sur-Reply Decl. at Ex. B). In addition, Samsung's proposal in *Immersion* was far more reasonable, as they sought to shorten the schedule for the second action and extend the schedule in the first action by only three months. Mirzaie Sur-Reply Decl. at Ex. A at 9. Here, Defendants refuse to consider shortening the Carrier 2 schedule at all, and instead seek to delay the Carrier 1 cases by eight months. This is unreasonable and will not promote judicial efficiency. *See Smartflash LLC v. Google, Inc.*, No. 6:14-CV-435, 2014 WL 11071872, at *3 (E.D. Tex. July 7, 2014) ("Delaying the [first-filed] case [five months], to accommodate for a case that may feature different claims, different invalidity theories, and different terms for construction would not avoid unnecessary cost or delay.")

1

Defendants' allegation that the same base stations are accused in both sets of cases is also unavailing. As explained in detail in Cobblestone's opposition, the cases accuse entirely  different *functionalities* of the accused base stations and user equipment. The Carrier 1 cases concern 5G beamforming, supplemental uplink, bandwidth adaptation, handover, and wifi-only automatic update functionalities, whereas the Carrier 2 cases focus on carrier aggregation functionalities. Defendants fail to address these differences in their reply, and still fail to specifically identify any common *issues* with respect to the accused products. The mere fact of some general product overlap is insufficient to support consolidation, especially given how far apart in time the cases are. *See Smartflash*, 2014 WL 11071872, at *2 ("Despite the factual overlap, consolidation is not appropriate for these cases. Neither party's proposal will promote judicial efficiency without prejudicing the other party."); *Trevizo v. Cloonan*, No. P-00-CA-028, 2000 WL 33348794, at *2 (W.D. Tex. Nov. 29, 2000) ("[T]he mere presence of a common question of law or fact does not mandate consolidation; a district judge may refuse a request to consolidate cases if the common question is not a central one [or] if consolidation will cause delay in one or more of the individual cases."); *Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, No. 2:22-CV-00125-JRG, 2023 WL 5613185, at *1 (E.D. Tex. Aug. 29, 2023) (denying consolidation despite the patents having "similar claims" and the "same specification and inventors," and the accused products having have the "same definition").

Defendants next argue that "Cobblestone asserts the exact same five patents against Samsung in the Samsung case, which shows that Cobblestone believes all discovery for all accused functionality can be dealt with in one case." Reply at 2. Once again, Defendants miss the point. Whether it is logistically possible for discovery for the different patents and different accused functionalities to be "dealt with in one case" is not the issue. The issue is whether there is sufficient overlap in the issues such that consolidation would reduce duplication and costs. Defendants have not specifically identified any common issues or theories. Given the different asserted patents and accused functionalities, combining the *Markman* hearings and jury trials will not meaningfully simplify the proceedings or reduce the amount of work expended by the parties and the Court. And to the extent there is overlap regarding the accused products, Defendants do not dispute that any duplication in discovery will be addressed by the parties' cross-use agreement. *See*

*Fenner Invs., Ltd. v. 3Com Corp.*, No. CIV.A.6:08-CV-61, 2008 WL 4876816, at *3 (E.D. Tex. Nov. 12, 2008) (denying consolidation and noting that "[t]o the extent that the Defendants in the two actions will be engaging in the same discovery for their respective cases, those discovery efforts can be coordinated by the parties whether or not those actions are formally consolidated").

Defendants' assertion that the "disputed terms of the '802 patent will also need to be construed in the Samsung case" (Reply at 3) does not support consolidation. To the contrary, it only confirms that the Court will have to conduct multiple *Markman* hearings and jury trials, regardless of whether the Carrier 1 and 2 cases are consolidated. "Furthermore, the earlier *Markman* hearing to be held in the [Samsung] action may resolve related issues in the [Carrier 2 cases], and thus preserve judicial economy." *Fenner*, 2008 WL 4876816, at *3.

