# EXHIBIT A

**UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| IMMERSION CORPORATION,<br><br>        Plaintiff,<br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and<br>SAMSUNG ELECTRONICS AMERICA, INC.<br><br>        Defendants. | Civil A. No. 2:17-CV-572-JRG-RSP<br>Civil. A. No. 2:18-CV-055-JRG |

**SAMSUNG'S OPPOSED MOTION TO**
**CONSOLIDATE CASES FOR PRETRIAL PURPOSES**

Pending before this Court are two cases with common parties, common technology, common accused products, common accused features, common counsel on both sides, and a common licensing history. This duplication is a result of Immersion's decision to bring two separate suits against Samsung, which of course only increases the litigation burden on the Court and the parties. Consolidation makes sense. It will conserve the judicial resources of the Court, conserve resources of the parties and witnesses, promote efficiency, and eliminate the need for duplicative discovery. Accordingly, Samsung moves to consolidate this action, *Immersion Corporation v. Samsung Electronics America, Inc. et al.*, No. 2:17-cv-572 (the "First Action") with *Immersion Corporation v. Samsung Electronics America, Inc. et al.*, No. 2:18-cv-055 (the "Second Action") for pre-trial purposes, pursuant to Federal Rule of Civil Procedure 42(a).[1]

To accommodate this consolidation in an efficient manner, Samsung requests a slightly shorter than typical schedule for the Second Action and a slight extension for the schedule for the

---

[1] This motion is being filed concurrently in both the First and Second Actions.

First Action. In this way, the pre-trial proceedings in both actions, including *Markman* disclosures, the *Markman* hearing, fact discovery, expert discovery, and dispositive motions, will be all on the same schedule, avoiding duplication and confusion of two almost identical cases running on two different schedules.

## FACTUAL BACKGROUND

Both the First and Second Actions Immersion filed against Samsung include common asserted technology, accused products, accused features, and licensing history.

### A.     The First and Second Actions

Plaintiff Immersion Corporation ("Immersion") filed its First Action against Samsung on August 3, 2017, asserting five patents in two patent families: U.S. Patent Nos. 6,429,846 ("the '846 patent"); 7,969,288 ("the '288 patent"); 7,982,720 ("the '720 patent"); 8,031,181 ("the '181 patent"); and 9,323,332 ("the '332 patent"), and accusing the vibration feedback features in Samsung's smartphone devices of infringement. Of these five patents, the '288 and '332 patents (the "Braun patents") are related, and the '846, '720, and '181 patents (the "Rosenberg patents") are related.

Just seven months later, perhaps in recognition of the looming expiration of several of the patents in the First Action, Immersion filed its Second Action against Samsung on March 8, 2018, asserting one patent, U.S. Patent No. 8,619,051 ("the '051 patent"), against the very same vibration feedback features in Samsung's smartphones it had accused in its First Action. Immersion could have easily filed suit on the '051 patent in the First Action since the patent issued five years earlier, in 2013. In fact, Immersion was aware that the '051 patent was in its portfolio and a candidate for assertion even before it filed its First Action: it actually litigated the '051 patent against Apple starting in 2016, one year before filing suit against Samsung. *See*

*generally Immersion Corporation v. Apple Inc. et al.*, 1:16-cv-0077; *Certain Mobile and Portable Electronic Devices Incorporating Haptics (Including Smartphones and Laptops) and Components Thereof*, 337-TA-990.

### B. The Asserted Patents

Immersion acknowledges that both the First and Second Actions involve the same haptic feedback technology. *See* D1 (First Action) at 1; D1 (Second Action) at 1. The technology is so similar between the First Action and Second Action that each of Immersion's Complaints include the very same word for word description of the claimed "Haptic Feedback Technology." *See* D1 (First Action) at 3-4; D1 (Second Action) at 3-4.

This is not surprising as the asserted patents substantially overlap in claim elements. For example, the '332 patent asserted in the First Action claims "a haptic computer system" comprising "a processor," "a computer memory," and "an actuator." Ex. A, '332 patent at 47:21-31. The '051 patent asserted in the Second Action claims these same elements—a "haptic feedback system" comprising "a processor," "a memory," and "an actuator." Ex. B, '051 patent at 7:40-61. Other asserted patents in the First Action contain similar or identical claim elements to the '051 patent.

