IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | CASE NO. 2:22-cv-00477-JRG-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>AT&T SERVICES, INC.; AT&T MOBILITY<br>LLC; AT&T CORP.,<br>    Defendants,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | CASE NO. 2:22-cv-00474-JRG-RSP<br>(Member Case)<br><br>JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON<br>WIRELESS,<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | CASE NO. 2:22-cv-00478-JRG-RSP<br>(Member Case)<br><br>JURY TRIAL DEMANDED |

**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**

1

Pursuant to Local Patent Rule 4-3, Plaintiff Cobblestone Wireless, LLC ("Cobblestone"), Defendants T-Mobile USA, Inc., AT&T Services, Inc., AT&T Mobility LLC, AT&T Corp., and Cellco Partnership d/b/a Verizon Wireless (collectively, "Defendants") and Intervenors Nokia of America Corporation and Ericsson Inc. (all together, the "Parties") respectfully submit the following Joint Claim Construction and Prehearing Statement.

### I. AGREED CLAIM CONSTRUCTIONS (P.R. 4-3(A)(1))

The parties have not identified any agreed claim constructions.

### II. DISPUTED CLAIM CONSTRUCTIONS (P.R. 4-3(A)(2))

The parties' proposed constructions are set forth in the accompanying Exhibit A, along with the intrinsic and extrinsic evidence on which the parties intend to rely.[1]

### III. ANTICIPATED LENGTH OF TIME NEEDED FOR THE CLAIM CONSTRUCTION HEARING (P.R. 4-3(A)(3))

The parties estimate that three hours will be needed for the claim construction hearing. The parties agree that each side will be allocated half of the total time permitted for the hearing.

### IV. PROPOSED WITNESSES TO BE USED AT THE CLAIM CONSTRUCTION HEARING (P.R. 4-3(A)(4))

No party proposes to call witnesses at the claim construction hearing.

### V. OTHER ISSUES TO BE ADDRESSED PRIOR TO CLAIM CONSTRUCTION HEARING (P.R. 4-3(A)(5))

Defendants would like to bring to the Court's attention the currently pending Opposed Motion to Consildate (Dkt. No. 93), which could impact the parties' claim construction briefing and the timing of the *Markman* hearing, as well as many other deadlines in the above-captioned

---

[1] The parties note that Cobblestone has elected to no longer assert U.S. Patent No. 8,554,196 and the parties are still negotiating the details regarding the ultimate dismissal of the patent. As such, the parties have agreed to not present any claim construction arguments with respect to U.S. Patent No. 8,554,196 at this time.

2

cases. Briefing has concluded on the motion and, should the Court desire oral argument on the motion, the parties are available for oral arguments at any time that is most convenient for the Court.

Dated: March 12, 2024                                    Respectfully submitted,

| | |
|---|---|
| */s/ Amy E. Hayden* | */s/ David S. Frist* |
| Marc Fenster | David S. Frist |
| CA State Bar No. 181067 | David.Frist@alston.com |
| Reza Mirzaie | John Daniel Haynes |
| CA State Bar No. 246953 | John.Haynes@alston.com |
| Neil A. Rubin | Emily Welch |
| CA State Bar No. 250761 | Emily.Welch@alston.com |
| Amy E. Hayden | Michael Clayton Deane |
| CA State Bar No. 287026 | Michael.Deane@alston.com |
| James Pickens | Sloane Sueanne Kyrazis |
| CA State Bar No. 307474 | Sloane.Kyrazis@alston.com |
| Jonathan Ma | ALSTON & BIRD LLP |
| CA State Bar No. 312773 | 1201 West Peachtree Street NW |
| Christian W. Conkle | Atlanta, GA 30309 |
| CA State Bar No. 306374 | 404-881-7000 |
| RUSS AUGUST & KABAT | Fax: 404-881-7777 |
| 12424 Wilshire Blvd. 12th Floor | |
| Los Angeles, CA 90025 | Ross Ritter Barton |
| Telephone: 310-826-7474 | Ross.Barton@alston.com |
| rak_cobblestone@raklaw.com | ALSTON & BIRD LLP |
| | 101 South Tryon Street |
| Andrea Fair | Ste 4000 |
| Ward Smith & Hill, PLLC | Charlotte, NC 28280-4000 |
| 1507 Bill Owens Parkway | 704/444-1287 |
| Longview, Texas 75604 | Fax: 704/444-1111 |
| (903) 757-6400 | |
| andrea@wsfirm.com | Theodore Stevenson, III |
| | Ted.Stevenson@alston.com |
| **Attorneys for Plaintiff,** | Adam Ahnhut |
| **Cobblestone Wireless, LLC** | adam.ahnhut@alston.com |
| | ALSTON & BIRD LLP |
| | 2200 Ross Ave |
| | Suite 2300 |
| | Dallas, TX 75201 |
| | 214-922-3507 |

