# EXHIBIT H

| | |
|---|---|
| **From:** | Jon Ma <jma@raklaw.com> |
| **Sent:** | Wednesday, April 24, 2024 3:59 PM |
| **To:** | Barton, Ross |
| **Cc:** | Welch, Emily; Andrea Fair; Deane, Michael; Ahnhut, Adam; rak_cobblestone@raklaw.com; A&B Cobblestone |
| **Subject:** | Re: Cobblestone - Witness Proposal |

**EXTERNAL SENDER – Proceed with caution**

Ross,

We generally disagree with your characterizations below. We are free to confer 4:30 pm CT tomorrow. Otherwise, please propose times on Friday.

Best,
Jon

Jon Ma
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor | Los Angeles, California 90025
Main +1 310 826 7474 | jma@raklaw.com
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

On Apr 24, 2024, at 5:34 AM, Barton, Ross <Ross.Barton@alston.com> wrote:

Jon,

To be clear, we have designated witnesses on the technical topics contained in your infringement contentions, or will be doing so shortly for the remaining parties.  Cobblestone will get witnesses to speak to those topics, and to the extent that your infringement contentions address certain limited aspects of carrier aggregation, the witnesses will be prepared to address those topics.  For example, during yesterday's deposition of Mr. Gad (Nokia's technical witness regarding the accused bandwidth part functionality) we designated him to testify about CB008541 which is titled "BWP Use Optimized for Feature Interworking and NR Carrier Aggregation." You then asked him if he was prepared to testify on those topics and then asked a number of questions about that feature, on which he competently testified. E.g., Gad Tr. (Rough) 58:20-60:10; 104:22-107:22 (discussing document dedicated to CB008541).

What you are asking for now, however, is completely different. You want a witness to testify about wholly unrelated aspects of the carrier aggregation feature, which as you previously told the Court, is an entirely different aspect of the accused products.  The witnesses will not be prepared to address broad aspects or features of carrier aggregation unrelated to the accused features, however, because Cobblestone has not broadly accused carrier aggregation.  As such, we are providing Cobblestone with the discovery to which it is entitled, and there does not seem to be a reason to file a protective order to address topics that are not in the case.  There also does not seem to be any reason to Cobblestone to "move forward" with a remote deposition today when it will get witnesses on these topics in the near term.

1

We do intend to file a motion to strike that we discussed below.  Our lead and local can be available this morning between 8 and noon, CST, today.  Please let us know what time in that window works for a call.

BR,
Ross



Ross R. Barton
Partner
ALSTON & BIRD LLP
101 South Tryon Street, Suite 4000
Charlotte, NC 28280
+1.704.444.1287 (O)
+1.704.909.9179 (M)

_____
From: Jon Ma <jma@raklaw.com>
Sent: Wednesday, April 24, 2024 12:26 PM
To: Barton, Ross <Ross.Barton@alston.com>
Cc: Welch, Emily <Emily.Welch@alston.com>; Andrea Fair <andrea@wsfirm.com>; Deane, Michael <Michael.Deane@alston.com>; Ahnhut, Adam <Adam.Ahnhut@alston.com>; rak_cobblestone@raklaw.com <rak_cobblestone@raklaw.com>; A&B Cobblestone <A&BCobblestone@alston.com>
Subject: Re: Cobblestone - Witness Proposal

EXTERNAL SENDER – Proceed with caution
_____


Ross,

We generally disagree with the characterizations you make in your email. Defendants/Intervenors are withholding discovery on an issue that is relevant and discoverable, as plainly demonstrated by our cites below and given the permissive discovery standard. The issue of whether or not it is accused of infringement is a question for another day. In any event it has been disclosed in Cobblestone's contentions (as indicated, for example, below), which you failed to meaningfully dispute. Your position further lacks basis, as the words "carrier aggregation" appear verbatim throughout the contentions, as do descriptions of carriers, modifying/adding/removing carriers, and descriptions explaining how the infringement read applies where carrier aggregation is used.  We have on multiple occasions provided detailed explanations of why carrier aggregation is relevant and how it is disclosed in this case, including in my April 10 email, our 4/11 conversation, and my email again yesterday. You mischaracterize Andrea's email below, regarding a potential motion to clarify, her email speaks for itself. We disagree with your summary our 4/11 conversation, where we explained how carrier aggregation was disclosed in our infringement contention. ==Cobblestone's position always has been that carrier aggregation has been disclosed. It has been disclosed as a discoverable topic from the outset.==

