**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>T-MOBILE USA, INC.<br><br>*Defendant*,<br><br>NOKIA OF AMERICA CORPORATION, ERICSSON INC.<br><br>*Intervenors*. | § § § § § § § § § § § § § | CASE NO. 2:22-cv-00477-JRG-RSP<br>(Lead Case)<br><br>JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>AT&T SERVICES INC.; AT&T MOBILITY LLC; AT&T CORP.,<br><br>*Defendants*,<br><br>NOKIA OF AMERICA CORPORATION, ERICSSON INC.<br><br>*Intervenors*. | § § § § § § § § § § § § § § | CASE NO. 2:22-cv-00474-JRG-RSP<br>(Member Case)<br><br>JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>*Defendant*,<br><br>NOKIA OF AMERICA CORPORATION, ERICSSON INC.<br><br>*Intervenors*. | § § § § § § § § § § § § § § | CASE NO. 2:22-cv-00478-JRG-RSP<br>(Member Case)<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' AND INTERVENORS' CORRECTED MOTION FOR PROTECTIVE ORDER AND IN THE ALTERNATIVE, MOTION TO STRIKE**

## **Table of Exhibits**

| Exhibit | Description |
|---|---|
| A | Ex. C to Cobblestone's Infringement Contentions for AT&T |
| D | Cobblestone's 30(b)(6) Notice to Ericsson |
| H (Amended) | Email from J. Ma to R. Barton |

**TABLE OF CONTENTS**

I.   Factual Background ........................................................................................................... 2
    A.   Cobblestone Did Not Accuse Carrier Aggregation in its Infringement Contentions ....... 2
    B.   Cobblestone Told this Court that Carrier Aggregation Is Not Part of Cobblestone 1.0 .. 3
    C.   Cobblestone Now Claims that Carrier Aggregation Has Been in Cobblestone 1.0 All Along ................................................................................................................................ 4
II.  Legal Standard .................................................................................................................... 5
    A.   Protective Order ................................................................................................................ 5
    B.   Standard for Granting a Motion to Strike ......................................................................... 5
III. Argument ............................................................................................................................. 6
    A.   The Court Should Grant Defendants Motion for a Protective Order ............................... 6
    B.   The Court Should Strike Misrepresentations from Cobblestone's Opposition ................ 7
IV.  Conclusion ........................................................................................................................... 7

# **TABLE OF AUTHORITIES**

**Cases**          **Page(s)**

*Chambers v. Nasco, Inc.*,
    501 U.S. 32 (1991) ..................................................................................................................5

*Computer Acceleration Corp. v. Microsoft Corp.*,
    503 F. Supp. 2d 819 (E.D. Tex. 2009) ....................................................................................1

*Link v. Wabash R. Co.*,
    370 U.S. 626 (1962) ................................................................................................................6

*Ready Transp., Inc. v. AAR Mfg., Inc.*,
    627 F.3d 402 (9th Cir. 2010) ..................................................................................................6

*Sta Grp. LLC v. Motorola Sols., Inc.*,
    No. 2:22-cv-0381-JRG-RSP, 2024 U.S. Dist. LEXIS 12947 (E.D. Tex. Jan.
    19, 2024) .................................................................................................................................5

*Weatherford Tech. Holdings, LLC v. Tesco Corp. et al.*,
    No. 2:17-cv-00456-JRG, Dkt. 53 (E.D. Tex. May 22, 2018) ..................................................7

**Other Authorities**

Fed. R. Civ. P. 26(c)(1)(A), (D) ..........................................................................................................5

Pursuant to FRCP 26(c), Defendants and Intervenors (collectively, "Defendants") move for a protective order to prevent Plaintiff Cobblestone Wireless, LLC ("Cobblestone") from seeking discovery related to carrier aggregation in the Defendants' upcoming 30(b)(6) depositions.

On March 13, 2023, Cobblestone served its infringement contentions in the above-captioned case accusing (in relevant part for the '361 Patent) two 5G features: (i) Supplementary Uplink (SUL) and (ii) Bandwidth Part (BWP) adaptation functionality. Absent from these accusations is any allegation that carrier aggregation infringes the Asserted Patents. Moreover, in opposing Defendants' motion to consolidate the instant case with later-filed cases involving the same defendants, intervenors, plaintiff, and products (*see* Dkt. No. 93), Cobblestone was adamant that this case did *not* accuse or implicate carrier aggregation and relied primarily on that basis to urge the Court to deny the motion. *See* Dkt. No. 98 at 3-6. Despite these facts, with one month left in fact discovery, Cobblestone served 30(b)(6) notices requesting witness testimony on *numerous* topics related to carrier aggregation for the '361 Patent. *See, e.g.*, Ex. D (Cobblestone's 30(b)(6) Notice to Ericsson) at Topic Nos. 24-26, 34, 77.

