# AMENDED EXHIBIT H

We do intend to file a motion to strike that we discussed below.  Our lead and local can be available this morning between 8 and noon, CST, today.  Please let us know what time in that window works for a call.

BR,
Ross


Ross R. Barton
Partner
ALSTON & BIRD LLP
101 South Tryon Street, Suite 4000
Charlotte, NC 28280
+1.704.444.1287 (O)
+1.704.909.9179 (M)

_____
From: Jon Ma <jma@raklaw.com>
Sent: Wednesday, April 24, 2024 12:26 PM
To: Barton, Ross <Ross.Barton@alston.com>
Cc: Welch, Emily <Emily.Welch@alston.com>; Andrea Fair <andrea@wsfirm.com>; Deane, Michael <Michael.Deane@alston.com>; Ahnhut, Adam <Adam.Ahnhut@alston.com>; rak_cobblestone@raklaw.com <rak_cobblestone@raklaw.com>; A&B Cobblestone <A&BCobblestone@alston.com>
Subject: Re: Cobblestone - Witness Proposal

EXTERNAL SENDER – Proceed with caution
_____


Ross,

We generally disagree with the characterizations you make in your email. Defendants/Intervenors are withholding discovery on an issue that is relevant and discoverable, as plainly demonstrated by our cites below and given the permissive discovery standard. The issue of whether or not it is accused of infringement is a question for another day. In any event it has been disclosed in Cobblestone's contentions (as indicated, for example, below), which you failed to meaningfully dispute. Your position further lacks basis, as the words "carrier aggregation" appear verbatim throughout the contentions, as do descriptions of carriers, modifying/adding/removing carriers, and descriptions explaining how the infringement read applies where carrier aggregation is used.  We have on multiple occasions provided detailed explanations of why carrier aggregation is relevant and how it is disclosed in this case, including in my April 10 email, our 4/11 conversation, and my email again yesterday. You mischaracterize Andrea's email below, regarding a potential motion to clarify, her email speaks for itself. We disagree with your summary our 4/11 conversation, where we explained how carrier aggregation was disclosed in our infringement contention. ==Cobblestone's position always has been that carrier aggregation has been disclosed. It has been disclosed as a discoverable topic from the outset.==

Further, your position and refusal to designate 30(b)(6) witnesses improperly seeks to limit discovery into features that even you concede are accused of infringement, such as bandwidth adaptation features charted in the 361 contentions, which explicitly is enabled for and used in conjunction with carrier aggregation and related radio resource management and scheduling functionalities.  It is further discoverable as demonstrated by your own conduct.

Defendants/Intervenors have repeatedly suggested that carrier aggregation is in Carrier 1, for instance in my conversation with M. Deane on 3/15 where Michael indicated they discharged their Carrier 2 P.R. 3-4 obligation by

pointing to the Carrier 1 document production and in Defendant/Intervenor's motion to consolidate briefing (E.g., Dkt. No. 93 at 6 (claiming "Defendants anticipate the accused products in both cases will be substantially the same, if not identical"). Defendants/Intervenors have produced hundreds or thousands of materials specific to carrier aggregation in response to Cobblestone discovery requests.

Simply put, this is an issue where Defendants/Intervenors were on notice of for weeks of Cobblestone's 30(b)(6) topics, where Defendants/Intervenors have indicated they refused to provide a witness, where they failed to move for a protective order (despite our statement that we believe it is your responsibility to move for a protective order which we didn't have to provide), leaving Cobblestone with no choice but to move forward as I indicated yesterday to preserve its rights. Indeed, while we were free for a lead and local on these issues at your own request last Friday and Monday (see E. Welch's 4/18 Email), you failed to provide times of availability. If you actually intend to move for protection, you need to do so before the deposition at 9 AM PT tomorrow, and we reserve all rights given your late notice.

We continue to disagree with your contention that we made material representations before the Court given the facts at hand.

We intend to move forward with the carrier aggregation depositions as I indicated yesterday.

