**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br>        Plaintiff, | Case No. 2:22-cv-00477-JRG-RSP<br>(Lead Case) |
| v. | |
| T-MOBILE USA, INC.<br>        Defendant, | **JURY TRIAL DEMANDED** |
| NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>        Intervenors. | |
| COBBLESTONE WIRELESS, LLC,<br>        Plaintiff, | Case No. 2:22-cv-00474-JRG-RSP<br>(Member Case) |
| v. | |
| AT&T SERVICES INC.; AT&T MOBILITY<br>LLC; AT&T CORP.<br>        Defendant, | **JURY TRIAL DEMANDED** |
| NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>        Intervenors. | |
| COBBLESTONE WIRELESS, LLC,<br>        Plaintiff, | Case No. 2:22-cv-00478-JRG-RSP<br>(Member Case) |
| v. | |
| CELLCO PARTNERSHIP D/B/A VERIZON<br>WIRELESS.<br>        Defendant, | **JURY TRIAL DEMANDED** |
| NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>        Intervenors. | |

**PLAINTIFF COBBLESTONE WIRELESS, LLC'S MOTION FOR PARTIAL
SUMMARY JUDGMENT OF NO INVALIDITY OF '888 PATENT**

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................... 1

II.    STATEMENT OF ISSUES TO BE DECIDED ..................................................... 2

III.   STATEMENT OF UNDISPUTED FACTS .......................................................... 2

   A.   Obviousness ..............................................................................................................3

   B.   Enablement ...............................................................................................................5

   C.   3GPP Public Availability .........................................................................................5

IV.    LEGAL STANDARD ............................................................................................ 6

V.     ARGUMENT ......................................................................................................... 6

   A.   Defendants cannot show obviousness of Claim 20's "adaption manager." .........................6

   B.   Defendants cannot show that a POSITA would require undue experimentation to
        make an "adaption manager." ...................................................................................9

   C.   Defendants cannot show that asserted 3GPP obviousness references were publicly
        available. .................................................................................................................12

VI.    CONCLUSION .................................................................................................... 14

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Alcon Research Ltd. v. Barr Laboratories, Inc.*,
    745 F.3d 1180 (Fed. Cir. 2014)................................................................................... 9

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)............................................................................................... 6

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)............................................................................................... 6

*Durel Corp. v. Osram Sylvania Inc.*,
    256 F.3d 1298 (Fed. Cir. 2001)............................................................................... 9

*Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*,
    No. 2:22-cv-125-JRG-RSP, Slip Op. at 3, 2023 WL 8535212 (E.D. Tex. Dec. 1, 2023) .......... 7

*In re Wands*,
    858 F.2d 731 (Fed. Cir. 1988)................................................................................ 9

*Jazz Photo Corp. v. International Trade Com'n*,
    264 F.3d 1094 (Fed. Cir. 2001)............................................................................... 6

*McRO, Inc. v. Bandai Namco Games Am. Inc.*,
    959 F.3d 1091 (Fed. Cir. 2020)............................................................................. 11

*Microsoft Corp. v. I4I Ltd. Partnership*,
    564 U.S. 91 (2011)................................................................................................ 6

*Proveris Sci. Corp. v. Innovasystems, Inc.*,
    536 F.3d 1256 (Fed. Cir. 2008)............................................................................... 7

*Trs. of Boston Univ. v. Everlight Elecs. Co.*,
    896 F.3d 1357 (Fed. Cir. 2018)............................................................................... 9

**Statutes**

35 U.S.C. § 103................................................................................................................ 3

35 U.S.C. § 112 ¶6................................................................................................... passim

**Rules**

Fed. R. Civ. P. 56(a) ........................................................................................................ 6

