# Exhibit C

UNITED STATES PATENT AND TRADEMARK OFFICE

BEFORE THE PATENT TRIAL AND APPEAL BOARD

T-Mobile USA, Inc., AT&T Services Inc., AT&T Mobility LLC, AT&T Corporation, Cellco Partnership d/b/a Verizon Wireless, Nokia of America Corporation, Ericsson Inc.
Petitioners

v.

Cobblestone Wireless LLC
Patent Owner

Case IPR2024-00137
Patent 9,094,888

**PETITION FOR *INTER PARTES* REVIEW OF U.S. PATENT NO. 9,094,888**

## VI.    IDENTIFICATION OF CHALLENGE

Petitioners request *inter partes* review on the below grounds. Per 37 C.F.R. § 42.6(c), copies of the references are filed with this petition. In support of these grounds, this petition is accompanied by a Declaration of Mr. James A. Proctor.

| Ground | '888 Patent Claims | Basis for Ground |
|---|---|---|
| 1 | 9, 10, 12, 20, 21, 23 | Obvious over U.S. Patent Publication No. 2006/0111149A1 to Chitrapu et al., (Chitrapu) in combination with 3GPP Technical Specification 36.300 V10.3.0 (TS 36.300). |

As stated on the face of the patent, the earliest priority date of the '888 patent is April 29, 2011. Each of the relied upon references is prior art to this patent for the reasons stated below.

**Chitrapu** (Ex. 1003): U.S. Patent Publication No. 2006/0111149A1 to Chitrapu et al. ("Chitrapu"), titled "System and Method Utilizing Dynamic Beam Forming for Wireless Communication Signals," was filed on December 22, 2005, and is a continuation of a patent application that was filed on November 27, 2002. Chitrapu published on May 25, 2006, and thus is prior art under at least 35 U.S.C. § 102(b).

**TS 36.300** (Ex. 1223): 3GPP TS 36.300 V10.3.0 is a version of a technical specification for the Long Term Evolution ("LTE") standard developed and

maintained by the 3rd Generation Partnership Project ("3GPP"). This specification was developed by the Technical Specification Group (TSG). The TSG deliverables are published and publicly available on the 3GPP website. Ex. 1006, ¶¶26-27, *see also* Ex. 1201-28. Technical Specification (TS) 36.300 was publicly available at least as early as it was published on April 5, 2011. Ex. 1006, ¶¶49-57; *see also* Ex. 1201-28. Therefore, TS 36.300 is prior art under at least 35 U.S.C. § 102(a).

## VII. BACKGROUND

### A. Person of Ordinary Skill in the Art

A POSITA at the time of the alleged invention of the '888 Patent would have had at least a bachelor's degree in electrical engineering, computer engineering, computer science, physics, or the equivalent, and at least two years of experience working in the field. Ex. 1005, ¶41. Relevant working experience would include experience with telecommunications and networking, radio-access network architectures, protocols and signal propagation, and including handovers in wireless networks. Ex. 1005, ¶41. More education can supplement practical experience and vice versa. Ex. 1005, ¶41.

### B. Handover

At the time the '888 Patent was filed, a POSITA would have known that cellular network operators had deployed multiple types of networks in the United States. For example, networks operating according to the Third-Generation (3G)

stages of litigation: discovery is still in the preliminary stages, the Defendants filed their invalidity contentions in May 2023, and Claim Construction is not scheduled until April 30, 2024. Ex. 1012 at 3. Moreover, a claim construction order will not issue prior to the PTAB's projected institution decision date. Accordingly, the district court will not invest significant resources or issue substantive orders related to the challenged patent prior to the issuance of an institution decision. *See Fintiv*, IPR2020-00019, Paper 11 at 9-12. Regardless, Petitioners diligently prepared this Petition and filed well in advance of the statutory deadline, which weighs against denying institution.

*Factor 4*—overlap in the parallel proceedings—favors institution. Instituting trial will allow issues to be narrowed in the district court because, if instituted, Petitioners stipulate that they will not pursue invalidity against the asserted claims in the district court using the specific combination of prior art references set forth in the grounds presented in this Petition for purposes of establishing obviousness. *See Sand Revolution II LLC v. Continental Intermodal Group-Trucking LLC*, IPR2019-01393, Paper 24 at 11-12 (PTAB June 16, 2020) (holding a similar stipulation weighs against discretionary denial). Given the lack of overlap between the proceedings, this factor weighs against the Board exercising discretion to deny.

*Factor 5*—overlapping parties—is neutral as it is "far from an unusual circumstance that a petitioner in *inter partes* review and a defendant in a parallel

62

district court proceeding are the same." *Sand*, No. IPR2019-01393, Paper 24, at 12-13.

