# Exhibit D

Trials@uspto.gov  Paper 15
571-272-7822  Date: May 22, 2024

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

T-MOBILE USA, INC., AT&T SERVICES INC.,
AT&T MOBILITY LLC, AT&T CORPORATION,
CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,
NOKIA OF AMERICA CORPORATION, AND ERICSSON INC.,
Petitioner,

v.

COBBLESTONE WIRELESS LLC,
Patent Owner.

_____

IPR2024-00137
Patent 9,094,888 B2

_____

Before BARBARA A. PARVIS, NATHAN A. ENGELS, and
RUSSELL E. CASS, *Administrative Patent Judges.*

PARVIS, *Administrative Patent Judge.*

DECISION
Granting Institution of *Inter Partes* Review
*35 U.S.C. § 314*

IPR2024-00137
Patent 9,094,888 B2

## I. INTRODUCTION

T-Mobile USA, Inc., AT&T Services, Inc., AT&T Mobility LLC, AT&T Corporation, Cellco Partnership d/b/a Verizon Wireless, Nokia of America Corporation, and Ericsson Inc. (collectively, "Petitioner") filed a Petition (Paper 1 ("Pet.")) requesting *inter partes* review of claims 9, 10, 12, 20, 21, and 23 ("challenged claims") of U.S. Patent No. 9,094,888 B2 (Ex. 1001, "the '888 patent"). Cobblestone Wireless LLC ("Patent Owner") filed a Preliminary Response. Paper 11 ("Prelim. Resp."). With authorization, Petitioner filed a Preliminary Reply (Paper 13 ("Prelim. Reply")), and Patent Owner filed a Preliminary Sur-reply (Paper 14 ("Prelim. Sur-reply")).

We have authority to determine whether to institute review under 35 U.S.C. § 314 and 37 C.F.R. § 42.4. We may institute an *inter partes* review if "the information presented in the petition . . . and any response . . . shows that there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C. § 314(a).

Upon consideration of the contentions and the evidence of record at this preliminary stage, we determine that Petitioner has demonstrated a reasonable likelihood of prevailing on at least one of the challenged claims of the '888 patent. Accordingly, we grant Petitioner's request and institute an *inter partes* review of all challenged claims of the '888 patent and with respect to all grounds set forth in the Petition.

IPR2024-00137
Patent 9,094,888 B2

## II. BACKGROUND

A. *Real Parties in Interest*

Petitioner identifies T-Mobile USA, Inc., AT&T Services, Inc., AT&T Mobility LLC, AT&T Corporation, Cellco Partnership d/b/a Verizon Wireless, Nokia of America Corporation, and Ericsson Inc. Pet. 2–3. Petitioner also identifies Samsung Electronics Co., Ltd., because it is named as a defendant and its products are accused of infringement in a related district court litigation. *Id.* at 3. Patent Owner names itself as the real party in interest. Paper 9, 2.

B. *Related Matters*

Both parties identify, as matters involving or related to the '888 patent, the following district court proceedings: *Cobblestone Wireless, LLC v. T-Mobile USA, Inc.*, No. 2:22-cv-00477 (E.D. Tex.) (identified as the "LEAD CASE" (Ex. 1012) and referred to herein as the "parallel district court case"); *Cobblestone Wireless, LLC v. Cellco Partnership d/b/a Verizon Wireless*, No. 2:22-cv-00478 (E.D. Tex.); *Cobblestone Wireless, LLC v. AT&T Inc.*, No. 2:22-cv-00474 (E.D. Tex.); and *Cobblestone Wireless, LLC v. Samsung Electronics Co.*, No. 2:23-cv-00285 (E.D. Tex.). Pet. 3–4; Paper 9, 2. Also, Samsung Electronics America, Inc. filed a petition on December 18, 2023, challenging the '888 patent in IPR2024-00315.

