IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00477-JRG-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED**<br><br>**FILED UNDER SEAL** |
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>AT&T SERVICES INC.; AT&T MOBILITY LLC; AT&T CORP.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00474-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00478-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF COBBLESTONE WIRELESS, LLC'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS AND INTERVENORS' AFFIRMATIVE DEFENSES ALLEGING LACK OF STANDING**

## TABLE OF EXHIBITS

All exhibits referenced herein are attached to the concurrently filed Declaration of Reza Mirzaie.

| Exhibit | Document Description |
|---|---|
| A | Patent Purchase Agreement between Allied Inventors, LLC; Empire Technology Development, LLC; and Cobblestone Wireless LLC (September 28, 2022) |
| B | Confirmatory Assignment Document (October 14, 2022) |
| C | Notice of Recordation of Assignment Document (December 15, 2022) |
| D | Cobblestone's First Set of Common Interrogatories (April 5, 2023) |
| E | T-Mobile's First Supplemental Response to Interrogatory No. 12 (February 13, 2024) |
| F | Patent Assignment Cover Sheet (September 30, 2022) |

███████████████████████████████████ ORDER

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................... 1

II. STATEMENT OF ISSUES (LOCAL RULE CV-56(A)(1)) .................................. 1

III. STATEMENT OF UNDISPUTED MATERIAL FACTS (LOCAL RULE CV-56(A)(2)) ... 1

IV. LEGAL STANDARD ............................................................................................. 4

    A. Standing ...................................................................................................... 4

    B. Summary Judgment .................................................................................... 5

V. DEFENDANTS HAVE NOT AND CANNOT RAISE ANY GENUINE ISSUE OF MATERIAL FACT IN SUPPORT OF THEIR AFFIRMATIVE DEFENSE OF LACK OF STANDING ............................................................................................ 6

    A. The Patent Purchase Agreement Confers Cobblestone Constitutional and Prudential Standing to Bring Its Claims Against Defendants ................... 6

VI. CONCLUSION ........................................................................................................ 8

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ................................................................................................... 5

*AsymmetRx, Inc. v. Biocare Med., LLC*,
  582 F.3d 1314 (Fed. Cir. 2009) .................................................................................. 4

*Bhandari v. Cadence Design Sys., Inc.*,
  485 F.Supp.2d 747 (E.D. Tex. 2007) .......................................................................... 6

*Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) ....................................................... 5

*IP Innovation L.L.C. v. Google, Inc.*,
  661 F.Supp.2d 659 (E.D. Tex. 2009) ..................................................................... 6, 8

*Lone Star Silicon Innovations LLC v. Nanya Tech. Co.*,
  925 F.3d 1225 (Fed. Cir. 2019) .................................................................................. 4

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) ................................................................................................. 5

*Morrow v. Microsoft Corp.*,
  499 F.3d 1332 (Fed. Cir. 2007) ............................................................................. 6, 7

*Schwendimann v. Arkwright Advanced Coating, Inc.*,
  959 F.3d 1065 (Fed. Cir. 2020) .................................................................................. 4

*SiRF Tech., Inc. v. I.T.C.*,
  601 F.3d 1319 (Fed. Cir. 2010) .................................................................................. 4

*Speedplay, Inc. v. Bebop, Inc.*,
  211 F.3d 1245 (Fed. Cir. 2000) .................................................................................. 8

**Statutes**

35 U.S.C. § 100(d) ............................................................................................................ 4

35 U.S.C. § 261 ................................................................................................................ 4

**Rules**

FED. R. CIV. P. 56(c) ....................................................................................................... 5

FED. R. CIV. P. 56(e) ....................................................................................................... 5

**I.     INTRODUCTION**

Plaintiff Cobblestone Wireless, LLC ("Cobblestone") moves for summary judgement in its favor on Defendants' and Intervenors' affirmative defenses based on an alleged lack of standing. Defendants (and Intervenors) have not and cannot identify any genuine triable issue regarding their affirmative defense alleging lack of standing, and summary judgment in Cobblestone's favor is thus appropriate.

