IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00477-JRG-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>AT&T SERVICES INC.; AT&T MOBILITY LLC; AT&T CORP.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00474-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00478-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF COBBLESTONE WIRELESS, LLC'S MOTION TO EXCLUDE OPINIONS OF DEFENDANTS' DAMAGES EXPERT MELISSA A. BENNIS**

**TABLE OF CONTENTS**

I.   FACTUAL BACKGROUND ................................................................................................ 2

   A.   Ms. Bennis' Affirmative Reasonable Royalty Opinion ...................................... 2

   B.   Ms. Bennis' Royalty Stacking Opinions .............................................................. 3

   C.   Ms. Bennis' Opinions Regarding Noninfringing Alternatives ......................... 4

II.  ARGUMENT ........................................................................................................................ 5

   A.   Ms. Bennis' Selection of Reasonable Royalties for the Patents-in-Suit Follows No Discernible Methodology and Is Impermissible *Ipse Dixit*. ........................................ 5

   B.   Ms. Bennis' Baseless and Prejudicial Assertions of "Royalty Stacking" Should Be Excluded. ................................................................................................................. 7

   C.   Ms. Bennis Improperly Recites and Provides Opinions on Noninfringing Alternatives.... 9

III. CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

**Cases**

*BMC Software, Inc. v. ServiceNow, Inc.*,
  No. 2:14-CV-903-JRG, 2016 WL 379620 (E.D. Tex. Feb. 1, 2016) ......................................... 6

*Commonwealth Sci. & Indus. Research Org. v. Cisco Sys., Inc.* ("*CSIRO*"),
  809 F.3d 1295 (Fed. Cir. 2015)........................................................................................... 2, 7

*Ericsson, Inc.* v. *TCL Commc'n Tech. Holdings, Ltd.* ("*TCL*"),
  No. 2:15-cv-00011-RSP, 2018 WL 2149736 (E.D. Tex. May 10, 2018).................................. 1

*Ericsson, Inc. v. D-Link Sys., Inc.*,
  773 F.3d 1201 (Fed. Cir. 2014)................................................................................................ 7

*General Elec. Co. v. Joiner*,
  522 U.S. 136 (1997)................................................................................................................. 6

*Immersion Corp. v. Samsung Elecs. Am., Inc.*,
  No. 2:17-cv-572-JRG, Dkt. No. 188 (E.D. Tex. May. 2, 2019) ........................................... 2, 9

*Lucent Techs., Inc. v. Gateway, Inc.*,
  580 F.3d 1301 (Fed. Cir. 2009)................................................................................................ 7

*Red Rock Analytics, LLC v. Samsung Elecs*. Co.,
  No. 2:17-cv-00101-RWS-RSP, Dkt. No. 243 (E.D. Tex. Mar. 13, 2019).................................. 9

*Smart Path Connections, LLC v. Nokia of Am. Corp.*,
  No. 2:22-cv-0296-JRG-RSP, 2024 WL 1096138 (E.D. Tex. Mar. 13, 2024) .................... 10, 11

**Rules**

Fed. R. Civ. P. 37(c) ........................................................................................................... 1, 10

Fed. R. Evid. 403 .................................................................................................................. 1, 9

Fed. R. Evid. 702 ....................................................................................................................... 1

Fed. R. Evid. 703 ....................................................................................................................... 1

Plaintiff Cobblestone Wireless, LLC ("Cobblestone") moves to exclude certain expert opinions of Defendants' damages expert Melissa A. Bennis pursuant to Federal Rules of Evidence 403, 702, and 703 and Federal Rule of Civil Procedure 37(c).

Cobblestone accuses each Defendant in these cases of infringing three patents—the '347 patent, the '361 patent, and the '888 patent. Each patent covers different cellular functionalities employed in each Defendants' respective networks. Nevertheless, Ms. Bennis' opinion is exactly the same $[redacted] figure for both the '347 and '361 patents, across all three Defendants. Ms. Bennis offers an opinion on damages for the '888 patent only in the T-Mobile case, and there she simply cut the $[redacted] figure in half because T-Mobile has two relevant base station suppliers. Without explanation, Ms. Bennis derives this $[redacted] number from a pool of payment amounts consisting of litigation settlements and a patent purchase agreement, which all ranged from $[redacted] to $[redacted]. Ms. Bennis employs no discernible methodology to select her royalty number. This "black box" opinion is impermissible *ipse dixit* and should be excluded.

