IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>    Plaintiff,<br>v.<br><br>T-MOBILE USA, INC., et al.<br><br>    Defendants,<br><br>ERICSSON INC. & NOKIA OF AMERICA CORPORATION,<br><br>    Intervenors, | CASE NO. 2:22-cv-00477-JRG-RSP<br>(Lead Case)<br><br>JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC,<br><br>    Plaintiff,<br>v.<br><br>AT&T, INC., et al.<br><br>    Defendants,<br><br>ERICSSON INC. & NOKIA OF AMERICA CORPORATION,<br><br>    Intervenors, | CASE NO. 2:22-cv-00474-JRG-RSP<br>(Member Case)<br><br>JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC,<br><br>    Plaintiff,<br>v.<br><br>VERIZON COMMUNICATIONS, INC., et al.<br><br>    Defendants.<br><br>ERICSSON INC. & NOKIA OF AMERICA CORPORATION,<br><br>    Intervenors. | CASE NO. 2:22-cv-00478-JRG-RSP<br>(Member Case)<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT THAT THE
ACCUSED SAMSUNG PRODUCTS DO NOT INFRINGE THE ASSERTED PATENTS**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | STATEMENT OF ISSUES TO BE DECIDED BY THE COURT | 1 |
| III. | LEGAL STANDARD | 1 |
| IV. | STATEMENT OF UNDISPUTED MATERIAL FACTS ("SUMF") | 2 |
| V. | ARGUMENT | 5 |
| VI. | CONCLUSION | 6 |

# TABLE OF AUTHORITIES

*Adickes v. S.H. Kress & Co.*,
   398 U.S. 144 (1970).................................................................................................1

*Alexsam, Inc. v. Simon Prop. Grp., L.P.*,
   No. 2:19-cv-331-RWS-RSP, 2021 U.S. Dist. LEXIS 255029 (E.D. Tex. Nov. 15,
   2021) ........................................................................................................................6

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)..............................................................................................1, 2

*Celotex v. Catrett*,
   477 U.S. 317 (1986)..............................................................................................1, 2

*Correct Transmission LLC v. Nokia of America Corp.*,
   No. 22-CV-00343-JRG-RSP, Dkt. 232 (E.D. Tex. Mar. 21, 2024)..........................6

*Intellectual Ventures I LLC v. T Mobile USA, Inc.*,
   No. 2:17-CV-00577-JRG, 2018 WL 5809267 (E.D. Tex. Nov. 6, 2018)................2

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*,
   210 F.3d 1099 (9th Cir. 2000) .................................................................................2

**RULES**

Fed. R. Civ. P. 56(a) ........................................................................................................1

## TABLE OF EXHIBITS

| Exhibit No. | Description |
|---|---|
| A | Excerpts of the Deposition Transcript of Dr. Tim Williams, Dated June 19, 2024 ("Williams Dep. Tr.") |
| B | Excerpts of the Infringement Report of Dr. Tim Williams Regarding Infringement by AT&T ("Williams AT&T Rpt."). |
| C | Excerpts of the Infringement Report of Dr. Tim Williams Regarding Infringement by T-Mobile ("Williams T-Mobile Rpt.") |
| D | Excerpts of the Infringement Report of Dr. Tim Williams Regarding Infringement by Verizon ("Williams Verizon Rpt.") |
| E | Excerpts of Exhibit A to Cobblestone's Infringement Contentions Regarding AT&T ("Ex. A to P.R. 3-1 Disclosure to AT&T") |
| F | Excerpts of Exhibit A to Cobblestone's Infringement Contentions Regarding T-Mobile ("Ex. A to P.R. 3-1 Disclosure to TMO") |
| G | Excerpts of Exhibit A to Cobblestone's Infringement Contentions Regarding to Verizon ("Ex A to P.R. 3-1 Disclosure to VZW") |
| H | Excerpts of Exhibit B to Cobblestone's Infringement Contentions Regarding AT&T ("Ex. B to P.R. 3-1 Disclosure to AT&T") |
| I | Excerpts of Exhibit B to Cobblestone's Infringement Contentions Regarding T-Mobile ("Ex. B to P.R. 3-1 Disclosure to TMO") |
| J | Excerpts of Exhibit B to Cobblestone's Infringement Contentions Regarding to Verizon ("Ex. B to P.R. 3-1 Disclosure to VZW") |
| K | Excerpts of Exhibit C to Cobblestone's Infringement Contentions Regarding AT&T ("Ex. C to P.R. 3-1 Disclosure for AT&T") |
| L | Excerpts of Exhibit C to Cobblestone's Infringement Contentions Regarding T-Mobile ("Ex. C to P.R. 3-1 Disclosure for TMO") |
| M | Excerpts of Exhibit C to Cobblestone's Infringement Contentions Regarding to Verizon ("Ex. C to P.R. 3-1 Disclosure for VZW") |

