**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| COBBLESTONE WIRELESS, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>T-MOBILE USA, INC.<br><br>*Defendant*,<br><br>NOKIA OF AMERICA CORPORATION, ERICSSON INC.<br><br>*Intervenors*. | § § § § § § § § § § § § § | CASE NO. 2:22-cv-00477-JRG-RSP<br>(Lead Case)<br><br>JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>AT&T SERVICES INC.; AT&T MOBILITY LLC; AT&T CORP.,<br><br>*Defendants*,<br><br>NOKIA OF AMERICA CORPORATION, ERICSSON INC.<br><br>*Intervenors*. | § § § § § § § § § § § § § § | CASE NO. 2:22-cv-00474-JRG-RSP<br>(Member Case)<br><br>JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS,<br><br>*Defendant*,<br><br>NOKIA OF AMERICA CORPORATION, ERICSSON INC.<br><br>*Intervenors*. | § § § § § § § § § § § § § § | CASE NO. 2:22-cv-00478-JRG-RSP<br>(Member Case)<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' AND INTERVENORS' MOTION TO STRIKE AND EXCLUDE
PORTIONS OF DR. WILLIAMS' EXPERT REPORTS**

## Table of Exhibits

| Exhibit | Description |
|---|---|
| A | Excerpts from Expert Report of Tim A. Williams, Ph.D. Regarding Infringement - Appendix A ("Williams Op, Rept., App'x A") |
| B | Excerpts from Deposition Testimony of Dr. Tim Williams ("Williams Dep. Tr.") |
| C | Email from Emily Welch to Counsel for Cobblestone |
| D | Ex. C to Cobblestone's Infringement Contentions for AT&T |
| E | Excerpts from Rebuttal Expert Report of Tim A. Williams Regarding Validity ("Williams Rebuttal Rept.") |
| F | U.S. Patent No. 8,891,347 ("'347 Patent") |

**TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ................................................................................................................. 1
II. LEGAL STANDARD ........................................................................................................... 1
    A. Excluding Expert Testimony Under *Daubert* ........................................................... 1
    B. Four-factor Test for Excluding Expert Testimony ...................................................... 1
III. DR. WILLIAMS NEW CLAIM CONSTRUCTION OPINIONS SHOULD BE EXCLUDED UNDER *DAUBERT* ....................................................................................... 2
    A. Factual Background .................................................................................................... 2
        1. The Court did not construe "propagation path" or "predistortion"............. 2
        2. Dr. Williams' attempts to introduce new claim constructions for "propagation path" or "predistorting" at his deposition ............................ 2
    B. Dr. Williams' opinions are improper claim construction testimony........................ 4
IV. DR. WILLIAMS'S CARRIER AGGREGATION THEORIES SHOULD BE STRICKEN AS UNTIMELY ................................................................................................. 6
    A. Factual Background .................................................................................................... 6
        1. Cobblestone's contentions do not identify use of an Scell in carrier aggregation alone as a basis for infringement............................................. 6
        2. Dr. Williams' Report includes paragraphs that appear to introduce a stand-alone carrier aggregation read based on an "SCell" ................................. 7
        3. Any attempt to insert carrier aggregation theories is contrary to representations made to this court................................................................ 8
    B. Dr. Williams's Theories That An Scell Used in Carrier Aggregation Can be the Claimed Frequency Spectrum Resource Should be Stricken ............................................. 9
        1. There is no reasonable explanation for Cobblestone's failure to disclose Dr. Williams' carrier aggregation theory..................................................... 9
        2. Defendants are prejudiced by Cobblestone's failure to disclose Dr. Williams' Carrier Aggregation Theory...................................................... 10
        3. A continuance will not cure prejudice. ...................................................... 10
        4. Carrier aggregation is not important because Cobblestone had two alternative infringement theories for the '361 Patent. ............................... 11
V. UNDISCLOSED INFRINGEMENT OPINIONS AND EVIDENCE IN REBUTTAL VALIDITY REPORT ........................................................................................................ 11


Case 2:22-cv-00477-JRG-RSP   Document 169   Filed 07/10/24   Page 4 of 19 PageID #: 5052

**TABLE OF AUTHORITIES**

**CASES**                                                                                     **PAGE(S)**

*Barrett v. Atlantic Richfield Co.*,
   95 F.3d 375 (5th Cir. 1996) ........................................................................................................1

