# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00477-JRG-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>AT&T SERVICES INC.; AT&T MOBILITY LLC; AT&T CORP.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00474-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00478-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF COBBLESTONE WIRELESS, LLC'S OPPOSITION TO DEFENDANTS' AND INTERVENORS' CORRECTED MOTION FOR PROTECTIVE ORDER AND MOTION TO STRIKE (D.I. 147)**

I.     INTRODUCTION

On July 3, 2024, Defendants' and Intervenors' (collectively, "Defendants") filed a Corrected Motion for Protective Order, Dkt. No. 147. The Motion is a corrected version of the motion filed on April 29, 2024, Dkt. No. 115. For the Court's convenience and the clarity of the docket, Plaintiff Cobblestone Wireless, LLC ("Cobblestone") files this Opposition to Dkt. No. 147, in the form of a verbatim copy of its original opposition, Dkt. No. 125. All of the material after this paragraph is unchanged from Dkt. No. 125.

II.    ORIGINAL OPPOSITION

Plaintiff Cobblestone Wireless, LLC ("Cobblestone") respectfully opposes Defendants' and Intervenors' (collectively, "Defendants") Motion For Protective Order And In The Alternative, Motion to Strike ("Motion"), filed on **April 29, 2024**. Dkt. No. 115 at 1. Defendants are wrong that carrier aggregation has not been identified as interrelated with the functionality that *is* accused in this case, and discovery related to it is wholly appropriate. Defendants are also wrong that any of the statements made by Cobblestone are incorrect or should be struck. Defendants' Motion should be denied in its entirety.

> **A.     Cobblestone and Defendants All Agree That Carrier Aggregation Is Interrelated with the Accused Functionalities In This Case—Carrier Aggregation Discovery Is Thus Appropriate**

**First**, Defendants incorrectly contend Cobblestone stated during discovery and in briefing that this case "does not involve the functionality called carrier aggregation" and "that this case had nothing to do with carrier aggregation." Dkt. No. 115 at 3-4. Defendants rely on the ***first page*** of Cobblestone's ***sixty-seven page*** infringement contentions for the '361 Patent, and then boldly claim that "carrier aggregation is not 'detailed' anywhere in [Cobblestone's] contentions." Dkt. No. 115 at 5. Defendants are simply wrong. Cobblestone is attaching to this opposition five additional pages (the maximum permitted by the Discovery Order at 9(b), Dkt. No. 61) from the

1

same infringement contentions that literally and explicitly identify "carrier aggregation" as relevant to and interrelated with Cobblestone's infringement theories. *See, e.g.*, Exhibit I at 12 (explicitly identifying carrier aggregation):

> **7.7 Carrier Aggregation**
>
> When CA is configured, the UE only has one RRC connection with the network. At RRC connection establishment/re-establishment/handover, one serving cell provides the NAS mobility information, and at RRC connection re-establishment/handover, one serving cell provides the security input. This cell is referred to as the Primary Cell (PCell). Depending on UE capabilities, Secondary Cells (SCells) can be configured to form together with the PCell a set of serving cells. The configured set of serving cells for a UE therefore always consists of one PCell and one or more SCells.
>
> The reconfiguration, addition and removal of SCells can be performed by RRC. At intra-NR handover, RRC can also add, remove, or reconfigure SCells for usage with the target PCell. When adding a new SCell, dedicated RRC signalling is used for sending all required system information of the SCell i.e. while in connected mode, UEs need not acquire broadcast system information directly from the SCells.
>
> (3GPP TS 38.300 V2.0.0 (2017-12), § 7.7).

*See also* Exhibit I at 7, 15, 53, and 61 (each explicitly identifying carrier aggregation)[1]. Defendants' carefully worded statements that "Cobblestone has not *accused* carrier aggregation of infringing any of the Asserted Patents" and Cobblestone has "never identif[ied] carrier aggregation as an *accused* functionality," Dkt. No. 115 at 1, 4 (emphasis added), seem crafted to ignore—and ask this Court to ignore—that Cobblestone's infringement contentions ***repeatedly and expressly identify*** "carrier aggregation" as relevant to and interrelated with the accused products and functionalities. *See generally* Exhibit I.

After Cobblestone served its infringement contentions (which again, explicitly identify "carrier aggregation"), T-Mobile, AT&T, Verizon, Ericsson, and Nokia each made their first respective document on **May 12, 2023**. In those document productions and subsequent document productions to date, Defendants have collectively produced ***more than 8,000 documents*** that discuss "carrier aggregation." While admittedly not a perfect metric, the voluminous documents

---

[1] The infringement contentions expressly identify "carrier aggregation" on many other pages as well, including by the abbreviation "CA". The excerpts attached as Exhibit I are in fact just a small subset of the disclosures of carrier aggregation and its interrelationship to the Asserted Claims set forth in the infringement contentions.

2

produced by Defendants that detail the confidential technical implementation of carrier aggregation entirely belies Defendant's recent about-face and eleventh-hour attempts to shield "discovery related to carrier aggregation." Dkt. No. 115 at 1. Cobblestone should not now be precluded from taking testimony on this relevant functionality.

Indeed, Defendants admit—because they must—that the accused functionality in this case *is* interrelated with carrier aggregation. *See* Dkt. No. 115 at 2 ("[T]he[] accused SUL technology, which (if used at all) may or may not **be used as part of carrier aggregation**."); 3 ("Cobblestone is pointing to the accused functionality (e.g., SUL, BWP, beamforming, etc.) **interactions with the separate, distinct, carrier aggregation feature**."). Thus, even under Defendants' (mis)reading of Cobblestone's infringement contentions, Defendants *agree* that the accused functionalities are interrelated with carrier aggregation. This is not surprising, because carrier aggregation is simply a fundamental fact of 5G communications. All 5G communications occur on one or more cellular carriers, and carrier aggregation is an industry term that refers to the manner by which one or more cellular carriers are used for 5G communications to a particular mobile phone or user device. In this manner, features like Supplementary Uplink and Bandwidth Adaptation (both of which are expressly identified as Accused Instrumentalities on the first page of Cobblestone's infringement contentions) are always applicable to (and only applicable to) one or more cellular carriers and are, thus, interrelated with carrier aggregation. *See* Dkt. No. 115-1 at 1.

