**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| COBBLESTONE WIRELESS, LLC, <br> *Plaintiff*, <br><br> v. <br><br> T-MOBILE USA, INC. <br> *Defendant*, <br><br> NOKIA OF AMERICA CORPORATION, <br> ERICSSON INC. <br> *Intervenors*. | § § § § § § § § § § § § § § | CASE NO. 2:22-cv-00477-JRG-RSP <br> (Lead Case) <br><br> JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC, <br> *Plaintiff*, <br><br> v. <br><br> AT&T SERVICES INC.; AT&T <br> MOBILITY LLC; AT&T CORP., <br> *Defendants*, <br><br> NOKIA OF AMERICA CORPORATION, <br> ERICSSON INC. <br> *Intervenors*. | § § § § § § § § § § § § § | CASE NO. 2:22-cv-00474-JRG-RSP <br> (Member Case) <br><br> JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC, <br> *Plaintiff*, <br><br> v. <br><br> CELLCO PARTNERSHIP d/b/a <br> VERIZON WIRELESS, <br> *Defendant*, <br><br> NOKIA OF AMERICA CORPORATION, <br> ERICSSON INC. <br> *Intervenors*. | § § § § § § § § § § § § § | CASE NO. 2:22-cv-00478-JRG-RSP <br> (Member Case) <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' AND INTERVENORS' RESPONSE TO PLAINTIFF'S MOTION FOR**
**SUMMARY JUDGMENT REGARDING STANDING (DKT. NO. 145)**

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................... 1

II.    RESPONSE TO THE STATEMENT OF THE ISSUE..................................................... 1

III.    RESPONSE TO SUMF ......................................................................................... 1

IV.    LEGAL STANDARD............................................................................................. 1

V.    ARGUMENT ....................................................................................................... 2

        A.    Cobblestone Mischaracterizes the Burden of Proof Regarding Standing................2

        B.    For Each Asserted Patent, Cobblestone Has Failed to Show That No Genuine Dispute of Material Fact Exists.................................................................................3

               1.    Cobblestone has not produced agreements sufficient to show chain of title of the Asserted Patents. ................................................................................ 3

               2.    Even if Cobblestone could produce agreements to show chain of title, those agreements are an insufficient basis to meet the burden for summary judgment. ........................................................................................... 6

VI.    CONCLUSION.................................................................................................... 6

i

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Byers v. Dallas Morning News, Inc.*,
　209 F.3d 419 (5th Cir. 2000) ...............................................................................................2

*G & G Closed Cir. Events, LLC v. Benjamin*,
　2023 U.S. Dist. LEXIS 64301 (N.D. Cal. 2023) ..................................................................2

*Kanaan v. Yaqub*,
　2023 U.S. Dist. LEXIS 229220 (N.D. Cal. 2023) .............................................................1, 2

*League of Women Voters of South Dakota v. Noem*,
　4:22-CV-04085, Dkt. No. 32 (S.D. S. Dak. Dec. 12, 2022) ..............................................1, 2

*Lujan v. Defenders of Wildlife*,
　504 U.S. 555 (1992).............................................................................................................1

*Mobile Telcoms. Techs. v. ZTE United States*,
　2016 U.S. Dist. LEXIS 199667 (E.D. Tex. 2016) .....................................................1, 2, 3, 6

*Nationstar Mortg., LLC v. Jackson*,
　2024 U.S. Dist. LEXIS 107170 (M.D. Fla. 2024) .............................................................1, 2

## I.      INTRODUCTION

The burden of proving standing falls on the Plaintiff. Standing is not a true affirmative defense, and therefore there is no burden on Defendants and Intervenors to prove lack of standing. Instead, Plaintiff must prove standing by demonstrating a chain of title back to the named inventor. Since Plaintiff failed to provide proof of title back to the named inventor in its summary judgment motion, Plaintiff failed to carry its burden and summary judgment should be denied.

## II.     RESPONSE TO THE STATEMENT OF THE ISSUE

Cobblestone has not shown it has constitutional or prudential standing because it has not proven that it had chain of title back to the named inventor or inventors of the Asserted Patents and therefore summary judgment should be denied.

## III.    RESPONSE TO SUMF

Defendants and Intervenors do not dispute any facts in the SUMF. However, as shown below, the undisputed material facts do not establish the relief that Cobblestone has requested.

