# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| COBBLESTONE WIRELESS, LLC, <br> *Plaintiff*, <br> v. <br> T-MOBILE USA, INC. <br> *Defendant*, <br> NOKIA OF AMERICA CORPORATION, ERICSSON INC. <br> *Intervenors*. | § § § § § § § § § § § § § | CASE NO. 2:22-cv-00477-JRG-RSP <br> (Lead Case) <br><br> JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC, <br> *Plaintiff*, <br> v. <br> AT&T SERVICES INC.; AT&T MOBILITY LLC; AT&T CORP., <br> *Defendants*, <br> NOKIA OF AMERICA CORPORATION, ERICSSON INC. <br> *Intervenors*. | § § § § § § § § § § § § § § | CASE NO. 2:22-cv-00474-JRG-RSP <br> (Member Case) <br><br> JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC, <br> *Plaintiff*, <br> v. <br> CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, <br> *Defendant*, <br> NOKIA OF AMERICA CORPORATION, ERICSSON INC. <br> *Intervenors*. | § § § § § § § § § § § § § § | CASE NO. 2:22-cv-00478-JRG-RSP <br> (Member Case) <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS' AND INTERVENORS' RESPONSE TO COBBLESTONE'S MOTION TO EXCLUDE UNDER *DAUBERT* AND STRIKE DECLARATION OF CRAIG BISHOP**

## Table of Exhibits

| Exhibit | Description |
|---|---|
| A | Excerpts from Deposition of Craig Bishop |
| C | Technical Audit of Service FTP |
| D | Service email from N. Nunez |

**TABLE OF CONTENTS**

Page(s)

I.  INTRODUCTION ................................................................................................................ 1

II. LEGAL STANDARD......................................................................................................... 1

III. ARGUMENT ...................................................................................................................... 2

    A.  Mr. Bishop's Declaration is Reliable and Admissible............................................ 2

        1.  This Court has already rejected the same argument against Mr. Bishop.... 2

        2.  Mr. Bishop qualifies as an expert because he has specialized knowledge regarding 3GPP specifications and procedures............................................ 4

        3.  Mr. Bishop's opinions are "Helpful to the Jury." ....................................... 7

    B.  Even if Mr. Bishop Is Not an Expert, Mr. Bishop's Declaration Is Admissible as Factual Evidence Because it was Served in the Fact Discovery Period. ............................ 8

    C.  The case cited by Cobblestone in its motion is inapplicable. ............................... 10

IV. CONCLUSION................................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Correct Transmission, LLC v. Nokia of Am. Corp.*,
　2024 U.S. Dist. LEXIS 53708 (E.D. Tex. Mar. 26, 2024) .......................................................... 1

*Daubert v. Merrell Dow Pharms., Inc.*,
　509 U.S. 579 (1993) ....................................................................................................... 1, 3, 7, 10

*EEOC v. Mod. Grp., Ltd.*,
　2024 U.S. Dist. LEXIS 53262 (E.D. Tex. Mar. 25, 2024) .......................................................... 8

*Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*,
　No. 2:21-CV-00113-JRG, Dkt. 229 (E.D. Tex. Mar. 16, 2022) .......................................... 1, 2, 6

*Novak v. Tucows, Inc.*,
　2007 U.S. Dist. LEXIS 21269 (E.D.N.Y. Mar. 26, 2007) ..................................................... 9, 10

*Pipitone v. Biomatrix, Inc.*,
　288 F.3d 239 (5th Cir. 2002) ...................................................................................................... 1

*United States v. Valencia*,
　600 F.3d 389 (5th Cir. 2010) ...................................................................................................... 6

*Winkle v. Rogers*,
　82 F.4th 370 (5th Cir. 2023) .................................................................................................. 4, 8

**RULES**

Fed. R. Evid. 702 ................................................................................................................ 4, 5, 7, 8

Fed. R. Evid. 801 ......................................................................................................................... 10

Local Rule CV-5(a)(7) ................................................................................................................. 13

I.   INTRODUCTION

Mr. Craig Bishop has over 30 years of experience in the telecommunications industry with an extensive knowledge of 3GPP and ETSI specifications and procedures including document handling and publication practices. His long-standing, specialized knowledge regarding the 3GPP standardization process makes him well-qualified to opine on the public availability of such documents. Mr. Bishop's opinions were appropriately disclosed to Cobblestone, and Cobblestone deposed Mr. Bishop on his opinions. Any issues Cobblestone has with the substance of those opinions should be addressed during cross-examination not excluded under *Daubert*.

