IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00477-JRG-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>AT&T SERVICES INC.; AT&T MOBILITY LLC; AT&T CORP.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00474-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00478-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF COBBLESTONE WIRELESS, LLC'S MOTION FOR SUMMARY
JUDGMENT REGARDING VALIDITY OF '361 PATENT**

████████████████████

**TABLE OF CONTENTS**

I.    INTRODUCTION. ................................................................................................................. 1

II.   STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ....................................... 1

III.  COBBLESTONE'S STATEMENT OF UNDISPUTED MATERIAL FACTS ................... 2

IV.   GOVERNING LAW .............................................................................................................. 2

   A.   Case or Controversy Standard ........................................................................................ 2

   B.   Summary Judgment Standard ......................................................................................... 4

V.    ARGUMENT .......................................................................................................................... 4

   A.   This Court Lacks Jurisdiction to Resolve Defendants' Motion Because Cobblestone Withdrew Its Allegations of Infringement With Respect to the Accused Samsung Products.... 4

   B.   To Encourage Parties to Voluntarily Narrow Their Cases, This Court Should Further Decline to Exercise Any Jurisdiction......................................................................................... 5

   C.   Summary Judgment Is Inappropriate Where Defendants' Experts Do Not Opine On Noninfringement Of The Accused Samsung Products and Where Cobblestone Has Non-Expert Evidence Of Infringement........................................................................................................ 7

VI.   CONCLUSION....................................................................................................................... 8

## **TABLE OF AUTHORITIES**

**Cases**

*Already, LLC v. Nike, Inc.*,
  568 U.S. 85 (2013) ......................................................................................................... 3

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ....................................................................................................... 4

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) .................................................................................................... 4, 7

*Cobblestone Wireless, LLC v. Samsung Electronics Co., Ltd.*,
  Case No. 2:23-cv-285-JRG-RSP, Dkt. No. 43 (E.D. Tex. Feb. 22, 2024) ..................... 8

*Ericsson Inc. v. Harris Corp.*,
  No. 3:98-cv-2903-D, 1999 WL 604827 (N.D. Tex. Aug. 11, 1999) ............................. 7

*Fox Grp., Inc. v. Cree, Inc.*,
  700 F.3d 1300 (Fed. Cir. 2012) ................................................................................. 5, 6

*Lone Star Tech. Innovations, LLC v. ASUSTEK Computer Inc.*,
  No. 6:19-CV-00059-RWS, 2022 WL 1498784 (E.D. Tex. Mar. 18, 2022) .................. 6

*McFaul v. Valenzuela*,
  684 F.3d 564 (5th Cir. 2012) ........................................................................................ 4

*Metaswitch Networks Ltd. v. Genband US LLC*,
  No. 2:14-CV-744-JRG-RSP, 2016 WL 1426451 (E.D. Tex. Mar. 1, 2016) ........ 3, 5, 7

*Packet Intel. LLC v. NetScout Sys., Inc.*,
  No. 2:16-CV-147-JRG, 2017 WL 11631146 (E.D. Tex. Sept. 29, 2017) ................. 5, 6

*Realtime Data LLC v. Echostar Corp.*,
  No. 6:17-CV-00084-JDL, 2018 WL 6267332 (E.D. Tex. Nov. 29, 2018) ............ 3, 5, 6

*Streck, Inc. v. Rsch. & Diagnostic Sys., Inc.*,
  665 F.3d 1269 (Fed. Cir. 2012) ............................................................................ passim

*VirnetX Inc. v. Apple Inc.*,
  925 F. Supp. 2d 816 (E.D. Tex. 2013) ......................................................................... 6

*VirnetX Inc. v. Cisco Sys., Inc.*,
  No. 6:10-CV-417, 2014 WL 12605380 (E.D. Tex. Mar. 28, 2014) ............................. 6

*Virnetx, Inc. v. Cisco Sys., Inc.*,
  767 F.3d 1308 (Fed. Cir. 2014) .................................................................................... 6

**Rules**

Fed. R. Civ. P. 56(a) ................................................................................................................ 4

Fed. R. Civ. P. 56(c) ................................................................................................................ 8

## I.     INTRODUCTION

This Court lacks jurisdiction to resolve this Motion. Cobblestone has withdrawn its allegations of infringement regarding the accused Samsung products and the Asserted Patents[1] in this case, rendering Defendants' related noninfringement affirmative defenses and declaratory judgment counterclaims moot. Without any case or controversy, this Court has no jurisdiction over the withdrawn allegations. Additionally, the Court should decline to exercise jurisdiction over these withdrawn allegations to promote the narrowing of issues and judicial economy.

