# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC, | |
|     Plaintiff, | CASE NO. 2:22-cv-00477-JRG-RSP |
| v. | (Lead Case) |
| T-MOBILE USA, INC., et al. | JURY TRIAL DEMANDED |
|     Defendants, | |
| ERICSSON INC. & NOKIA OF AMERICA CORPORATION, | |
|     Intervenors, | |
| COBBLESTONE WIRELESS, LLC, | |
|     Plaintiff, | CASE NO. 2:22-cv-00474-JRG-RSP |
| v. | (Member Case) |
| AT&T, INC., et al. | JURY TRIAL DEMANDED |
|     Defendants, | |
| ERICSSON INC. & NOKIA OF AMERICA CORPORATION, | |
|     Intervenors, | |
| COBBLESTONE WIRELESS, LLC, | |
|     Plaintiff, | CASE NO. 2:22-cv-00478-JRG-RSP |
| v. | (Member Case) |
| VERIZON COMMUNICATIONS, INC., et al. | JURY TRIAL DEMANDED |
|     Defendants. | |
| ERICSSON INC. & NOKIA OF AMERICA CORPORATION, | |
|     Intervenors. | |

## DEFENDANTS' AND INTERVENORS' RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY OF '888 PATENT (DKT. 154)

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ...................................................................................................1

II.     RESPONSE TO STATEMENT'S OF ISSUES TO BE DECIDED BY THE COURT .....1

III.    RESPONSE TO COBBLESTONE'S SUMF ............................................................2

        A.      Obviousness ...........................................................................................2

        B.      Enablement .............................................................................................4

        C.      3GPP Public Availability.........................................................................5

        D.      Additional Material Facts Not Included in Cobblestone's SUMF..........................6

IV.     ARGUMENT .......................................................................................................7

        A.      A MATERIAL ISSUE OF FACT REMAINS AS TO WHETHER CLAIM 20
                IS RENDERED OBVIOUS. ..............................................................................8

                1.      Dr. van der Weide disclosed both the function and structure in
                        Chitrapu that renders the claim language obvious. ..........................8

                2.      Cobblestone asks the Court to engage in fact finding and conclude that
                        the disclosed structure does not render the claim obvious...............9

                3.      Cobblestone fails to address *any* obviousness factors. ...................9

        B.      Dr. Van Der Weide Opines that the Claims Are Not Enabled and Addresses
                Undue Experimentation in His Report.................................................................11

                1.      Dr. van Der Weide provides evidence concerning undue
                        experimentation...........................................................................11

                2.      Dr. van der Weide addresses the claims in his analysis, not the
                        Accused Products.........................................................................12

        C.      A Dispute of Material Fact Exists as to Whether the 3GPP Standards Were
                Publicly Available...................................................................................13

V.      CONCLUSION...................................................................................................15

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Celotex v. Catrett,*
   477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) .......................................... 7

*EVM Sys., LLC v. Rex Med., L.P.,*
   2015 U.S. Dist. LEXIS 107736 (E.D. Tex. Aug. 17, 2015) ................................... 10

*In re Wands,*
   858 F.2d 731 (Fed. Cir. 1988) ............................................................................. 11

*MagSil Corp. v. Hitachi Glob. Storage Techs., Inc.,*
   687 F.3d 1377 (Fed. Cir. 2012) ........................................................................... 11

*Maxell Ltd. v. Apple, Inc.,*
   2020 U.S. Dist. LEXIS 248960 (E.D. Tex. Nov. 17, 2020) ................................... 10

*Netlist, Inc. v. Micron Tech., Inc.,*
   2024 U.S. Dist. LEXIS 18837 (E.D. Tex. Jan. 10, 2024) ....................................... 7

*Smart Path Connections, LLC v. Nokia of Am. Corp.,*
   2024 U.S. Dist. LEXIS 44219 (E.D. Tex. 2024) ................................................... 15