Finally, Defendants argue that consolidating the Carrier 1 and Carrier 2 cases "will avoid unnecessary repetition and costs because Cobblestone 2.0 is scheduled directly behind the Samsung Case." Reply at 3. But as explained in Cobblestone's opposition, this argument fails for multiple reasons: (1) Samsung is not the only manufacturer/supplier of accused products—other manufacturers/suppliers include Nokia, Ericsson, and Apple (Ex. 3 at 2); (2) the carrier Defendants are not mere resellers of the accused products, but rather customize the accused products to their respective networks; and (3) Defendants have not agreed to be bound by any decisions in the Samsung case. Opp. at 7. *Defendants ignore all of these arguments*. Instead, Defendants assert that the Samsung claims should be tried first because there are some Samsung products at issue in the Carrier cases, and "Cobblestone cannot recover for infringement of the same exact product in both cases." Reply at 4. This fails. A motion to consolidate is not the proper vehicle for litigating such alleged damages issues (or the customer suit exception to a motion to stay). Nor will the requested consolidation somehow eliminate the need to litigate such issues in the Carrier cases.

**B.      Consolidation Will Substantially Prejudice Cobblestone by Delaying Trial for Eight Months**

Defendants' assertion that "no substantial activity has occurred" in the Carrier 1 cases is false. Most notably, the parties in the Carrier 1 cases have already exchanged claim terms, preliminary claim

3

constructions, and extrinsic evidence, whereas the deadline to simply exchange claim terms in the Carrier 2 is nearly six months away. The mere fact that fact and expert discovery remain open in the Carrier 1 cases is inconsequential, and ignores that fact discovery is well underway and will close in just over three months. Moreover, this Court has made clear that consolidation is inappropriate if it, like here, "will delay existing trial settings." *SFA Sys., LLC v. drugstore.com, Inc.*, No. 6:11-CV-635, 2012 WL 12899088, at *1 (E.D. Tex. Sept. 11, 2012) (denying consolidation under similar circumstances where the parties had already filed the joint claim construction and prehearing statement in the first case and the same deadline in the second case was six months away); *see also AGIS Software Dev. LLC v. Waze Mobile Ltd.*, No. 2:19-CV-00359-JRG, 2022 WL 1608047, at *4 (E.D. Tex. May 20, 2022) ("different trial schedules … with varying deadlines" weighs against consolidation). Defendants do not and cannot dispute that the requested consolidation will delay trial in the Carrier 1 cases by eight months. Defendants' reliance on the *Immersion* case fails for the reasons discussed above, namely that there was more overlap in the issues, and the requested consolidation shortened the trial schedule in the second case and delayed trial in the first case by three months. Defendants' attempt to distinguish the *Entropic* case is also unavailing, as the Court made clear that the primary concern is whether the requested consolidation will delay trial, and that even a four-month delay of the trial would be substantially prejudicial to the plaintiff. *See Entropic*, 2023 WL 5613185, at *1–2.

Defendants' repeated assertion that "Cobblestone sat on the '802 Patent for months before asserting it in Cobblestone 2.0" (Reply at 5) still fails. Defendants have yet to produce any authority supporting that Cobblestone's filing of the Carrier 2 complaints a mere four months after acquiring the '802 patent somehow supports delaying the Carrier 1 cases by eight months.

Finally, Defendants' assertion that putting the Carrier 2 cases on the same schedule as the Carrier 1 cases "prejudices Defendants' ability to conduct a fulsome investigation of the '802 patent" (Reply at 5) confirms that there is not nearly as much overlap in the issues as Defendants' claim. If the issues were truly the same, then expediting the Carrier 2 cases should not be a problem. Defendants essentially admit that the '802 patent implicates different issues and different theories and thus requires a separate investigation.

\*        \*        \*

For the reasons set forth above and in Cobblestone's opposition, Defendants' motion to consolidate

should be denied.

Dated: January 29, 2024                    Respectfully submitted,


/s/ Reza Mirzaie
Reza Mirzaie
CA State Bar No. 246953
Marc A. Fenster
CA State Bar No. 181067
Neil A. Rubin
CA State Bar No. 250761
Amy E. Hayden
CA State Bar 287026
Jacob R. Buczko
CA State Bar No. 312773
Peter Tong
TX State Bar No. 2419042
Matthew D. Aichele
VA State Bar No. 77821
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: ahayden@raklaw.com
Email: jbuczko@raklaw.com
Email: ptong@raklaw.com
Email: maichele@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com

5

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 29, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

/s/ *Reza Mirzaie*
Reza Mirzaie