### C. The Accused Products and Features

Both actions also accuse the same products and features. The First Action identifies the accused phones as "touch screen mobile phones that Samsung had not commenced commercially producing, distributing, and selling before January 1, 2016." D1 (First Action) at 5. Similarly, the Second Action identifies Accused Phones as including "touch screen mobile phones that Samsung had not commenced commercially producing, distributing, and selling before January 1,

3

2016." D1 (Section Action) at 4-5. Immersion specifically identified the same phone models in both actions:

| Accused Phones (First Action) | Accused Phones (Second Action) |
|---|---|
| Galaxy S8 | Galaxy S8 |
| Galaxy S8+ | Galaxy S8+ |
| Galaxy S8 Active | Galaxy S8 Active |
| Galaxy Note 8 | Galaxy Note 8 |
| Galaxy S7 | Galaxy S7 |
| Galaxy S7 Edge | Galaxy S7 Edge |
| Galaxy J7 Sky Pro 4G | Galaxy J7 Sky Pro |
| Galaxy J7 Perx | Galaxy J7 Perx |
| Galaxy J7 V | Galaxy J7 V |
| Galaxy J7 | Galaxy J7 |
| Galaxy J3 Eclipse | Galaxy J3 Eclipse |
| Galaxy J3 Emerge | Galaxy J3 Emerge |
| Galaxy J3 | Galaxy J3 |
| Galaxy Grand Prime[2] | |

*Compare* Ex. D, Feb. 2, 2018 Amended P.R. 3-1 Infringement Contentions (First Action) at 8-21, *with* D1 (Second Action) at 5. The First and Second Action also accuse, not only the same phones, but the exact same features on the phones. For example, in the First Action, Immersion accuses Samsung's "haptic feedback technology ('haptic feedback') in mobile devices" of infringement. D1 (First Action) at 1. This is the identical technology that Immersion accuses of infringement in the Second Action. D1 (Second Action) at 1 (accusing "haptic feedback technology ('haptic feedback') in mobile devices"). Specifically, Immersion cites the "performHapticFeedback" method of the View class and "long press," "keyboard tap" and "virtual key" haptic patterns in the exact same manner. *Compare* D1 (Second Action) at 5-6 *with*

---

[2] The only accused product from the First Action not identified in the Second Action is the Galaxy Grand Prime, which is likely only a ministerial error, as the Galaxy Grand Prime was previously incorrectly identified by Immersion as being released after January 1, 2016.

Ex. C, Feb. 2, 2018 Amended P.R. 3-1 Infringement Contentions, Exhibit 64 (First Action) at 3-4. The overlap in accused products and features is unsurprising given the overlap in claim elements, and all of this supports the common sense approach to consolidation of these nearly mirror image First and Second Actions.

### D. Licensing History

Along with the overlap in technology, the history between the parties is replete with the same course of dealing and licensing history between the parties, relevant to both the First and Second Actions. In fact, Immersion provides the same description of the parties' dealings in the Complaint in the First Action as it does in the Second Action. *Compare* D1 (First Action) at ¶ 1 (claiming, "For many years, Samsung had licensed software from Immersion to implement haptic feedback in its flagship phones. At the beginning of January 2013, Samsung expanded its license to allow it to use Immersion's patented technology even in products that do not use Immersion software.") and D1 (Second Action) at ¶ 2 (same).

### E. The Current Schedules

The schedules between the First Action and Second Action will overlap. While a scheduling order in the Second Action has not yet issued, Samsung has answered the Complaint in the Second Action already. Accordingly, discovery in the Second Action will begin shortly. Discovery in the First Action, however, does not close until September.

In the First Action, Samsung answered the Complaint on October 24, 2017. Immersion served its initial infringement contentions three weeks later on November 14, 2018. The *Markman* hearing is scheduled for August 15, 2018, close of fact discovery is scheduled for September 7, 2018, and jury selection is scheduled for February 19, 2019. While document discovery is proceeding in the First Action, no deposition schedule has been finalized and no

5

deposition have been taken by either party. And while Samsung's deadline to respond to the Complaint in the Second Action was June 28, 2018, Samsung has already answered the Complaint to minimize the difference in the schedule between the First Action and Second Action. Accordingly, the schedules of both Actions can be easily combined without prejudice to the parties, and with great savings in time expense to all parties and especially to the Court.