Fax: 214-922-3899

***Attorneys for AT&T Services, Inc., AT&T Corp., AT&T Mobility LLC, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless***

Deron Dacus
ddacus@dacusfirm.com
The Dacus Firm
821 ESE Loop 323, Suite 430
Tyler, TX 75701
903-705-1117
Fax: 903-581-2543

***Attorney for AT&T Services, Inc., AT&T Corp., AT&T Mobility LLC, and Cellco Partnership d/b/a Verizon Wireless***

Melissa R. Smith
State Bar No. 24001351
Melissa@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

Andrew Thompson ("Tom") Gorham
State Bar No. 24012715
tom@gillamsmithlaw.com
GILLAM & SMITH, LLP
102 N. College, Ste. 800
Tyler, Texas 75702
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

***Attorneys for Defendant T-Mobile USA Inc***.

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2024, I served the foregoing document via electronic service on all counsel of record.

/s/ Amy E. Hayden
Amy E. Hayden

# EXHIBIT A

**Exhibit A – Proposed Constructions and Supporting Intrinsic and Extrinsic Evidence**

A.   U.S. Patent No. 8,891,347

| Claim Term | Cobblestone's Proposed Construction and Supporting Evidence | Defendants' Proposed Construction and Supporting Evidence |
|---|---|---|
| "the channel estimation that includes the path parameter information" (Claims 1 and 8)<br><br>"the channel estimation including path parameter information" (Claim 15) | No construction necessary; plain and ordinary meaning.<br><br>*Supporting Evidence:*<br><br>**Intrinsic Evidence**<br><br>'347 Patent 8:4-67, 9:1-14; Claims 1, 8, 15<br><br>IPR2024-00136, Paper 1 (Petition) at, e.g., 14, 36-38; IPR2024-00136, Ex. 1005 (Declaration of James Proctor) ¶¶ 138-145.<br><br>**Extrinsic Evidence**<br><br>Expert testimony of Dr. Todor Cooklev establishing that a person of ordinary skill in the art would understand the phrase "the channel estimation that includes the path parameter information" to have its plain and ordinary meaning as the channel estimation that includes path parameter information that results from performing channel estimation based on the first signal. *See* Cooklev Declaration, served upon Defendants in accordance with P.R. 4-3(B). | The plain and ordinary meaning of the term "the channel estimation" referenced in the disputed limitation is the algorithm that is performed in the preceding step ("performing a channel estimation").<br><br>*Supporting Evidence:*<br><br>**Intrinsic Evidence:**<br><br>347 Patent at Figs. 1-5, cls. 1-25, Abs. 1:6-2:32, 3:5-67, 4:1-25, 7:33-14:67.<br><br>347 File History at 07-16-2012 Preliminary Amendment, 03-27-2014 Nonfinal Office Action, 05-13-2014 Applicant-Initiated Interview Summary, 6-11-2014 Amendment and Response to First Office Action, 07-08-2014 Notice of Allowance, 10-08-2014 Comments on Statement of Reason for Allowance.<br><br>**Extrinsic Evidence:**<br><br>Expert testimony of Mr. Proctor regarding the technology of the patents, including the relevant state of the art, how a person of ordinary skill in the art as of the priority date of the 347 Patent would have understood this claim term, including in light of the specification and file history, and/or in rebuttal to |

|  |  | arguments made by or on behalf of Cobblestone regarding claim construction. *See* Proctor Declaration, served upon Cobblestone in accordance with P.R. 4-3(B). |
|---|---|---|