Further, your position and refusal to designate 30(b)(6) witnesses improperly seeks to limit discovery into features that even you concede are accused of infringement, such as bandwidth adaptation features charted in the 361 contentions, which explicitly is enabled for and used in conjunction with carrier aggregation and related radio resource management and scheduling functionalities.  It is further discoverable as demonstrated by your own conduct.

Defendants/Intervenors have repeatedly suggested that carrier aggregation is in Carrier 1, for instance in my conversation with M. Deane on 3/15 where Michael indicated they discharged their Carrier 2 P.R. 3-4 obligation by

2

pointing to the Carrier 1 document production and in Defendant/Intervenor's motion to consolidate briefing (E.g., Dkt. No. 93 at 6 (claiming "Defendants anticipate the accused products in both cases will be substantially the same, if not identical"). Defendants/Intervenors have produced hundreds or thousands of materials specific to carrier aggregation in response to Cobblestone discovery requests.

Simply put, this is an issue where Defendants/Intervenors were on notice of for weeks of Cobblestone's 30(b)(6) topics, where Defendants/Intervenors have indicated they refused to provide a witness, where they failed to move for a protective order (despite our statement that we believe it is your responsibility to move for a protective order which we didn't have to provide), leaving Cobblestone with no choice but to move forward as I indicated yesterday to preserve its rights. Indeed, while we were free for a lead and local on these issues at your own request last Friday and Monday (see E. Welch's 4/18 Email), you failed to provide times of availability. If you actually intend to move for protection, you need to do so before the deposition at 9 AM PT tomorrow, and we reserve all rights given your late notice.

We continue to disagree with your contention that we made material representations before the Court given the facts at hand.

We intend to move forward with the carrier aggregation depositions as I indicated yesterday.

Best,
Jon

Jon Ma
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor | Los Angeles, California 90025
Main +1 310 826 7474 | jma@raklaw.com
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

On Apr 23, 2024, at 12:59 PM, Barton, Ross <Ross.Barton@alston.com> wrote:

Jon –

Cobblestone's insistence on moving forward with depositions on topics that it has repeatedly acknowledged cover topics outside the scope of this case is improper. I asked you weeks ago for an explanation of why you believed that carrier aggregation was in the case. You agreed to provide that explanation but then, instead of giving it to us, Cobblestone pivoted from suggesting that carrier aggregation was in the case to acknowledging that it was not and instead suggested that it would seek to amend its infringement contentions to add it as a theory and/or ask the Court to move the '361 patent to another case. After we said "no" and pointed out that Cobblestone's position regarding carrier aggregation was irreconcilable with its prior material representations to the Court, Cobblestone appears to have dropped its threat to move to compel on these topics and instead seems intent on playing a "game of chicken" on depositions that it knows are improper. This is inappropriate. In addition, the timing of your vacillating demands and positions on this issue appears designed to prevent the defendants and intervenors from filing a motion for a protective order before the depositions so that Cobblestone can attempt to tee this up as an issue of non-compliance with a subpoena instead of the dispute over the scope of discovery that it is.

Moreover, the "non-limiting" examples you provide below actually confirm that carrier aggregation is not accused in this case, which was confirmed by Cobblestone's acknowledgment that it needed to amend its infringement contentions to include that theory. And your statement that "we have met and conferred" on this issue is inaccurate; we had one call two weeks ago that did not include lead-and-local counsel in which Cobblestone was unable to articulate how it believed that "carrier aggregation" was disclosed in its infringement contentions. To be clear—and consistent with the position that we have taken for nearly a month now in the face of Cobblestone's wavering positions—the defendants and intervenors will not be putting up witnesses on the carrier aggregation topics, including on April 24, and will instead be providing witnesses on the technical topics in this case on the previously offered dates.