The local patent rules of this District exist to prevent this exact style of ambush litigation. *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2009). Cobblestone cannot inject an entirely new infringement theory into the case at the eleventh hour, especially one premised on a technology that Cobblestone explicitly stated is not a part of the case.

Thus, Defendants request the entry of a protective order to prevent Cobblestone from seeking discovery related to carrier aggregation in the Defendants' upcoming 30(b)(6) depositions. In the alternative, Defendants request that the Court strike portions of Cobblestone's Opposition (Dkt. No 98) to Defendants' Motion to Consolidate. Upon striking the offending portions of that Opposition, Defendants Motion to Consolidate should be granted.

## I. FACTUAL BACKGROUND

### A. Cobblestone Did Not Accuse Carrier Aggregation in its Infringement Contentions

Cobblestone has not accused carrier aggregation of infringing any of the Asserted Patents. Instead, Cobblestone's infringement contentions for the '361 Patent accuse "cellular base stations that support 3GPP NG-RAN supporting directional Supplementary Uplink (SUL) and/or Bandwidth Adaptation functionality."[1] *See* Ex. A (Ex. C to Cobblestone's Infringement Contentions for AT&T) at 1. This same recitation of accused functionality was repeated in numerous documents. *See, e.g.*, Case No. 2:22-cv-00474, Dkt. No. 1-7 (accusing directional SUL functionality).

Despite these repeated assertions, Cobblestone now states carrier aggregation was "detailed" in their infringement contentions all along. Ex. H (Email from J. Ma to R. Barton) at 2. Cobblestone's assertions are factually incorrect. In attempting to justify this about-face, Cobblestone points to limitations in their contentions where they claim, for example, the same mechanism as CA carrier aggregation is used for adding/removing SUL. But, this sentence is directed to their accused SUL technology, which (if used at all) may or may not be used as part of carrier aggregation. It is not an accusation against the broad technology of carrier aggregation itself. Indeed, in all instances where "carrier aggregation" is mentioned, it is mentioned in passing because Cobblestone is pointing to the accused functionality (e.g., SUL, BWP, beamforming, etc.) interactions with the separate, distinct, carrier aggregation feature.

---

[1] Cobblestone has only demanded carrier aggregation topics in connection with the '361 Patent, as there does not appear to be any dispute that the other two patents in the case do not relate to carrier aggregation.

### B. Cobblestone Told this Court that Carrier Aggregation Is Not Part of Cobblestone 1.0

Defendants set forth the details of the Cobblestone 1.0 and Cobblestone 2.0 cases in their Motion to Consolidate. *See* Dkt. No. 93. Cobblestone opposed the Motion to Consolidate primarily on the basis that the functionality between the cases were unrelated and different. *See* Dkt. No. 98.

Cobblestone made *numerous* statements to the Court representing that Cobblestone 1.0 is "fundamentally different" different from Cobblestone 2.0 because Cobblestone 1.0 does not involve the functionality called carrier aggregation:

- "As set forth above, the *Carrier 1 cases concern* products pertaining to beamforming, supplemental uplink, *bandwidth adaptation*, handover, and wifi-only automatic updates, *whereas the Carrier 2 cases focus on products pertaining to carrier aggregation*." *Id*. at 5.

- "The Carrier 1 cases also focus on mobile devices pertaining to 5G beamforming or wifi-only automatic updates, *while the Carrier 2 cases, focuses on mobile devices pertaining to 4G and 5G carrier aggregation*." *Id*. at 5.

- "Given the highly specialized settings in which these functionalities are typically developed, *it is unlikely for there to be meaningful overlap in Defendants' technical witnesses*" *Id*. at 3.

- "The accused products and accused functionalities are *fundamentally different*" *Id*.

- "[T]he accused functionalities across the two cases are *different*." *Id*. at 4.

- "[E]ach set of the Carrier cases will require *separate discovery*." *Id*. at 5.

- "[T]he cases focus on different specific functionalities of the accused base stations and user equipment and will thus require *different discovery*." *Id*. at 5-6.

- "[C]ombining the Markman hearings and pretrial conferences will not reduce efforts or costs given the *different* asserted patent families, claim terms, and *accused functionalities*." *Id.* at 6.

- "Consolidation will not meaningfully reduce duplication and costs given that there are no overlapping patent families *and different accused functionalities*." *Id.* at 5.

- "Consolidating the Carrier 1 and Carrier 2 cases would not promote judicial efficiency as the cases concern different patents *and different accused functionalities*." Cobblestone Sur-Reply (Dkt. No. 100) at 1.