Best,
Jon

Jon Ma
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor | Los Angeles, California 90025
Main +1 310 826 7474 | jma@raklaw.com
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

On Apr 23, 2024, at 12:59 PM, Barton, Ross <Ross.Barton@alston.com> wrote:

Jon –

Cobblestone's insistence on moving forward with depositions on topics that it has repeatedly acknowledged cover topics outside the scope of this case is improper. I asked you weeks ago for an explanation of why you believed that carrier aggregation was in the case. You agreed to provide that explanation but then, instead of giving it to us, Cobblestone pivoted from suggesting that carrier aggregation was in the case to acknowledging that it was not and instead suggested that it would seek to amend its infringement contentions to add it as a theory and/or ask the Court to move the '361 patent to another case. After we said "no" and pointed out that Cobblestone's position regarding carrier aggregation was irreconcilable with its prior material representations to the Court, Cobblestone appears to have dropped its threat to move to compel on these topics and instead seems intent on playing a "game of chicken" on depositions that it knows are improper. This is inappropriate. In addition, the timing of your vacillating demands and positions on this issue appears designed to prevent the defendants and intervenors from filing a motion for a protective order before the depositions so that Cobblestone can attempt to tee this up as an issue of non-compliance with a subpoena instead of the dispute over the scope of discovery that it is.

(903) 757-6400

From: Jon Ma <jma@raklaw.com<mailto:jma@raklaw.com>>
Sent: Wednesday, April 10, 2024 11:05 PM
To: Barton, Ross <Ross.Barton@alston.com<mailto:Ross.Barton@alston.com>>
Cc: Deane, Michael <Michael.Deane@alston.com<mailto:Michael.Deane@alston.com>>; Ahnhut, Adam <Adam.Ahnhut@alston.com<mailto:Adam.Ahnhut@alston.com>>; rak_cobblestone@raklaw.com<mailto:rak_cobblestone@raklaw.com>; A&B Cobblestone <A&BCobblestone@alston.com<mailto:A&BCobblestone@alston.com>>; Andrea Fair <andrea@wsfirm.com<mailto:andrea@wsfirm.com>>
Subject: Re: Cobblestone - Witness Proposal

Ross,

Carrier aggregation is detailed in our '361 contentions, and Defendants/Intervenors have repeatedly indicated that carrier aggregation is in Carrier 1. Thus carrier aggregation is relevant and discoverable in Carrier 1. At no point until two days ago, did Defendants/Intervenors ever indicate otherwise. There is important context missing from Michael's email. For instance, the '361 patent (involving, for example, assigning or de-activating Scells) involves different aspect(s) of carrier aggregation than the '802 patent (involving, for example, center frequencies). This can be further seen from the patents and contentions. Thus, we reiterate our request that you designate witnesses on carrier aggregation topics. In the alternative, we are also open to consolidating only the '361 patent claims into the Carrier 2 case schedule, which should also alleviate some of your alleged concerns.

To the extent you do not designate witnesses on the carrier aggregation topics, we believe it is your responsibility to move for a protective order.  We may also choose to move to compel, or, in the alternative, request that the Court consolidate only the '361 patent claims into the Carrier 2 case schedule, to avoid prejudicing Cobblestone's ability to conduct discovery on the '361.

Best,
Jon

Jon Ma
Russ August & Kabat

12424 Wilshire Boulevard, 12th Floor | Los Angeles, California 90025
Main +1 310 826 7474 | jma@raklaw.com<mailto:jma@raklaw.com>
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
This communication shall not create, waive or modify any right, obligation or liability, or be construed to contain or be an electronic signature.  This communication may contain information that is legally privileged, confidential or exempt from disclosure, and is intended only for the named addressee(s).  If you are not the intended recipient, please note that any dissemination, distribution, or copying of this communication is prohibited.

On Apr 10, 2024, at 4:16 PM, Barton, Ross <Ross.Barton@alston.com<mailto:Ross.Barton@alston.com>> wrote:


Jon,
As we asked below, please identify what in Michael's email regarding carrier aggregation you disagree with before our call so we can have a productive discussion.
BR,
Ross


Ross R. Barton