## I.   <u>INTRODUCTION</u>

Plaintiff Cobblestone Wireless, LLC ("Cobblestone") moves for summary judgment of no invalidity as to claims 20, 21, and 23 of U.S. Patent No. 9,094,888 (the "'888 Patent"). Each of these claims requires an "adaption manager," which the Court construed as a means-plus-function term governed by 35 U.S.C. § 112(6). Dr. Daniel van der Weide, the invalidity expert for Defendants,[1] agrees with Cobblestone that the Court's construction requires showing the presence of specific structural "blocks" disclosed in the specification. But Dr. van der Weide's invalidity report failed even to address those blocks in any of his invalidity analyses. As to obviousness under section 103, Dr. van der Weide does not provide an articulated explanation why the prior art renders obvious the specific structure disclosed in the '888 Patent's specification. As to lack of enablement under section 112, Dr. van der Weide presents no articulated theory whether a POSITA would be able to make and use the claimed invention without undue experimentation, instead apparently asserting that the patents are not enabled because Defendants' own accused instrumentalities are "complicated" and "complex." Without applicable expert testimony, Defendants cannot meet their high burden to prove invalidity by clear and convincing evidence. Summary judgment of no invalidity should therefore be granted on claims 21, 21, and 23 of the '888 Patent.

Also, if the Court grants Cobblestone's motion to strike the declaration of Craig Bishop, filed concurrently, Cobblestone is entitled to partial summary judgment of no invalidity regarding Dr. van der Weide's opinions that Chitrapu in view of TS 36.300 and Chitrapu in view of TS

---

[1] References to Defendants also include the intervenors Nokia and Ericsson, who jointly submitted the invalidity report from Dr. van der Weide.

23.401 are invalidating because Defendants and Intervenors cannot show that the 3GPP documents (TS 36.300 and TS 23.401) are prior art.

## II.    <u>STATEMENT OF ISSUES TO BE DECIDED</u>

Whether the Court should grant partial summary judgment of no invalidity of claims 20, 21, and 23 of the '888 Patent as anticipated or obvious, based on Defendants' failure to provide an articulated explanation why the prior art anticipates or renders obvious the claimed "adaption manager," as construed by the Court;

Whether the Court should grant partial summary judgment of no invalidity of claims 20, 21, and 23 of the '888 Patent for lack of enablement under section 112, based on Defendants' failure to present evidence whether a POSITA could make or use the claimed invention without undue experimentation;

Whether the Court should grant summary judgment of no invalidity of claims 20, 21, and 23 of the '888 Patent in light of the previous two issues; and

Whether the Court should grant partial summary judgment of no invalidity over Chitrapu in view of TS 36.300 or over Chitrapu in view of TS 23.401, because Defendants cannot show that the 3GPP documents (TS 36.300 and TS 23.401) are prior art.

## III.    <u>STATEMENT OF UNDISPUTED FACTS</u>

1.    On May 24, 2024, Defendants' and Intervenors' expert Dr. van der Weide submitted his expert report concerning those parties' affirmative defenses and declaratory judgment counterclaims of invalidity of the asserted patents. Ex. A ("van der Weide Report"). With respect

to the '888 Patent, this report presented opinions on obviousness under section 103 and lack of enablement under section 112.[2] Ex. A ¶¶ 751-1021, 1039-42.

### A.    Obviousness

2.    The van der Weide Report presents four grounds of invalidity for obviousness under 35 U.S.C. § 103. Ex. A ¶¶ 751-1021.

3.    One of the stated obviousness grounds in the van der Weide Report, Chitrapu in view of TS 36.300, exactly duplicates the ground of invalidity presented by Defendants in a pending IPR challenging the '888 Patent. Ex. A ¶¶ 825-888; Ex. C (IPR2024-00137 Petition) at 6-7. In order to obtain institution of that IPR, Defendants stipulated not to "pursue invalidity against the asserted claims in the district court using the specific combination of prior art references set forth in the grounds presented in this Petition for purposes of establishing obviousness" if the IPR was instituted. *Id.* at 62. The IPR was instituted, with the Board relying on that stipulation. Ex. D (IPR2024-00137 Institution Decision) at 13-14. Accordingly, Defendants cannot assert obviousness over Chitrapu in view of TS 36.300.

4.    Claim 20 of the '888 is an independent claim, and claims 21 and 23 depend from claim 20. Ex. B ("'888 Patent"). Claim 20 includes a limitation requiring an "adaption manager."