***Factor 6***—other considerations—weighs against discretionary denial. As explained, the merits of the Petition are strong, and the Challenged Claims are invalid. For example, none of the grounds asserted herein were previously considered by either the Office or the district courts. *Cf. Comcast Cable Commn's, LLC v. Rovi Guides, Inc.*, IPR2019-00231, Paper 14 at 11 (PTAB May 20, 2019) (obviousness challenges not "previously considered by the Office or any court" weigh in favor of not denying institution). Moreover, the '888 Patent is currently asserted in a district court case. Institution of this IPR provides the opportunity for narrowing and simplifying the litigations for the district court.

***Compelling Merits*** – Finally, discretionary denial is not warranted because this petition presents compelling evidence of unpatentability. Ex. 1013 at 2. Chitrapu in view of TS 36.300 presents compelling invalidity arguments with clear disclosures of the allegedly novel aspects of the challenged claims.

Accordingly, the Board should decline to exercise its discretion under *Fintiv* and institute trial.

## XII.  CONCLUSION

For the reasons provided above, *inter partes* review of claims 9, 10, 12, 20, 21 and 23 of U.S. Patent No. 9,094,888 is requested.

| | |
|---|---|
| Dated: November 22, 2023 | Respectfully submitted, |
| | /John D. Haynes/ |
| | John D. Haynes |
| | Reg. No. 44,754 |
| | John.Haynes@alston.com |
| | David S. Frist |
| | Reg. No. 60,511 |
| | David.Frist@alston.com |
| | Michael C. Deane |
| | Reg. No. 70,389 |
| | Michael.Deane@alston.com |
| | *Attorneys for Petitioners,* T-Mobile USA, Inc., AT&T Services Inc., AT&T Mobility LLC, AT&T Corporation, Cellco Partnership d/b/a Verizon Wireless, Nokia of America Corporation, and Ericsson Inc. |

## CERTIFICATE OF WORD COUNT

The undersigned hereby certifies that the portions of the above-captioned Petition for *Inter Partes* Review of U.S. Patent No. 9,094,888 specified in 37 C.F.R. § 42.24 have 10,489 words, in compliance with the 14,000 word limit set forth in 37 C.F.R. § 42.24(a)(1)(i). This word count was prepared using Microsoft Word 2010.

| | |
|---|---|
| Dated: November 22, 2023 | Respectfully submitted, |

*Inter Partes* Review of U.S. Patent No. 9,094,888

/John D. Haynes/
John D. Haynes
Reg. No. 44,754
John.Haynes@alston.com
David S. Frist
Reg. No. 60,511
David.Frist@alston.com
Michael C. Deane
Reg. No. 70,389
Michael.Deane@alston.com

*Attorneys for Petitioners,*
T-Mobile USA, Inc., AT&T Services Inc., AT&T Mobility LLC, AT&T Corporation, Cellco Partnership d/b/a Verizon Wireless, Nokia of America Corporation, and Ericsson Inc.

65

*Inter Partes* Review of U.S. Patent No. 9,094,888

# CERTIFICATION OF SERVICE (37 C.F.R. §§ 42.6(e), 42.105(a))

The undersigned hereby certifies that true and correct copies of the above-captioned **PETITION FOR *INTER PARTES* REVIEW OF U.S. PATENT NO. 9,094,888**, all associated exhibits, and Petitioner's Power of Attorney were served in their entireties on November 22, 2023, upon the following parties via UPS® Express:

| | |
|---|---|
| Carl Brundidge | (703) 684-1470 |
| Thomas Peterson | (703) 328-7249 |
| David Moore | (202) 375-9052 |
| Theodore Shih | (312) 269-8869 |
| Leena Mauskar | (571) 384-8352 |
| Misung Lee | (571) 384-8352 |
| Kumiko Kitaoka | -- |

Brundidge & Stanger, P.C.
1925 Ballenger Avenue, Ste. 560
Alexandria, VA 22314
United States

| | |
|---|---|
| Reza Mirzaie | rmirzaie@raklaw.com |
| Marc A. Fenster | mfenster@raklaw.com |
| Neil A. Rubin | nrubin@raklaw.com |
| Christian W. Conkle | cconkle@raklaw.com |
| Jonathan Ma | jma@raklaw.com |

RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
United States

Dated: November 22, 2023          Respectfully submitted,

/John D. Haynes/

66

*Inter Partes* Review of U.S. Patent No. 9,094,888

>John D. Haynes
>Reg. No. 44,754
>John.Haynes@alston.com
>David S. Frist
>Reg. No. 60,511
>David.Frist@alston.com
>Michael C. Deane
>Reg. No. 70,389
>Michael.Deane@alston.com
>
>*Attorneys for Petitioners,*
>T-Mobile USA, Inc., AT&T Services Inc., AT&T Mobility LLC, AT&T Corporation, Cellco Partnership d/b/a Verizon Wireless, Nokia of America Corporation, and Ericsson Inc.