C. *The '888 Patent*

The '888 patent is titled "Wireless Device Handoff Between Wireless Networks." Ex. 1001, code (54). The '888 patent describes "example methods to be implemented at a first wireless network to handoff a wireless device to a second wireless network." *Id.* at 1:38–40. One embodiment of a

3

IPR2024-00137
Patent 9,094,888 B2

Patent Owner argues "the parties and the district court will have invested significant time and resources" in the parallel district court case and that the case will be "far along" at the time of institution. Prelim. Resp. 32. Patent Owner argues, "an order resulting from the May 2, 2024 *Markman* hearing (Ex. 2001) will likely issue" prior to May 29, 2024, and fact discovery and the exchange of opening expert reports also will be completed prior to May 29, 2024. *Id.* at 30–31. Regarding invalidity, Patent Owner argues that, in view of the schedule of the parallel district court case, "[r]ealistically, Patent Owner and its expert will have to begin work on the rebuttal report before receiving the institution decision." *Id.* at 31. Regarding diligence, Patent Owner argues Petitioner "unduly delayed in filing their Petition, filing just a month before the statutory deadline." *Id.* at 32.

Because the *Markman* hearing will be completed prior to the time of the institution decision and the parties have invested resources on invalidity, including that Patent Owner will have begun work on its rebuttal report on invalidity, we find that factor 3 weighs in favor of exercising discretion to deny institution.

D.   *Fintiv Factor 4: Overlap Between Issues Raised in the Petition and Parallel Proceeding*

Under the fourth *Fintiv* factor, we consider the "overlap between issues raised in the petition and in the parallel proceeding." *Fintiv*, Paper 11, 6. The Petition states that "if instituted, Petitioners stipulate that they will not pursue invalidity against the asserted claims in the district court using the specific combination of prior art references set forth in the grounds presented in this Petition for purposes of establishing obviousness." Pet. 62. Patent Owner argues that the fourth *Fintiv* factor favors institution despite Petitioner's stipulation. Prelim. Sur-reply 5. In particular, Patent Owner

13

IPR2024-00137
Patent 9,094,888 B2

asserts that Petitioner's "limited" stipulation "does not alleviate inefficiency concerns." Prelim. Resp. 35.

Petitioner's stipulation that it will not rely on the grounds asserted in the Petition in the parallel district court case mitigates to at least some degree concerns of duplicative efforts and potentially conflicting decisions. *See Sand Revolution*, Paper 24, 12. Thus, we find that factor 4 weighs marginally against exercising discretion to deny institution.

E.  Fintiv *Factor 5: Whether Petitioner is the Defendant in the Parallel Proceeding*

Under the fifth *Fintiv* factor, we consider "whether the petitioner and the defendant in the parallel proceeding are the same party." *Fintiv*, Paper 11, 6. Petitioner acknowledges "overlapping parties" and argues factor 5 is neutral. Pet. 62. Patent Owner argues "Petitioners are the defendants and intervenors in the parallel litigation" and, therefore, factor 5 weighs in favor of exercising discretion to deny institution. Prelim. Resp. 37.

In light of the Board's deadline for a Final Written Decision and the current trial date in the parallel district court case, we find that factor 5 weighs in favor of exercising discretion to deny institution.

F.  Fintiv *Factor 6: Other Considerations*

Under the sixth *Fintiv* factor, we consider "other circumstances that impact the Board's exercise of discretion, including the merits." *Fintiv*, Paper 11, 6. As discussed above, factor 1 is neutral, factors 2, 3, and 5 weigh in favor of discretionary denial of institution, and factor 4 weighs marginally against discretionary denial. We take "a holistic view of whether efficiency and integrity of the system are best served by denying or instituting review."

14

IPR2024-00137
Patent 9,094,888 B2

For PETITIONER:

John Haynes
David Frist
Michael Deane
ALSTON & BIRD LLP
john.haynes@alston.com
david.frist@alston.com
michael.deane@alston.com

For PATENT OWNER:

Reza Mirzaie
Amy Hayden
Neil Rubin
Qi Tong
RUSS, AUGUST & KABAT
rmirzaie@raklaw.com
ahayden@raklaw.com
nrubin@raklaw.com
ptong@raklaw.com