**II.    STATEMENT OF ISSUES (LOCAL RULE CV-56(a)(1))**

1. Whether Cobblestone has constitutional standing to bring patent infringement claims against Defendants on United States Patent No. 8,891,347 (the "'347 Patent"), United States Patent No. 9,094,888 (the "'888 Patent"), and United States Patent No. 10,368,361 (the "'361 Patent") (collectively, the "Patents-in-Suit") by having been assigned "all right, title, and interest" in these patents prior to the filing of this lawsuit.

2. Whether Cobblestone has prudential standing to bring patent infringement claims against Defendants where it was granted all substantial rights in the Patents-in-Suit prior to bringing this action.

**III.   STATEMENT OF UNDISPUTED MATERIAL FACTS (LOCAL RULE CV-56(a)(2))**

On September 28, 2022, ▮▮▮▮ and Cobblestone Wireless LLC ("Cobblestone" or "Purchaser") executed a Patent Purchase Agreement ("Agreement"). *See* Exhibit A. In the Agreement, Allied and Empire (together "Seller") ▮▮▮▮ *Id*. at Section 2.1 The Purchased Patents are further defined in the Agreement as ▮▮▮▮ *Id*. at Section 1.8. Exhibit

1

A to the Agreement identifies ▓▓▓▓▓▓▓ including the three Patents-in-Suit. *See id.* at Exhibit A (listing the '361 Patent, the '888 Patent, and the '347 Patent under the heading "Purchased Patents"). The Agreement was fully executed ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ on September 28, 2022. *Id*. at 9.

As set forth in the Agreement, on October 14, 2022, Empire next executed a Confirmatory Assignment Document ("Confirmatory Assignment") that "irrevocably confirms the assignment to Cobblestone…, as of the date set forth below, the entire rights, privileges, title and interest for the United States of America and its territorial possessions, and all foreign countries including all rights of priority, in inventions disclosed in the patents and patent applications identified on EXHIBIT A." Exhibit B. The Confirmatory Assignment was recorded with the United States Patent and Trademark Office on December 15, 2022. Exhibit C.

Cobblestone then filed the Complaints giving rise to these consolidated cases on December 15 and 16, 2022. *See* Dkt. No. 1 (filed December 16, 2022); Case No. 2:22-cv-474 (Member Case), Dkt. No. 1 (filed December 15, 2022); Case No. 2:22-CV-478 (Member Case), Dkt. No. 1 (filed December 16, 2022). As set forth in each of the Complaints, "Cobblestone is the owner of U.S. Patent No. 8,891,347…[,] U.S. Patent No. 9.094,888…[, and] U.S. Patent No. 10,368,361." *See, e.g.*, Dkt. No. 1 at ¶2-4.

In their answers to Cobblestone's complaints, Defendants and Intervenors pled a single-sentence affirmative defense alleging a lack of standing that states, in its entirety, "To the extent that Cobblestone was not the sole and total owner of all substantial rights in any of the Patents-in-Suit as of the filing date of the Complaint, Cobblestone lacks standing to bring one or more claims in this lawsuit." Dkt. No. 22 at 12 (T-Mobile's Twenty First Defense); *see also* Dkt. No. 20 at 11 (Verizon's Twenty First Defense); Dkt. Nos. 71-73 at 11 (Ericsson's Twelfth Defense); Dkt. Nos.

74-76 at 11 (Nokia's Twelfth Defense); Case No. 2:22-cv-474 (Member Case), Dkt. No. 18 at 11 (AT&T's Twenty First Defense).

During discovery, in its first set of discovery requests in March 2023, Cobblestone asked each Defendant to "explain in detail all factual and legal bases for the affirmative defenses set forth in your Answer, including by identifying all documents supporting your contentions and identifying all persons with knowledge of any facts relied on by you in making such contentions." *See, e.g.*, Ex. D, Cobblestone's First Set of Common Interrogatories at 15. Defendants and Intervenors provided their first and only answer addressing their alleged affirmative defenses of lack of standing on February 13, 2024. Each response was identical, an example of which is set forth below:

> To the extent that Cobblestone was not the sole and total owner of all substantial rights in any of the Asserted Patents as of the filing date of the Complaint, Cobblestone lacks standing to bring one or more claims in this lawsuit.