Ms. Bennis also offers improper, baseless and prejudicial opinions on royalty stacking, which assume that every single 5G standard essential patent ("SEP") that exists would need to be licensed by the Defendants, and would result in a stack of royalties well above what consumers pay for their monthly cell phone service. Ms. Bennis admitted during deposition that she is not aware of any Defendant facing any royalty stacking problem, and there is no basis in her report to conclude that the Defendants would need a license to any particular portion, let alone all, of the 5G SEPs. This Court has recognized that Ms. Bennis' royalty stacking argument "would be unreliable opinion without actual evidence of royalty stacking" and has excluded unfounded royalty stacking arguments as "improper" and prejudicial. *Ericsson, Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-cv-00011-RSP, 2018 WL 2149736, at *5 (E.D. Tex. May 10, 2018)

("*TCL*") (citing *Commonwealth Sci. & Indus. Research Org. v. Cisco Sys., Inc.*, 809 F.3d 1295, 1302 (Fed. Cir. 2015) ("*CSIRO*")); *Immersion Corp. v. Samsung Elecs. Am., Inc.*, No. 2:17-cv-572-JRG, Dkt. No. 188 at 10 (E.D. Tex. May. 2, 2019) (Ex. L).

Last, Ms. Bennis simply recites, with no attendant analysis, purported noninfringing alternatives, including ones that were not disclosed during discovery. Ms. Bennis simply lists vague alternatives identified by the Defendants in an interrogatory response, with no analysis of costs, benefits, or availability. Ms. Bennis separately also posits that previously-undisclosed "non-terrestrial" networks will someday replace cell phone networks based on Earth, and therefore royalties should be lower. Ms. Bennis also asserts that other specific, but undisclosed, software changes are noninfringing alternatives that would lower royalties. Ms. Bennis' opinions naming noninfringing alternatives should be struck because they lack economic analysis and rely on new alternatives not disclosed during discovery.

**I.      FACTUAL BACKGROUND**

On June 14, 2024, Ms. Bennis served her Rebuttal Expert Reports and Disclosure in these three cases.  Exs.[1] A, B, C ("Bennis Rpts."). Ms. Bennis' opinions include generally a) a criticism of Cobblestone's expert, Stephen E. Dell's opinions on damages, and b) her own affirmative opinion on damages.  Ex. A at Tables of Contents; Ex. D (Bennis Depo. Tr.) at 20:25-21:9.

**A.      Ms. Bennis' Affirmative Reasonable Royalty Opinion**

Ms. Bennis served three expert reports, one per case and defendant group, and her affirmative opinion on damages is the same across the board. Ex. A ¶¶128-285; Ex. B ¶¶126-283;

---

[1] Exhibits to this Motion are attached to the accompanying Declaration of Jacob R. Buczko.  All three of Ms. Bennis' expert reports are the same in relevant respects, except her report in the T-Mobile case ("Ex. A") includes a damages figure for the '888 patent. This Motion will refer to Exhibit A, unless specifically noted.

Ex. C ¶¶124-281. Ms. Bennis' affirmative opinion on damages in all three cases is that the parties would have agreed to a lump sum royalty payment of $█████ for infringement of each of the '347 patent and the '361 patent. Ex. A ¶279-284. Ms. Bennis discloses a damages figure for the '888 patent only in the T-Mobile case,[2] and opines that damages for that patent would be half of her figure for the other asserted patents—$█████, ████████████████████████████████████████████████████████████████. *Id*. ¶283. To arrive at these numbers, Ms. Bennis aggregates various payment amounts, including lump sum payment amounts in settlement and license agreements and the payment amount in the purchase agreement for the portfolio including the patents-in-suit, which all ranged from $█████ to $█████, and in view of those amounts, selects $█████ as an alleged reasonable royalty amount for both the '347 and '361 patents. Ex. A ¶¶279-284.

At deposition, Ms. Bennis described her analysis as considering numbers that "[are] all kind of triangulating around the same range" and an "educated conclusion based on all of the different points of evidence." Ex. D at 165:2-165:19. She employed the same royalty across all three cases because, in her view, the cell phone carriers "[are] not necessarily making big distinctions between patents of this nature…" *Id*. at 167:8-18.