## I. INTRODUCTION

Cobblestone Wireless, LLC ("Cobblestone") has failed to satisfy its burden to show that Samsung's products, which include base stations and user equipment, infringe any of the Asserted Patents. While Cobblestone's infringement contentions identified certain Samsung products as accused products in this case, Cobblestone's technical expert does not offer any opinions that Samsung products infringe any of the Asserted Patents. Thus, Cobblestone cannot satisfy its burden to show infringement and there is no genuine dispute of material fact that Samsung products do not infringe any of the asserted claims of the Asserted Patents. Accordingly, summary judgment of non-infringement with respect to the accused Samsung products is appropriate.

## II. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Whether Cobblestone has adduced evidence sufficient to establish that the accused Samsung products infringe the Asserted Patents.

## III. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine [dispute] of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion

for summary judgment. *Id*. at 248. A dispute about a material fact is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. "If the moving party does not have the ultimate burden of persuasion at trial, the party 'must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial.'" *Intellectual Ventures I LLC v. T Mobile USA, Inc.*, No. 2:17-CV-00577-JRG, 2018 WL 5809267, at *1 (E.D. Tex. Nov. 6, 2018) (quoting *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000)).

**IV.     STATEMENT OF UNDISPUTED MATERIAL FACTS ("SUMF")**

1. On December 15, 2022, Cobblestone filed a complaint alleging infringement by AT&T of U.S. Patent No. 8,891,347 (the "'347 patent"), 9,094,888 (the "'888 patent"), and 10,368,361 (the "'361 patent").

2. On December 16, 2022, Cobblestone filed a complaint alleging infringement by T-Mobile, and Verizon of the '347 patent, the '888 patent, and the '361 patent.

3. Cobblestone asserts that the AT&T Defendants infringe claims 8, 9, 10, 12, 14, 15, 16, 17, 19, 20, 21, and 23 of '347 patent; claims 20 and 21 of the '888 patent; and claims 10, 12, and 15 of the '361 patent. Ex. B (Williams AT&T Rpt.) at ¶ 27.

4. Cobblestone asserts that Defendant T-Mobile infringes claims 8, 9, 10, 12, 14, 15, 16, 17, 19, 20, 21, and 23 of the '347 patent; claims 9, 10, 20, and 21 of the '888 patent; and claims 10, 12, and 15 of the '361 patent. Ex. C (Williams T-Mobile Rpt.) at ¶ 27.

5. Cobblestone asserts that Defendant Verizon infringes claims 8, 9, 10, 12, 14, 15, 16, 17, 19, 20, 21, and 23 of the '347 patent; claims 20, and 21 of the '888 patent; and claims 10, 12, and 15 of the '361 patent. Ex. D (Williams Verizon Rpt.) at ¶ 27.