*Computer Acceleration Corp. v. Microsoft Corp.*,
   503 F. Supp. 2d 819 (E.D. Tex. 2009)......................................................................................10

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993)...................................................................................................................1

*Ericsson Inc. v. TCL Commun. Tech. Holdings, Ltd.*,
   No. 2:15-CV-00011-RSP, 2017 U.S. Dist. LEXIS 183216 (E.D. Tex. Nov. 4, 2017)..............5

*Motion Games, LLC v. Nintendo Co.*,
   No. 6:12-cv-878 (E.D. Tex. Apr. 16, 2015)...............................................................................1

*Music Choice v. Stingray Dig. Grp. Inc.*,
   No. 2:16-cv-00586-JRG-RSP, 2019 U.S. Dist. LEXIS 228326 (E.D. Tex. Nov. 19,
   2019) ..........................................................................................................................................5

*Solas OLED Ltd. v. Samsung Elecs. Co.*,
   2022 U.S. Dist. LEXIS 100436 (May 30, 2022) ............................................................1, 9, 11

*Uniloc USA Inc. v. Microsoft Corp.*,
   632 F.3d 1292 (Fed. Cir. 2011)..................................................................................................1

*VARTA Microbattery GmbH v. Audio P'ship LLC*,
   No. 2:21-CV-00400-JRG-RSP, 2023 U.S. Dist. LEXIS 140570 (E.D. Tex. 2023) ..................5

**RULES**

Fed. R. Evid. 702 ..............................................................................................................................1

I. **INTRODUCTION**

Defendants and Intervenors' Motion requests that the Court (i) exclude improper claim construction opinions from Dr. Williams under *Daubert*, (ii) strike Dr. Williams paragraphs on carrier aggregation, and (iii) strike improper and untimely opinions offered by Dr. Williams regarding theories that were not preserved in Cobblestone's infringement contentions.

II. **LEGAL STANDARD**

   A. **Excluding Expert Testimony Under *Daubert***

Under *Daubert*, an expert may testify if the proponent demonstrates to the court that it is more likely than not that (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the expert's opinion reflects a reliable application of the principles and methods reliably to the facts of the case. Fed. R. Evid. 702. The Court exercises a gatekeeping role to preclude expert opinions that are neither reliable nor tied to the relevant facts and circumstances. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591, 597-598 (1993); *Uniloc USA Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1318 (Fed. Cir. 2011).

   B. **Four-factor Test for Excluding Expert Testimony**

A four-factor test determines whether exclusion of undisclosed expert testimony is an appropriate remedy: (i) the explanation, if any, for the party's failure to provide discovery; (ii) the prejudice to the opposing party of allowing the expert to testify; (iii) the possibility of curing such prejudice by granting a continuance; and (iv) the importance of the expert evidence. *Solas OLED Ltd. v. Samsung Elecs. Co.*, 2022 U.S. Dist. LEXIS 100436, at *4-5 (May 30, 2022) (citing *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996)); *Motion Games, LLC v. Nintendo Co.*, No. 6:12-cv-878, (E.D. Tex. Apr. 16, 2015) (additional citations omitted).

**III.   DR. WILLIAMS NEW CLAIM CONSTRUCTION OPINIONS SHOULD BE EXCLUDED UNDER *DAUBERT***

Dr. Williams improperly advances a new claim construction for certain terms of U.S. Patent No. 8,891,347 ("'347 Patent"). ▮▮▮▮▮▮▮ ▮ ▮▮▮▮ ▮ ▮▮▮ ▮ ▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ These constructions are untimely, inconsistent with the plain and ordinary meaning of the terms, and contrary to the intrinsic record. Accordingly, Dr. Williams should be precluded from offering these new constructions at trial.

**A.    Factual Background**

**1.    The Court did not construe "propagation path" or "predistortion"**

Each of the independent claims of the '347 Patent require a "propagation path" and "predistorting." For example, claim 15 requires that the base station transmit a first signal via "a first propagation path of the plurality of propagation paths." The base station receives a channel estimation based on the first signal and predistorts a second signal in certain domains according to the channel estimation based on the first signal. The base station then transmits the predistorted second signal via the first propagation path. Ex. F ('347 Patent) at cl. 15.

Neither "propagation path" nor "predistorting" were construed by this Court, and thus must be interpreted according to their plain and ordinary meaning. Dkt. No. 131 (*Markman* Order).