Defendants thus reluctantly admit that "the accused functionality [in this case] interacts with carrier aggregation" and even claim that they "did put up witnesses" on that interaction. Dkt. No. 115 at 5. While it is true that *some* of Defendants' witnesses have testified on *some* topics related to carrier aggregation, Defendant Verizon, Defendant AT&T, Defendant T-Mobile, and Intervenors Ericsson and Nokia each **failed to appear at a duly noticed deposition** based on their

recent contention that "carrier aggregation" is no longer relevant to this case. *See, e.g.,* Exhibit J (April 24, 2024 Statement on the Record Regarding T-Mobile's Nonappearance at Deposition); Exhibit K (Reporter's April 25, 2024 Certificate of Nonappearance of Cellco Partnership d/b/a Verizon Wireless) ("It is now 9:00 a.m., and counsel for Verizon or any of the defendants or intervenors have not appeared, and no witness for any of the counter parties have appeared either, and no witness for Verizon has appeared."); Exhibit L (Reporter's April 26, 2024 Certificate of Nonappearance of AT&T).[2] Defendants' counsel also stated unequivocally "[t]o be clear…the defendants and intervenors ***will not be putting up witnesses on the carrier aggregation topics***." Dkt. No. 115-7 at *5.

Defendants seek a protective order to prevent "discovery related to carrier aggregation in the Defendants' upcoming 30(b)(6) depositions." But as discussed above, carrier aggregation indisputably interacts with other accused features that even Defendants admit are at issue in this case and the Defendants have already produced thousands of detailed technical documents relating to carrier aggregation. Defendants' request that this Court issue a blanket ban on discovery of an issue—carrier aggregation—that Defendants admit relates to accused functionalities and about which Defendants have produced voluminous documents is unsupported by the parties' conduct and discovery produced in this case, and Defendants' Motion should be denied.

**B.     The Court Should Not Strike Plaintiff's True and Valid Statements**

Defendants next contend that this Court should strike thirteen specific sentences from Cobblestone's January 12, 2024 Response and January 29, 2024 Sur-Reply to Defendants' Motion to Consolidate because Defendants claim these thirteen sentences are allegedly no longer true. Dkt. Nos. 98 and 100. Defendants are again incorrect. Every single one of the lines Defendants pulled

---

[2] Cobblestone reserves all rights to seek relief as a result of the five noticed depositions to date for which neither Defendants' and Intervenors' counsel nor witnesses even appeared.

from Cobblestone's two prior briefs remains true, and none of them have any bearing on whether or not Cobblestone is entitled to discovery on carrier aggregation. Defendants portray Cobblestone's Opposition to Consolidation as disclaiming any relevance whatsoever of any aspect of carrier aggregation in this case. Dkt. No. 115 at 7. That is not a correct characterization of Cobblestone's statements. As Cobblestone stated in its Opposition to Consolidation, the two cases Defendants seek to consolidate focus on different technology and different patents, and different functionality is ***accused*** in each case. As described above, "carrier aggregation" is a broad term that can refer to several different aspects of cellular communications. It is still as true now as it was when Cobblestone opposed consolidation: the parts of carrier aggregation relevant to the present case are not the focus of the Carrier 2 cases. Cobblestone has never said, nor can it be said, that no aspect of carrier aggregation has any relevance to this case.

As a brief background, the patent asserted in what Defendants' Motion to Consolidate call the "Carrier 2" cases is U.S. Patent No. 7,924,802 ("the '802 Patent"). The '802 Patent is directed to different technology than the '361, '347, or '888 Patents at issue in this case. The '802 Patent is directed to specific aspects of carrier aggregation governing center frequencies and the implementation thereof in the transmitter of a base station or in the transmitter of a user equipment. That is why Cobblestone accurately explained in response to Defendants' Motion to Consolidate that there is unlikely to be duplication of discovery, because the Carrier 2 cases focus on different products (including user equipment products) which implement the specific features of carrier aggregation relevant to the '802 Patent. *See* Dkt. Nos. 98 and 100.

While the instant Carrier 1 cases certainly touch on and relate to some aspects of carrier aggregation and how "the [Carrier 1] accused features…interact with carrier aggregation functionality" ***as Defendants admit in their Motion***, Dkt. No. 115 at 5, the Carrier 2 cases focused

on the '802 Patent relate to *different* aspects of carrier aggregation. For example, SCell activation/deactivation and adapting the location of the bandwidth in the frequency spectrum is a radio resource management and scheduling functionality. None of the thirteen statements cited in Defendants' Motion even come close to contradicting this simple fact. Defendants' Motion should be denied.

Dated: July 12, 2024                                         Respectfully submitted,

/s/ Reza Mirzaie

Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Neil A. Rubin
CA State Bar No. 250761
Amy E. Hayden
CA State Bar No. 287026
James Pickens
CA State Bar No. 307474
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
rak_cobblestone@raklaw.com

Andrea Fair
**WARD SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400
andrea@wsfirm.com

***Attorneys for Plaintiff,***
***Cobblestone Wireless, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on July 12, 2024, with a copy of this document via the Court's ECF system.

*/s/ Reza Mirzaie*
Reza Mirzaie