## IV.     LEGAL STANDARD

"Once challenged, the burden of establishing standing falls on the Plaintiff." *Mobile Telcoms. Techs. v. ZTE United States*, 2016 U.S. Dist. LEXIS 199667, at *7 (E.D. Tex. 2016) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). "[A] plaintiff carries its burden of establishing standing by demonstrating a chain of title back to the named inventor or inventors of the asserted patent." *Id.*

"[L]ack of standing, like failure to state a claim, is not a true affirmative defense." *Kanaan v. Yaqub*, No. 21-cv-09591-PCP, 2023 U.S. Dist. LEXIS 229220, at *8 (N.D. Cal. 2023); *League of Women Voters of South Dakota v. Noem*, 4:22-CV-04085, Dkt. No. 32, (S.D. S. Dak. Dec. 12, 2022) ("[L]ack of standing is not an affirmative defense."); *Nationstar Mortg., LLC v. Jackson*, No. 3:23-cv-1404-HES-MCR, 2024 U.S. Dist. LEXIS 107170, at *19 (M.D. Fla. 2024) ("Lack of

standing is not an affirmative defense, but rather is a matter implicating the court's subject matter jurisdiction."); *G & G Closed Cir. Events, LLC v. Benjamin*, No. 22-cv-04144-SI, 2023 U.S. Dist. LEXIS 64301, at *9 (N.D. Cal. 2023) ("Because standing must be affirmatively proven by plaintiffs, lack of standing is a negative defense rather than an affirmative one . . .").

## V.     ARGUMENT

Cobblestone has neither met its burden to establish standing nor its burden to establish that no genuine factual dispute remains regarding standing. Cobblestone has failed to provide evidence showing it is a successor in title to the Asserted Patents.

### A.     Cobblestone Mischaracterizes the Burden of Proof Regarding Standing.

Cobblestone bears the burden of establishing it has standing to assert its claims in the instant case. *Mobile Telcoms. Techs.*, 2016 U.S. Dist. LEXIS 199667, at *7. Lack of standing is not a true affirmative defense. *Kanaan*, 2023 U.S. Dist. LEXIS 229220, at *8; *League of Women Voters of South Dakota*, Dkt. No. 32; *Nationstar Mortg., LLC*, 2024 U.S. Dist. LEXIS 107170, at *19; *G & G Closed Cir. Events, LLC*, 2023 U.S. Dist. LEXIS 64301, at *9. Cobblestone's motion fails to meet this burden.

In its motion, Cobblestone incorrectly applies the burden of proof standard under *Celotex* by stating:

> If, as here, *the nonmovant bears the burden of proof* on the claim or defense that is the subject of the summary judgment motion, the movant may discharge its burden by showing that there is an *absence of evidence* to support the nonmovant's case. *Celotex*, 477 U.S. at 323, 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).

(Mot. at 5).

As the quote above suggests, however, *Celotex* does not apply here. Cobblestone is the *movant* here and sought a judgment in its favor on the issue of standing. Therefore, *Cobblestone as the plaintiff* bears the burden of proffering evidence sufficient to show it has standing. From an

2

evidentiary standpoint, however, Cobblestone failed to do so. Cobblestone fails to include at least six documents showing chain of title of the Asserted Patents. As a result, Cobblestone cannot carry its summary judgment burden, and Defendants and Intervenors only need to point out this fact to survive summary judgment.

**B.      For Each Asserted Patent, Cobblestone Has Failed to Show That No Genuine Dispute of Material Fact Exists.**

Cobblestone's motion fails to provide evidence "demonstrating a chain of title back to the named inventor or inventors of the asserted patent." *Mobile Telcoms. Techs.*, 2016 U.S. Dist. LEXIS 199667, at *7. Thus, genuine disputes of material fact exist as to whether Cobblestone has standing to assert infringement of the Asserted Patents.

**1.      Cobblestone has not produced agreements sufficient to show chain of title of the Asserted Patents.**

Cobblestone fails to show chain of title back to the named inventors of the Asserted Patents. Instead, Cobblestone requests a summary judgment finding in its favor by arguing that an agreement from Empire to Cobblestone (Dkt. 145-2 (Ex. A to Mot.)) and a Confirmatory Agreement (Dkt. 145-3 (Ex. B to Mot.)) are sufficient to demonstrate standing. However, this is insufficient. Empire is not a named inventor, and Cobblestone has not carried its burden to dispose its present standing dispute.

As exemplified below, at least *six* different agreements relevant to the chain of title of the Asserted Patents are absent.

*a)      The '888 Patent Chain of Title*

Below is a simplified and annotated representation of the chain of title for the '888 Patent:



As shown, the chain of title for the '888 Patent begins with Ezekiel Kruglick and Ardent Research Corporation. Cobblestone does not provide any evidence of any assignment of the '888 Patent from either Mr. Kruglick or Ardent Research Corporation in its motion for summary judgment. Thus, at least the following agreements are missing from Cobblestone's argument, which are required to establish its standing:

- Agreement between Ezekiel Kruglick and Ardent Research Corporation

- Agreement between Ardent Research Corporation and Empire Technology Development LLC

*See* Dkt. 145-6 (T-Mobile's First Suppl. Resp. to Rog. No. 12).

    *b)  The '347 Patent Chain of Title*

Below is a simplified and annotated representation of the chain of title for the '347 Patent:



As shown, the chain of title for the '347 Patent begins with Xuefeng Yin and Shanghai Sage Information Technology ("SAGE"). Cobblestone did not present any evidence of any assignment of the '347 Patent from either Mr. Yin or SAGE in its summary judgment motion.

Thus, at least the following agreements are missing from Cobblestone's motion, which are required to establish its standing:

- Agreement between Xuefeng Yin and Shanghai Sage Information Technology Co. Ltd.