This Court has rejected similar attacks against Mr. Bishop in the past. In fact, this Court has found similar opinions from Mr. Bishop to be sufficiently reliable to meet the evidentiary burden for summary judgment on authenticity and public availability of 3GPP references. *Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*, No. 2:21-CV-00113-JRG, Dkt. 229 at 10 (E.D. Tex. August. 10, 2022).

Finally, Cobblestone is mistaken about the date Mr. Bishop's declaration was served. Cobblestone argues that the declaration should be excluded because it should have been served within the fact discovery period. But the declaration ***was*** served within the fact discovery period, which moots this aspect of Cobblestone's motion.

II.   LEGAL STANDARD

"[I]n a jury trial setting, the Court's role under *Daubert* is not to weigh the expert testimony to the point of supplanting the jury's fact-finding role; instead, the Court's role is limited to that of a gatekeeper, ensuring that the evidence in dispute is at least sufficiently reliable and relevant to the issue before the jury that it is appropriate for the jury's consideration." *Correct Transmission, LLC v. Nokia of Am. Corp.*, No. 2:22-cv-00343-JRG-RSP, 2024 U.S. Dist. LEXIS 53708, at *3 (E.D. Tex. Mar. 26, 2024) (collecting cases); *Pipitone v. Biomatrix, Inc.*, 288 F.3d

1

239, 249-50 (5th Cir. 2002) ("'[t]he trial court's role as gatekeeper [under Daubert] is not intended to serve as a replacement for the adversary system.' . . . Thus, while exercising its role as a gatekeeper, a trial court must take care not to transform a *Daubert* hearing into a trial on the merits," quoting Fed. R. Evid. 702 advisory committee note).

### III. ARGUMENT

Cobblestone seeks to strike the entirety of Mr. Bishop's declaration by arguing in the alternative that (i) if Mr. Bishop is being offered as an expert, he is not qualified because he a "layperson" giving an opinion based on "nothing more than his subjective, speculative belief"; or (ii) if Mr. Bishop is being offered as a fact witness, his report was served after fact discovery and was untimely. Both arguments fail.

First, Mr. Bishop's opinions are reliable as expert opinion, based on his specialized knowledge of 3GPP standards. Moreover, his testimony will help the jury determine when certain 3GPP standards were publicly available. Second, even if Mr. Bishop is not qualified to offer expert testimony—which he is—Cobblestone's assertion regarding the timeliness of Mr. Bishop's is factually incorrect: Mr. Bishop's report was served within the fact discovery period. Thus, his opinions also constitute timely factual support for Defendants and Intervenors' public accessibility positions.

### A. Mr. Bishop's Declaration is Reliable and Admissible.

#### 1. This Court has already rejected the same argument against Mr. Bishop.

Mr. Bishop has over 30 years of experience with an extensive, specialized knowledge of 3GPP and ETSI specifications and procedures including document handling and publication practices. As a result, this Court has already rejected the same, unsubstantiated attack on Mr. Bishop that Plaintiff makes here.

2

In *Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*, this Court previously found that Mr. Bishop's declaration on the public availability and authenticity of certain 3GPP documents was not only admissible, but also met the burden sufficient to support a finding of summary judgment. No. 2:21-CV-00113-JRG, Dkt. 229 at 10 (E.D. Tex. Mar. 16, 2022) (rejecting Plaintiff's arguments in Dkt. No. 157).