Should the Court find that Defendants' affirmative defenses or counterclaims concerning accused Samsung products are not moot, Defendants should still be denied summary judgment of noninfringement. Defendants' own experts do not render any opinions regarding the noninfringement of the accused Samsung products. Moreover, Cobblestone can prove infringement with evidence other than expert testimony.

## II.     STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1. Whether there is a case or controversy regarding Defendants' affirmative defenses or counterclaims of noninfringement for the Asserted Claims with respect to the accused Samsung products, given Cobblestone's withdrawal of those infringement allegations.

2. Whether this Court should decline to exercise jurisdiction over the withdrawn allegations to promote the narrowing of claims and judicial economy.

3. Whether summary judgment is inappropriate where Defendants' experts do not offer opinions on the noninfringement of the accused Samsung and where Cobblestone has non-expert evidence of infringement.

---

[1] Defendants' Motion fails to define the term "Asserted Patents." Cobblestone understands Defendants usage of this term in their Motion to refer to the U.S. Patent Nos. 8,891,347, 9,094,888, and 10,368,361, given that these are the focus of the Motion.

### III. COBBLESTONE'S STATEMENT OF UNDISPUTED MATERIAL FACTS

1. On July 8, 2024, Cobblestone served Defendants a draft of the Joint Pretrial Order, which did not include the accused Samsung products in its allegations of infringement. *See* Ex. A.

2. On July 9-10, 2024, Cobblestone repeatedly represented to Defendants that it was "withdrawing [its] allegations of infringement with respect to Samsung base stations or user equipment for the asserted patents in this case," rendering Defendants' motion moot. Ex. B.

3. On June 14, 2024, Defendants served the rebuttal expert report of Dr. Daniel van der Weide regarding noninfringement of the Asserted Patents. His report did not address noninfringement of the accused Samsung products. *See generally* Ex. C.

### IV. GOVERNING LAW

#### A. Case or Controversy Standard

"It is well-established that, in patent cases, the existence of a case or controversy must be evaluated on a claim-by-claim basis." *Streck, Inc. v. Rsch. & Diagnostic Sys., Inc*., 665 F.3d 1269, 1281 (Fed. Cir. 2012). "A party claiming declaratory judgment jurisdiction has the burden of showing that the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 1281–82. "[J]urisdiction must exist at all stages of review, not merely at the time the complaint [was] filed." *Id.* at 1282. "[A] counterclaimant must show a continuing case or controversy with respect to withdrawn or otherwise unasserted claims." *Id.* at 1283. While these cases require establishing a case or controversy with respect to withdrawn/unasserted ***claims***, logically, these principles should extend to withdrawn/unasserted ***products***. *See id.*

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of

2

Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).

In *Metaswitch Networks Ltd. v. Genband US LLC*, the defendant moved for summary judgment of invalidity of the '018 patent. No. 2:14-CV-744-JRG-RSP, 2016 WL 1426451, at *1 (E.D. Tex. Mar. 1, 2016). The plaintiff no longer asserted infringement of that patent, yet the defendant wished to maintain its declaratory judgment counterclaim for invalidity of the '018 patent. *Id.* This Court found that because the plaintiff "no longer threatens or maintains its infringement suit over the '018 Patent," there was no case or controversy, and denied the motion as moot. *Id.* at *1-2. Even though the parties were competitors, this Court still found a lack of Article III jurisdiction. *Id.* at *1. This Court further found that considerations of judicial administration provided independent discretionary grounds to decline to exercise jurisdiction. *See id.*

In *Realtime Data LLC v. Echostar Corp.*, the plaintiff elected to pursue infringement on certain claims of the '728 and '707 patents, while no longer pursuing infringement of the '204 patent and offering a covenant not to sue on certain claims of the '867 and '707 patents. No. 6:17-CV-00084-JDL, 2018 WL 6267332, at *2-3 (E.D. Tex. Nov. 29, 2018). Despite this, Defendants sought to maintain counterclaims of invalidity of every claim of the '728, '707, '204, and '867 patents. *Id.* at *2. The court declined to find a case or controversy over the withdrawn claims. *See id.* at *3. The court reasoned that "a court may lack jurisdiction to hear a declaratory judgment action invalidity counterclaim—even in the absence of a covenant not to sue—when a patentee voluntarily narrows the scope of asserted claims prior to a dispositive ruling by the court." *Id.* at *3 (citing *Streck*, 665 F.3d at 1284). The court explained that "generalized 'forecasts of future litigation' based solely upon Plaintiff's right to threaten or maintain litigation in the future for

3

infringement of the withdrawn claims, does not establish the existence of a case of controversy." *Id.* The Court also found that the importance of reducing claims and defenses provided additional grounds to decline to exercise jurisdiction. *See id.* at *4.