RULES

Local Rule CV-5(a)(7) ............................................................................................. 18

STATUTES

35 U.S.C. § 112 .................................................................................................... 2, 6

**TABLE OF EXHIBITS**

| Exhibit No. | Description |
|:---:|---|
| 1 | Excerpts of the Opening Expert Report of Dr. Daniel van der Weide, dated May 24, 2024 ("van der Weide Op. Rpt.") |

## I.     INTRODUCTION

Cobblestone seeks an extraordinary remedy of summary judgment of no invalidity as to the asserted claims of U.S. Patent No. 9,094,888 ("the '888 patent"). Cobblestone, however, ignores that invalidity, particularly under the obviousness grounds advocated by Defendants and Intervenors, is inherently a factual dispute that is typically the subject of a battle of the experts. Accordingly, a jury, and courts are often faced with experts who present contrary opinions of the facts and conclusions that can be reached from those facts. This case is no different.

*First*, Dr. van der Weide opined that the "adaptation manager" limitation of claim 20 was obvious and provided disclosure of the corresponding function and structure in the prior art to prove it. Ignoring the jury's role, Cobblestone asks the Court to weigh the evidence and engage in fact finding to conclude that Dr. van der Weide's structure is insufficient. This is improper.

*Second*, Dr. van der Weide's enablement analysis is proper and factually supported. In his report, Dr. van der Weide set forth the factual evidence he relies on when he considers undue experimentation. Again, Cobblestone asks the Court to weigh this evidence and find it insufficient, but the Court should decline this invitation. In addition, Dr. van der Weide conducts the proper analysis by focusing his analysis on the claims of the '888 patent, not the accused products.

*Third*, Cobblestone again seeks to have 3GPP documents struck from the case as not publicly available. Like the analysis set forth in Defendants' and Intervenors' Response to Cobblestone's Motion to Strike Dr. van der Weide's Opinions and Response to Cobblestone's MSJ of Validity of the '361 Patent, these arguments should be rejected because Dr. van der Weide relied on his own experience and analysis.

## II.     RESPONSE TO STATEMENT'S OF ISSUES TO BE DECIDED BY THE COURT

Cobblestone is not entitled to summary judgment of no invalidity of claims 20, 21 and 23 of the '888 patent as anticipated or obvious because Defendants and Intervenors have presented

sufficient evidence demonstrating why the prior art anticipates or renders obvious the claimed ███████████████ as construed by the Court.

Cobblestone is not entitled to summary judgment of no invalidity of claims 20, 21, and 23 of the '888 patent for lack of enablement under section 112 because Defendants and Intervenors have presented sufficient evidence demonstrating that a POSITA could not make or use the claimed invention without undue experimentation.

Cobblestone is not entitled to summary judgment of invalidity of claims 20, 21, and 21 of the '888 patent in light of the two previous issues.

Cobblestone is not entitled to summary judgment of no invalidity of Chitrapu in view of TS 36.300 or over Chitrapu in view of TS 23.401, because Defendants and Intervenors have presented sufficient evidence demonstrating that the 3GPP documents (TS 36.300 and TS 23.401) are prior art.

## III.    RESPONSE TO COBBLESTONE'S SUMF

Defendants and Intervenors dispute material facts in Cobblestone's recitation of allegedly "undisputed facts" in its motion.  Mot. at 2-5.

1.      Defendants and Intervenors do not dispute the facts contained in Paragraph 1 of Cobblestone's statement of undisputed material facts. *See* Mot. at 2, ¶ 1.

### A.    Obviousness[1]

2.      Defendants and Intervenors do not dispute the facts contained in Paragraph 2 of Cobblestone's statement of undisputed material facts. *See* Mot. at 3, ¶ 2.

3.      Paragraph 3 is disputed. Defendants asserted one ground in IPR2024-00137 which was that the asserted claims were obvious in light of ███████████████████████

---

[1] Plaintiff includes sub-headings in Statement of Undisputed Material Fact. Defendants and Intervenors have reproduced these sub-headings herein for ease of reference.