## GOVERNING LEGAL STANDARDS

Rule 42(a) of the Federal Rules of Civil Procedure empowers a court to consolidate actions pending before it if those actions involve a "common question of law or fact." Fed. R. Civ. P. 42(a); *Miller v. United States Postal Service*, 729 F.2d 1033, 1036 (5th Cir. 1984) ("The proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a) of the Federal Rules of Civil Procedure."). A court has considerable discretion in applying Rule 42. *In re EMC Corp.*, 677 F.3d 1351, 1360 (Fed. Cir. 2012). Courts have the discretionary power to consolidate cases if the cases are of "like nature and relative to the same question" to "avoid unnecessary cost and delay." *Mutual Life Ins. Co. of New York v. Hillmon*, 145 U.S. 285, 292 (1982); *Gentry v. Smith*, 487 F.2d 571, 581 (5th Cir. 1973) ("The stated purpose of Rule 42(a) is to 'avoid unnecessary costs or delay', and hence the decision to invoke the rule is entirely within the discretion of the district court as it seeks to promote the administration of justice."). The Fifth Circuit has stated that "district judges are urged to make good use of Rule 42(a)" to "expedite the trial and eliminate unnecessary repetition and confusion." *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977). And typically, "[a]ctions involving the same parties are apt candidates for consolidation." *Wright & Miller*, Fed. Prac. & Proc. § 2384.

## ARGUMENT

Consolidation of the First and Second Actions is entirely appropriate because there are common questions of law and fact, it will avoid unnecessary cost and burden on both the parties and the Court, it will avoid confusion, and it will not cause any significant delay.

Both the First and Second Actions involve multiple common questions of law and fact. Although Immersion asserts different patents in each case, there is substantial overlap in the subject matter of the asserted claims, all claiming pieces of a haptic feedback system with similar claim elements. *See, e.g.*, '051 patent, 7:40-61; '332 patent, 46:35-45, 47:21-31; '288 patent 46:52-62. The accused functionality Immersion points to in the Complaint in the Second Action and the infringement contentions in the First Action are also identical, specifically the ""performHapticFeedback" method of the View class and "long press," "keyboard tap," and "virtual key" haptic patterns. *Compare* D1 (Second Action) at 5-6 *with* Ex. C, Feb. 2, 2018 Amended P.R. 3-1 Infringement Contentions, Exhibit 64 (First Action). Further, Immersion identifies the years-long history between the parties related to the accused haptic features, which would be relevant to and identical in both the First and Second Actions to color the disputes. There is no reason for the Court to be burdened twice simply because Immersion was tardy in bringing the Second Action.

Both Actions thus abound with substantial common questions of law and fact. Claim construction issues regarding the scope of the technology is nearly identical in both actions and the Court should not be burdened with two *Markman* hearings. Invalidity issues regarding prior art will overlap in both Actions as claim elements between the patents in the First and Second action overlap. Issues regarding the operation of the accused products, including non-

7

infringement, will be common as Immersion accuses the same features of the same mobile phones. Likewise, damages issues are deeply intertwined in light of the common licensing history.

Consolidation would also facilitate judicial economy and equity—it will avoid unnecessary cost and burden on both the parties and the Court. Because of the substantial overlap, discovery between the two cases will inevitably target the same sources, custodians, witnesses, and documents from both parties. Consolidating the cases will relieve the parties and the Court of the significant burden associated with duplicative fact and expert discovery, duplicative claim construction proceedings, and duplicative summary judgment proceedings. It is highly likely that the parties will identify the same fact and expert witnesses in each case, duplicating depositions and expert reports. Having to regurgitate and re-litigate these same issues would cause a significant and otherwise avoidable burden on the Court and the parties in both cost and time. Immersion's delay in bringing the Second Action should not burden the parties and the Court to have to litigate two separate cases that are in reality both about the same thing. Immersion could have filed suit on the '051 patent in the First Action, as it had already asserted that patent against Apple in 2016. Instead, it chose to wait to bring a second action to assert a patent it had available and knew about at the time of the First Complaint against the same accused products and same accused features. It is not equitable for Immersion to seek to double the burden on the Court and Samsung to litigate identical issues when those issues could easily be litigated efficiently in one proceeding. Immersion should not benefit from its tactical delay at the expense of the Court and Samsung. Immersion's refusal to agree to consolidation of pre-trial issues to allow a single *Markman* hearing, fact discovery period, expert discovery

period, and dispositive motion schedule only highlights their desire to increase litigation burdens rather than efficiently litigate this dispute.

While consolidation will facilitate judicial economy and equity, it will not cause any significant delay. Because of the efficiencies gained from consolidation, Samsung is agreeable to a shorter schedule for the Second Action that would otherwise be feasible in a separate action so that the Second Action can be blended into a slightly extended schedule for the First Action. Samsung proposes that a roughly three month extension to the jury selection dates in the First Action from February to May 2019 and a corresponding extension to the *Markman* hearing from August to November 2018 so that the First Action and Second Action could to proceed on the same pretrial schedule. This extension in the First Action would thus result a single *Markman* hearing, single discovery period, and single dispositive motion schedule for both the First and Second Actions. This adjustment is fair to both parties and allows both actions to proceed on the same schedule.