B.    **U.S. Patent No. 9,094,888**

| Claim Term | Cobblestone's Proposed Construction and Supporting Evidence | Defendants' Proposed Construction and Supporting Evidence |
|---|---|---|
| "adaption manager" (claim 20) | No construction necessary; plain and ordinary meaning; not subject to means-plus-function treatment under §112(6) and not indefinite under §112(6).<br><br>If counterfactually § 112(6) were to apply, not indefinite:<br><br>**Functions**: receive a handoff request from the second wireless network, the handoff request based, at least in part, on a determination by the second wireless network that the wireless device is capable of being covered by the first wireless network; cause a beam from among the one or more adaptable beams to be adapted in order to enable the wireless device to be covered by the first wireless network; transmit a confirmation to the second wireless network to indicate acceptance of the handoff request, wherein the wireless device is handed off from the second wireless network to the first wireless network.<br><br>**Structure**: adaption manager 122 (FIGs. 1A-1C, 3, 5-7), 2:13-26, 4:4-6, 5:18-20, 6:18-7:23, 8:65-10:13, | Indefinite under § 112, ¶6.<br><br>*Supporting Evidence:*<br><br>**Intrinsic Evidence:**<br><br>888 Patent at Figs. 1A-1C, 2, 3, 5, 7, cls. 20-23, Abs., 2:8-64, 4:1-7:23, 8:65-10:13, 12:23-14:40.<br><br>888 File History at 06-19-2013 Non-Final Office Action, 09-19-2013 Amendment and Response to Non-Final Office Action, 01-03-2014 Final Rejection, 02-14-2014 Applicant Amendment and Response to Final Office Action, 03-18-2014 Notice of Allowance, 08-21-2014 Examiner-Initiated Interview Summary, 09-16-2014 Non-Final Office Action, 12-15-2014 Applicant Amendment and Response to Non-Final Office Action, 03-18-2015 Notice of Allowance.<br><br>**Extrinsic Evidence:**<br><br>Expert testimony of Mr. Proctor regarding the technology of the patents, including the relevant state |

| | | |
|---|---|---|
| | 12:23-13:28, 13:62-15:45, and/or corresponding figures.)<br><br>*Supporting Evidence:*<br><br>**Intrinsic Evidence**<br><br>FIGs. 1A-1C, 3, 5-7; col. 2:13-26, 4:1-56, 5:16-25, 6:18-7:23, 8:65-10:13, 12:23-13:28, 13:62-15:45; Claim 20<br><br>IPR2024-00137, including without limitation the petition and the declaration of Dr. James Proctor (Ex. 1005)<br><br>**Extrinsic Evidence**<br><br>Expert testimony of Dr. Todor Cooklev establishing that a person of ordinary skill in the art would understand the phrase "adaption manager" to have sufficiently definite meaning as the name for structure and to recite sufficiently definite structure such that the term is not means-plus-function under §112(6). If counterfactually 112(6) were to apply, Dr. Cooklev's testimony establishes that the specification discloses corresponding structure clearly linked to the specified functions at least with respect to adaption manager 122. *See* Cooklev Declaration, served upon Defendants in accordance with P.R. 4-3(B). | of the art, how a person of ordinary skill in the art as of the priority date of the 888 Patent would have understood this claim term, including in light of the specification and file history, and/or in rebuttal to arguments made by or on behalf of Cobblestone regarding claim construction. *See* Proctor Declaration, served upon Cobblestone in accordance with P.R. 4-3(B). |

3

| | | |
|---|---|---|
| "predetermined network load" (claim 12) | No construction necessary; plain and ordinary meaning; not indefinite under 35 U.S.C. § 112.<br><br>*Supporting Evidence:*<br><br>**Intrinsic Evidence**<br><br>'888 Patent, 6:60-3, 9:45-53, 12:48-64, Claims 9 and 12<br><br>IPR2024-00137, including without limitation the petition and the declaration of Dr. James Proctor (Ex. 1005)<br><br>**Extrinsic Evidence**<br><br>Expert testimony of Dr. Todor Cooklev establishing that a person of ordinary skill in the art would understand the scope and meaning of the phrase "predetermined network load" with reasonable certainty as it is used in the 888 Patent. *See* Cooklev Declaration, served upon Defendants in accordance with P.R. 4-3(B). | Indefinite.<br><br>*Supporting Evidence:*<br><br>**Intrinsic Evidence:**<br><br>888 Patent at Figs. 1A-1C, 3, 5 Abs., cls. 9, 12, 20, 23, 6:38-7:23, 8:65-10:39, 12:23-13:28.<br><br>888 File History at 06-19-2013 Nonfinal Office Action, 09-19-2013 Amendment and Response to Non-Final Office Action, 01-03-2014 Final Rejection, 02-14-2014 Applicant Amendment and Response to Final Office Action, 03-18-2014 Notice of Allowance, 08-21-2014 Examiner-Initiated Interview Summary, 09-16-2014 Non-Final Office Action, 12-15-2014 Applicant Amendment and Response to Non-Final Office Action, 03-18-2015 Notice of Allowance.<br><br>**Extrinsic Evidence**<br><br>Expert testimony of Mr. Proctor regarding the technology of the patents, including the relevant state of the art, how a person of ordinary skill in the art as of the priority date of the 888 Patent would have understood this claim term, including in light of the specification and file history, and/or in rebuttal to arguments made by or on behalf of Cobblestone regarding claim construction. *See* Proctor Declaration, served upon Cobblestone in accordance with P.R. 4-3(B). |