Moving forward, we will move to strike any carrier aggregation theories you put in an expert report about the 361 patent. If your claim is that this issue has always been a part of the 361 patent allegations, then you made material misrepresentations to the Court in your opposition to our motion for consolidation. You either need to (i) address those material misrepresentations before the Court relies on them and withdraw your opposition to our motion to consolidate or, (ii) you need to drop the issue entirely.

Regards,

Ross

Ross R. Barton
Partner
ALSTON & BIRD LLP
101 South Tryon Street, Suite 4000
Charlotte, NC 28280
+1.704.444.1287 (O)
+1.704.909.9179 (M)

_____
From: Jon Ma <jma@raklaw.com>
Sent: Tuesday, April 23, 2024 3:40:09 AM
To: Welch, Emily <Emily.Welch@alston.com>
Cc: Andrea Fair <andrea@wsfirm.com>; Barton, Ross <Ross.Barton@alston.com>; Deane, Michael <Michael.Deane@alston.com>; Ahnhut, Adam <Adam.Ahnhut@alston.com>; rak_cobblestone@raklaw.com <rak_cobblestone@raklaw.com>; A&B Cobblestone <A&BCobblestone@alston.com>
Subject: Re: Cobblestone - Witness Proposal

EXTERNAL SENDER – Proceed with caution
_____


Emily,


We maintain our disagreement with your position regarding carrier aggregation. We intend to move forward with the 30(b)(6) depositions on the dates we noticed on the attached topics as they relate to carrier aggregation for T-Mobile, Verizon, AT&T, Ericsson, and Nokia (E.g., we've noticed T-Mobile's on 4/24 at 9 a.m. PT). These depositions will be

4

remote. Should you fail to provide a witness on these topics as they relate to carrier aggregation, we will note your failure to show for the record and reserve all rights to seek any and all appropriate relief from the Court.


* ATT
  * Any topic relating to the '361 patent or using the term "Accused Products," or "Relevant Components," including, but not limited to:
    * 1-11,
    * 14
    * 17
    * 30-35
    * 39-49
    * 51
    * 53-57
    * 62-63
    * 65-71
    * 75-80
    * 82-84
    * 88
* T-Mobile
  * Any topic relating to the '361 patent or using the term "Accused Products," or "Relevant Components," including, but not limited to:
    * 1-11,
    * 14
    * 17
    * 30-35
    * 39-50
    * 52
    * 54-58
    * 63-64
    * 66-72
    * 76-81
    * 83-85
    * 89
* Verizon
  * Any topic relating to the '361 patent or using the term "Accused Products," or "Relevant Components," including, but not limited to:
    * 1-11,
    * 14
    * 17
    * 30-35
    * 39-49
    * 51
    * 53-57
    * 62-63
    * 65-71
    * 75-80
    * 82-84
    * 88
* Ericsson
  * Any topic relating to the '361 patent or using the term "Accused Products," or "Relevant Components," including,

but not limited to:
  * 1-11
  * 14
  * 17
  * 24-26
  * 29-38
  * 40
  * 42-46
  * 51-52
  * 54-60
  * 64-79
  * 71-73
  * 77
* Nokia
  * Any topic relating to the '361 patent or using the term "Accused Products," or "Relevant Components," including, but not limited to:
  * 1-11
  * 14
  * 17
  * 24-26
  * 29-38
  * 40
  * 42-46
  * 51-52
  * 54-60
  * 64-79
  * 71-73
  * 77


We note that we have met and conferred and described why Defendants/Intervenors' arguments lack basis and pointed to the plain language and disclosures of Cobblestone's infringement contentions. The below contains non-limiting examples (there are many more) from the '361 contentions demonstrating that the '361 contentions discloses carrier aggregation.