3

- "Defendants have still failed to *specifically identify any common issues . . . .*" *Id.*

- "As explained in detail in Cobblestone's opposition, the cases accuse entirely different *functionalities* of the accused base stations and user equipment." (emphasis in original). *Id.* at 2.

- The Carrier 1 cases concern 5G beamforming, supplemental uplink, bandwidth adaptation, handover, and wifi-only automatic update functionalities, *whereas the Carrier 2 cases focus on carrier aggregation functionalities.*" *Id.* at 2.

Cobblestone's lead counsel made similar representations in his declaration in support of Cobblestone's Opposition. Dkt. No. 98-1 (Mirzaie Decl.) at 3-4. Cobblestone went to great lengths to tell Defendants and this Court that this case had nothing to do with carrier aggregation but now argues the opposite.

### C. Cobblestone Now Claims that Carrier Aggregation Has Been in Cobblestone 1.0 All Along

Despite its representations that the cases are materially different because carrier aggregation is not accused in Cobblestone 1.0—*i.e.*, the above-captioned cases—and despite never identifying carrier aggregation as an accused functionality, Cobblestone served 30(b)(6) notices on Defendants requesting a witness to testify on *numerous* topics related to carrier aggregation. *See, e.g.*, Ex. D (Cobblestone's 30(b)(6) Notice to Ericsson) at Topic Nos. 25, 26 ("Your participation, or lack thereof, in the design, engineering, development, and deployment of Ericsson's features for bandwidth parts and/or carrier aggregation[.]"). This reversal in its position came with about one month left in fact discovery and without ever moving to amend its infringement contentions.

When Defendants objected to this apparent insertion of a novel infringement theory, Cobblestone's counsel took a position that completely contradicts the statements made to the Court. In email correspondence, Cobblestone states that "[c]arrier aggregation is *detailed* in our '361 contentions, and Defendants/Intervenors have repeatedly indicated that carrier aggregation is

4

in Carrier 1. Thus, carrier aggregation is relevant and discoverable in Carrier 1." Ex. H (Email from J. Ma to R. Barton) at 10; *see also id.* at 2 ("Cobblestone's position *always has been* that carrier aggregation has been disclosed").

However, carrier aggregation is not "detailed" anywhere in their contentions. The only functionality Cobblestone accused was bandwidth part functionality and supplemental uplink functionality (SUL). To the extent Cobblestone points to anything from their contentions about carrier aggregation, that is because the accused features (e.g., bandwidth part functionality and SUL) interact with carrier aggregation functionality. To be clear, Defendants did put up witnesses on how the accused functionality interacts with carrier aggregation, but Defendants should be protected from Plaintiff's brand-new theory accusing carrier aggregation itself.

## II.  LEGAL STANDARD

### A.  Protective Order

Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . forbidding the disclosure or discovery [and] forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(A), (D). Courts, including this Court, will issue protective orders to limit the scope of topics for depositions when appropriate. *See, e.g., Sta Grp. LLC v. Motorola Sols., Inc.,* No. 2:22-cv-0381-JRG-RSP, 2024 U.S. Dist. LEXIS 12947 (E.D. Tex. Jan. 19, 2024) (limiting deposition testimony to exclude information that is "not sufficiently relevant to outweigh the potential prejudice from [its] exposure").

### B.  Standard for Granting a Motion to Strike

The Court has the power to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)). This includes the "power to strike items

5

from the docket as a sanction for litigation conduct." *See Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).

### III. ARGUMENT

#### A. The Court Should Grant Defendants Motion for a Protective Order

As Cobblestone represented to the Court, carrier aggregation is ***not*** at issue in Cobblestone 1.0. Cobblestone's statements are unequivocal: "[T]he [Cobblestone 1.0 and Cobblestone 2.0] cases focus on *different specific functionalities* of the accused base stations and user equipment and *will thus require different discovery*." Resp. to Mot. to Consol. at 5-6 (emphasis added). Yet despite these representations, Cobblestone is now seeking 30(b)(6) testimony on this "fundamentally different" functionality that Cobblestone has never accused of infringement.

In the parties' recent correspondence, Cobblestone all but confirms that carrier aggregation is not accused in Cobblestone 1.0 by (i) acknowledging that it will need to move to clarify and/or amend its infringement contentions to include the newly sought after theory and, *in directly contradicting its own statements made to the Court*, (ii) proposing to consolidate just the '361 Patent with the Carrier 2.0 Cases. Ex. H (Email from A. Fair to R. Barton) at 9 ("As a possible way to cut through these disputes, we reiterate *our proposal of moving the '361 patent to the second case*, we'd drop our request for 30(b)(6) designees on carrier aggregation in Carrier 1 (reserving the request for Carrier 2), and it would resolve the efficiency concerns raised in your motion to consolidate. Does that sound like a deal for y'all? Otherwise, I think we'll need to move to compel, *and also file a motion to clarify/in the alternative amend our contentions as to applicability of carrier aggregation*").