5.    The only analysis of "adaption manager" that Defendants are not already preclude from presenting is disclosed in paragraphs 809-11 of the van der Weide Report, discussing obviousness over Chitrapu alone. Ex. A ¶¶ 809-11. These paragraphs are incorporated by reference, and in part reiterated, in the discussions of Chitrapu in view of TS 23.401 and Chitrapu in view of Holma, without additional analysis. *Id.* ¶¶ 938-40, 1009-1011.

---

[2] The van der Weide Report contains a passing conclusory statement regarding "written description," without a corresponding analysis. Ex. A ¶ 1038. This is presumably an editing oversight carried over from the discussion of a different patent. *Cf. id.* ¶ 643.

6.      The Court construed the term "adaption manager" as follows. Dkt. No. 131 at 16-19, 28.

| Claim Term | Court's Construction |
|---|---|
| "adaption manager" ('888 Patent, Claim 20) | Governed by 35 U.S.C. § 112¶ 6.<br><br>**Function**: receive a handoff request from the second wireless network, the handoff request based, at least in part, on a determination by the second wireless network that the wireless device is capable of being covered by the first wireless network; cause a beam from among the one or more adaptable beams to be adapted in order to enable the wireless device to be covered by the first wireless network; transmit a confirmation to the second wireless network to indicate acceptance of the handoff request, wherein the wireless device is handed off from the second wireless device is handed off to the first wireless network<br><br>**Structure**: adaption manager 122 (FIGS. 1A–1C, 3, 5, 5:18–20, 6:18–7:23, 8:65–10:13, 12:23–13:28, 13:62–15:45) and equivalents |

7.      The '888 Patent specification describes the structure of adaption manager 122 with an exemplary flow chart in Figure 5 and description of the operation of adaption manager 122 through blocks 510 to 540. '888 Patent, Fig. 5 and 12:12-13:28. This disclosure is cited within the Court's construction under § 112 ¶ 6.

8.      Under the Court's construction of "adaption manager," at least block 520 "Adapt Coverage Area?" is a mandatory component of the corresponding structure. '888 Patent at 12:48-63; Ex. E (Deposition Transcript of Dr. van der Weide) at 119:4-21.

9.      The van der Weide Report does not include any analysis or explanation why the prior art renders obvious an adaption manager comprising block 520 "Adapt Coverage Area?". Ex. A ¶¶ 809-11, 938-40, 1009-1011.

### B.     Enablement

10.     The van der Weide Report presents a single theory of invalidity for lack of enablement for the '888 Patent, focusing on the "adaption manager" limitation of claims 20, 21, and 23. Ex. A ¶¶ 1039-42. The theory is contingent on two assumptions, stating that the claims lack enablement only (1) "if Cobblestone argues that the prior art described above does not render the features of the 888 Patent obvious" and (2) "to the extent Cobblestone argues that complicated handover signaling procedures and complex signal propagation algorithms like beamforming meet the adaption manager limitation." *Id.* ¶¶ 1040-42.

11.     The van der Weide Report lacks any articulated analysis of whether a person of ordinary skill in the art would be able to make and use the full scope of the claim without undue experimentation, and lacks any non-conclusory discussion of (1) the quantity of experimentation necessary, (2) the amount of direction or guidance presented, (3) the presence or absence of working examples, (4) the nature of the invention, (5) the state of the prior art, (6) the relative skill of those in the art, (7) the predictability or unpredictability of the art, and (8) the breadth of the claims. *Id.* ¶¶ 1040-42.

### C.     3GPP Public Availability

12.     Dr. van der Weide presents two theories of invalidity for obviousness based on 3GPP documents: Chitrapu in view of TS 36.300 (Ex. A at ¶¶ 825-890) and Chitrapu in view of TS 23.401 (*id.* at ¶¶ 891-951).

13.     Defendants' IPR stipulation precludes them from asserting obviousness over Chitrapu in view of TS 36.300, as explained in Fact 3 above.

14.     Dr. van der Weide relies exclusively on the purportedly expert opinion of Mr. Bishop to establish the date on which the 3GPP documents were allegedly publicly available. Ex. A ¶¶ 715,

729. Dr. van der Weide does not offer his own independent opinions, or any other evidence, establishing that the 3GPP documents were publicly available prior to the priority date of the relevant patents.