…





*See* Ex. E, T-Mobile's First Supplemental Response to Interrogatory No. 12 (served February 13, 2024) (spaces inserted).

## IV. LEGAL STANDARD

### A. Standing

Title 35 allows a "patentee" to bring a civil action for patent infringement. 35 U.S.C. § 281. The term "patentee" includes the original patentee (whether the inventor or original assignee) and "successors in title." 35 U.S.C. § 100(d). "If the party asserting infringement is not the patent's original patentee, 'the critical determination regarding a party's ability to sue in its own name is whether an agreement transferring patent rights to that party is, in effect, an assignment or a mere license.'" *Lone Star Silicon Innovations LLC v. Nanya Tech. Co.*, 925 F.3d 1225, 1229 (Fed. Cir. 2019) (quoting *AsymmetRx, Inc. v. Biocare Med., LLC*, 582 F.3d 1314, 1319 (Fed. Cir. 2009)).

"To confer patentee status to the assignee, an assignment must be documented in an instrument in writing, but there are no form or content requirements for the written instrument specified in the statute." *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1072 (Fed. Cir. 2020) (citing 35 U.S.C. § 261) (internal quotation marks omitted)). "The recording of an assignment with the PTO . . . creates a presumption of validity as to the assignment and places the burden to rebut such a showing on one challenging the assignment." *SiRF Tech., Inc. v. I.T.C.*, 601 F.3d 1319, 1327–28 (Fed. Cir. 2010).

### B. Summary Judgment

Summary judgment is intended to isolate and dispose of factually unsupported claims and defenses, like Defendants' affirmative defense relating to Cobblestone's standing. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If, as here, the nonmovant bears the burden of proof on the claim or defense that is the subject of the summary judgment motion, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 323, 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *accord Anderson*, 477 U.S. at 257. To create a genuine trial issue, the evidence "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Here, as explained below, Cobblestone has established a *prima facie* showing that it has standing to bring this action, and Defendants cannot demonstrate that there is any genuine trial issue regarding their affirmative defenses alleging lack of standing. For this reason, the Court should grant the motion.

## V. DEFENDANTS HAVE NOT AND CANNOT RAISE ANY GENUINE ISSUE OF MATERIAL FACT IN SUPPORT OF THEIR AFFIRMATIVE DEFENSE OF LACK OF STANDING

A district court has subject matter jurisdiction over a patent infringement matter if the plaintiff has standing to bring the patent infringement matter. *Bhandari v. Cadence Design Sys., Inc.*, 485 F.Supp.2d 747, 750-51 (E.D. Tex. 2007). To have standing to bring a claim for patent infringement, a plaintiff "must meet both constitutional and prudential standing requirements." *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1338 (Fed. Cir. 2007). Here, Cobblestone can demonstrate both.

### A. The Patent Purchase Agreement Confers Cobblestone Constitutional and Prudential Standing to Bring Its Claims Against Defendants

A plaintiff has constitutional standing if its interest in the Patents-in-Suit includes sufficient exclusionary rights such that it suffers an injury-in-fact from the infringement of another. *See id.* at 1341. More specifically, to demonstrate constitutional standing, a plaintiff must show an injury-in-fact that is "fairly traceable" to the alleged infringement by the defendant and that can be redressed by a favorable decision. *IP Innovation L.L.C. v. Google, Inc.*, 661 F.Supp.2d 659, 662 (E.D. Tex. 2009).

On November 18, 2014, the United States Patent and Trademark Office duly and legally issued the '347 Patent to Empire Technology Development LLC. Dkt. No. 1-1 at 1. On July 28, 2015, the United States Patent and Trademark Office duly and legally issued the '888 Patent to Empire Technology Development LLC. Dkt. No. 1-2 at 1. On July 30, 2019, the United States Patent and Trademark Office duly and legally issued the '361 Patent to Empire Technology Development LLC. Dkt. No. 1-3 at 1.