### B.   Ms. Bennis' Royalty Stacking Opinions

For each of the three Defendants, to criticize Mr. Dell, Ms. Bennis also offers various royalty stacking opinions in which she assembles total industry counts of 5G SEPs and assumes that the cell phone carrier Defendants would be required to pay a royalty on each of these patents. Ex. A ¶¶113-115; Ex. B ¶¶111-113; Ex. C ¶¶109-111. Ms. Bennis applies Mr. Dell's per-

---

[2] Cobblestone's damages expert, Stephen Dell, opined on a running royalty rate for the '888 patent, but ████████████████████████████████████████████████████, he calculated a current royalty payment due only for █████.

3

subscriber month royalty amounts to each of the industry-wide counts and presents a total purported royalty burden amounting to more than each Defendants' wireless subscription revenue measured as monthly average revenue per user—in other words, consumer's average monthly cellular bills. *Id*.

At deposition, Ms. Bennis testified that she is not aware of any of the Defendants being subject to a burdensome royalty stack. Ex. D at 79:6-20, 83:4-16.

### C. Ms. Bennis' Opinions Regarding Noninfringing Alternatives

For both her affirmative opinion and her criticism of Mr. Dell's damages opinion, Ms. Bennis also offers opinions regarding purported noninfringing alternatives. Specifically, Ms. Bennis lists a set of vague purported noninfringing alternatives that Defendants identified in an interrogatory response, but offers no economic analysis of these alternatives. Ex. A ¶¶106, 262-265; Ex. B ¶¶103, 260-263; Ex. C ¶¶102, 258-261. Ms. Bennis also introduces previously undisclosed alternatives, including unspecified "███████████████." Ex. A ¶¶251, 266, 284; Ex. B ¶¶249, 264, 282; Ex. C ¶¶247, 262, 280. Ms. Bennis asserts ███████ ██████████████████████████████████." Ex. A ¶¶251, 266. Ms. Bennis also, for the first time in this case, discloses the contention that 5G networks that include the infringing technology will ████████████████████████████████ ███████████████ Ex. A ¶252; Ex. B ¶250; Ex. C ¶248.

At deposition, Ms. Bennis testified that ████████████████████████████ ██████████████████████████████████████████████████████. Ex. D at 158:8-15. Regarding the "████████████" proposed alternative, Ms. Bennis could only confirm that it meant a network ████████." *Id.* at 158:22-160:10. Ms. Bennis' report has no specific analysis of the costs, availability, and acceptability of any of these proposed alternatives. Ex. A ¶¶252, 262-267; Ex. B ¶¶250, 260-265; Ex. C ¶¶248, 258-263.

4

During discovery, Cobblestone propounded Common Interrogatory No. 23, which asked Defendants (and the intervenors, Nokia and Ericsson) to:

> Describe in detail any planned, potential, alleged, or implemented design-around or non-infringing alternative of any Asserted Claim, including any analysis of commercial and consumer acceptability (or lack thereof), availability, cost of implementation, time for implementation, implementation business impacts, and design of any such purported non-infringing alternative or design-around. Your response should include a detailed description of the design-around or non-infringing alternative and related analyses, all documents related to the design-around or non-infringing alternative and related analyses, and all persons that possess knowledge relating to your design-around or non-infringing alternative and related analyses.

Ex. E at 18. Defendants' and the Intervenors' responses are all the same, and none of the responses disclosed any specific "███████████████" or "███████████████." Ex. F at 66-72; Ex. G at 69-75; Ex. H at 78-84; Ex. I at 59-66; Ex. J at 61-68.

## II. ARGUMENT

### A. Ms. Bennis' Selection of Reasonable Royalties for the Patents-in-Suit Follows No Discernible Methodology and Is Impermissible *Ipse Dixit*.

Ms. Bennis' affirmative opinion of what a reasonable royalty should be in this case follows no discernible or testable methodology. This is impermissible. For each of the '347 and '361 patents, which relate to different accused functionalities, Ms. Bennis derives the same $███████ figure from a wide range of numbers that she opines have some relevance to damages. There is no mathematical calculation or reasoned basis that Ms. Bennis uses to select the $███████ figure. Her damages number is exactly the same across the three cases, which pertain to different defendants, different networks, and different infringement periods. To the extent it is a damages methodology, Ms. Bennis's unexplained selection of a number from a wide range of other numbers is improper and not testable for reliability or on cross-examination. Ms. Bennis' affirmative opinion on damages should be excluded.