6. On March 13, 2022, Cobblestone served its initial infringement contentions under Local Patent Rule 3-1.

7. For the '347 patent, Cobblestone alleged that the Accused Instrumentalities include "(1) cellular base stations that support 3GPP 5G NR beamforming, and (2) cellular user equipment (UE) that supports 3GPP 5G NR beamforming." Ex. E (Ex. A to P.R. 3-1 Disclosure to AT&T); Ex. F ((Ex. A to P.R. 3-1 Disclosure to TMO); Ex. G (Ex A to P.R. 3-1 Disclosure to VZW). Cobblestone further alleged that "the accused base stations include, but are not limited to the following products sold by Nokia, Ericsson, and Samsung." *Id*. With respect to the products sold by Samsung, Cobblestone specifically alleged that the following base stations infringe the '347 patent: "5G base stations, 4T4R CBRS Radio, 32T32R Radio, 64T64R Radio, C-Band Radio, CDU50, One Antenna Radio, Link Hub, and Link HubPro." *Id*. With respect to UEs, Cobblestone alleged that certain Samsung UEs infringe the '347 patent. *Id*.

8. For the '888 patent, Cobblestone alleged that the Accused Instrumentalities include "cellular base stations that support handover between 4G LTE and 5G NR wireless networks." Ex. H (Ex. B to P.R. 3-1 Disclosure to AT&T); Ex. I (Ex. B to P.R. 3-1 Disclosure to TMO); Ex. J (Ex. B to P.R. 3-1 Disclosure to VZW). Cobblestone further alleged that "these base stations include, but are not limited to the following products sold by Nokia, Ericsson, and Samsung." *Id*. With respect to the products sold by Samsung, Cobblestone alleged that the following base stations infringe the '888 patent: "4G base stations, 5G base stations, 4T4R CBRS Radio, 32T32R Radio, 64T64R Radio, C-Band Radio, CDU50, One Antenna Radio, Link Hub, and Link HubPro." *Id*.

9. For the '361 patent, Cobblestone alleged that the Accused Instrumentalities include "cellular base stations that support 3GPP NG-RAN supporting directional Supplementary Uplink (SUL) and/or Bandwidth Adaptation functionality." Ex. K (Ex. C to P.R. 3-1 Disclosure for AT&T); Ex. L (Ex. C to P.R. 3-1 Disclosure for TMO); Ex. M (Ex. C to P.R. 3-1 Disclosure for VZW). Cobblestone further alleged that "these base stations include, but are not limited to the following products sold by Nokia, Ericsson, and Samsung." *Id*. With respect to the products sold by Samsung, Cobblestone alleged that the following base stations infringe the '361 patent: "5G base stations, 4T4R CBRS Radio, 32T32R Radio, 64T64R Radio, C-Band Radio, CDU50, One Antenna Radio, Link Hub, and Link HubPro." *Id*.

10. On May 24, 2024, Cobblestone served the Expert Report of Dr. Tim A. Williams Regarding Infringement on each of the carriers.

11. Dr. Williams did not form an opinion that any Samsung base stations or user equipment infringed. Ex. A (Williams Dep. Tr.) at 9:10-23, 13:3-22.

12. Dr. Williams testified at his deposition that he did not offer any opinions with respect to Samsung's base stations:

> Q. In your report, I didn't see any identification of a Samsung base station as an accused product. Is that accurate?
>
> A. That is correct.
>
> Q. And so in the Cobblestone cases against the carriers, you did not form any opinion regarding whether Samsung base stations infringe any of the asserted patents, correct?
>
> A. That is correct.
>
> Q. And you're not intending to offer any opinions that the Samsung base stations used by any of the carriers infringe at trial in this case, correct?
>
> A. That is correct.

4

Ex. A (Williams Dep. Tr.) at 9:24-10:17.

13.     Dr. Williams testified at his deposition that he did not offer any opinions with respect to Samsung's handsets:

> Q. Okay. Now, you understand that T-Mobile sells Samsung handsets as well, right?
>
> A. I have not reached that conclusion.
>
> Q. Okay. Did you analyze whether T-Mobile sells any Samsung user equipment?
>
> A. No.
>
> Q. Did you analyze whether AT&T sells any Samsung user equipment?
>
> A. No.
>
> Q. Did you analyze whether Verizon sells any Samsung user equipment?
>
> A. No.
>
> Q. And so as part of your opinions in this case, you'll not be offering any opinions regarding whether Samsung user equipment infringes any of the asserted claims, correct?
>
> [A]: Correct.