**2.    Dr. Williams' attempts to introduce new claim constructions for "propagation path" or "predistorting" at his deposition**

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2



Because the claimed predistortion relies on channel estimations of signals sent on the first propagation path, Dr. Williams parlayed his new construction of "propagation path" into a new construction of predistortion.



**B.     Dr. Williams' opinions are improper claim construction testimony**

Dr. Williams's belated claim construction opinions should be excluded because they are contrary to the plain and ordinary meaning of the terms and the specification and an improper attempt to perform claim construction in front of the jury.

███████████████████████████████████████████████

The terms "propagation path" and "predistortion" were not construed as part of the claim construction process in this case and thus must be interpreted according to their plain and ordinary meaning. *See Music Choice v. Stingray Dig. Grp. Inc.,* No. 2:16-cv-00586-JRG-RSP, 2019 U.S. Dist. LEXIS 228326, at *13 (E.D. Tex. Nov. 19, 2019) ("This Court has stated that a 'failure to timely raise . . . claim construction arguments should ordinarily result in waiver of the arguments.'") (citing *Ericsson Inc. v. TCL Commun. Tech. Holdings, Ltd.*, No. 2:15-CV-00011-RSP, 2017 U.S. Dist. LEXIS 183216, at *15 (E.D. Tex. Nov. 4, 2017)); *VARTA Microbattery GmbH v. Audio P'ship LLC*, No. 2:21-CV-00400-JRG-RSP, 2023 U.S. Dist. LEXIS 140570, at *7-8 (E.D. Tex. 2023). As explained by this Court in *VARTA*, when an expert applies the plain and ordinary meaning of a term, the expert "is *not* allowed to use intrinsic evidence, such as the surrounding claim language, specification, or prosecution history—entirely divorced from any accused products" to alter the plain and ordinary meaning of the claims. 2023 U.S. Dist. LEXIS 140570, at *7-8 (E.D. Tex. 2023). The Court further explained this practice "is impermissible claim construction because it involves determining how the use of the term in the claim differs from its plain meaning." *Id.*

████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████ ████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
██████████████████████████████ ████████████████

Dr. Williams' new proposed constructions are contrary to the plain and ordinary meaning and were not timely raised by Cobblestone. Accordingly, the Court should preclude Dr. Williams from offering those opinions at trial.

### IV.   DR. WILLIAMS'S CARRIER AGGREGATION THEORIES SHOULD BE STRICKEN AS UNTIMELY

Dr. Williams's infringement report attempts to inject a new infringement theory for U.S. Patent No. 10,368,361 (the "'361 Patent") related to "carrier aggregation" that was not disclosed in Cobblestone's infringement contentions. As previously briefed in Defendants and Intervenors' Motion for a Protective Order (Dkt. No. 147), Cobblestone never asserted carrier aggregation, standing alone, as an accused functionality and used that fact to distinguish this case from later-filed cases in response to Defendants' and Intervenors' Motion to Consolidate (Dkt. Nos. 93 and 98). Yet, Dr. Williams now attempts to surreptitiously bake carrier aggregation into the functionality that Cobblestone states actually "*is* accused" in its infringement contentions. *See* Dkt. No. 125 at 1 (emphasis in original). But, carrier aggregation is a distinct technology from those previously disclosed, and cannot be conflated into one technical theory.

### A.   Factual Background

#### 1.   Cobblestone's contentions do not identify use of an Scell in carrier aggregation alone as a basis for infringement

As explained in detail in Defendants' and Intervenors' Motion for a Protective Order (Dkt. No. 147), on March 13, 2023, Cobblestone served its infringement contentions for the '361 Patent accusing two 5G features: (i) Supplementary Uplink (SUL) and (ii) Bandwidth Part (BWP) adaptation functionality. *See, e.g.,* Ex. D (Ex. C to Cobblestone's Infringement Contentions for AT&T) at 1 (relying on various, distinct 5G 3GPP TS documents for BWP and SUL).

For example, Cobblestone states "BWP3 is a non-limiting example of a first frequency spectrum resource, and BWP1 is a non-limiting example of a second frequency spectrum resource." Ex. D (Ex. C to Cobblestone's Infringement Contentions for AT&T) at 9. Second, for SUL, Cobblestone states "band 80 (non-limiting example of first frequency resource) supports uplink transmission only, while band 78 (non-limiting example of second frequency resource) in TDD supports both uplink and downlink transmissions." Ex. D (Ex. C to Cobblestone's Infringement Contentions for AT&T) at 6

In Cobblestone's contentions, however, there is no reference to carrier aggregation, and specifically the use of a Secondary Cell (SCell) within carrier aggregation,[1] as a possible infringement read.  Specifically, Cobblestone never accuses the SCell (in carrier aggregation) as meeting the "frequency spectrum resource," "second frequency spectrum resource," or "shared resource pool" limitations of the claims. *See, e.g.,* Ex. D (Ex. C to Cobblestone's Infringement Contentions for AT&T) at 3-13.