- Agreement between Shanghai Sage Information Technology Co. Ltd. and Empire Technology Development LLC

*See See* Dkt. 145-6 (T-Mobile's First Suppl. Resp. to Rog. No. 12).

c)      *The '361 Patent Chain of Title*

Below is a simplified and annotated representation of the chain of title for the '361 Patent:



As shown, the chain of title for the '361 Patent begins with Anpeng Huang and Bejing Jindianchuangqi Technology Development Co. Ltd. ("BJTD"). Cobblestone does not provide any evidence of any assignment of the '361 Patent from either Mr. Huang or BJTD in its motion for summary judgment. Thus, at least the following agreements are missing from Cobblestone's argument, which are required to establish its standing:

- Agreement between Anpeng Huang and Beijing Jindianchuangqi Technology Development Co. Ltd.

- Agreement between Beijing Jindianchuangqi Technology Development Co. Ltd. and Empire Technology Development LLC

*See* Dkt. 145-6 (T-Mobile's First Suppl. Resp. to Rog. No. 12).

5

With six different agreements missing, there clearly exists a genuine dispute of material fact as to whether Cobblestone has standing to assert infringement of the Asserted Patents. Cobblestone has wholly failed to meet its evidentiary burden of "demonstrating a chain of title back to the named inventor or inventors of the asserted patent." *Mobile Telcoms. Techs.*, 2016 U.S. Dist. LEXIS 199667, at *7.

> **2.     Even if Cobblestone could produce agreements to show chain of title, those agreements are an insufficient basis to meet the burden for summary judgment.**

Even if Cobblestone had provided evidence purporting to show standing, a genuine issue of fact would remain since that evidence cannot be authenticated.

Defendants and Intervenors attempted to reach the named inventors of the Asserted Patents through both Cobblestone and Hauge discovery. However, despite these efforts, Defendants and Intervenors were only able to depose Mr. Kruglick. The other two named inventors could not be located and could not be deposed to authenticate any documents.

Thus, in the absence of any authenticated evidence proving the fact of the matter, the inventors should be available for questioning at trial, along with Cobblestone's representatives, to testify as to standing. Summary judgment is, therefore, inappropriate at this juncture.

## VI.   CONCLUSION

For the forgoing reasons, Defendants and Intervenors respectfully request that this Court reject Cobblestone's Motion for Summary Judgement on Defendants and Intervenors' Affirmative Defenses Alleging Lack of Standing.

Dated: July 17, 2024

Respectfully submitted,

*/s/ David S. Frist*
David S. Frist (GA Bar No. 205611)
John D. Haynes (GA Bar No. 340599)
Emily C. Welch (GA Bar No. 606071)
Michael C. Deane (GA Bar No. 497195)
Sloane S. Kyrazis (GA Bar No. 878240)
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Phone: (404) 881-7000
Fax:    (404) 881-7777
Email:  david.frist@alston.com
john.haynes@alston.com
emily.welch@alston.com
michael.deane@alston.com
sloane.kyrazis@alston.com

Ross R. Barton (NC Bar No. 37179)
ALSTON & BIRD LLP
101 South Tryon Street
Suite 4000
Charlotte, NC 28280-4000
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
Email: ross.barton@alston.com

Theodore Stevenson, III (TX Bar No.
19196650)
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas TX 75201
Phone: (214) 922-3400
Fax:    (214) 922-3899
Email: ted.stevenson@alston.com

Katherine G. Rubschlager (CA Bar. No.
328100)
ALSTON & BIRD LLP
560 Mission St., Suite 2100
San Francisco, CA 94105
Phone: (415) 243-1000
Fax:    (415) 243-1001
Email: katherine.rubschlager@alston.com

7

Deron R. Dacus
THE DACUS FIRM
821 E SE Loop 323 Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Facsimile: (903) 581-2543

*Attorneys for Defendants AT&T Services,
Inc., AT&T Mobility LLC, and AT&T
Corp.; Defendant T-Mobile USA, Inc.;
Defendant Cellco Partnership d/b/a
Verizon; Intervenor Ericsson Inc.; and
Intervenor Nokia of America Corporation*

Deron Dacus
ddacus@dacusfirm.com
THE DACUS FIRM
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Facsimile: (903)581-2543
Email: ddacus@dacusfirm.com

*Attorney for AT&T Services, Inc., AT&T
Corp., AT&T Mobility LLC, Cellco
Partnership d/b/a Verizon Wireless,
Ericsson Inc. and Nokia of America
Corporation*

Melissa R. Smith
melissa@gillamsmithlaw.com
Tom Gorham
tom@gillamsmithlaw.com
Gillam & Smith Llp
102 N. College, Suite 800
Tyler, TX 75702
903-934-8450
Fax: 903-934-9257

*Attorneys for T-Mobile USA, Inc.*

8

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by e-mail on July 17, 2024 on all counsel who have consented to electronic service.

/s/ David S. Frist
David S. Frist