In that case, like here, Plaintiff argued that Mr. Bishop's declaration was uncorroborated hearsay as to the dates of the documents and that he lacks personal knowledge of the 3GPP website and the documents in question. *Id.*, Dkt. 157 at 1. Like here, Plaintiff in that case argued that "[r]ather than obtaining information from 3GPP, Ericsson relies only on the testimony of its paid expert (Bishop), who does not even claim to have any personal knowledge regarding when any of the documents at issue were uploaded." *Id.*

This Court rejected those arguments and adopted the dates of public availability set out in Mr. Bishop's declaration at summary judgment. Dkt. 229 at 10 The Court reasoned that "Defendants had met their burden of proffering evidence showing that certain 3GPP references were authentic and publicly accessible" and that "[i]n view of Plaintiff's failure to provide any evidence rebutting the same, summary judgment was appropriate." *Id*. The same is true here. Cobblestone argues that Defendants should have obtained discovery directly from 3GPP and that Mr. Bishop's declaration is improper because he is a lay person who has never been a document custodian for 3GPP. The Court should reject the same baseless attack again here for the reasons set forth below.

## 2. Mr. Bishop qualifies as an expert because he has specialized knowledge regarding 3GPP specifications and procedures.

### a) Mr. Bishop is qualified.

Mr. Bishop's experience with 3GPP and ETSI specifications, documents, and procedures qualifies him as an expert. Indeed, he has served as an expert in various capacities, providing written and oral expert opinions and testimony involving 3GPP standards across at least 8 different domestic and international matters over the past 10 years.

Mr. Bishop has been intimately involved with 3GPP standards throughout the entirety of his decades long career in the industry. Beginning in 1996, Mr. Bishop participated and actively contributed to ETSI Special Mobile Group ("SMG") committees SMG1, SMG2, SMG4, SMG5, and SMG9, and related sub-committees working on the air interface radio access network protocols, service, and terminal aspects of UMTS and GSM/GPRS. Dkt. 143-2 (Bishop Dec.) at ¶ 9. Mr. Bishop was a participant in the ETSI SMG2 meetings leading up to selection of Wideband Code Division Multiple Access as the radio access technology for the Frequency Division Duplex mode of UMTS. *Id.* Mr. Bishop attended the inaugural 3GPP Technical Specification Group ("TSG") meetings held in December 1998, and began attending Working Group ("WG") meetings in 1999. Dkt. 143-2 (Bishop Dec.) at ¶ 10. Mr. Bishop was a regular participant in Radio Access Network ("RAN") and Services & System Aspects ("SA") working group meetings and Technical Specification Group plenary meetings. *Id.* Mr. Bishop acted as Rapporteur for 3GPP TR 21.904 covering User Equipment capability requirements from 1999 to 2000, and for 3GPP TR 21.902 covering the Evolution of the 3GPP System in 2003. Dkt. 143-2 (Bishop Dec.) at ¶12. From 2005 until 20011, Mr. Bishop regularly attended and participated in SA WG2 and SA WG1 meetings. Dkt. 143-2 (Bishop Dec.) at ¶13. He also attended SA plenary meetings from 2008 until 2013. Dkt. 143-2 (Bishop Dec.) at ¶ 13.

As Mr. Bishop testified to when Cobblestone deposed him in this case, in 2013, after 20 years of industry experience, Mr. Bishop established his own consulting firm, which is a full ETSI member entitling Mr. Bishop to attend any ETSI meeting and/or become involved with any of the technical bodies at ETSI. Ex. A (Bishop Dep. Tr.) at 19:8-16. As a part of his consulting services, Mr. Bishop has authored numerous declarations opining on the public availability of prior art, including 3GPP standards. Ex. A (Bishop Dep. Tr.) at 21:7-22.

Throughout his decades long career in the telecommunications space, Mr. Bishop attended 3GPP meetings for "RAN1, RAN2, SA1, SA2," "a number of other working groups," and "TSG plenary groups" as a delegate and worked directly with Mobile Competency Centre (which provide secretarial services for 3GPP) to submit 3GPP submissions. Ex. A (Bishop Dep. Tr.) at 59:20-60:3, 42:1-14. Mr. Bishop does not just have personal knowledge of 3GPP standards and procedures, he has the specialized "knowledge, skill, experience, training, or education" that "will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.