### B. Summary Judgment Standard

The Court may only grant a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "material fact" is one that might affect the outcome of the suit under governing law. *Id.* The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). All facts and inferences are viewed "in the light most favorable to the nonmoving party." *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

## V. ARGUMENT

### A. This Court Lacks Jurisdiction to Resolve Defendants' Motion Because Cobblestone Withdrew Its Allegations of Infringement With Respect to the Accused Samsung Products.

This Court cannot resolve the instant motion if Defendants fail to meet their burden of establishing a case or controversy. Defendants cannot meet this burden, because there is no substantial controversy of sufficient immediacy and reality to warrant the issuance of declaratory judgment under the totality of circumstances. *See Streck*, 665 F.3d at 1281-82.

Cobblestone has repeatedly assured Defendants that it is "withdrawing [its] allegations of infringement with respect to Samsung base stations or user equipment for the asserted patents in

4

R

this case." Ex. B. Its assurances are sufficient to moot related affirmative defenses and counterclaims of noninfringement. *See, e.g., Id*. at 1284 (finding lack of jurisdiction over summary judgment motion on invalidity counterclaims where related claims were narrowed); *Fox Grp., Inc. v. Cree, Inc.*, 700 F.3d 1300, 1308 (Fed. Cir. 2012); *Metaswitch Networks*, 2016 WL 1426451, at *1; *Realtime Data*, 2018 WL 6267332, at *3; *Packet Intel. LLC v. NetScout Sys., Inc.*, No. 2:16-CV-147-JRG, 2017 WL 11631146, at *5 (E.D. Tex. Sept. 29, 2017).

Furthermore, Defendants themselves did not believe there was any case or controversy with respect to the accused Samsung products because their noninfringement expert did not address these products at all in his report. *See generally* Ex. C. If Defendants were genuinely concerned about the Cobblestone's withdrawn allegations of infringement, their expert would have addressed those allegations. That Defendants and Cobblestone are not competitors further supports the absence of a case or controversy. *See Metaswitch Networks*, 2016 WL 1426451, at *1; *Streck*, 665 F.3d at 1284.

It is Defendants' burden to show that a continuing case or controversy exists to support declaratory judgment noninfringement counterclaims regarding the accused Samsung products. Because those allegations of infringement no longer exist, no basis for jurisdiction exists, and the Court must deny Defendants' motion.

### B. To Encourage Parties to Voluntarily Narrow Their Cases, This Court Should Further Decline to Exercise Any Jurisdiction

Considerations of judicial administration provide an "independent basis" to decline exercise of declaratory judgment jurisdiction. As established in *Metaswitch Networks*, "[d]eclining to exercise declaratory judgment jurisdiction over a dropped patent encourages the parties to voluntarily narrow the case for trial and therefore promotes judicial economy." 2016 WL 1426451, at *1; *see also Realtime Data*, 2018 WL 6267332, at *4 ("[E]quitable considerations support

5

declining to exercise jurisdiction…."); *Packet Intel. LLC v. NetScout Sys., Inc.*, No. 2:16-CV-147-JRG, 2017 WL 11631146, at *5 (E.D. Tex. Sept. 29, 2017) ("[I]t is appropriate to decline to exercise that jurisdiction under the the Declaratory Judgment Act in light of the facts and circumstances of this case."). Ruling otherwise would discourage parties from narrowing their contentions in advance of trial, contrary to this Court's policy. *See, e.g.*, *VirnetX Inc. v. Apple Inc.*, 925 F. Supp. 2d 816, 849 (E.D. Tex. 2013), *aff'd in part, vacated in part, rev'd in part sub nom. Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308 (Fed. Cir. 2014) ("The Court encourages and requires the parties to narrow their case for trial. Accordingly, the Court will not penalize such attempts to narrow issues by entering judgment on issues not presented at trial."); *VirnetX Inc. v. Cisco Sys., Inc.*, No. 6:10-CV-417, 2014 WL 12605380, at *5 (E.D. Tex. Mar. 28, 2014) ("Reduction of claims and related invalidity defenses are an important case management tool.").