Defendants and Intervenors stipulated not to pursue the specific grounds asserted in that IPR, and

thus Defendants and Intervenors agreed with Cobblestone ███████████████████████

██████ Defendants and Intervenors stipulation, however, ███████████████████████

██████████████████████████████. In this case, Defendants will rely on

███████████████████████████████████████ To the extent Dr. van

der Weide provided opinions regarding ████████████████████████████████

██████████████ those opinions apply to the remaining grounds as well.

    4.    Defendants and Intervenors do not dispute the facts contained in Paragraph 4 of

Cobblestone's statement of undisputed material facts. *See* Mot. at 3, ¶ 4.

    5.    Paragraph 5 is disputed. Dr. van der Weide opines that the prior art discloses and/or

renders obvious ████████████████ and his opinions are amply supported by facts. *See, e.g.*, Ex.

1 (van der Weide Op. Rpt.) at ¶¶ 692-750, 809-811, 812-818, 938-947, 1009-1017. Further,

Cobblestone ignores that Dr. van der Weide opines on the aspects of the █████████████

related to limitations [20.c], [20.d], and [20.e]. *Id*. at ¶¶ 812-818.

    6.    Defendants and Intervenors do not dispute the facts contained in Paragraph 6 of

Cobblestone's statement of undisputed material facts. *See* Mot. at 4, ¶ 6.

    7.    Paragraph 7 is disputed. ██████████████████████████

████████████████████████████████████████████████████

██████████████

    8.    Defendants and Intervenors do not dispute the facts contained in Paragraph 8 of

Cobblestone's statement of undisputed material facts. *See* Mot. at 4, ¶ 8.

    9.    Paragraph 9 is disputed. Dr. van der Weide opines that the prior art discloses and/or

renders obvious ████████████████ and his opinions are amply supported by facts. *See, e.g.*, Ex.

1 (van der Weide Op. Rpt.) at ¶¶ 692-750, 809-811, 812-818, 938-947, 1009-1017. Further, Cobblestone ignores that Dr. van der Weide opines on aspects of the ███████████ related to limitations [20.c], [20.d], and [20.e]. *Id.* at ¶¶ 812-818, 760-793. In addition, Cobblestone ignores the various other disclosures offered by Dr. van der Weide that lay out the facts of the ███████████, including the entire background section. *Id.* at ¶¶ 692-714. In that section for example, Dr. van der Weide explains how ████████████████████████████████ ███████



Ex. 1 (van der Weide Op. Rpt.) at ¶ 697.

### B.      Enablement

10.      Paragraph 10 is disputed. Defendants and Intervenors dispute that Dr. van der Weide's theory on lack of enablement is "contingent on two assumptions." Each alleged assumption is sufficient to demonstrate lack of enablement on its own. Ex. 1 (van der Weide Op. Rpt.) at ¶¶ 1040-1042.

11.      Paragraph 11 is disputed. Dr. van der Weide opines that the "the specification of the 888 Patent does not disclose sufficient information to enable a  POSITA as of the effective filing date of the invention to make and use the full scope of the claimed invention without undue experimentation," and his opinions are amply supported by facts. *Id.* at ¶¶ 1040-1042. Cobblestone ignores that Dr. van der Weide opines that "[t]he specification lacks detailed guidance, working examples, or specific implementation instructions necessary to enable the full scope of the claims to the extent Cobblestone argues that ████████████████████████████████████████████

4

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████ *Id.* at ¶

1041. Cobblestone also ignores that Dr. van der Weide explains that "the patent is silent on how

the ███████████████████████████████████████████████████████, would be

able to integrate all of those disclosed (and other) logic and/or features to implement ██████

█████████████████████████████████ *Id.*

### C.    3GPP Public Availability

12.     Defendants and Intervenors do not dispute the facts contained in Paragraph 12 of

Cobblestone's statement of undisputed material facts. *See* Mot. at 5, ¶ 12.