This short extension is reasonable in light of the current schedule in the First Action, which has jury selection set for February 19, 2019, some sixteen months after Samsung's answer date of October 24, 2017. In the Second Action, Samsung answered on April 20, 2018, triggering deadlines for infringement contentions, invalidity contentions, *Markman* disclosures, and the *Markman* hearing under the Patent Local Rules. If the Court provides a schedule on a similar timeline for the Second Action, jury selection would begin sixteen months later in the Second Action in August 2019, only six months later than jury selection in the First Action jury selection. Splitting the baby, and setting First Action three months later (May 2019) and the Second Action three months earlier (May 2019) would not work a great hardship on anyone and would get both Actions on the same schedule.

9

Samsung understands that the hearing dates will depend on the Court's availability, but a jury selection date the week of May 27, 2019 and a *Markman* hearing date the week of November 28, 2018, for example, would allow a consolidated schedule of all pretrial dates. Given these proposed jury selection dates, the parties should be able to agree on tweaking the interim deadlines and the Court can set one *Markman* hearing date in accordance with its schedule and convenience.

## **CONCLUSION**

Consolidation of the both the First and Second Actions will promote efficiency during pretrial proceedings, eliminate the need for duplicative discovery, and aid in the preservation of the Court's and the parties' resources. For these reasons, Samsung respectfully requests that the Court consolidate the First and Second Actions for all pretrial issues, and enter a common scheduling order for both Actions as suggested herein or as the Court deems most appropriate to accommodate such consolidation.

| | |
|---|---|
| Date: April 27, 2018 | Respectfully submitted, |
| | By: */s/ Melissa R. Smith* |
| | Ruffin B. Cordell |
| | TX Bar No. 04820550 |
| | cordell@fr.com |
| | Michael J. McKeon |
| | D.C. Bar No. 459780 |
| | mckeon@fr.com |
| | Indranil Mukerji |
| | MA Bar 644059 |
| | mukerji@fr.com |
| | FISH & RICHARDSON P.C. |
| | The McPherson Building |
| | 901 15th St, NW, Suite 700 |
| | Washington, DC 20005 |
| | Telephone: (202) 783-5070 |
| | Facsimile: (202) 783-2331 |
| | |
| | Leonard E. Davis |
| | TX Bar No. 05521600 |
| | ldavis@fr.com |
| | Jane Du |
| | TX Bar No. 24076355 |
| | du@fr.com |
| | FISH & RICHARDSON P.C. |
| | 1717 Main Street, Suite 5000 |
| | Dallas, TX 75201 |
| | Telephone: (214) 747-5070 |
| | Facsimile: (214) 747-2091 |
| | |
| | Frank J. Albert |
| | CA Bar No. 247741 |
| | albert@fr.com |
| | FISH & RICHARDSON P.C. |
| | 12390 El Camino Real |
| | San Diego, CA 92150 |
| | Telephone: (858) 678-5070 |
| | Facsimile: (858) 378-5099 |
| | |
| | Tom Gorham |
| | TX Bar No. 24012715 |
| | gorham@fr.com |
| | FISH & RICHARDSON P.C. |
| | 1717 Main Street, Suite 5000 |
| | Dallas, TX 75201 |

Telephone: (214) 747-5070
Facsimile: (212) 747-2091

Katherine Reardon
NY Bar No. 5196910
kreardon@fr.com
FISH & RICHARDSON P.C.
601 Lexington Avenue, 52nd Floor
New York, NY 10022-4611
Telephone: (212) 765-5070
Facsimile: (212) 258-2291

Tony Nguyen
TX Bar No. 24083565
nguyen@fr.com
FISH & RICHARDSON P.C.
1221 McKinney Street, Ste. 2800
Houston, TX 77010
Telephone: (713) 654-5300
Facsimile: (713) 652-0109

Melissa Smith
TX Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934 – 8450
Facsimile: (903) 934-9257

**COUNSEL FOR DEFENDANTS SAMSUNG ELECTRONICS AMERICA, INC. AND SAMSUNG ELECTRONICS CO., LTD.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on April 27, 2018 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Melissa R. Smith*
Melissa R. Smith

## CERTIFICATE OF CONFERENCE

On April 18, 2018, pursuant to Local Rule CV-7(h), counsel for Defendants met and conferred with counsel for Plaintiff, and counsel for Plaintiff indicated that it is opposed to the relief sought by this Motion.

*/s/ Melissa R. Smith*
Melissa R. Smith