## C. U.S. Patent No. 10,368,361

| Claim Term | Cobblestone's Proposed Construction and Supporting Evidence | Defendants' Proposed Construction and Supporting Evidence |
|---|---|---|
| "quality status module configured to determine a respective status of a first frequency spectrum resource and a second frequency spectrum resource"<br><br>(Claim 10) | No construction necessary; plain and ordinary meaning; not means-plus-function term governed by §112(6).<br><br>If counterfactually § 112(f) were to apply:<br><br>**Function:** determine a respective quality status of a first frequency spectrum resource and a second frequency spectrum resource, wherein each of the first frequency spectrum resource and the second frequency spectrum resource are associated with an air interface that is available for use by the wireless base station for an uplink channel or a downlink channel<br><br>**Structure:** Processor with software running an algorithm to execute measurement of "channel quality indicator (CQI), received interference power (RIP), and/or any other suitable quality metric or key performance indicator, such as RSSI, acknowledgment/negative acknowledgement (ACK/NACK) frequency, dropping rate, block error rate, bit error rate, signal-to-interference-plus-noise ratio (SINR), etc."<br><br>*Supporting Evidence:*<br><br>**Intrinsic Evidence**<br><br>361 Patent, Claim 10, 3:56-65, 4:18-34, 8:50-9:2, 10:55-11:3, and accompanying figures, e.g., FIG 1, 4. | Means-plus-function term governed by § 112(6).<br><br>**Function:** determine a respective quality status of a first frequency spectrum resource and a second frequency spectrum resource, wherein each of the first frequency spectrum resource and the second frequency spectrum resource are associated with an air interface that is available for use by the wireless base station for an uplink channel or a downlink channel<br><br>**Structure:** Processor with software running an algorithm to execute measurement of "channel quality indicator (CQI), received interference power (RIP), and/or any other suitable quality metric or key performance indicator, such as RSSI, acknowledgment/negative acknowledgement (ACK/NACK) frequency, dropping rate, block error rate, bit error rate, signal-to-interference-plus-noise ratio (SINR), etc." 4:29-34.<br><br>*Supporting Evidence:*<br><br>**Intrinsic Evidence:**<br><br>361 Patent at Figs. 1-4, Abs., cl. 10-16, 1:38-2:14, 3:56-5:7, 8:42-10:29, 10:39-12:7. |

| | |
|---|---|
| IPR2024-00138, including without limitation the petition and the declaration of Dr. James Proctor (Ex. 1003).<br><br>**Extrinsic Evidence**<br><br>Expert testimony of Dr. Todor Cooklev establishing that a person of ordinary skill in the art would understand the phrase "quality status module configured to determine a respective status of a first frequency spectrum resource and a second frequency spectrum resource" to have sufficiently definite meaning as the name for structure and to recite sufficiently definite structure such that the term is not means-plus-function under §112(6). If counterfactually 112(6) were to apply, Dr. Cooklev's testimony establishes that the specification discloses corresponding structure clearly linked to the specified functions at least with respect to a "processor with software running an algorithm to execute measurement of 'channel quality indicator (CQI), received interference power (RIP), and/or any other suitable quality metric or key performance indicator, such as RSSI, acknowledgment/negative acknowledgement (ACK/NACK) frequency, dropping rate, block error rate, bit error rate, signal-to-interference-plus-noise ratio (SINR), etc.' 4:29-34, *see also* 8:50-9:2, 10:55-11:3." *See* Cooklev Declaration, served upon Defendants in accordance with P.R. 4-3(B). | 361 File History at 09-26-2018 Non-Final Office Action, 12-18-2018 Response and Amendment to Non-Final Office Action, 02-20-2019 Final Office Action, 04-19-2019 Response and Amendment After Final Office Action, 05-08-2019 Notice of Allowance.<br><br>**Extrinsic Evidence:**<br><br>Expert testimony of Mr. Proctor regarding the technology of the patents, including the relevant state of the art, how a person of ordinary skill in the art as of the priority date of the 361 Patent would have understood this claim term, including in light of the specification and file history, and/or in rebuttal to arguments made by or on behalf of Cobblestone regarding claim construction. *See* Proctor Declaration, served upon Cobblestone in accordance with P.R. 4-3(B). |