361 Patent (Ex. C)

* [10a]:
  * "For example, the Accused Instrumentalities include a particular hardware or software module to perform radio resource management and related functions, including respective quality determinations for each frequency resource within the NR air interface used by the base station for uplink and/or downlink." Page 3.
  * "Functions for Radio Resource Management: Radio Bearer Control, Radio Admission Control, Connection Mobility Control, Dynamic allocation of resources to use in both uplink and downlink (scheduling)" Page 4
  * "As a further and/or alternative example, the Accused Instrumentalities perform radio resource management and related functions, including respective quality determinations for each frequency resource within the NR air interface used by the base station for uplink and/or downlink to support Bandwidth Adaptation: 7 RRC 7.1 Services and Functions… -Establishment, maintenance, and release of an RRC connection between the UE and NG-RAN including: addition, modification, and release of carrier aggregation; addition, modification, and release of Dual Connectivity in NR or between E-UTRA and NR." Page 7
  * "7.8 Bandwidth Adaption. To enable BA on the PCell, the gNB configures the UE with UL and DL BWP(s). To enable

6

BA on SCells in case of CA [carrier aggregation], the gNB configures the UE with DL BWP(s) at least….” Page 8
* [10c]:
  * "For example, the preferred frequency is selected dynamically based on mobile reported measurements." Page 9
  * "As a further and/or alternative example, the preferred frequency is selected dynamically based on mobile service requirements (e.g. BW) and activity." Page 10.
* [10d]:
  * "For example, the handover mechanism referred to previously is used to add/remove second component carrier (SCells). In handover, UE measurements are used to decide on the best serving cell, or carrier in CA." Page 11
  * "7.7 Carrier Aggregation….The reconfiguration, addition and removal of SCells can be performed by RRC. At intra-NR handover, RRC can also add, remove, or reconfigure SCells for usage with the target PCell." Page 12
  * "4.4.5 Bandwidth part. A bandwidth part is a subset of contiguous common resource blocks defined in subclasses 4.4.4.3<http://4.4.4.3><http://4.4.4.3<http://4.4.4.3>> for a given numerology in bandwidth part on a given carrier." Page 13.
* [10e]
  * "For example, the Accused Instrumentalities comprise a specific hardware or software structure corresponding to the claimed scheduler module. For example, 3GPP documents specify base station messages for scheduling the frequency resource that is used." Page 13
  * "FrequencyInfoDL. The IE FrequencyInfoDL provides basic parameters of a downlink carrier and transmission thereon." ; "frequencyInfoDL"; "frequencyBandList" "scs-SpecificCarrierList" "SpCellAdd" "FrequencyInfoDL field descriptions" (discussing "PCell" and "ServingCell" and "SpCell" and "Scell" and "set of carriers" and "The network configures a scs-SpecificCarrier at least for each numerology (SCS) that is used e.g. in a BWP" and "FrequencyInfoUL. The IE FrequencyInfoUL provides basic parameters of an uplink carrier and transmission thereon". " Page 14
  * "As a further and/or alternative example, the scheduler module may perform the functions of the RRC sublayer: … Establishment, maintenance and release of an RRC connection between the UE and NG-RAN including -Addition, modification and release of carrier aggregation" Page 15
* [10f]
  * "For example, in general the second frequency resource can be scheduled for either uplink and downlink transmissions (irrespective of using the SUL)." Page 16
  * "7.8 Bandwidth Adaption. To enable BA on the PCell, the gNB configures the UE with UL and DL BWP(s). To enable BA on SCells in case of CA, the gNB configures the UE with DL BWP(s) at least (i.e. there may be none in the UL). For the PCell, the initial BWP is the BWP used for initial access. For the SCell(s), the initial BWP is the BWP configured for the UE to first operate at SCell activation…" Page 18
* [10g]
  * "In the case where SUL is not used the second frequency spectrum resource can be scheduled for either the uplink or the downlink channel"
  * "Establishment, maintenance and release of an RRC connection between the UE and NG-RAN including -Addition, modification and release of carrier aggregation" Page 21
  * "7.8 Bandwidth Adaption. To enable BA on the PCell, the gNB configures the UE with UL and DL BWP(s). To enable BA on SCells in case of CA, the gNB configures the UE with DL BWP(s) at least (i.e. there may be none in the UL). For the PCell, the initial BWP is the BWP used for initial access. For the SCell(s), the initial BWP is the BWP configured for the UE to first operate at SCell activation…" Page 22
* [10h]
  * "In conjunction with a UL/DL carrier pair (FDD band) or a bidirectional carrier (TDD band), a UE may be configured with additional, Supplementary Uplink (SUL). SUL differs from the aggregated uplink in that the UE may be scheduled to transmit either on the supplementary uplink or on the uplink of the carrier being supplemented, but not on both at the same time." Page 25
  * "As a further and/or alternative example, the frequency spectrum resources may be bandwidth parts:…With Bandwidth Adaptation (BA), the receive and transmit bandwidth of a UE need not be as large as the bandwidth of the cell and can be adjusted: the width can be ordered to change (e.g., to shrink during period of low activity to save power); the location can move in the frequency domain (e.g. to increase scheduling flexibility); and the subcarrier spacing can be ordered to change (e.g. to allow different services). A subset of the total cell bandwidth of a cell is referred to as a Bandwidth Part (BWP) and BA is achieved by configuring the UE with BWP(s) and telling the UE which of the configured