The Court should grant the Protective Order to prevent the Plaintiff from harassing the witnesses with an infringement theory that was never disclosed.

6

### B. The Court Should Strike Misrepresentations from Cobblestone's Opposition

It would be nearly impossible to cure the prejudice associated with adding carrier aggregation to the case at this late stage in the litigation. But if Cobblestone is permitted to obtain deposition testimony on carrier aggregation, then at minimum and in the alternative, Cobblestone's misrepresentations in its Opposition to Defendants Motion to Consolidate (Dkt. No. 98) should be struck and Defendants Consolidation Motion should be granted (*see* Statements in Section I.B). Cobblestone cannot have its cake and eat it too.

Thus, if Cobblestone is permitted to take 30(b)(6) testimony on carrier aggregation in this case, then the portions of Cobblestone's Opposition to Consolidation expressly stating that carrier aggregation is not accused in this case should be stricken and not considered by the Court. *See Weatherford Tech. Holdings, LLC v. Tesco Corp. et al.*, No. 2:17-cv-00456-JRG, Dkt. 53 (E.D. Tex. May 22, 2018) (striking a declaration submitted to the Court containing material conflicting statements with another submitted declaration). Once those statements are struck, the justification for Cobblestone's opposition falls apart and Defendants Motion to Consolidate must be granted.

### IV. CONCLUSION

For the foregoing reasons, Defendants and Intervenors request the entry of a protective order to prevent Cobblestone from seeking discovery related to carrier aggregation in the Defendants' upcoming 30(b)(6) depositions. In the alternative, the Court should strike Cobblestone's statements from its Opposition to Consolidation (Dkt. No. 98) and grant Defendants Motion to Consolidate (Dkt. No. 93).

Respectfully submitted: July 3, 2024

                                                */s/ David S. Frist*

David S. Frist
  David.Frist@alston.com
John Daniel Haynes
  John.Haynes@alston.com
Emily Welch
  Emily.Welch@alston.com
Michael Clayton Deane
  Michael.Deane@alston.com
Sloane Sueanne Kyrazis
  Sloane.Kyrazis@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, GA 30309
404-881-7000
Fax: 404-881-7777

Ross Ritter Barton
  Ross.Barton@alston.com
ALSTON & BIRD LLP
1120 South Tryon Street
Suite 300
Charlotte, NC 28203
704-444-1287
Fax: 704-444-1111

Theodore Stevenson, III
  Ted.Stevenson@alston.com
Adam Ahnhut
  Adam.ahnhut@alston.com
ALSTON & BIRD LLP
2200 Ross Ave
Suite 2300
Dallas, TX 75201
214-922-3507
Fax: 214-922-3899

*Attorneys for AT&T Services, Inc., AT&T Corp., AT&T Mobility LLC, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless, Ericsson Inc. and Nokia of America Corporation*

**Deron Dacus**
ddacus@dacusfirm.com
**The Dacus Firm**
821 ESE Loop 323, Suite 430

Tyler, TX 75701
903-705-1117
Fax: 903-581-2543

*Attorney* for *AT&T Services, Inc., AT&T Corp., AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, Ericsson Inc. and Nokia of America Corporation*

**Melissa R. Smith**
melissa@gillamsmithlaw.com
**Tom Gorham**
tom@gillamsmithlaw.com
**Gillam & Smith LLP**
102 N. College, Suite 800
Tyler, TX 75702
903-934-8450
Fax: 903-934-9257

*Attorneys for T-Mobile USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on July 3, 2024, on the counsel of record via electronic mail.

>                                */s/ David S. Frist*
>                                David S. Frist

## CERTIFICATE OF CONFERENCE

The undersigned attorney hereby certifies that counsel has complied with the meet-and-confer requirements of Local Rule CV-7(h). The foregoing motion is opposed, and the personal conference required by Local Rule CV-7(h) was conducted via telephone conference on April 26, 2024 where lead and local counsel for both parties participated. The parties disagreed on whether carrier aggregation is properly within the scope of discovery at this stage in the case, and therefore did not reach an agreement. Accordingly, discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

| | |
|---|---|
| Dated: July 3, 2024 | */s/ David S. Frist*<br>David S. Frist |

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that Court has granted authorization to file the document under seal as set forth in Paragraph 19 of the Protective Order entered in this case pursuant to Local Rule CV-5(a)(7)(A).

| | |
|---|---|
| Dated: July 3, 2024 | */s/ David S. Frist*<br>David S. Frist |