## IV.    <u>LEGAL STANDARD</u>

Summary judgment is warranted when the pleadings, depositions, answers to interrogatories, and admissions on file, altogether with the affidavits show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Rather, in order to avoid summary judgment, Defendants and Intervenors must present enough evidence for the factfinder to reasonably find in their favor. *Anderson*, 477 U.S. at 252.

As parties raising invalidity of the '888 Patent as an affirmative defense and as a cause for declaratory judgment, the burden is on Defendants and intervenors to establish invalidity. *Jazz Photo Corp. v. International Trade Com'n*, 264 F.3d 1094, 1102 (Fed. Cir. 2001) ("The burden of establishing an affirmative defense is on the party raising the defense.") Invalidity must be established by clear and convincing evidence. *Microsoft Corp. v. I4I Ltd. Partnership*, 564 U.S. 91, 95 (2011).

## V.    <u>ARGUMENT</u>

### A.    **Defendants cannot show obviousness of Claim 20's "adaption manager."**

This Court has recently confirmed that an obviousness challenge cannot survive summary judgment unless supported by expert witness testimony, except as to disputes that are both "simple

enough to require no opinion testimony" and also supported by "witness testimony" showing that the prior art discloses the limitation. *Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, No. 2:22-cv-125-JRG-RSP, Slip Op. at 3, 2023 WL 8535212, at *2 (E.D. Tex. Dec. 1, 2023), report and recommendation adopted, 2023 WL 8534481 (E.D. Tex. Dec. 8, 2023). *See also Proveris Sci. Corp. v. Innovasystems, Inc.*, 536 F.3d 1256, 1267–68 (Fed. Cir. 2008) (affirming requirement for expert testimony to establish invalidity). Here, Defendants can present no evidence at all showing obviousness of the "adaption manager" as construed, and therefore cannot survive summary judgment of no invalidity on the claims including that limitation.

The Court construed the term "adaption manager" in Claim 20 as a § 112(6) term with a specific corresponding structure: "adaption manager 122 (FIGS. 1A–1C, 3, 5, 5:18–20, 6:18–7:23, 8:65–10:13, 12:23–13:28, 13:62–15:45) and equivalents." Dkt. No. 131 at 16-19, 28. The van der Weide Report cites this construction but fails to address the corresponding structure with any specificity. Ex. A ¶¶ 810-11. Instead, Dr. van der Weide opines that "Chitrapu discloses an adaption manager that performs the *functions* listed in elements 20.b," without contending that Chitrapu discloses the *structure* as construed. *Id.* ¶ 811 (emphasis added). The report relies exclusively on two structures in Chitrapu, the "beam former" and "geolocation processor," for this limitation. *Id.* As Dr. van der Weide explains:

> The geolocation processor processes UE location information relative to the base stations… The beam former on the other hand 'controls the RF module to transmit or receive communication data for a selected UE in a shaped beam that encompasses an estimated location of the selected UE where geolocation data which corresponds to the estimated location of the selected UE is processed by the geolocation processor."

*Id.* The van der Weide Report fails to address, even in conclusory form, any portion of the Court's § 112(6) construction.

And this is not a situation where the corresponding structure portion of the Court's § 112(6) construction is mere surplusage that can be entirely overlooked. The Court's construction incorporates the '888 Patent's Figure 5 and the corresponding description at 12:23-13:28, which includes specific algorithmic blocks. For example, one of the blocks is "decision block 520 (Adapt Coverage Area?)." *Id.* at 12:48-63. The patent provides a clear disclosure of what this block is, along with non-limiting exemplary embodiments:

> Continuing from block 510 to decision block 520 (Adapt Coverage Area?), adaption manager 122 may include logic and/or features configured to determine whether to adapt the coverage area for wireless network 120 (e.g., via cost feature 314). In some examples, adaption manager 122 may evaluate the costs associated with a handoff of wireless device 130A to wireless network 120 and base a determination on the associated costs. Those costs may be based on criteria to include a predetermined network load placed on wireless network 120 if wireless device 130A is handed off. The costs may also be based on an effect of adapting the coverage area on other wireless devices coupled to wireless network 120 (e.g., wireless device 140A-I). If a determination is made by adaption manager 122 to adapt the coverage area, processing continues from decision block 520 to block 530. Otherwise, processing comes to an end.