During the time period when Empire Technology Development LLC was the owner of the Patents-in-Suit, it provided a lien and security interest in the Patents-in-Suit to Crestline Direct

████████████████████████████████████

Finance, L.P. ("Crestline"). Crestline released all liens and security interests in the Patents-in-Suit in their entirety on September 28, 2022, and that release was recorded with the United States Patent and Trademark Office on September 30, 2022. See Exhibit F.

Also on September 28, 2022, ████ Empire, and Cobblestone executed the Patent Purchase Agreement ("Agreement"), by which ████████ Empire agreed to ████████ ████████████████████████████████████ ████████████████████████████████ Exhibit A at Section 2.1 The Purchased Patents are further defined in the Agreement as ████████████████ ██████████████ Id. at Section 1.8. Exhibit A identifies ████████ including the three Patents-in-Suit. See id. at Exhibit A (listing the '361 Patent, the '888 Patent, and the '347 Patent under the heading "Purchased Patents").

Shortly thereafter, as contemplated by the Agreement, on October 14, 2022, Empire executed a Confirmatory Assignment Document ("Assignment") that "irrevocably confirms the assignment to Cobblestone…, as of the date set forth below, the entire rights, privileges, title and interest for the United States of America and its territorial possessions, and all foreign countries including all rights of priority, in inventions disclosed in the patents and patent applications identified on EXHIBIT A." Exhibit B. The Assignment was recorded with the United States Patent and Trademark Office on December 15, 2022. Exhibit C.

As such, since December 15, 2022, Cobblestone has had the sole right under 35 U.S.C. § 154 to exclude others from making, using, selling, or offering to sell the patented invention in the United States or importing the invention and the exclusive right under 35 U.S.C. § 271 to sue entities, like Defendants, who infringe the Patents-in-Suit. As a result, Cobblestone has constitutional standing here. See Morrow, 499 F.3d at 1339 ("[c]onstitutional injury in fact occurs

when a party performs at least one prohibited action with respect to the patented invention that violates these exclusionary rights"); *IP Innovation*, 661 F.Supp.2d at 662 ("[p]arties that hold exclusionary rights and interests in a patent have constitutional standing to sue infringers").

"A party with constitutional standing that possesses all substantial patent rights is an effective patentee and has prudential standing to sue infringers without joinder of others who suffer a legal injury from infringement and possess substantial patent rights." *See id.* at 663 (citing *Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1250 (Fed. Cir. 2000)). Here, the Patent Purchase Agreement clearly confers and grants Cobblestone all substantial rights to the Patents-in-Suit. As a result, Cobblestone also has prudential standing to bring patent infringement claims against Defendants in this action.

## VI. CONCLUSION

For the reasons stated herein, Cobblestone respectfully requests that the Court grant this Motion and issue summary judgment in its favor on Defendants' affirmative defense based on an alleged lack of standing.

Dated: July 3, 2024                                        Respectfully submitted,

                                                           */s/ Reza Mirzaie*

                                                           Marc Fenster
                                                           CA State Bar No. 181067
                                                           Reza Mirzaie
                                                           CA State Bar No. 246953
                                                           Neil A. Rubin
                                                           CA State Bar No. 250761
                                                           Amy E. Hayden
                                                           CA State Bar No. 287026
                                                           James Pickens
                                                           CA State Bar No. 307474
                                                           Christian W. Conkle
                                                           CA State Bar No. 306374

Jonathan Ma
CA State Bar No. 312773
**Russ August & Kabat**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
rak_cobblestone@raklaw.com

Andrea Fair
**Ward Smith & Hill, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400
andrea@wsfirm.com

***Attorneys for Plaintiff,
Cobblestone Wireless, LLC***

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Plaintiff hereby files its Certificate of Authorization to File its Motion to Strike Under Seal per Local Rule CV-5(a)(7)(A)-(B). The undersigned counsel for Plaintiff hereby certifies that the Court has already granted authorization to seal the document as set forth in Paragraph 19 of the Protective Order entered in this action at Dkt. 77.

### CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on July 3, 2024, counsel of record who have appeared in this case are being served with a copy of the foregoing via email.

/s/ Reza Mirzaie
Reza Mirzaie

1