The Supreme Court, the Federal Rules of Evidence, and this Court all state that expert

5

opinions that "are not based on reliable principles and methods that can be accurately reproduced, examined, and challenged" should be excluded. *BMC Software, Inc. v. ServiceNow, Inc.*, No. 2:14-cv-903-JRG, 2016 WL 379620, at *2 (E.D. Tex. Feb. 1, 2016) (citing *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)) ("[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."). Ms. Bennis discloses no methodology describing how she arrived at the same $■■■ figure across the '347 and '361 patents and across all three cases, and therefore her work cannot be "reproduced, examined [or] challenged." *See BMC Software*, 2016 WL 379620, at *2.

The only conceivable methodology Ms. Bennis employs is, as she described in deposition, "kind of triangulating" the wide range of numbers she collected and arriving at an "educated conclusion." Ex. D at 165:2-19. These numbers ranged from a $■■■ per patent figure relating to a ■■■, which Ms. Bennis arrived at by dividing a lump sum amount by ■■■, to a $■■■ lump sum patent license payment, from ■■■. Ex. A ¶¶281-284. Ms. Bennis' report includes no explanation of how these disparate numbers coming from disparate agreements somehow "triangulate" to $■■■ for each of the '347 and '361 patents across all of these cases.

Moreover, Ms. Bennis does not adjust the $■■■ number to the specific facts and circumstances of the case, including the technology of the '347 and '361 patents, nor the specific infringement of each Defendant. The '347 and '361 patents relate to different accused cellular functionalities—"beamforming" and "bandwidth adaption," respectively. *Id.* ¶¶57-59. Moreover, Ms. Bennis describes that the '361 patent is optional and can be designed around through (unspecified and undisclosed) "■■■" but does not allege the same for

6

the '347 patent. *Id.* ¶266; Ex. D at 162:20-163:10.³ Ms. Bennis' affirmative opinion does not take into account the particular characteristics, scope, and benefits of each asserted patent and does not account for differences in circumstances across the Defendants in these separate cases.

Ms. Bennis' lack of methodology and disclosure should result in exclusion and not be left subject to cross-examination. There is no particular methodology to test on cross-examination. Ms. Bennis' admitted "triangulation" of hugely disparate numbers is a black box. There is no disclosure in her report of how she performs this triangulation or estimation. In addition, exposure to the jury of Ms. Bennis' opinion, which consists of little more than a recitation of payment amounts and then selection of another amount within the wide range of numbers, could subject the damages verdict in this case to reversible error. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1329 (Fed. Cir. 2009) (holding that "a lump-sum damages award cannot stand solely on evidence which amounts to little more than a recitation of royalty numbers").

> **B. Ms. Bennis' Baseless and Prejudicial Assertions of "Royalty Stacking" Should Be Excluded.**

The Federal Circuit has explained that "[t]he mere fact that thousands of patents are declared to be essential to a standard does not mean that a standard-compliant company will necessarily have to pay a royalty to each SEP holder." *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1234 (Fed. Cir. 2014). This Court has recognized that "Federal Circuit precedent suggests that [a] theory about features covered by other unidentified patents would be unreliable opinion ***without actual evidence of royalty stacking***." *TCL*, 2018 WL 2149736, at *5 (emphasis added), (citing *CSIRO,* 809 F.3d at 1302) ("[A]bstract recitations of royalty stacking theory ... are insufficiently reliable."). Ms. Bennis' report includes royalty stacking opinions whereby she poses

---

³ Ms. Bennis discloses an affirmative damages opinion for the '888 patent for only ▮▮▮▮. Ex. A ¶279. Ms. Bennis' report offers no more reasoning of how she selected the $▮▮▮▮ royalty amount except that it pertains to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id*.

7

a scenario where each Defendant must license tens of thousands of industry SEPs at Mr. Dell's opined royalty rate, which would amount to a sum higher than the overall average amount a consumer pays for cell phone service. Ex. A ¶¶113-115; Ex. B ¶¶111-113; Ex. C ¶¶109-111. This is exactly the baseless, prejudicial "royalty stacking" evidence that the Federal Circuit and this Court has explained is unreliable. Therefore, these opinions should be excluded.