Ex. A (Williams Dep. Tr.) at 13:3-22 (objections omitted).

14.     Neither Dr. Williams nor Cobblestone have offered any evidence to support allegations of infringement with respect to the accused Samsung products.

## V.     ARGUMENT

The Court should grant summary judgment of noninfringement with respect to the accused Samsung products because no reasonable jury could conclude that Cobblestone can meet its burden under the law. Dr. Williams *does not* offer any opinions regarding the accused Samsung products. In other words, Cobblestone presents no testimony or evidence that the accused Samsung products

meet any of the asserted claims of the Asserted Patents. SUMF at ¶¶ 11-14. *Alexsam, Inc. v. Simon Prop. Grp., L.P.*, No. 2:19-cv-331-RWS-RSP, 2021 U.S. Dist. LEXIS 255029, at *8 (E.D. Tex. Nov. 15, 2021). ("The party opposing summary judgment must identify specific evidence in the record and articulate the precise way the evidence supports his or her claim.").

Cobblestone and its experts were required to show how the accused Samsung products practice the asserted claims of the Asserted Patents, and it is undisputed that they did not do so. SUMF at ¶¶ 11-14. Without any competent evidence or testimony identifying how the accused Samsung products satisfy the asserted claims of the Asserted Patents, Cobblestone cannot meet its burden to show infringement. *See, e.g., Correct Transmission LLC v. Nokia of America Corp.*, No. 22-CV-00343-JRG-RSP, Dkt. 232 (E.D. Tex. Mar. 21, 2024) (granting summary judgment where plaintiff failed to identify competent evidence that demonstrates that the accused products infringe).

Accordingly, summary judgment of noninfringement with respect to the accused Samsung products is appropriate.

## VI.    CONCLUSION

For these reasons, Defendants respectfully submit that summary judgment of noninfringement with respect to the accused Samsung products should be granted.

Dated: July 3, 2024                              Respectfully Submitted,

/s/ David S. Frist
David S. Frist (GA Bar No. 205611)
John D. Haynes (GA Bar No. 340599)
Emily C. Welch (GA Bar No. 606071)
Michael C. Deane (GA Bar No. 497195)
Sloane S. Kyrazis (GA Bar No. 878240)
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Phone: (404) 881-7000
Fax:    (404) 881-7777
Email: david.frist@alston.com
john.haynes@alston.com
emily.welch@alston.com
michael.deane@alston.com
sloane.kyrazis@alston.com

Ross R. Barton (NC Bar No. 37179)
ALSTON & BIRD LLP
101 South Tryon Street
Suite 4000
Charlotte, NC 28280-4000
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
Email: ross.barton@alston.com

Theodore Stevenson, III (TX Bar No. 19196650)
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas TX 75201
Phone: (214) 922-3400
Fax:    (214) 922-3899
Email: ted.stevenson@alston.com

Katherine G. Rubschlager (CA Bar. No. 328100)
ALSTON & BIRD LLP
560 Mission St., Suite 2100
San Francisco, CA 94105
Phone: (415) 243-1000
Fax:    (415) 243-1001
Email: katherine.rubschlager@alston.com

7

        Deron R. Dacus  
        THE DACUS FIRM  
        821 E SE Loop 323 Suite 430  
        Tyler, TX 75701  
        Phone: (903) 705-1117  
        Facsimile: (903) 581-2543  
        Email: ddacus@dacusfirm.com  

*Attorneys for Defendants AT&T Services, Inc., AT&T Mobility LLC, and AT&T Corp.; Defendant T-Mobile USA, Inc.; Defendant Cellco Partnership d/b/a Verizon; Intervenor Ericsson Inc.; and Intervenor Nokia of America Corporation*



## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served electronically on July 3, 2024 on all counsel who have consented to electronic service.

*/s/ David S. Frist*
David S. Frist