---

[1] In carrier aggregation, a device will use a primary cell (PCell) and one or more secondary cells (Scells) to facilitate communication. *See* 3GPP, Technologies – "Carrier Aggregation explained," December 11, 2022 (available at https://www.3gpp.org/technologies/101-carrier-aggregation-explained).



### 3. Any attempt to insert carrier aggregation theories is contrary to representations made to this court

As explained in detail in Defendants' and Intervenors' Motion for a Protective Order (Dkt. No. 147)[3], Cobblestone initially, expressly, and adamantly represented to this Court that carrier aggregation is *not* in this case. In opposing Defendants' motion to consolidate the instant case with later-filed cases involving the same Defendants, Intervenors, Plaintiff, and Products (*see* Dkt. No. 93), Cobblestone represented that this case did *not* accuse or implicate carrier aggregation and relied on that basis to urge the Court to deny Defendants' motion to consolidate. *See* Dkt. No. 98 at 3-6. As outlined extensively in the Motion for a Protective Order, Cobblestone made *numerous*

---

[3] This citation is to the corrected version of Defendants' and Intervenors' Motion for a Protective Order. The original Motion was filed April 29, 2024 (Dkt. No. 115).

statements to the Court representing that this case is "fundamentally different" from the later-filed action because this case does not involve carrier aggregation. Dkt. No. 147 at 3-4 (citing Dkt. No. 98 (Mot. Resp.) and Dkt. No. 98-1 (Mirzaie Decl.) at 3-4).

### 1. There is no reasonable explanation for Cobblestone's failure to disclose Dr. Williams' carrier aggregation theory

The first factor favors striking Dr. Williams's testimony related to carrier aggregation. Cobblestone's infringement contentions failed to "serve the purpose of providing notice" to Defendants of Cobblestone's carrier aggregation-based infringement theories," and, thus, Dr. Williams "may not introduce theories not previously set forth in infringement contentions." *Solas*, 2022 U.S. Dist. LEXIS 100436, at *4. Cobblestone accused the 5G BWP and SUL features of purportedly infringing the '361 Patent—not carrier aggregation or the use of an SCell. Cobblestone should not be permitted insert an entirely new infringement theory that it failed to disclose by simply raising it under a "BWP" heading, which Dr. Williams attempts to do throughout his Opening Report.

But, Cobblestone refused to amend its contentions and seek leave from this Court to do so to accuse carrier aggregation or provide any other notice to Defendants. The local

9

patent rules of this District exist to prevent this exact style of ambush litigation. *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2009). There is no reasonable explanation Cobblestone can offer explaining why it failed to disclose Dr. Williams' carrier aggregation infringement theory, weighing in favor of striking his related testimony.

### 2. Defendants are prejudiced by Cobblestone's failure to disclose Dr. Williams' Carrier Aggregation Theory

Defendants will suffer prejudice if Dr. Williams' infringement theory is not stricken. Defendants could not fully investigate this new carrier aggregation theory and prepare related invalidity reports and/or non-infringement contentions to address it. Moreover, Defendants were not able to offer any invalidity defenses based on carrier aggregation. *See Realtime Data*, 2009 U.S. Dist. LEXIS 73217, at *5 ("[C]ontentions must be reasonably precise and detailed . . . to provide a defendant with adequate notice of a plaintiff's theories of infringement."). Carrier aggregation is a 4G technology, while the accused BWP technology is 5G; the vast expansion of undisclosed scope based on 4G carrier aggregation is prejudicial. Cobblestone's failure to disclose carrier aggregation and shifting positions regarding how exactly carrier aggregation is relevant to its claims of infringement have persistently prejudiced Defendants' case. Thus, this factor also weighs in favor of striking Dr. Williams's related testimony.