### b) Cobblestone mischaracterizes Mr. Bishop's expertise.

Cobblestone mischaracterizes Mr. Bishop's expertise, experience, and testimony. Cobblestone's assertion that "Mr. Bishop also has no experience using the relevant systems" is wrong. Dkt. No. 143 at 5. Mr. Bishop has experience using the relevant systems, as he repeatedly testified. Ex. A (Bishop Dep. Tr.) at 49:5-53:13.  Likewise, Cobblestone mischaracterizes knowledge about the 3GPP website. Cobblestone alleges that Mr. Bishop "does [not] know if the timestamps displayed on the 3GPP website could be altered or whether there have been any issues with them that might lead to them being inaccurate," but that is plainly rebutted by Mr. Bishop's testimony:

> Q. Do you know if there -- there has ever been a glitch in creating a time stamp for a 3GPP document that's uploaded to its file server?

5

> A. I'm not aware that there has ever been a glitch or a problem with that.
>
> Q. Is that something you investigated in preparing your declarations in these cases?
>
> A. No, because based on my experience, it's – *it has never happened*.
>
> Q. How do you know it's never happened?
>
> A. Because I've been working with 3GPP, either directly in 3GPP or looking at 3GPP publication and practices, for 25 years, and *I've never seen it happen. I've never come across a case where a date appears to be wrong or appears to have been changed, and I've never heard of any case where that's happened*.

Ex. A (Bishop Dep. Tr.) at 57:21-58:11.

Cobblestone next mischaracterizes Mr. Bishop's experience by stating that "he has not investigated the process" or "performed any studies that correlate the dates on 3GPP's website to the actual public availability of the underlying documents." Dkt No. 143 at 5. But this again is flatly wrong. Mr. Bishop *participated* in the process, and he did not need to "perform any studies" because he used his own experience to understand the accuracy of the timestamps:

> Because, based on my experience, the time stamps have always been accurate. They've always reflected when the documents are uploaded. The 3GPP frequently asks questions to make it clear that the time stamp can be relied upon and is automatically generated."

Ex. A (Bishop Dep. Tr.) at 62:12-18.

Therefore, Cobblestone's alleged faults with Mr. Bishop's analysis or expertise are contradicted by the fact that Mr. Bishop was there and participated in events that reliably allow him to reach the conclusions he reached.

### c) The case law supports Defendants and Intervenors.

The case law does not require the rigid qualifying standard set forth by Cobblestone. Cobblestone argues that since "[h]e has never worked for 3GPP, performed any reliability studies,

6

or even performed any research to determine the reliability of date information stored on the 3GPP website" he does not qualify as an expert. Dkt. No. 143 at 8.

However, this is not the standard that Courts in this District or the Fifth Circuit apply. This Court has previously "reject[ed] the notion that [an expert] must have specific experience and training matched precisely to the circumstances at issue." *EEOC v. Mod. Grp., Ltd.*, No. 1:21-CV-451, 2024 U.S. Dist. LEXIS 53262, at *13 (E.D. Tex. Mar. 25, 2024) (collecting cases). Instead, the Fifth Circuit made clear that "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Winkle v. Rogers*, 82 F.4th 370, 379 (5th Cir. 2023).

Therefore, Mr. Bishop qualifies as an expert on 3GPP documents and should be admitted as such.

### 3. Mr. Bishop's opinions are "Helpful to the Jury."

In his declaration, Mr. Bishop employs his expertise to help the jury understand when certain 3GPP references were publicly accessible. His opinions are founded in reliable facts and data from 3GPP's public file repository.