Cobblestone was motivated by this Court's policy regarding narrowing when it withdrew its allegations in a timely fashion. Cobblestone's withdrawal occurred well before trial and before this Court ruled on the parties' summary judgment motions. *See Streck*, 665 F.3d at 1284 (finding lack of jurisdiction where narrowing occurred "before the court ruled on the parties' summary judgment motions or conducted trial"); *Fox Grp.*, 700 F.3d at 1308; *Realtime Data*, 2018 WL 6267332, at *3; *Lone Star Tech. Innovations, LLC v. ASUSTEK Computer Inc.*, No. 6:19-CV-00059-RWS, 2022 WL 1498784, at *11 (E.D. Tex. Mar. 18, 2022) (finding no jurisdiction even where party maintained a dropped theory "up to the time of trial"). This Court has indicated that August 12, 2024, the date when the Joint Pretrial Order is due, is generally the date after which the "contentions of the Parties may not be … dropped without leave of the Court based upon a showing of good cause." Dkt. No. 158. Cobblestone's timely withdrawal of its allegations of infringement regarding the accused Samsung products was well in advance of this date.

If this Court modified its policy regarding narrowing towards a more punitive one, it would potentially have to resolve more disputes at trial. Therefore, to encourage parties to narrow their cases voluntarily and to promote judicial economy, this Court should decline to exercise jurisdiction over Defendants' motion.

As a result, Defendants' motion for summary judgment should be denied as moot. *See, e.g., Metaswitch*, 2016 WL 1426451, at *2.

### C. Summary Judgment Is Inappropriate Where Defendants' Experts Do Not Opine On Noninfringement Of The Accused Samsung Products and Where Cobblestone Has Non-Expert Evidence Of Infringement.

Even if this Court were to find that it had jurisdiction—which it does not—summary judgment would still be inappropriate. Defendants bear the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 325; *see also Ericsson Inc. v. Harris Corp.*, No. 3:98-cv-2903-D, 1999 WL 604827, at *3 (N.D. Tex. Aug. 11, 1999) (noting that where the declaratory judgment plaintiff was the party seeking declaratory judgment of noninfringement, it "has the burden of proof").

Defendants argue that "Cobblestone presents no testimony or evidence that the accused Samsung products meet any of the asserted claims of the Asserted Patents." Mot. at 5-6. However, this assertion falls short of the summary judgment standard. Defendants failed to substantively argue that the accused Samsung products do not infringe the Asserted Patents. Their own noninfringement expert did not address these products at all in his report. *See generally* Ex. C. This is insufficient to carry their initial responsibility. *See Celotex*, 477 U.S. at 325; *see Ericsson*, 1999 WL 604827, at *3.

In any event, Dr. Williams, has not had a chance to study and formulate opinions about

7

these products. Cobblestone has moved this Court to modify the protective order in *Cobblestone Wireless, LLC v. Samsung Electronics Co., Ltd.* to permit the production of discovery provided by Samsung in this case. Case No. 2:23-cv-285-JRG-RSP, Dkt. No. 43 (E.D. Tex. Feb. 22, 2024). Defendants have even intervened in that case to oppose making that discovery available here. In any event, summary judgment is not proper irrespective of what Dr. Williams has in his report, as Defendants have failed to adequately meet their initial burden of production by establishing that the accused Samsung products do not infringe.

Furthermore, Cobblestone has not conceded that the accused Samsung products do not infringe. Cobblestone may call other witnesses at trial and introduce other evidence on which the jury could base a finding of infringement. There is no rule that expert testimony is required to prove infringement. Cobblestone may rely on sources such as Defendants' interrogatory responses, the testimony of their witnesses, or documents describing the operation of the accused Samsung products.

Thus, Defendants fail to establish the "absence of all genuine issues of material fact" such that summary judgment should be granted in their favor. *See* Fed. R. Civ. P. 56(c).

## VI. CONCLUSION

For the foregoing reasons, this Court should find that Defendants have failed to demonstrate a case or controversy as to noninfringement of the accused Samsung products with respect to the Asserted Patents. This Court should also decline to exercise any discretionary jurisdiction. As a result, this Court should deny Defendants' motion as moot. Alternatively, this Court should find that Defendants failed to establish the absence of all genuine issues of material fact with respect to noninfringement such that summary judgment should be granted in their favor.

Dated: July 17, 2024

Respectfully submitted,

*/s/ Reza Mirzaie*

Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Neil A. Rubin
CA State Bar No. 250761
Amy E. Hayden
CA State Bar No. 287026
James Pickens
CA State Bar No. 307474
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
**Russ August & Kabat**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
rak_cobblestone@raklaw.com

Andrea Fair
**Ward Smith & Hill, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400
andrea@wsfirm.com

***Attorneys for Plaintiff,
Cobblestone Wireless, LLC***

9



**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on July 3, 2024, counsel of record who have appeared in this case are being served with a copy of the foregoing via email.

/s/ Reza Mirzaie
Reza Mirzaie