13.     Paragraph 13 is disputed. Defendants do not agree the IPR stipulation would have

██████████████████████████████████████████. *See* Mot. at 5, ¶ 13. However,

to simplify the issues presented to the Court, Defendants and Intervenors agreed not to pursue the

█████████████████████████████████████████, and this agreement was

conveyed to Cobblestone prior to the filing of the present Motion.

14.     Paragraph 14 is disputed. Dr. van der Weide relies on his own experience as a

person of ordinary skill in the art and his familiarity with ████████████████████████

███████ Ex. 1 (van der Weide Op. Rpt.) at ¶¶ 28-47. Indeed, Dr. van der Weide's unrebutted

testimony states that "[p]rior to the earliest alleged priority dates of the Asserted Patents a POSITA

would also have been familiar with the process by which 3GPP developed standards

specifications." *Id.* at ¶ 46. The unrebutted testimony includes that "With respect to 3GPP

Technical Specifications, it was widely known that Technical Specifications were publicly

available on 3GPP's website." *Id.* at ¶ 716. In addition, Dr. van der Weide opines that the 3GPP

standards were publicly available prior to the earliest filing date of the '888 patent. Ex. 1 (van der

Weide Op. Rpt.) at ¶¶ 715-718, 728-731.

████████████████████████████████████████████████████

**D.     Additional Material Facts Not Included in Cobblestone's SUMF**

15.     Dr. van der Weide opines that all elements of the asserted claims of the '888 patent,

██████████████████████████████████ presented in Cobblestone's motion, are ██████

███████████████████████████████████████████ Ex. 1(van

der Weide Op. Rpt.) at ¶ 7.

16.     Dr. van der Weide opines that claims 20, 21, and 23 of the '888 patent are invalid

for lack of enablement under 35 U.S.C. § 112. Ex. 1 (van der Weide Op. Rpt.) at ¶ 7.

17.     Dr. van der Weide provides an extensive overview of the ██████████. Ex. 1

(van der Weide Op. Rpt.) at ¶¶ 692-714. Dr. van der Weide explains that ████████████

████████████████████████████████████████████

████████████ *Id*. at ¶ 693. In particular, Dr. van der Weide opines that ██████

████████████████████████████████████████████

███████████████████████████████████████ *Id*. at ¶ 697.

Specifically, Dr. van der Weide explains that ████████████████████████

████████████████████████████ *Id*. This process is

repeated based on selected criteria to ██████████████████. *Id*.

18.     Dr. van der Weide analyzes claim limitation [20.b]. Dr. van der Weide opines that

████████████████████████████████████████████

████████████████████████████ *Id*. at ¶ 811. Dr. van

der Weide further explains that ████████████████████████████

████████████████████████████████████████████

███████████████████████████████████. at ¶ 811. Dr. van der Weide

explains that ██████████████████████████████████████

████████████████████████████████████████████

6



*Id*. at ¶ 811. Dr. van der Weide also explains that the ████████

████████ *Id*. at ¶ 811. Based on

these disclosures, Dr. van der Weide opines that ████████████████

████████████████ *Id*.

19.     Claim limitations [20.c], [20.d] and [20.e] mirror the court's construction of the

function of the ████████ Dkt. 131; '888 patent at Claim 20. For some of these claim

limitations, Dr. van der Weide refers back to his analysis of claim 9. Ex. 1 (van der Weide Op.

Rpt.) at ¶¶ 812-818, 760-793.

20.     With respect to element [20.d], Dr. van der Weide opines that ████████████

████████████████████

████████████ *Id*. at ¶ 816.  Dr. van der Weide

further opines that ████████████████████████

████████████████

## IV.     ARGUMENT

Cobblestone has not met its burden of "identify[ing] the basis for granting summary

judgment and evidence demonstrating the absence of a genuine dispute of material fact." *Netlist,*

*Inc. v. Micron Tech., Inc.*, No. 2:22-cv-203-JRG-RSP, 2024 U.S. Dist. LEXIS 18837, at *5 (E.D.