| "shared resource pool" (Claims 10, 11, 17) | No construction necessary; plain and ordinary meaning.<br><br>*Supporting evidence*:<br><br>**Intrinsic record:**<br><br>Claims 1, 10, 11, 17; 361 Patent, 11:4-13:4<br><br>IPR2024-00138, including without limitation the petition and the declaration of Dr. James Proctor (Ex. 1003).<br><br>**Extrinsic record:**<br><br>Expert testimony of Dr. Todor Cooklev establishing that a person of ordinary skill in the art would understand the phrase "shared resource pool" to have its plain and ordinary meaning, with no further construction required or warranted based on the intrinsic or extrinsic record. *See* Cooklev Declaration, served upon Defendants in accordance with P.R. 4-3(B). | A pool containing one or more sub-optimal frequency spectrum resources that can be scheduled for uplink and downlink channels.<br><br>*Supporting evidence:*<br><br>**Intrinsic Evidence:**<br><br>361 Patent at Figs. 1-4, Abs., cl. 1-17, 1:38-2:14, 2:24-50, 3:56-5:7, 8:42-13:4.<br><br>361 File History at 09-26-2018 Non-Final Office Action, 12-18-2018 Response and Amendment to Non-Final Office Action, 02-20-2019 Final Office Action, 04-19-2019 Response and Amendment After Final Office Action, 05-08-2019 Notice of Allowance.<br><br>**Extrinsic Evidence:**<br><br>Expert testimony of Mr. Proctor regarding the technology of the patents, including the relevant state of the art, how a person of ordinary skill in the art as of the priority date of the 361 Patent would have understood this claim term, including in light of the specification and file history, and/or in rebuttal to arguments made by or on behalf of Cobblestone regarding claim construction. *See* Proctor Declaration, served upon Cobblestone in accordance with P.R. 4-3(B). |
|---|---|---|
| "sub-optimal resource" (Claims 10, 17) | No construction necessary; plain and ordinary meaning; not indefinite under 35 U.S.C. § 112.<br><br>*Supporting evidence*: | Indefinite.<br><br>*Supporting evidence*: |

| | | |
|---|---|---|
| | **Intrinsic record:**<br><br>Claims 1, 10, 17; 4:26-5:7, 8:50-10:28, 10:39-11:3, 11:4-30, 11:31-13:4, Fig. 1, Fig. 4<br><br>IPR2024-00138, including without limitation the petition and the declaration of Dr. James Proctor (Ex. 1003).<br><br>**Extrinsic record:**<br><br>Expert testimony of Dr. Todor Cooklev establishing that a person of ordinary skill in the art would understand the scope and meaning of "sub-optimal resource" with reasonable certainty in the context of the 361 Patent. *See* Cooklev Declaration, served upon Defendants in accordance with P.R. 4-3(B). | **Intrinsic record:**<br><br>361 Patent at Figs. 1-4, Abs., cl. 1-17, 3:56-5:7, 8:42-9:29, 10:8-13:4.<br><br>361 File History at 09-26-2018 Non-Final Office Action, 12-18-2018 Response and Amendment to Non-Final Office Action, 02-20-2019 Final Office Action, 04-19-2019 Response and Amendment After Final Office Action, 05-08-2019 Notice of Allowance.<br><br>**Extrinsic Evidence:**<br><br>Sesia et al., LTE: The UMTS Long Term Evolution, 2d ed. (2011), JD-COBB_00014500 at 215-223, 708.<br><br>Kreher, R. et al., LTE Signaling, Troubleshooting, and Optimization (2011), JD-COBB_00046468 at 226-238.<br><br>Expert testimony of Mr. Proctor regarding the technology of the patents, including the relevant state of the art, how a person of ordinary skill in the art as of the priority date of the 361 Patent would have understood this claim term, including in light of the specification and file history, and/or in rebuttal to arguments made by or on behalf of Cobblestone regarding claim construction. *See* Proctor Declaration, served upon Cobblestone in accordance with P.R. 4-3(B). |