BWPs is currently the active one." Page 25

   \*   "In general, as part of the shared resource pool, the available first frequency spectrum resource may be used for the downlink or uplink channel allocation for other UEs. As a non-limiting specific example, after allocation of the second frequency spectrum resource (BWP1) to the UE, the RRC will continue monitoring UE activity and if inactivity is detected, or the service is no longer supported, RRC may instruct UE to switch back to the second frequency resource (BWP3)." Page 26.

Jon Ma
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor | Los Angeles, California 90025
Main +1 310 826 7474 | jma@raklaw.com
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

On Apr 18, 2024, at 8:42 AM, Welch, Emily <Emily.Welch@alston.com> wrote:

Andrea,

Thanks for your email.  We are not amenable to moving only the '361 patent to the Cobblestone 2 case.  Carrier aggregation is not included in Cobblestone's infringement contentions, and your proposal does nothing to simplify the cases for the parties or the Court.  Instead, it is merely an attempt by Cobblestone to avoid the consequences of attempting to pivot to an entirely new infringement theory far too late into the case.

Cobblestone's current position regarding the scope of your contentions cannot be reconciled with their representations to the Court in opposing a motion to consolidate.  Given the material misrepresentations in Cobblestone's opposition to the motion to consolidate, Defendants and Intervenors intend to file a motion to strike the portions of Cobblestone's opposition and the accompany declaration of Mr. Mirzaie containing those misrepresentations.  If Cobblestone withdraws its opposition and consents to consolidation, then Defendants and Intervenors will agree not to file the proposed motion.

Given the importance of these issues, we request a lead and local meet and confer on these issues Friday or Monday.  Please provide your availability for that call.

Best,
Emily

Emily Chambers Welch
Partner
ALSTON & BIRD
1201 West Peachtree Street
Atlanta, GA 30309
+1 404 881 7159 (O)
Emily.Welch@alston.com<mailto:Emily.Welch@alston.com>

From: Andrea Fair <andrea@wsfirm.com<mailto:andrea@wsfirm.com>>
Sent: Wednesday, April 17, 2024 11:27 AM
To: Jon Ma <jma@raklaw.com<mailto:jma@raklaw.com>>; Barton, Ross <Ross.Barton@alston.com<mailto:Ross.Barton@alston.com>>
Cc: Deane, Michael <Michael.Deane@alston.com<mailto:Michael.Deane@alston.com>>; Ahnhut, Adam <Adam.Ahnhut@alston.com<mailto:Adam.Ahnhut@alston.com>>; rak_cobblestone@raklaw.com<mailto:rak_cobblestone@raklaw.com>; A&B Cobblestone <A&BCobblestone@alston.com<mailto:A&BCobblestone@alston.com>>
Subject: RE: Cobblestone - Witness Proposal

EXTERNAL SENDER – Proceed with caution
_____


Ross, Michael, Could y'all please let us know your position?  I understand you were traveling on Friday, but it seems you've had the chance to ask to submit to the PTAB our good-faith attempt to resolve a dispute in the district court, so I'd hope we could at least have a response.  I'm concerned about the chilling effect on negotiations aimed at minimizing disputes in the district court that might result from seeking to use our proposal in a parallel proceeding without actually engaging with us on the proposal itself.  Perhaps I have my facts wrong, as I know my participation is more limited as local counsel, but nonetheless, it has been several days and I don't believe I've seen a response.