'888 Patent at 12:48-63.

It is undisputed that the Court's corresponding-structure construction requires an analysis of at least block 520. In particular, Dr. van der Weide himself presented that opinion:

> [Q.] Is it your understanding that under the Court's claim construction, it is necessary to show the presence of blocks 520 and 530?
>
> A. Well, the Court's claim construction cites to structure that includes Figure 5 for the structure of adaption manager 122, and in Figure 5 there is a decision block 520 labeled "adapt coverage area" with a question mark. And there's also an element 530 labeled "adapt one or more beams."
>
> So my understanding of the Court's claim construction and its citation to structure for adaption manager includes at least the description set forth in Figure 5.
>
> Q. Okay. So you agree that blocks 520 and 530 are mandatory elements of the Court's claim construction for adaption manager, correct?
>
> A. That's how I read the Court's claim construction.

Ex. E (Deposition Transcript of Dr. van der Weide) at 119:4-21.

Dr. van der Weide fails to provide any obviousness analysis of block 520, or indeed any explanation of how any of his asserted combinations render obvious any determination *whether* to adapt the coverage area as required by the Court's construction. Because showing invalidity by obviousness requires showing each and every claim limitation as arranged in the claim, Dr. van der Weide's analysis is necessarily incomplete and fails to show invalidity of either claim 20 or the claims that depend from it. And as Defendants cannot present any other evidence showing the presence of that limitation, partial summary judgment of no obviousness of '888 Patent claims 20, 21, and 23 should be granted in favor of Cobblestone.

> **B.     Defendants cannot show that a POSITA would require undue experimentation to make an "adaption manager."**

To be enabling, a patent specification "must teach those skilled in the art how to make and use the full scope of the claimed invention without 'undue experimentation.'" *Trs. of Boston Univ. v. Everlight Elecs. Co.*, 896 F.3d 1357, 1362 (Fed. Cir. 2018). Enablement is determined by analysis of all the underlying facts, including: "(1) the quantity of experimentation necessary, (2) the amount of direction or guidance presented, (3) the presence or absence of working examples, (4) the nature of the invention, (5) the state of the prior art, (6) the relative skill of those in the art, (7) the predictability or unpredictability of the art, and (8) the breadth of the claims." *In re Wands*, 858 F.2d 731, 735, 737 (Fed. Cir. 1988). The Federal Circuit has clearly and explicitly held that "[t]he dispositive question of enablement does not turn on whether the accused product is enabled." *Durel Corp. v. Osram Sylvania Inc.*, 256 F.3d 1298, 1306 (Fed. Cir. 2001).

To prevail on an enablement challenge, a defendant must "show by clear and convincing evidence that a person of ordinary skill in the art would not be able to practice the claimed invention without 'undue experimentation.'" *Alcon Research Ltd. v. Barr Laboratories, Inc.*, 745 F.3d 1180, 1188 (Fed. Cir. 2014). Without evidence that experimentation is needed, the analysis

ends.  *See id.*  If there is evidence that experimentation is needed, the court must determine whether the amount of necessary experimentation is "undue."  *Id.*  It is reversible error to find lack of enablement if the challenger fails to make "the threshold showing that *any* experimentation is necessary" to practice the invention.  *Id.* at 1189 (emphasis added).

Defendants' conclusory evidence regarding enablement fails to meet even the threshold showing. Defendants ignore that enablement merely requires that a POSITA be able to make and use the invention without undue experimentation. Defendants present no evidence whether a POSITA would be able to make and use the invention, or that any experimentation would be required, much less that it would take undue experimentation. Instead, Dr. van der Weide provides a total of two paragraphs supporting lack of enablement. Ex. A ¶¶ 1041-42. These paragraphs cannot discharge Defendants' heavy burden.