Ms. Bennis admitted in deposition that she is not aware of any of the Defendants facing any royalty stacking burden, let alone the extreme stacking of thousands of patent royalties described in her report. Ex. D at 79:6-20, 83:4-16. Despite this, Ms. Bennis offers opinions stacking and counting the royalty for every SEP for 5G:



Ex. A ¶115.[4]

Ms. Bennis is careful to not utter the phrase "royalty stacking" in her report, but that is exactly what this opinion is—she assumes all relevant patents must be licensed at a given rate, and totals the stack. Ms. Bennis also introduces the additional scare tactic of telling the jury that Mr. Dell's opined royalty stacked for all 5G SEPs would be more than each carrier Defendant's monthly ARPU—"Average Revenue Per User," or in other words, what Americans pay on average for their monthly cell phone bill.[5]

---

[4] Ms. Bennis includes substantially the same opinions pertaining to different total industry counts of 5G SEPs and has offered substantially the same opinion in all three cases. Ex. A ¶¶113-114; Ex. B ¶¶111-112; Ex. C ¶¶109-110. This Motion seeks exclusion of all of these opinions.

[5] Ms. Bennis's royalty stacking opinions also run afoul of, if not the letter, the spirit of Court MIL 19: "The parties shall be precluded from introducing evidence, testimony, or argument

8

Accordingly, in view of the Federal Circuit precedent, as well as Federal Rule of Evidence 403, this Court has precluded such evidence of royalty stacking. *Red Rock Analytics, LLC v. Samsung Elecs. Co.*, No. 2:17-cv-00101-RWS-RSP, Dkt. No. 243 at 1-2 (E.D. Tex. Mar. 13, 2019) (Ex. K); *Immersion*, No. 2:17-cv-572-JRG, Dkt. No. 188 at 10. The Court should do the same here.

### C.  Ms. Bennis Improperly Recites and Provides Opinions on Noninfringing Alternatives.

Ms. Bennis' report improperly recites purported noninfringing alternatives supported by no economic analysis and that Defendants failed to disclose during discovery. Specifically, Ms. Bennis opines that unspecified "███████████████" related to the '361 and '888 patents should lower royalties in this case. Ex. A ¶¶251, 266, 284; Ex. B ¶¶249, 264, 282; Ex. C ¶¶ 47, 262, 280. Similarly, Ms. Bennis opines that "███████████████" will largely replace infringing 5G networks in the next ten years. Ex. A ¶252; Ex. B ¶250; Ex. C ¶248. Despite Cobblestone's discovery directly seeking Defendants' identification of and contentions about noninfringing alternatives, none of these purported alternatives were disclosed during discovery. Therefore Ms. Bennis' opinions on these noninfringing alternatives should be excluded.

Early in discovery, in April 2023, Cobblestone served Common Interrogatory No. 23 on all Defendants in these cases as well as the Intervenors. Ex. E at 18. The Defendants and Intervenors all served the same response, and none of the responses disclosed any ███████ ██████████████████████████ Ex. F at 66-72; Ex. G at 69-75; Ex. H at 78-84; Ex. I at 59-66; Ex. J at 61-68. This is a failure to disclose under Federal Rule of Civil Procedure 37(c) and therefore Ms. Bennis' opinions on the matters should be stricken. *Smart Path*

---

suggesting that a verdict in one party's favor would impact the cost of goods or services or would have other commercial impacts."
https://www.txed.uscourts.gov/sites/default/files/judgeFiles/12.14.22%20Standing%20Order%20on%20Motions%20in%20Limine.pdf.

9

*Connections, LLC v. Nokia of Am. Corp.*, No. 2:22-cv-0296-JRG-RSP, 2024 WL 1096138, at *4 (E.D. Tex. Mar. 13, 2024) (striking Ms. Bennis' "discussion of non-infringing alternatives" as "untimely" because they were not disclosed during discovery in response to interrogatory)

Moreover, there is no basis or analysis that any of these proposed alternatives are actually noninfringing. For example, the ███████████████████████████████████████ ███████████████████████████████████, may still infringe. And the ███████████████████ alternative may still use 5G and/or the infringing functionality. There is no disclosed opinion on these points from Dr. Van der Weide, Defendants' technical expert, or Ms. Bennis. For this additional reason they should be stricken. *Id.* ("[A] non-infringing alternative analysis as part of a reasonable royalty damages theory acts more similarly to an affirmative defense. This further supports the Court's finding that the technical showing that an alternative is non-infringing is the burden of [defendant] and should have been presented in an opening technical report.")