### 3. A continuance will not cure prejudice

A continuance here cannot cure prejudice. Both fact discovery and expert discovery have closed. Cobblestone did not amend its infringement contentions or notice Defendants of its novel theory and instead covertly slipped into Dr. Williams's expert report on infringement. Defendants' expert could not, and did not, consider a carrier aggregation theory in forming his invalidity opinions. A continuance to allow Cobblestone to further amend its infringement contentions and Defendants to in turn amend its invalidity contentions is therefore futile or would unnecessarily

10

delay the case. *See S&W Enters. SouthTrust Bank of Ala.,* 315 F.3d 533, 537 (5th Cir. 2003) (affirming the district court's denial of a continuance because it would have "unnecessarily" delayed trial). This factor weighs in favor of striking Dr. Williams' testimony.

### 4. Carrier aggregation is not important because Cobblestone had two alternative infringement theories for the '361 Patent

Cobblestone relied on 5G BWP and SUL features in its contentions for the '361 Patent.

Thus, where Defendants are subject to significant prejudice by Cobblestone's attempt to inject a new theory into the case after the close of fact and expert discovery, the portions of Dr. Williams's report that should be stricken are not "critical" to Cobblestone's case. *Solas*, 2022 U.S. Dist. LEXIS 100436, at *8.

***

Based on the foregoing, the factors considered by the Court weigh in favor of striking Dr. Williams' opinions in Paragraphs 212, 824, 856, 872, 880, 891, 903, 912 of Dr. Williams' Appendix A related

## V. UNDISCLOSED INFRINGEMENT OPINIONS AND EVIDENCE IN REBUTTAL VALIDITY REPORT

11

███████████████████████

██████ Moreover, these documents cannot even been introduced by Dr. Williams *at all* because they were not raised by Cobblestone in infringement contentions or otherwise throughout fact discovery (despite being public, readily accessible documents). Finally, none of the newly cited T-Docs were raised as part of Defendants' and Intervenors' invalidity case. Thus, Dr. Williams is plainly trying to inject these T-Docs is his rebuttal report in an attempt to further support his opinions on infringement. This is improper.

As such, the new T-Docs and associated infringement arguments in Paragraph 78 of the Williams Rebuttal Report are untimely and should be struck as they violate the Court's Local Rules and Docket Control Order.

Respectfully submitted: July 3, 2024

/s/ *David S. Frist*
David S. Frist
David.Frist@alston.com
John Daniel Haynes

███████████████████████

John.Haynes@alston.com
Emily Welch
 Emily.Welch@alston.com
Michael Clayton Deane
 Michael.Deane@alston.com
Sloane Sueanne Kyrazis
 Sloane.Kyrazis@alston.com
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, GA 30309
404-881-7000
Fax: 404-881-7777

Ross Ritter Barton
 Ross.Barton@alston.com
ALSTON & BIRD LLP
1120 South Tryon Street
Suite 300
Charlotte, NC 28203
704-444-1287
Fax: 704-444-1111

Theodore Stevenson, III
 Ted.Stevenson@alston.com
Adam Ahnhut
 Adam.ahnhut@alston.com
ALSTON & BIRD LLP
2200 Ross Ave
Suite 2300
Dallas, TX 75201
214-922-3507
Fax: 214-922-3899

*Attorneys for AT&T Services, Inc., AT&T Corp., AT&T Mobility LLC, T-Mobile USA, Inc., and Cellco Partnership d/b/a Verizon Wireless, Ericsson Inc. and Nokia of America Corporation*

**Deron Dacus**
ddacus@dacusfirm.com
**The Dacus Firm**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
903-705-1117
Fax: 903-581-2543

13

███████████████████████████████████████

*Attorney* for *AT&T Services, Inc., AT&T Corp., AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, Ericsson Inc. and Nokia of America Corporation*

**Melissa R. Smith**
melissa@gillamsmithlaw.com
**Tom Gorham**
tom@gillamsmithlaw.com
**Gillam & Smith LLP**
102 N. College, Suite 800
Tyler, TX 75702
903-934-8450
Fax: 903-934-9257

*Attorneys for T-Mobile USA, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on July 3, 2024, on the counsel of record via electronic mail.

*/s/ David S. Frist*
David S. Frist



**CERTIFICATE OF CONFERENCE**

I hereby certify that Defendants and Intervenors have complied with the meet and confer requirements set forth in Local Rule CV-7(h). Counsel for Defendants and Intervenors met and conferred with counsel for Plaintiff on June 28, 2024 and July 1, 2024. No agreement was reached regarding the relief sought in this motion.

Dated: July 3, 2024      */s/ David S. Frist*
David S. Frist

15