For example, for 3GPP TS 23.401, he first explains the relevance of the release number and how an interested member of the public would identify a specific release. Dkt. 143-2 (Bishop Dec.) at ¶ 63. He then illustrates how an interested member of the public would access a specific release and identify its timestamp. Dkt. 143-2 (Bishop Dec.) at ¶¶ 64-65 (providing an analysis of accessing TS 36.401 v10.3.0 from the *public* 3GPP file server). He authenticates the publicly available 3GPP reference based on his personal (and specialized) knowledge and opines on when it was publicly accessible. Dkt. 143-2 (Bishop Dec.) at ¶¶ 66-67.

7

Mr. Bishop's expert opinions are based on his decades long experience and understanding of 3GPP submissions, including from his own submissions and attendance at 3GPP plenary group meetings:

> Q. And looking at the -- the last sentence of this paragraph, you -- the second part of it, you say that "my personal experience confirms that the time stamps have always been a reliable way to determine when a file was uploaded to the 3GPP website." What personal experience are you referring to in that sentence?
>
> A. My personal experience as a delegate attending meetings for RAN1, RAN2, SA1, SA2 and a number of other working groups. Also attending TSG plenary groups, being aware of when documents were uploaded, being aware of when documents I had sent to the secretaries of meetings were uploaded and seeing when they appeared on the doc- -- on the file server. So I have quite a lot of experience over the last 25 years that these time stamps are and have always been reliable.

Ex. A (Bishop Dep. Tr.) at 59:13-60:3.

Thus, Mr. Bishop's expert testimony is "sufficiently reliable and relevant to be helpful to the finder of fact and thus to warrant admission at trial." *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010).

### B. Even if Mr. Bishop Is Not an Expert, Mr. Bishop's Declaration Is Admissible as Factual Evidence Because it was Served in the Fact Discovery Period.

Anticipating Cobblestone's attack on Mr. Bishop's expertise, Defendants and Intervenors *also* served Mr. Bishop's declaration within the fact discovery period to thwart any allegation about the timeliness of Mr. Bishop's opinions.

Cobblestone incorrectly asserts that "[t]he Bishop Report was served on May 24, 2024, after fact discovery closed on May 17, 2024." Dkt. No. 143 at 9-10. This is factually incorrect. Mr. Bishop's declaration was executed and served on May 17, 2024, within the fact discovery period. Below is a screenshot showing the Declaration as uploaded to Defendants and Intervenors FTP on

May 17, at the close of fact discovery, along with its final interrogatory responses and final factual production volume.