Tex. Jan. 10, 2024) (citing *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d

265 (1986)). As evidenced throughout Cobblestone's Motion, a plethora of disputed facts exist

that remain to be addressed by a jury.

For obviousness—which involves both legal and factual inquiries—Cobblestone largely

ignores Dr. van der Weide's opinions regarding the claimed ████████ and the clear

factual disputes regarding the scope and content of the prior art and the differences between the

███████████████████████████████

claimed invention and the prior art. For enablement—a legal question based on underlying factual findings—Cobblestone attempts to supplant the jury's role in making the underlying factual findings critical to an enablement analysis. Cobblestone further argues that Dr. van der Weide cannot demonstrate that the 3GPP Standards are prior art because he relies only the declaration of Mr. Bishop. Putting aside Cobblestone's baseless *Daubert* motion regarding Mr. Bishop's analysis, Cobblestone mischaracterizes Dr. van der Weide's testimony and critically overlooks Dr. van der Weide's own experience with 3GPP standards as a person of ordinary skill in the art. For these reasons, and those explained below, summary judgment of no invalidity of the '888 patent is improper.

**A.     A Material Issue of Fact Remains as to Whether Claim 20 is Rendered Obvious.**

Dr. van der Weide opines that the ████████████ limitation in claim 20 is obvious under the Court's construction.

**1.     Dr. van der Weide disclosed both the function and structure in Chitrapu that renders the claim language obvious.**

Cobblestone admits that Dr. van der Weide identified both a function and structure for claim limitation [20.b], which renders this entire section moot. Cobblestone initially states that he failed to disclosure a structure in ████ that could meet the claim, but then *admits*, "The report relies exclusively on ████████████████████████ ████ (Mot. at 7). Even assuming this was the only structure Dr. van der Weide identifies (it is not), the entire premise of Cobblestone's motion falls apart. Dr. van der Weide did identify structure, and therefore Defendants and Intervenors do have expert testimony on the subject. What Cobblestone actually asks the Court to do is *weigh* the evidence on whether the disclosed structure meets the claim limitation. This is not the proper role of summary judgment and the motion should be denied.

███████████████████████████████████████████████

2.      **Cobblestone asks the Court to engage in fact finding and
conclude that the disclosed structure does not render the claim
obvious.**

Cobblestone plucks ████████████ out of a process flow diagram and claims that Dr.

van der Weide has not shown structure that meets the function of ████████████████

(Mot. at 8). This is simply untrue and requires the Court to weigh and definitively rule that the

structure Dr. van der Weide did identify fails to render obvious the ████████████████

as a whole.

Dr. van der Weide analyzed, cited, quoted, and explained the portions of ███████████

█████████████████ Dr. van der Weide explicitly explains that ███████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████ Ex. 1

(van der Weide Rpt.) at ¶¶ 816, 697-714, 761-779  This matching is performed by ███████

██████████████████████████████████████████████████████

████████████████████████████████████████████████ *Id*.

(emphasis added). *Id*. at ¶ 816. Dr. van der Weide further explains that it is only after the ██████

██████████████████████████████████████████████████████

███████████████ *Id*.; *see also id*. at ¶ 713, 783, 786. These opinions show how the

██████████████████████████████████████████████████████

█████████████████████████████████████████████

3.      **Cobblestone fails to address *any* obviousness factors.**

Cobblestone also repeatedly criticizes Dr. van der Weide's report because ███████████

████████████████████████████. Mot. at 7 (criticizing that Dr. van der Weide for

setting forth opinions █████████████████████████████████████).

However, each ground of invalidity deals with an *obviousness* challenge. As explained above, Dr.