Andrea L. Fair
WARD, SMITH & HILL, PLLC
(903) 757-6400

From: Andrea Fair
Sent: Friday, April 12, 2024 12:18 PM
To: 'Jon Ma' <jma@raklaw.com<mailto:jma@raklaw.com>>; Barton, Ross <Ross.Barton@alston.com<mailto:Ross.Barton@alston.com>>
Cc: Deane, Michael <Michael.Deane@alston.com<mailto:Michael.Deane@alston.com>>; Ahnhut, Adam <Adam.Ahnhut@alston.com<mailto:Adam.Ahnhut@alston.com>>; rak_cobblestone@raklaw.com<mailto:rak_cobblestone@raklaw.com>; A&B Cobblestone <A&BCobblestone@alston.com<mailto:A&BCobblestone@alston.com>>
Subject: RE: Cobblestone - Witness Proposal

Ross, Michael, In talking with our team, we think there's a possible compromise here.  From my vantage (admittedly distant), it seems the overlap in carrier aggregation (although different aspects in the two cases) is the source of a few diverging views—including upcoming depositions, infringement reads, and consolidation.  As a possible way to cut through these disputes, we reiterate our proposal of moving the '361 patent to the second case, we'd drop our request for 30(b)(6) designees on carrier aggregation in Carrier 1 (reserving the request for Carrier 2), and it would resolve the efficiency concerns raised in your motion to consolidate.  Does that sound like a deal for y'all?  Otherwise, I think we'll need to move to compel, and also file a motion to clarify/in the alternative amend our contentions as to applicability of carrier aggregation (and we plan to alternatively propose the '361 be moved to the second case).  We'd like to get the disputes, if they remain, briefed so this tipping point is addressed at the Markman and we all know where things stand moving into expert discovery.
Let us know.  Thanks!

Andrea L. Fair
WARD, SMITH & HILL, PLLC

(903) 757-6400

From: Jon Ma <jma@raklaw.com<mailto:jma@raklaw.com>>
Sent: Wednesday, April 10, 2024 11:05 PM
To: Barton, Ross <Ross.Barton@alston.com<mailto:Ross.Barton@alston.com>>
Cc: Deane, Michael <Michael.Deane@alston.com<mailto:Michael.Deane@alston.com>>; Ahnhut, Adam <Adam.Ahnhut@alston.com<mailto:Adam.Ahnhut@alston.com>>; rak_cobblestone@raklaw.com<mailto:rak_cobblestone@raklaw.com>; A&B Cobblestone <A&BCobblestone@alston.com<mailto:A&BCobblestone@alston.com>>; Andrea Fair <andrea@wsfirm.com<mailto:andrea@wsfirm.com>>
Subject: Re: Cobblestone - Witness Proposal

Ross,

Carrier aggregation is detailed in our '361 contentions, and Defendants/Intervenors have repeatedly indicated that carrier aggregation is in Carrier 1. Thus carrier aggregation is relevant and discoverable in Carrier 1. At no point until two days ago, did Defendants/Intervenors ever indicate otherwise. There is important context missing from Michael's email. For instance, the '361 patent (involving, for example, assigning or de-activating Scells) involves different aspect(s) of carrier aggregation than the '802 patent (involving, for example, center frequencies). This can be further seen from the patents and contentions. Thus, we reiterate our request that you designate witnesses on carrier aggregation topics. In the alternative, we are also open to consolidating only the '361 patent claims into the Carrier 2 case schedule, which should also alleviate some of your alleged concerns.