Stripping away conclusory statements merely reiterating the legal standard for enablement, Dr. van der Weide seems to say two things. First, that "to the extent Cobblestone argues that complicated handover signaling procedures and complex signal propagation algorithms like beamforming meet the adaption manager limitation," the specification fails to provide "detailed guidance, working examples, or specific implementation instructions" to implement such algorithms. Ex. A ¶ 1041. Second, "to the extent Cobblestone argues that complicated handover signaling procedures and complex signal propagation algorithms like beamforming meet the adaption manager limitation," the specification fails to "provide any enabling disclosure on how to implement the claimed invention in the context of existing wireless communication systems and standard[s]," for example integrating handover and beamforming. *Id.* ¶ 1042. Both of these arguments fail.

Dr. van der Weide is plainly addressing the wrong question. His references to Cobblestone's "argu[ments]" about "complicated handover signaling procedures and complex signal propagation algorithms like beamforming" can only be interpreted as a reference to Cobblestone's infringement contentions. Dr. van der Weide appears to contend, without evidence or support, that Defendants' and Intervenors' accused instrumentalities are "complicated" and "complex" in a way that the patent fails to enable. But he does not and cannot explain why those complications are in any way relevant to the *claim scope*; therefore, his opinions cannot support lack of enablement.

The Federal Circuit has emphasized that the enablement requirement "is limited to what is claimed... [it] requires enablement of 'only the claimed invention,' not matter outside the claims." *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 959 F.3d 1091, 1100 (Fed. Cir. 2020). It is not sufficient for a patent challenger to invoke "an abstract assertion of breadth, without concrete identification of matter that is not enabled but is or may be within the claim scope." *Id.* at 1101. Defendants' only evidence fails these requirements. Instead of identifying a concrete embodiment within the scope of the claims but not enabled, Dr. van der Weide points to abstract "complicated" or "complex" algorithms. And rather than address "what is claimed," he is arguing that the patent specification fails to enable Defendants' accused instrumentalities as a whole. To the extent Defendants and Intervenors have introduced additional unclaimed functionality into their accused systems—which Dr. van der Weide seems to suggest, but has failed to show—that cannot establish lack of enablement.

And furthermore, the van der Weide Report's analysis of supposed "complex" algorithms contradicts the Court's finding that the claimed function of the adaption manager "does not require

11

any complex algorithm" for beamforming.[3] Dkt. 131 at 19. As the Court recognized, the corresponding structure disclosed in the specification is sufficient to perform the recited function. *See id.* at 18-19. As with obviousness, the van der Weide Report fails to address the Court's § 112(6) construction within the enablement analysis at all. For example, Dr. van der Weide does not acknowledge that, under the § 112(6) construction, the claim scope is limited to the corresponding structure disclosed in the patent specification. He does explain how the specification's disclosure can fail to enable the very structure disclosed in the specification, which the Court found was sufficient corresponding structure for the claimed function.

The van der Weide Report also contains a statement that the '888 Patent specification fails to "communicate[] [the invention] to the interested public in a meaningful way… if Cobblestone argues that the prior art described above does not render the features of the 888 Patent obvious." Ex. A ¶ 1040. This statement lacks any explanation, analysis, or evidentiary support, and cannot support Defendants' heavy burden to show invalidity by clear and convincing evidence. It is not clear why the non-obviousness of a patent would render a specific claim limitation not enabled.

Because Defendants cannot present any evidence showing the non-enablement of "adaption manager," partial summary judgment of no invalidity of '888 Patent claims 20, 21, and 23 for lack of enablement should be granted in favor of Cobblestone.

### C. Defendants cannot show that asserted 3GPP obviousness references were publicly available.

Dr. van der Weide relies exclusively on the purportedly expert opinion of Mr. Bishop to establish the date on which the 3GPP documents were allegedly publicly available. Ex. A ¶¶ 715 ("The public availability of TS 36.300 v10.3.0 3GPP TS 36.300 v10.3.0 ("TS 36.300 v10.3.0")

---

[3] To be clear, the van der Weide Report was submitted after the Court issued its tentative construction but before the claim construction order issued. Cobblestone does not mean to suggest that either Defendants or Dr. van der Weide intentionally disregarded an order of the Court.