Defendants' failure to disclose is not substantially justified nor harmless. It should not be excused. Cobblestone is prejudiced because it had no ability to obtain discovery on any of these purported alternatives during party depositions or thereafter. Ms. Bennis' disclosure in her report on these alternatives is threadbare, and she largely deferred to Dr. van der Weide, Defendants' technical expert. But these purported alternatives are not disclosed in his reports either. Cobblestone also had no opportunity to address these alleged alternatives in its expert reports. The alternatives are of little importance to Defendants' case, because they were not disclosed during discovery and Ms. Bennis employs little or no economic analysis on them. There is little, if any, room in the case schedule for a continuance to address the failure to disclose. Ms. Bennis' opinions on these undisclosed noninfringing alternatives should be excluded.

Ms. Bennis' opinions on noninfringing alternatives also include a simple listing of the

vague alternatives that Defendants and Intervenors disclosed in their interrogatory responses. Ex. A ¶¶106, 262-265; Ex. B ¶¶103, 260-263; Ex. C ¶¶102, 258-261. Ms. Bennis offers no economic analysis on any of these listed alternatives. *Id*. Ms. Bennis does not, for example, opine on the availability, costs, or acceptability of any of these purported alternatives to infringement. *Id*. It is Defendants' burden to offer and establish that a proposed noninfringing alternative is relevant to the hypothetical negotiation for damages, and detail how so. *Smart Path*, 2024 WL 1096138, at *4 ("[A] non-infringing alternative analysis is more similar to an affirmative defense whose burden is upon the defense."). Ms. Bennis offers no opinions regarding how the purported noninfringing alternatives should factor into the hypothetical negotiation. Therefore, Ms. Bennis's simple listing of these alternatives with no attendant economic analysis should be struck, just as this Court did in *Smart Path*. *Id.* at *4 ("Without providing any expert analysis, Ms. Bennis will not be permitted to testify regarding non-infringing alternatives.").

### III.   CONCLUSION

For the reasons above, Ms. Bennis's opinions should be excluded as follows:

Affirmative Damages Opinion: Ex. A ¶¶ 128-285; Ex. B ¶¶126-283; Ex. C ¶¶124-281.

Royalty Stacking Opinions: Ex. A ¶¶113-115; Ex. B ¶¶111-113; Ex. C ¶¶109-111.

Undisclosed and Unsupported Noninfringing Alternatives: Ex. A ¶106, 250-252, 262-267, 284; Ex. B ¶¶103, 248-250, 260-265, 282; Ex. C ¶¶102, 246-248, 258-263, 280.

Dated: July 3, 2024              Respectfully submitted,

*/s/ Reza Mirzaie*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Neil A. Rubin
CA State Bar No. 250761
Amy E. Hayden

11

CA State Bar No. 287026
James Pickens
CA State Bar No. 307474
Jonathan Ma
CA State Bar No. 312773
Christian W. Conkle
CA State Bar No. 306374
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
rak_cobblestone@raklaw.com

Qi (Peter) Tong
TX State Bar No. 24119042
RUSS AUGUST & KABAT
4925 Greenville Ave, Suite 200
Dallas, TX 75206
Telephone: 310-826-7474
rak_cobblestone@raklaw.com

Andrea Fair
WARD SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400
andrea@wsfirm.com

***Attorneys for Plaintiff Cobblestone Wireless, LLC***



### CERTIFICATE OF CONFERENCE

Pursuant to Eastern District of Texas Local Rule CV-7(h), I certify that counsel met and conferred telephonically on June 28, 2024 in a good faith effort to resolve all the issues addressed in this Motion to Strike but were unable to reach agreement.

                                                                              */s/ Reza Mirzaie*
                                                                              Reza Mirzaie

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document is being served through CM/ECF on July 3, 2024.

                                                                              */s/ Reza Mirzaie*
                                                                              Reza Mirzaie