| Date / Time | Remote IP | Protocol | Action | File/Folder Name | KB Transferred | Result |
|---|---|---|---|---|---|---|
| **User Name: Cobblestone-Fact-Discovery** | | | | | | |
| 5/17/2024 5:04:39 PM | 10.21.99.55 | HTTPS | created | Cobblestone - First Supp. Appendix A TMO (No.7 Common ROG Response).pdf | 1,311.92 | 200 |
| 5/17/2024 5:04:39 PM | 10.21.99.55 | HTTPS | created | Cobblestone - T-Mobile Sixth Supplemental Rog Responses.pdf | 432.51 | 200 |
| 5/17/2024 5:04:39 PM | 10.21.99.55 | HTTPS | created | Cobblestone- TMO Supp Responses to ALL Individual Rogs(44379516.2).pdf | 297.34 | 200 |
| 5/17/2024 5:04:24 PM | 10.21.99.55 | HTTPS | created | Cobblestone - First Supp. Appendix A NOK (No.7 Common ROG Response).pdf | 1,438.29 | 200 |
| 5/17/2024 5:04:24 PM | 10.21.99.55 | HTTPS | created | Cobblestone- Nokia Supp Responses to ALL Individual ROGS.pdf | 218.84 | 200 |
| 5/17/2024 5:04:24 PM | 10.21.99.55 | HTTPS | created | Cobblestone- Nokia's Fourth Supplemental Resp to 1st Common Rogs.pdf | 404.71 | 200 |
| 5/17/2024 5:04:11 PM | 10.21.99.55 | HTTPS | created | Cobblestone - First Supp. Appendix A ERIC (No.7 Common ROG Response).pdf | 1,378.70 | 200 |
| 5/17/2024 5:04:11 PM | 10.21.99.55 | HTTPS | created | Cobblestone- Fourth Supplemental Resp to 1st Common Rogs (Ericsson).pdf | 413.23 | 200 |
| 5/17/2024 5:04:11 PM | 10.21.99.55 | HTTPS | created | Cobblestone- Ericsson Supp Responses to ALL Individual ROGS.pdf | 218.64 | 200 |
| 5/17/2024 5:03:58 PM | 10.21.99.55 | HTTPS | created | Cobblestone - First Supp. Appendix A ATT (No.7 Common ROG Response.pdf | 1,349.90 | 200 |
| 5/17/2024 5:03:58 PM | 10.21.99.55 | HTTPS | created | Cobblestone- AT_T Sixth Supplemental Rog Responses.pdf | 421.69 | 200 |
| 5/17/2024 5:03:58 PM | 10.21.99.55 | HTTPS | created | Cobblestone- AT_T Supp. Responses to ALL Individual ROGS.pdf | 288.20 | 200 |
| 5/17/2024 4:53:08 PM | 10.21.47.76 | HTTPS | created | 2024-05-17 Declaration of Craig Bishop.pdf | 768.44 | 200 |
| 5/17/2024 4:27:35 PM | 10.21.47.76 | HTTPS | created | Volume 016.zip | 23.10 | 200 |
| 5/17/2024 4:22:22 PM | 10.21.99.55 | HTTPS | mkd | /Usr/Cobblestone-Fact-Discovery/Declaration of Craig Bishop/ | 1.36 | 200 |
| 5/17/2024 4:22:15 PM | 10.21.99.55 | HTTPS | mkd | /Usr/Cobblestone-Fact-Discovery/AT&T/ | 1.31 | 200 |
| 5/17/2024 4:22:06 PM | 10.21.99.55 | HTTPS | mkd | /Usr/Cobblestone-Fact-Discovery/T-Mobile/ | 1.32 | 200 |
| 5/17/2024 4:22:01 PM | 10.21.99.55 | HTTPS | mkd | /Usr/Cobblestone-Fact-Discovery/Verizon/ | 1.31 | 200 |
| 5/17/2024 4:21:56 PM | 10.21.99.55 | HTTPS | mkd | /Usr/Cobblestone-Fact-Discovery/Nokia/ | 1.31 | 200 |
| 5/17/2024 4:21:53 PM | 10.21.99.55 | HTTPS | mkd | /Usr/Cobblestone-Fact-Discovery/Ericsson/ | 1.32 | 200 |
| | | | | Total KB transferred by 'Cobblestone-Fact-Discovery' | 57,783.13 | KB |

Ex. B (Service FTP Audit); *see also* Ex. C (Service Email); Dkt. 143-2 (Bishop Dec.) at ¶¶ 42-43.

This fact alone undercuts the premise of Cobblestone's motion to exclude Mr. Bishop's testimony under *Daubert*. Since Mr. Bishop's declaration was served within the fact discovery period, the alleged facts set forth in the declaration are properly part of the case.

Next, Cobblestone fails to identify any prejudice. Cobblestone complains that Defendants and Intervenors did not identify Mr. Bishop in their initial disclosure document but fails to articular what harm this allegedly caused. Within the fact discovery period, Defendants and Intervenors served Mr. Bishop's entire declaration with the entire basis of his opinions. Therefore, his declaration provided far more than the "subjects of [] information" required under Rule 26(a). In addition, Cobblestone deposed Mr. Bishop. Cobblestone took over one hundred pages of record testimony. *See generally*, Ex. A (Bishop Dep. Tr.) at 110. Therefore, Cobblestone has no basis to

9

allege any prejudice associated with the fact that Mr. Bishop was not listed in an initial disclosure document citing to Rule 26(a).

Cobblestone was properly on notice of the relevant facts and opinions set out in Mr. Bishop's declaration, had an opportunity to depose him on those opinions, and did so. Cobblestone can appropriately address the *weight* of Mr. Bishop's opinions through "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof"—not through exclusion of his report. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 596 (1993).