██████████████████████████████████

van der Weide opines that ██████████████████████████████ meets the

limitation under the obviousness inquiry. In other words, Defendants and Intervenors do not have

to show rote disclosure. Defendants and Intervenors, instead, need to show the ████████████

█████████ would be obvious, which it did. *E.g.*, Ex. 1 at ¶ 811 (van der Weide Op. Rpt.) █████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

███████████████████████████████ Moreover, Dr. van der Weide's opinions

regarding the state of the art with respect to ███████████████████████████████████

███████████████████████████ also are relevant to the question of

obviousness. These opinions are relevant to the knowledge of a POSITA and the differences

between the prior art and the claimed invention, including because it informs how a POSITA

understands ████████████████████████████████████████

In sum, the parties' dispute presets a genuine issue for trial: ████████████████

████████████████████████████████ Cobblestone wants the Court to

supplant the fact-finding role of the jury and conclude evidence weighs in its favor. This

is improper. The "evidence is such that a reasonable jury could return a verdict" for Defendants

and Intervenors on obviousness, rendering summary judgment inappropriate.  *EVM Sys., LLC v.

Rex Med., L.P.*, No. 6:13-cv-184, 2015 U.S. Dist. LEXIS 107736, at *11 (E.D. Tex. Aug. 17,

2015) (denying summary judgment where issues relating to obviousness were better left for the

jury to decide); *Maxell Ltd. v. Apple, Inc.*, No. 5:19-cv-00036-RWS, 2020 U.S. Dist. LEXIS

248960, at *10 (E.D. Tex. Nov. 17, 2020) (denying summary judgment where a reasonable jury

could find that the prior art disclosed the claimed elements).

██████████████████████████████

**B.** **Dr. Van Der Weide Opines that the Claims Are Not Enabled and Addresses Undue Experimentation in His Report.**

**1.** **Dr. van Der Weide provides evidence concerning undue experimentation**

The Court should deny Cobblestone's motion because there are material disputes as to whether the '888 patent's specification enables the claimed ████████████ without undue experimentation. While enablement is ultimately a question of law, the determination of whether or not a claim is enabled is based on underlying factual findings. *MagSil Corp. v. Hitachi Glob. Storage Techs., Inc.*, 687 F.3d 1377, 1381 (Fed. Cir. 2012). As Cobblestone recognizes, these factual findings include, but are not limited to, "(1) the quantity of experimentation necessary, (2) the amount of direction or guidance presented, (3) the presence or absence of working examples, (4) the nature of the invention, (5) the state of the prior art, (6) the relative skill of those in  the art, (7) the predictability or unpredictability of the art, and (8) the breadth of the claims." *In re Wands*, 858 F.2d 731, 735, 737 (Fed. Cir. 1988). Rather than giving credence to the facts and opinions Dr. van der Weide presents in his report, Cobblestone misrepresents them in an attempt to secure a premature finding of validity.

First, Cobblestone ignores the context of Dr. van der Weide's opinions.  Dr. van der Weide specifically states that his enablement opinions are tied to Cobblestone's validity arguments, as he states that the claims are not enabled to "[t]he extent Cobblestone argues that the prior art does not render the claims obvious."  Thus, the scope of Cobblestone's critiques of the prior art are directly relevant to enablement argument.

Under that framework, Dr. van der Weide presents sufficient evidence demonstrating that a POSITA would not be able to make and use the invention without undue experimentation. *As evidence*, Dr. van der Weide opines that "the specification lacks detailed guidance, working examples or specific implementation instructions necessary to enable the full scope of the claims."



Ex. 1 (van der Weide Op. Rpt.) at ¶ 1041. Dr. van der Weide also explains that the ████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

█████████ Ex. 1 (van der Weide Op. Rpt.) at ¶ 1042. Each of these disputed facts preclude

summary judgment.