To the extent you do not designate witnesses on the carrier aggregation topics, we believe it is your responsibility to move for a protective order.  We may also choose to move to compel, or, in the alternative, request that the Court consolidate only the '361 patent claims into the Carrier 2 case schedule, to avoid prejudicing Cobblestone's ability to conduct discovery on the '361.

Best,
Jon

Jon Ma
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor | Los Angeles, California 90025
Main +1 310 826 7474 | jma@raklaw.com<mailto:jma@raklaw.com>
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

On Apr 10, 2024, at 4:16 PM, Barton, Ross <Ross.Barton@alston.com<mailto:Ross.Barton@alston.com>> wrote:


Jon,
As we asked below, please identify what in Michael's email regarding carrier aggregation you disagree with before our call so we can have a productive discussion.
BR,
Ross


Ross R. Barton

Partner
ALSTON & BIRD

1120 South Tryon Street

Suite 300

Charlotte, NC 28203

+1 704 444 1287 (O)
+1 704 909 9179 (M)
Ross.Barton@alston.com<mailto:Ross.Barton@alston.com<mailto:Ross.Barton@alston.com%3cmailto:Ross.Barton@alston.com>>

_____
From: Jon Ma <jma@raklaw.com<mailto:jma@raklaw.com>>
Sent: Wednesday, April 10, 2024 7:07 PM
To: Deane, Michael <Michael.Deane@alston.com<mailto:Michael.Deane@alston.com>>
Cc: Ahnhut, Adam <Adam.Ahnhut@alston.com<mailto:Adam.Ahnhut@alston.com>>; rak_cobblestone@raklaw.com<mailto:rak_cobblestone@raklaw.com><rak_cobblestone@raklaw.com<mailto:rak_cobblestone@raklaw.com>>; A&B Cobblestone <A&BCobblestone@alston.com<mailto:A&BCobblestone@alston.com>>; Andrea Fair <andrea@wsfirm.com<mailto:andrea@wsfirm.com>>
Subject: Re: Cobblestone - Witness Proposal

EXTERNAL SENDER – Proceed with caution
_____


Michael,

We can make 9 am ET work.

https://meetings.dialpad.com/jma96<https://meetings.dialpad.com/jma96><https://meetings.dialpad.com/jma96<https://meetings.dialpad.com/jma96>><https://urldefense.proofpoint.com/v2/url?u=https-3A__meetings.dialpad.com_jma96-253chttps-3A_meetings.dialpad.com_jma96&d=DwMGaQ&c=euGZstcaTDllvimEN8b7jXrwqOf-v5A_CdpgnVfiiMM&r=lD0bgqesx1c5zGs32zl0ovXDOyck-3VMSLtQpwLMtCg&m=mQsFAQbIjdsTHapBZalzxKUTwf6icTIsOo6UOxCaGm8py5IxGrJC3TcnfNwzJuHJ&s=TKc_ag0qjWNAXAMHPW6t5e7wPnKaYo_RknPQlX_t3FA&e=<https://urldefense.proofpoint.com/v2/url?u=https-3A__meetings.dialpad.com_jma96-253chttps-3A_meetings.dialpad.com_jma96&d=DwMGaQ&c=euGZstcaTDllvimEN8b7jXrwqOf-v5A_CdpgnVfiiMM&r=lD0bgqesx1c5zGs32zl0ovXDOyck-3VMSLtQpwLMtCg&m=mQsFAQbIjdsTHapBZalzxKUTwf6icTIsOo6UOxCaGm8py5IxGrJC3TcnfNwzJuHJ&s=TKc_ag0qjWNAXAMHPW6t5e7wPnKaYo_RknPQlX_t3FA&e=>>>
Optional dial-in number: 424-277-9908 No PIN Needed

Thanks,
Jon

Jon Ma
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor | Los Angeles, California 90025

Main +1 310 826 7474 | jma@raklaw.com<mailto:jma@raklaw.com>
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