(JD-COBB_00043079) is described in the Declaration of Craig Bishop, dated May 17, 2024."),
729 ("As explained in Mr. Bishop's declaration, I understand that TS 23.401 was publicly available
as of March 28, 2021."). Dr. van der Weide's reliance on Mr. Bishop's purported opinion is
important because, for example, Defendants and Dr. van der Weide use Mr. Bishop's purported
expert testimony to achieve a purported prior date of March 18, 2011 for reference TS 23.401, a
date that is a little more than a month before the April 29, 2011 priority date for the '888 patent.
*See* Ex. A at ¶¶ 668, 731.

Dr. van der Weide does not offer his own independent opinions establishing that the 3GPP
documents were publicly available prior to the priority date of the relevant patents. Indeed, Dr.
van der Weide expresses little expertise related to 3GPP documentation at all, only disclosing
familiarity with 3GPP from a single international arbitration. *Id.* at ¶ 12. Accordingly, if Mr.
Bishop's expert opinions regarding public availability of the 3GPP documents are struck, Dr. van
der Weide has no additional opinion demonstrating that the 3GPP documents are prior art.[4]
Defendants and Intervenors have no other evidence demonstrating that the 3GPP documents are
prior art, and Cobblestone is entitled to summary judgment of no invalidity for Defendants and
Intervenors grounds that are based on the 3GPP documents at issue.

Accordingly, Cobblestone requests partial summary judgment denying Defendants'
arguments regarding Chitrapu in view of TS 36.300 (Ex. A ¶¶ 825-890) and Chitrapu in view of
TS 23.401 (*id.* ¶¶ 891-951). As to the combination of Chitrapu and TS 36.300, if Defendants
maintain their reliance on this combination, the Court should also grant partial summary judgment

---

[4] Cobblestone is also moving concurrently to strike the portions of Dr. van der Weide's opinions
that rely on Mr. Bishop's faulty declaration. Even if that motion to strike is denied, this Motion
should be granted because Dr. van der Weide's opinions would still be without factual support.

on the basis that the stipulation in IPR2024-00137 prevents Defendants from asserting the same combination in this proceeding, as explained in Undisputed Fact No. 3 above.

## VI.   <u>CONCLUSION</u>

For the foregoing reasons, Cobblestone respectfully requests that the Court grant:

1.      Partial summary judgment of no invalidity (as to either obviousness or lack of enablement) of '888 Patent claims 20, 21, and 23; and

2.      Partial summary judgment of no invalidity of any claim of the '888 Patent as obvious in light of the combination of Chitrapu and TS 36.300 and in light of the combination of Chitrapu and TS 23.401.

Dated: July 3, 2024                              Respectfully submitted,

                                                 */s/ Reza Mirzaie*
                                                 Marc Fenster
                                                 CA State Bar No. 181067
                                                 Reza Mirzaie
                                                 CA State Bar No. 246953
                                                 Neil A. Rubin
                                                 CA State Bar No. 250761
                                                 Amy E. Hayden
                                                 CA State Bar No. 287026
                                                 James Pickens
                                                 CA State Bar No. 307474
                                                 Jonathan Ma
                                                 CA State Bar No. 312773
                                                 Christian W. Conkle
                                                 CA State Bar No. 306374
                                                 RUSS AUGUST & KABAT
                                                 12424 Wilshire Blvd. 12th Floor
                                                 Los Angeles, CA 90025
                                                 Telephone: 310-826-7474
                                                 rak_cobblestone@raklaw.com

                                                 Qi (Peter) Tong
                                                 TX State Bar No. 24119042
                                                 RUSS AUGUST & KABAT
                                                 4925 Greenville Ave, Suite 200
                                                 Dallas, TX 75206

Telephone: 310-826-7474
rak_cobblestone@raklaw.com

Andrea Fair
WARD SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400
andrea@wsfirm.com

***Attorneys for Plaintiff Cobblestone Wireless, LLC***

15

## CERTIFICATE OF CONFERENCE

Pursuant to Eastern District of Texas Local Rule CV-7(h), I certify that counsel for Cobblestone met and conferred telephonically on June 28, 2024 in a good faith effort to resolve all the issues addressed in this Motion but were unable to reach agreement.

*/s/ Reza Mirzaie*
Reza Mirzaie

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document is being served on all counsel of record via the Court's CM/ECF system on July 3, 2024.

*/s/ Reza Mirzaie*
Reza Mirzaie

16