### C. The case cited by Cobblestone in its motion is inapplicable.

Finally, Cobblestone argues that the issue here is similar to the issue in *Novak v. Tucows, Inc.,* No. 06-CV-1909 (JFB) (ARL), 2007 U.S. Dist. LEXIS 21269 (E.D.N.Y. Mar. 26, 2007). Cobblestone is mistaken.

*Novak* is distinguishable in a number of ways. This 15-year-old Second Circuit case was decided on a motion to dismiss and a motion to strike, not under *Daubert*. In that case, the plaintiff relied on internet pages printed out from various third-party websites. The Court explained that "[w]here postings from internet websites are not statements made by declarants testifying at trial and are offered to prove the truth of the matter asserted, such postings generally constitute hearsay under Fed. R. Evid. 801." *Id.* at *15. Moreover, the Court noted that the plaintiff "proffers neither testimony nor sworn statements attesting to the authenticity of the contested web page that." *Id.* Neither of these things are true here.

Mr. Bishop provides his sworn testimony as a testifying witness based on his specialized knowledge about 3GPP. The 3GPP references Mr. Bishop opines on are technical specifications maintained by 3GPP, which are utilized worldwide for the development and standardization of telecommunications standards. The 3GPP references that are the subject of Cobblestone's Motion

10

to Strike are not printouts of internet web pages based upon third-party data, as was the case in *Novak*.

## IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court deny Cobblestone's Motion to Exclude Under *Daubert* and Strike Declaration of Craig Bishop.

Dated: July 17, 2024

Respectfully submitted,

/s/ David S. Frist
David S. Frist (GA Bar No. 205611)
John D. Haynes (GA Bar No. 340599)
Emily C. Welch (GA Bar No. 606071)
Michael C. Deane (GA Bar No. 497195)
Sloane S. Kyrazis (GA Bar No. 878240)
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Phone: (404) 881-7000
Fax:    (404) 881-7777
Email: david.frist@alston.com
john.haynes@alston.com
emily.welch@alston.com
michael.deane@alston.com
sloane.kyrazis@alston.com

Ross R. Barton (NC Bar No. 37179)
ALSTON & BIRD LLP
101 South Tryon Street
Suite 4000
Charlotte, NC 28280-4000
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
Email: ross.barton@alston.com

Theodore Stevenson, III (TX Bar No. 19196650)
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas TX 75201
Phone: (214) 922-3400
Fax:    (214) 922-3899

Email: ted.stevenson@alston.com

Katherine G. Rubschlager (CA Bar. No. 328100)
ALSTON & BIRD LLP
560 Mission St., Suite 2100
San Francisco, CA 94105
Phone: (415) 243-1000
Fax:    (415) 243-1001
Email: katherine.rubschlager@alston.com

Deron R. Dacus
THE DACUS FIRM
821 E SE Loop 323 Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Facsimile: (903) 581-2543

*Attorneys for Defendants AT&T Services, Inc., AT&T Mobility LLC, and AT&T Corp.; Defendant T-Mobile USA, Inc.; Defendant Cellco Partnership d/b/a Verizon; Intervenor Ericsson Inc.; and Intervenor Nokia of America Corporation*

Deron Dacus
ddacus@dacusfirm.com
THE DACUS FIRM
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Facsimile: (903)581-2543
Email: ddacus@dacusfirm.com

*Attorney for AT&T Services, Inc., AT&T Corp., AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, Ericsson Inc. and Nokia of America Corporation*

Melissa R. Smith
melissa@gillamsmithlaw.com
Tom Gorham
tom@gillamsmithlaw.com
Gillam & Smith Llp
102 N. College, Suite 800
Tyler, TX 75702

12

        903-934-8450
        Fax: 903-934-9257

*Attorneys for T-Mobile USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by e-mail on July 17, 2024 on all counsel who have consented to electronic service.

*/s/ David S. Frist*
David S. Frist