2.   **Dr. van der Weide addresses the claims in his analysis, not the Accused Products.**

Instead of providing a single piece of its own evidence that would rebut what Dr. van der

Weide set forth, Cobblestone accuses Dr. van der Weide of "addressing the wrong question." (Mot.

at 11). Premised on speculation, Cobblestone states, "Dr. van der Weide appears to contend,

without evidence or support, that Defendants' and Intervenors' accused instrumentalities are

'complicated' and 'complex' in a way that the patent fails to enable." (Mot. at 11).  But this is

wrong. Dr. van der Weide <u>did not once</u> reference Defendants' and Intervenors' accused

instrumentalities in his enablement analysis. Dr. van der Weide directed his inquiry and his

evidence to the claims of the '888 patent. He properly considered the complexity of the ████

█████ and looked to see whether the '888 patent specification actually explains how to achieve

the █████████ claimed functions. He addressed the complexity of ███████

███████████████████████████████████████████████████████████████

███████████████████████████████████████ ████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████, the ████████████████████████████████

described in the claims are indisputably relevant to an enablement analysis.

████████████████████████████████████

Lastly, Cobblestone appears to allege that the non-obviousness of a patent has nothing to with whether a specific claim limitation is enabled. Mot. at 12. Not so. It well understood that "[a] patent need not disclose what is well known in the art." *In re Wands*, 858 F.3d at 735. Thus, what would have been obvious to a POSITA and was known in the art is relevant to the enablement requirement as such information need not be disclosed in the specification for claims to be sufficiently enabled.

Therefore, because Defendants and Intervenors present ample evidence showing the non-enablement of ███████████████ there exists a dispute of material fact and summary judgment of no invalidity of the '888 patent is improper as a matter of law.

### C. A Dispute of Material Fact Exists as to Whether the 3GPP Standards Were Publicly Available

Cobblestone's motion also seeks summary judgment of no invalidity with respect to Defendants' obviousness theories regarding █████████████████████████ ███████████ As with a substantially similar section associated with Cobblestone's MSJ on the '361 patent, this part of Cobblestone's motion rests primarily on the premise that *if* Mr. Bishop's opinions regarding public availability are struck, then summary judgment of no invalidity is proper. To be clear, Cobblestone does not substantively address how any of the claim limitations are purportedly not met under the ground set Dr. van der Weide's report █████████████████ ███████ Thus, Cobblestone's Motion hinges entirely on it showing ██████████ was not publicly available.

Mr. Bishop's opinions were proper and meet the *Daubert* standard, and thus Cobblestone's Motion with regard to Bishop should be denied.  If denied, then the Court should similarly deny this motion as to the ████████████████████████████

13

█████████████████████████████████

Moreover, Defendants and Intervenors have set forth additional evidence regarding public availability which also warrant denial of the Motion.

As explained in Defendants' and Intervenors' response to Cobblestone's Daubert of Dr. van der Weide, Dr. van der Weide does *not* rely exclusively on Mr. Bishop gathering evidence and Mr. Bishop's testimony about the evidence. Instead, the *unrebutted* testimony from Dr. van der Weide is that "[p]rior to the earliest alleged priority dates of the Asserted Patents a POSITA would have been familiar with the Third Generation Partnership Project (3GPP)." Ex. 1 (van der Weide Op. Rpt.) ¶ 43. Cobblestone does not rebut this fact. Since Dr. van der Weide is (again *unrebutted*) a POSITA at the time of the Asserted Patents, he would have been familiar with the Third Generation Partnership Project (3GPP). *Id.*

Further, Cobblestone does not rebut additional facts such as "[w]ith respect to 3GPP Technical Specifications, it was widely known that Technical Specifications were publicly available on 3GPP's website." Ex. 1 (van der Weide Op. Rpt.) ¶ 716.  Thus, those Technical Specifications and the 3GPP website were known to Dr. van der Weide *and to Dr. Williams (Plaintiff's expert)* who both qualify as POSITAs. Ex. 1(van der Weide Op. Rpt.) ¶ 716. As a result, both Dr. van der Weide and Dr. Williams, as POSITAs, are competent to testify about what a POSITA would have known at the time of the '888 patent. This would have included facts such as:



Ex. 1 (van der Weide Op. Rpt.) ¶ 716; *see also* ¶ 717-18.

The mere fact that Dr. van der Weide did not personally undertake this task at the time of the Asserted Patents does not mean a POSITA would not have known about it. But even so, an

expert's personal "underlying level of knowledge on the issue at hand is best explored on cross-examination as it fundamentally goes to reliability." *Smart Path Connections, LLC v. Nokia of Am. Corp.*, No. 2:22-cv-0296-JRG-RSP, 2024 U.S. Dist. LEXIS 44219, at *17 (E.D. Tex. 2024).

Moreover, even if Dr. van der Weide's testimony was disputed, because Dr. Williams is also a POSITA, the public availability of the reference can come in through Dr. Williams' cross-examination.

As a result, there is a genuine dispute about whether ███████████████ were publicly available regardless of the outcome of Cobblestone's Motion to Exclude the Bishop Declaration or Motion to Exclude Dr. van der Weide's Testimony. Therefore, summary judgment here cannot be granted.

## V.    CONCLUSION

For these reasons, Defendants and Intervenors respectfully request that the Court deny Cobblestone's Motion.

Dated: July 17, 2024

Respectfully Submitted,

/s/ David S. Frist
David S. Frist (GA Bar No. 205611)
John D. Haynes (GA Bar No. 340599)
Emily C. Welch (GA Bar No. 606071)
Michael C. Deane (GA Bar No. 497195)
Sloane S. Kyrazis (GA Bar No. 878240)
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Phone: (404) 881-7000
Fax:    (404) 881-7777
Email: david.frist@alston.com
john.haynes@alston.com
emily.welch@alston.com
michael.deane@alston.com
sloane.kyrazis@alston.com

Ross R. Barton (NC Bar No. 37179)
ALSTON & BIRD LLP
101 South Tryon Street
Suite 4000
Charlotte, NC 28280-4000
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
Email: ross.barton@alston.com

Theodore Stevenson, III (TX Bar No.
19196650)
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas TX 75201
Phone: (214) 922-3400
Fax:    (214) 922-3899
Email: ted.stevenson@alston.com

Katherine G. Rubschlager (CA Bar. No.
328100)
ALSTON & BIRD LLP
560 Mission St., Suite 2100
San Francisco, CA 94105
Phone: (415) 243-1000
Fax:    (415) 243-1001
Email: katherine.rubschlager@alston.com

Deron R. Dacus
THE DACUS FIRM
821 E SE Loop 323 Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Facsimile: (903) 581-2543

*Attorneys for Defendants AT&T Services,*
*Inc., AT&T Mobility LLC, and AT&T*
*Corp.; Defendant T-Mobile USA, Inc.;*
*Defendant Cellco Partnership d/b/a*
*Verizon; Intervenor Ericsson Inc.; and*
*Intervenor Nokia of America Corporation*

Deron Dacus
ddacus@dacusfirm.com
THE DACUS FIRM
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Facsimile: (903)581-2543
Email: ddacus@dacusfirm.com

*Attorney for AT&T Services, Inc., AT&T*
*Corp., AT&T Mobility LLC, Cellco*
*Partnership d/b/a Verizon Wireless,*
*Ericsson Inc. and Nokia of America*
*Corporation*

Melissa R. Smith
melissa@gillamsmithlaw.com
Tom Gorham
tom@gillamsmithlaw.com
Gillam & Smith Llp
102 N. College, Suite 800
Tyler, TX 75702
903-934-8450
Fax: 903-934-9257

*Attorneys for T-Mobile USA, Inc.*

17



## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing document was served electronically on July 17, 2024 on all counsel who have consented to electronic service.

<u>*/s/ David S. Frist*</u>
David S. Frist