On Apr 10, 2024, at 3:07 PM, Deane, Michael <Michael.Deane@alston.com<mailto:Michael.Deane@alston.com>> wrote:

Jon – Our answers are below:


1.  We do not intend to designate the technical witnesses identified below on source code topics at this time.
2.  We will provide the specific topics as soon as possible.
3.  As we explained in past correspondence, Nokia and Ericsson base stations do not have or contain a supplemental uplink feature. Since nobody at Ericsson or Nokia designed or developed that feature, there is no person to designate.
4.  Our understanding is that all parties can consent to German depositions with no issues. If needed, we will stipulate that any German deponents are testifying as if they are under oath even if no oath is administered.
5.  No witnesses identified below requires a translator.
6.  Please identify what in my email you disagree with, as the majority of my email was quotes from your briefing.


We can meet and confer tomorrow between 9-10am ET or 12-2pm ET. Do either of those times work?

Thank you,
Michael Deane

From: Jon Ma <jma@raklaw.com<mailto:jma@raklaw.com<mailto:jma@raklaw.com%3cmailto:jma@raklaw.com>>>
Sent: Tuesday, April 9, 2024 7:18 PM
To: Ahnhut, Adam <Adam.Ahnhut@alston.com<mailto:Adam.Ahnhut@alston.com<mailto:Adam.Ahnhut@alston.com%3cmailto:Adam.Ahnhut@alston.com>>>; Deane, Michael <Michael.Deane@alston.com<mailto:Michael.Deane@alston.com<mailto:Michael.Deane@alston.com%3cmailto:Michael.Deane@alston.com>>>
Cc: rak_cobblestone@raklaw.com<mailto:rak_cobblestone@raklaw.com<mailto:rak_cobblestone@raklaw.com%3cmailto:rak_cobblestone@raklaw.com>>; A&B Cobblestone <A&BCobblestone@alston.com<mailto:A&BCobblestone@alston.com<mailto:A&BCobblestone@alston.com%3cmailto:A&BCobblestone@alston.com>>>; Andrea Fair <andrea@wsfirm.com<mailto:andrea@wsfirm.com<mailto:andrea@wsfirm.com%3cmailto:andrea@wsfirm.com>>>
Subject: Re: Cobblestone - Witness Proposal

EXTERNAL SENDER – Proceed with caution
_____


Adam/Michael,

I wanted to raise the following:

* I'm following up on the issues we raised below.
* Please advise when you will be able to provide specific topic designations for our consideration.
* Please advise who you will be designating on supplemental uplink as well as to all the parties.
* We note at least Germany's restrictions on taking depositions in the country, what is your position?
* Please advise if any of the witnesses below require translators.
* Michael, regarding your email the other day regarding carrier aggregation, we generally disagree with the characterizations you made in your email.

Please advise of your availability to meet and confer tomorrow or Thursday morning, regarding all of the above.

Thank you,
Jon

Jon Ma
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor | Los Angeles, California 90025
Main +1 310 826 7474 |
jma@raklaw.com<mailto:jma@raklaw.com<mailto:jma@raklaw.com%3cmailto:jma@raklaw.com>>
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature. This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s). If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

On Apr 6, 2024, at 2:11 PM, Jon Ma <jma@raklaw.com<mailto:jma@raklaw.com<mailto:jma@raklaw.com%3cmailto:jma@raklaw.com>>> wrote:

Adam,

Please advise whether the source code computer will be made available to the technical witnesses you identified in the depositions below, and also whether you can accommodate remote depositions to assist our evaluation of your proposals.

Thank you,
Jon

Jon Ma
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor | Los Angeles, California 90025
Main +1 310 826 7474 |
jma@raklaw.com<mailto:jma@raklaw.com<mailto:jma@raklaw.com%3cmailto:jma@raklaw.com>>
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature. This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s). If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

On Apr 6, 2024, at 5:28 AM, Ahnhut, Adam <Adam.Ahnhut@alston.com<mailto:Adam.Ahnhut@alston.com<mailto:Adam.Ahnhut@alston.com%3cmailto:Adam.Ahnhut@alston.com>>> wrote: