**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| COBBLESTONE WIRELESS, LLC, | § | |
| *Plaintiff,* | § § | |
| | § | |
| v. | § | CASE NO. 2:22-cv-00477-JRG-RSP |
| T-MOBILE USA, INC. | § | (Lead Case) |
| *Defendant,* | § § | |
| NOKIA OF AMERICA CORPORATION, ERICSSON INC. | § § | JURY TRIAL DEMANDED |
| *Intervenors.* | § § | |
| COBBLESTONE WIRELESS, LLC, | § | |
| *Plaintiff,* | § § | |
| v. | § | |
| AT&T SERVICES INC.; AT&T MOBILITY LLC; AT&T CORP., | § § | CASE NO. 2:22-cv-00474-JRG-RSP (Member Case) |
| *Defendants,* | § § | JURY TRIAL DEMANDED |
| NOKIA OF AMERICA CORPORATION, ERICSSON INC. | § § | |
| *Intervenors.* | § | |
| COBBLESTONE WIRELESS, LLC, | § | |
| *Plaintiff,* | § § | |
| v. | § | |
| CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, | § § | CASE NO. 2:22-cv-00478-JRG-RSP (Member Case) |
| *Defendant,* | § § | JURY TRIAL DEMANDED |
| NOKIA OF AMERICA CORPORATION, ERICSSON INC. | § § | |
| *Intervenors.* | § | |

**DEFENDANTS' AND INTERVENORS' RESPONSE MOTION FOR SUMMARY
JUDGMENT REGARDING VALIDITY OF '361 PATENT (DKT. NO. 149)**

## <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ................................................................................................................. 1

II.    RESPONSE TO THE STATEMENT OF THE ISSUE ...................................................... 2

III.   RESPONSE TO SUMF ...................................................................................................... 2

   A.    Response to "'361 Invalidity Grounds" ..................................................................... 2

   B.    Response to "Gaal's Teachings of Flexible Subframes" ........................................... 2

   C.    Response to "TS 36.211 Does Not Teach Flexible Subframes" ................................ 3

   D.    Response to Denial of Institution of IPR Presenting Same Theory of Obviousness over
Gaal   5

IV.    ARGUMENT ...................................................................................................................... 8

   A.    Cobblestone Advances an Improper Type of IPR Estoppel that Previous Courts Have
Rejected. ............................................................................................................................... 9

   B.    There are Multiple Genuine Disputes of Material Facts Regarding the Validity of the '361
Patent. ................................................................................................................................. 12

      1.    There is a genuine dispute as to whether the prior art discloses "determine, based on
the quality status [of the first frequency spectrum resource], that the first frequency spectrum
resource is a sub-optimal resource" (limitations [10.c] and [17.b]) ..................................... 12

      2.    There is a genuine dispute as to whether the prior art discloses "determine . . . that the
first frequency spectrum resource is a sub-optimal resource, for the uplink channel and the
downlink channel" (limitations [10.c] and [17.b]) ............................................................... 13

      3.    There is a genuine dispute as to whether the prior art discloses "in response to the
determination that the first frequency spectrum resource is the sub-optimal resource, assign
the first frequency spectrum resource to a shared resource pool" (limitation [10.d] and [17.d])
15

   C.    Summary Judgment Should Not Be Granted as to the Combination of Gaal With TS
36.211. ................................................................................................................................ 17

V.     CONCLUSION ................................................................................................................ 19

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)................................................................................................9, 10

*Celotex v. Catrett*,
477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)..........................................8

*Coleman v. Holman*,
2024 U.S. Dist. LEXIS 54768 (E.D. Tex. Feb. 29, 2024) ......................................13

*Exmark Mfg. Co. v. Briggs & Stratton Power Prod. Grp., LLC*,
879 F.3d 1332 (Fed. Cir. 2018)...............................................................................11

*Finjan, Inc. v. Cisco Sys.*,
2020 U.S. Dist. LEXIS 17076 (N.D. Cal. 2020) .......................................10, 11, 12

*Henderson v. Mack*,
2024 U.S. Dist. LEXIS 34304 (E.D. Tex. Feb. 9, 2024) ........................................15

*House v. Bell*,
547 U.S. 518, 126 S. Ct. 2064 (2006)......................................................................11

*Netlist, Inc. v. Micron Tech., Inc.*,
2024 U.S. Dist. LEXIS 18837 (E.D. Tex. Jan. 10, 2024)..........................................8

*Reeves v. Sanderson Plumbing Prods., Inc.*,
530 U.S. 133, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)......................................13

*Smart Path Connections, LLC v. Nokia of Am. Corp.*,
2024 U.S. Dist. LEXIS 44219 (E.D. Tex. 2024) ....................................................18

STATUTES

35 U.S.C. § 315(e)(2)......................................................................................................9

████████████████████████

## <u>Table of Exhibits</u>

| <u>Exhibit</u> | <u>Description</u> |
|:---:|---|
| 1 | Excerpts from Dr. van der Weide Opening Report on Validity dated May 24, 2024 ("van der Weide Op. Rpt.") |
| 2 | Excerpts of TS 36.211 Evolved Universal Terrestrial Radio Access (E-UTRA); Physical channels and modulation ("TS 36.211") |
| 3 | Excerpts from Dr. Williams Opening Report on Infringement dated May 24, 2024 ("Williams Op. Rpt.") |

## I.       INTRODUCTION

Cobblestone seeks an extraordinary remedy of summary judgment of no invalidity as to the asserted claims of U.S. Patent No. 10,368,361 ("the '361 patent"). Cobblestone, however, ignores that invalidity, particularly under the obviousness ground advocated by Defendants and Intervenors, is inherently a factual dispute that is typically the subject of a battle of the experts. Accordingly, a jury and courts are often faced with experts who present contrary opinions of the facts and conclusions that can be reached from those facts. This case is no different. Cobblestone's motion for validity should be denied.

Cobblestone, in effect, asks this Court to supplant the jury's fact-finding directive and the Article III powers of this Court with incorrect factual findings from the PTAB. The standard of review between summary judgment and a PTAB institution decision are fundamentally different. At summary judgment, a court is required not to weigh the evidence but to view it in the light most favorable to the non-moving party and defer any material factual disputes to the jury. In an IPR, the PTAB is the fact finder and does not provide any deference to either party. Moreover, the grounds of the *inter partes* review at the PTAB are different than those advanced by Defendants and Intervenors in district court and an entirely different expert provided a declaration in conjunction with the IPR. Cobblestone's request that the Court to invent a new estoppel arising from the denial of an IPR petition should be rejected.

Cobblestone also again seeks to have a 3GPP document struck from the case as not publicly available. Like the analysis set forth in Defendants and Intervenors' Response to Cobblestone's Motion to Strike Dr. van der Weide's Opinions and Response to Cobblestone's MSJ of No Invalidity of the '888 Patent, these arguments should be rejected both because Dr. van der Weide relied on his own experience and analysis and Mr. Bishop's declaration should not be struck.

████████████████████████████████████████

Both sides have proffered expert testimony that create a genuine issue of material fact as to the validity of the '361 patent. Therefore, Cobblestone's motion should be denied.

## II.     RESPONSE TO THE STATEMENT OF THE ISSUE

Cobblestone is not entitled to summary judgment on the validity of the '361 patent because there are genuine issues of material fact in dispute. Relying on the PTAB's erroneous factual findings does not mean that the issue is not disputed. Further, Defendants have presented sufficient evidence demonstrating that the 3GPP Standard is prior art.

## III.    RESPONSE TO SUMF

### A.     Response to "'361 Invalidity Grounds"

1.    The facts set forth in Paragraph 1 are not disputed.

2.    The facts set forth in Paragraph 2 are not disputed.

3.    The facts set forth in Paragraph 3 are not disputed.

4.    The facts set forth in Paragraph 4 are not disputed.

5.    The facts set forth in Paragraph 5 are not disputed.

6.    The facts set forth in Paragraph 6 are not disputed.

7.    The facts set forth in Paragraph 7 are not disputed.

8.    The facts set forth in Paragraph 8 are not disputed.

9.    The facts set forth in Paragraph 9 are not disputed.

### B.     Response to ████████████████████████

10.   The facts set forth in Paragraph 10 are not disputed.

11.   The facts set forth in Paragraph 11 are not disputed.

12.   The facts set forth in Paragraph 12 are not disputed.

13.   The facts set forth in Paragraph 13 are not disputed.

██████████████████████████████████████

14.     The facts set forth in Paragraph 14 are disputed.  ████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████  The cited testimony from Dr.

van der Weide does not support Paragraph 14 as the testimony related to "who or what" determines

that ████████████████  Dkt. 149-6 to Mot. (van der Weide Tr.) at 131:14–23.  Dr. van der

Weide, however, provided opinions in his expert report and testified as to ████████████

████████████████████████  *E.g.*, Ex. 1 (van der Weide Op. Rpt.) at ¶¶ 1164-65

(████████████████████████████████████████

████████████████████████  ¶ 1106 (quoting Gaal at its abstract and ¶ [0009] as

providing a method for ██████████████████████

████████████████████████████████████████████

████████████████████████████████████  The cited

statement from the IPR Petition is taken out of context and does not support Paragraph 14.  *See*

Dkt. 149-7 at 62.  Defendants statement that ████████████████████████

████████████████████████████████████████████

████████████████████████████  The Khoryaev reference from the IPR (not at

issue here) was meant to fill in those specific details, but nowhere did Defendants or Intervenors

state Gaal failed to disclose the limitation or render this limitation obvious.

**C.**     ████████████████████████████████

15.     The facts set forth in Paragraph 15 are not disputed.

████████████████████████████████████████████

16.      The facts set forth in Paragraph 16 are disputed. Dr. van der Weide opines that

███████████████████████████████████████████████████████████████████████████████

██████████████████████████████████████. 1 (van der Weide Op.

Rpt.) ¶ 1298. ██████████ provides the factual predicate for that conclusion. Ex. 2 (TS 36.211) at

11-68. In Dr. van der Weide's report, he likewise provides factual predicate for his conclusions:

(i) Paragraphs 1263-68 discuss ████████████████████████████, (ii) Paragraphs

1275-89 provide factual support for ████████████████████████████████

(iii) Paragraphs 1298-1305 explain the reasons why interference considerations would be taken

into account.

17.      The facts set forth in Paragraph 17 are disputed. Dr. van der Weide discusses ███

████ at length in his report. █████████████████████████████████████████

██████████████ *See* Ex. 1 (van der Weide Op. Rpt.) ¶¶ 1263-68, 1275-89, 1298-1305.

18.      The fact set forth in Paragraph 18 are not disputed except as to implication that Dr.

van der Weide only relied on this text to conclude that ████████████████████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████ Ex. 1 (van der Weide Op. Rpt.) ¶ 1298.

19.      The facts set forth in Paragraph 19 are disputed. Defendants and Intervenors

disagree that the Report cites to no evidence that ████████████████████████████████

████████████████████████████ As stated in the paragraphs above (the

evidence of which is incorporated here), Dr. van der Weide concludes that that ██████████████

█████████████████████████████████████████████████████████████████████

█████████████████████████ Ex. 1 (van der Weide Op. Rpt.) ¶¶

1298-1305. Dr. van der Weide explains how in ████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████ *Id.* at ¶¶ 1278, 1281.

20.     The facts set forth in Paragraph 20 are not disputed except to the implication that this somehow means that Dr. van der Weide failed to cite evidence of obviousness of the combination.

**D.     Response to Denial of Institution of IPR Presenting Same Theory of Obviousness over Gaal**

21.     The facts set forth in Paragraph 21 are not disputed.

22.     The facts set forth in Paragraph 22 are not disputed.

23.     The facts set forth in Paragraph 23 are disputed.  Dr. van der Weide prepared a report based on his opinion regarding the invalidity of the '361 patent.  While there is some overlap in the report because certain invalidity grounds overlap, Dr. van der Weide's report includes opinions and evidence not discussed in Mr. Proctor's Report.  For example, Dr. van der Weide makes different arguments with respect to the limitations construed by the Court.  The IPR Petition and Mr. Proctor's declaration also do not address ████████. Defendants' and Intervenor's, however, acknowledge  that there are some similarities based on the following:

> Due to overlap in prior art references and similarities in corresponding analysis, some parts of my report may bear similarities to documents filed in IPR2024-00138, but all analysis and opinions presented herein are my own. In addition, and for convenience, I have reused certain figures and annotations that I agree with from documents filed in IPR2024-00138.

Ex. 1 (van der Weide Op. Rpt.) ¶ 1102.

24.      The facts set forth in Paragraph 24 are not disputed, but Defendants and Intervenors dispute the Board's findings and conclusions.

25.     The facts set forth in Paragraph 25 are not disputed, but Defendants and Intervenors dispute the Board's findings and conclusions.

████████████████████████████████████████████████

26.     The facts set forth in Paragraph 26 are disputed. Dr. van der Weide's Report does not rely solely upon ██████████████████. Dr. van der Weide shows that ██████████ ████████████████████████████████████████ Ex. 1 (van der Weide Op. Rpt.) ¶ 1109. He also discusses the ████ ███. Ex. 1 (van der Weide Op. Rpt.) ¶ 1067. Moreover, the IPR Petition does not address ████████ or Dr. van der Weide's arguments concerning the same.

27.     The facts set forth in Paragraph 27 are disputed to the extent this fact alleges ███ ████████████████ discussed in the cited paragraphs. Referring back to his ████████████ ████████████ Dr. van der Weide states a POSITA would have known that ████████ ████████████████████████████████████████████████ Ex. 1 (van der Weide Op. Rpt.) ¶ 1059. He states, ████████████████████████████ ████████████████████████████████████████████████ *Id.* He further includes a section on ████████████████████ Ex. 1 (van der Weide Op. Rpt.) ¶ 1067. Moreover, the IPR Petition does not address ██████████ or Dr. van der Weide's arguments concerning the same.

28.     The facts set forth in Paragraph 28 are disputed. Dr. van der Weide opines how ███ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████ Ex. 1 (van der Weide Op. Rpt.) ¶ 1167 (citing Gaal, ¶¶ [0068]-[0075].); *see also id.* ¶¶ 1164-1170. Moreover, the IPR Petition does not address ████████ or Dr. van der Weide's arguments concerning the same.

29.     The facts set forth in Paragraph 29 are disputed. Dr. van der Weide opines how the ████████████████████████████████████████████████

█████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████ Ex. 1 (van der Weide Op. Rpt.) ¶ 1167 (citing Gaal, ¶¶ [0068]-[0075].); *see also id.* ¶¶ 1164-1170. Dr. van der Weide's testimony ███████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████ as stated in his report. Ex. 1 (van der Weide Op. Rpt.) ¶ 1167 (citing █████████████ Moreover, the IPR Petition does not address TS 36.211 or Dr. van der Weide's arguments concerning the same.

30.     The facts set forth in Paragraph 30 are disputed for the same reasons as the evidence cited above. Dr. van der Weide discloses how the ████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████ Ex. 1 (van der Weide Op. Rpt.) ¶ 1167 (citing Gaal, ¶¶ [0068]-[0075].); *see also id.* ¶1164-1170. Moreover, the IPR Petition does not address ████████ or Dr. van der Weide's arguments concerning the same. Ex. 1 (van der Weide Op. Rpt.) ¶¶ 1310-1312 █████████████

█████████████████████████████████████████████

31.     The facts set forth in Paragraph 31 are disputed. The quote cited by Cobblestone does not show that Dr. van der Weide's testimony demonstrate that, under his theory of obviousness, █████████████████████████████████ Dkt. 149-6 (van der Weide Dep. Tr.) at 151:6–10. Consistent with Dr. van der Weide's report, his testimony shows a POSITA would have understood, or would have found obvious, that █████████████

█████████████████████████████████████████████



██████████ Ex. 1 (van der Weide Op. Rpt.) ¶ 1175.[1] Moreover, the IPR Petition does not

address ████████ or Dr. van der Weide's arguments concerning the same.

32.      The facts set forth in Paragraph 32 are disputed for the same reasons as evidence

stated above. ████████████████████████

████ The cited testimony form Dr. van der Weide does not support Paragraph 32 as the

testimony related to "who or what" determines ████████████, not "how or why." Dkt.

149-6 (van der Weide Tr.) at 131:14–23. Dr. van der Weide, however, provided opinions in his

expert report and testified as to how and why ████████████

████ *E.g.*, Ex. 1 (van der Weide Op. Rpt.) at ¶¶ 1164-65 ████████

## IV.    ARGUMENT

Cobblestone has not met its burden of "identify[ing] the basis for granting summary

judgment and evidence demonstrating the absence of a genuine dispute of material fact." *Netlist,*

*Inc. v. Micron Tech., Inc*., No. 2:22-cv-203-JRG-RSP, 2024 U.S. Dist. LEXIS 18837, at *5 (E.D.

Tex. Jan. 10, 2024) (citing *Celotex v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d

---

[1] All emphases added unless otherwise noted.

265 (1986)). As evidenced throughout Cobblestone's Motion, a plethora of disputed facts exist that remain to be addressed by a jury.

*First*, Cobblestone's Motion is a backdoor around the IPR statute because Cobblestone attempts to extend IPR statutory estoppel to a situation not covered by the statute. 35 U.S.C. § 315(e)(2). The IPR decision issued in IPR2024-00138 is neither a final written decision nor controlling on this Court. *Second*, as evidenced throughout Dr. van der Weide's report, numerous disputes remain as to whether the prior art anticipates or renders obvious the asserted claims. This is not remedied, as Cobblestone suggests, by the PTAB's discretionary denial of the *IPR*. *Third*, Dr. van der Weide's opinions are severable from those in the IPR petition; he provides his own expert opinion regarding invalidity of the '361 patent under two grounds, only one of which was raised and subsequently addressed by the PTAB. Cobblestone's Motion buries the second ground as if it does not exist. But, both of the grounds present genuine disputes of invalidity positions to be decided by the fact finder. *Finally*, either Dr. van der Weide or Dr. Williams can independently testify about the public availability of the 3GPP document.

**A.      Cobblestone Advances an Improper Type of IPR Estoppel that Previous Courts Have Rejected.**

Under the guise of summary judgment, Cobblestone attempts to *extend* the IPR estoppel provision of 35 U.S.C. § 315(e)(2) to a situation that is not covered by the statute. 35 U.S.C. § 315(e)(2) (only applies to "final written decisions" not to denials of institution). This exact tactic has been rejected by courts in the past for good reason. In the context of summary judgment, facts are viewed in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Thus, in the battle of the experts, a disputed fact, such as the veracity or persuasiveness of Dr. van der Weide's testimony, cannot be resolved. Instead, the Court must deny such motions to allow the jury to perform its fact-finding mission. The PTAB, on the

9

other hand, is not bound by the summary judgment standard and is allowed to make factual determinations based on the evidence even if its determinations are disputed. Because the standard for the PTAB is different, its decision bear no weight on the issue of summary judgment and should be disregarded in the context of this Motion.

Courts have rejected Cobblestone's tactic. The plaintiff in *Dynaenergetics Europe GmbH v. Hunting Titan, Inc.* attempted a nearly identical maneuver at the summary judgment stage. 629 F. Supp. 3d 548, 565 (S.D. Tex. 2022). In that case, "Plaintiffs argue[d] that they are entitled to summary judgment that the [Asserted Patents] are not invalid based on prior art considered and rejected by the Patent Trial and Appeal Board ('PTAB') in post-grant review ('PGR') proceedings." *Id.* In that case, the PTAB had made substantive rulings with respect to the prior art and the same prior art was at issue in the district court. *Id.* at 566. The district court summarized Plaintiffs' argument as follows:

> Plaintiffs argue that Defendant "has recycled the same prior art references and invalidity arguments from its unsuccessful PGR petitions in this case. Based on the evidence of record, no reasonable jury could find by clear and convincing evidence that the Patents-in-Suit are invalid as anticipated or obvious.

*Id.* at 565.

The *Dynaenergetics* Court held that "[t]he fact that the PTAB previously addressed the same arguments related to the same prior art is insufficient to meet Plaintiffs' burden on summary judgment." *Id.* at 569. Moreover, the Court explained that although "Plaintiffs argue that they do not seek to apply PGR estoppel but, instead, seek summary judgment on Defendant's invalidity theories that stem from the same references and same arguments rejected by the PTAB . . . Plaintiffs are effectively asking the court to expand PGR estoppel beyond what the statute provides." *Id.* (citing *Finjan, Inc. v. Cisco Sys.*, No. 17-cv-00072-BLF, 2020 U.S. Dist. LEXIS

17076, at *1 (N.D. Cal. 2020)).[2] Thus, while acknowledging that the PTAB issued substantive rulings on the merits of the same prior art directed to the same claims, the Court (i) held that this is insufficient to meet the burden for summary judgment, and (ii) rejected the same kind of backdoor attempt to obtain estoppel protection not offered by the estoppel statute.

Similarly, the court in *Finjan, Inc. v. Cisco Sys* provided rationale for why a plaintiff should be precluded from using a PTAB finding as a mechanism to assert that no factual dispute exists:

> Finjan argues that "all IPR proceedings are relevant evidence" and entitled to deference. But that deference "takes the form of the presumption of validity" and "can be overcome by the patent challenger who meets its high burden of proving the factual elements of invalidity by clear and convincing evidence." At summary judgment*, the Court does not "weigh the evidence, but simply determines whether there is a genuine factual issue for trial."* At this stage, *Cisco has presented invalidity theories in its expert reports*, . . . *creating a material issue of fact for trial*.

*Finjan, Inc. v. Cisco Sys.*, No. 17-cv-00072-BLF, 2020 U.S. Dist. LEXIS 17076, at *1 (N.D. Cal. 2020) (quoting *Exmark Mfg. Co. v. Briggs & Stratton Power Prod. Grp., LLC*, 879 F.3d 1332, 1342 (Fed. Cir. 2018) and *House v. Bell*, 547 U.S. 518, 126 S. Ct. 2064 (2006)) (internal citations omitted).

Here, there is no question that a dispute exists. In his report, Dr. van der Weide shows how the prior art meets each and every claim element of the '361 patent in concluding that the Asserted Claims are invalid. Cobblestone's expert argues otherwise. The *only* way that the Court can possibly reach a conclusion about the validity of the '361 patent is to weigh the evidence.

---

[2] The PGR and IPR estoppel provisions are similar and any differences are not relevant to the issue here.

███████████████████████████████████████████████

Accordingly, this Court should reach the same result as the *Finjan* and *Dynaenergetics* Courts and reject Cobblestone's urging to accord the PTAB decision undue deference as evidence in summary judgment. *Id.*

**B.      There are Multiple Genuine Disputes of Material Facts Regarding the Validity of the '361 Patent.**

Cobblestone attempts to show how either Dr. van der Weide and the prior art reference Gaal do not address certain claim elements. But, these attempts fall flat in light of the various disputed facts that remain an issue regarding the validity of the '361 patent. Moreover, Cobblestone fails to address the second ground of invalidity in Dr. van der Weide's report on substantive grounds, only collaterally attacking the public availability of the reference, which again is a factual inquiry.

**1.      There is a genuine dispute as to whether the prior art discloses "determine, based on the quality status [of the first frequency spectrum resource], that the first frequency spectrum resource is a sub-optimal resource" (limitations [10.c] and [17.b])**

Dr. van der Weide addresses the element ████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████████████████ Ex. 1 (van der Weide Op. Rpt.) ¶¶ 1161-1171, 1235-1237, 1295-1306, 1352-1357. Dr. van der Weide cites various aspects of ████████████████ to support his conclusion. *Id.*

For example, Dr. van der Weide opines that ████████████████████████████

██████████████████████████████ *See* Ex. 1 (van der Weide Op. Rpt.)

¶ 1167 ██████████████████████████████████████████████

█████████████████████████████████████████████████████

███████████████████████ He also states: "It was well known in the art at the time of the 361



Patent that ███████████████████████████████████████████ *Id.* He then

applies the Court's claim construction and states: a "POSITA also would have known that ███

███████████████████████████████████████████████████████████

████████████████████████████████ *Id.* He goes on to state, █████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

█████████████████████████ *Id.* ¶ 1169 (citing Gaal, ¶ [0076]). Thus, Cobblestone's

conclusion that "[a]ccording to Dr. van der Weide, █████████████████████████

████████████████████████████████" is simply wrong and directly

contradicts his opinions and the factual bases they were formed upon. (Mot. at 12 citing Ex. A at

¶ 1165). Dr. van der Weide discusses ████████████████████ But, regardless, it is

for the jury to decide whether this determination is properly disclosed in the prior art.

These opinions and disclosures show that genuine disputes exist for these limitations.

Granting summary judgment under these circumstances would require the Court to weigh the

evidence. *Coleman v. Holman*, No. 6:21cv403, 2024 U.S. Dist. LEXIS 54768, at *10 (E.D. Tex.

Feb. 29, 2024) ("The Court 'may not make credibility determinations or weigh the evidence' in

ruling on a summary judgment motion.) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530

U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000)).

> **2.      There is a genuine dispute as to whether the prior art discloses "determine . . . that the first frequency spectrum resource is a sub-optimal resource, for the uplink channel and the downlink channel" (limitations [10.c] and [17.b])**

Dr. van der Weide addresses the element ████████████████████████████

███████████████████████████████████████████████████ in his report

and concludes that this element is disclosed and rendered obvious by the prior art, with citations

███████████████████████████████████████

to ████████████████ to support his opinions. Ex. 1 (van der Weide Op. Rpt.) ¶¶ 1161-1171, 1235-1237, 1295-1306, 1352-1357.

Dr. van der Weide's report shows how the prior art discloses ████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████ Moreover, to the extent not disclosed, he also argues a POSITA would have known that ██████████████████████

██████████████████████████ Ex. 1 (van der Weide Op. Rpt.) ¶ 1165 ████████████████████████████████

███████████████████████████████████████

██████████ (citing Gaal, ¶¶ [0076]).

Dr. van der Weide also acknowledges that ███████████████████████

███████████████████████████████████████

██████████████████████ Ex. 1 (van der Weide Op. Rpt.) ¶ 1159. He states,

███████████████████████████████████████

███████████████████ *Id*. This understanding is confirmed by the '361 patent. *See* '361 Patent, 10:61-64.

His opinions on Gaal's disclosure of this element present genuine disputes as to whether the claim limitation is met by the prior art. This is exemplified by Cobblestone's arguments attacking the *weight* of Dr. van der Weide's opinions. For example, Cobblestone argues that ████

███████████████████████████████████████

████████████████████████████████████████████

████████████████████ Mot. at 15. But as Dr. van der Weide explains, other known

techniques were available for ███████████████ Indeed, the '361 patent itself "note[s] that

determination of quality status, as described above [where e.g., RIP for uplink is described] can be

performed *using information typically already measured by LTE and LTE-Advanced* wireless

communication systems." '361 Patent at 8:60-67. Moreover, Defendants and Intervenors statement

in the IPR that █████████████████████████████████████████

███████ does not mean Gaal does not provide *any* details, it only means Gaal did not provide

*specific* details. *See* SUMF ¶14.

Thus, Dr. van der Weide provided opinions that Gaal discloses this claim element or at

least renders it obvious, and the arguments Cobblestone presents goes to the *weight* of the

evidence. *Henderson v. Mack*, No. 6:21cv431, 2024 U.S. Dist. LEXIS 34304, at *4 (E.D. Tex.

Feb. 9, 2024) (citations omitted).

**3.      *There is a genuine dispute as to whether the prior art discloses*** ██

████████████████████████████████████████████████

Dr. van der Weide addresses this element ████████████████████████

████████████████████████████████████████████████

██████████████████████ in his report and concludes the element is disclosed in the prior

art in each instance. Ex. 1 (van der Weide Op. Rpt.) ¶¶ 1172-1177, 1250-1252, 1307-1313, 1365-

1366. Dr. van der Weide cites various aspects of ███████████████ to support his conclusion.

*Id.*

Cobblestone's argument that ████████████████████████████

████████████████████████████████████████████████

████████████████████████ is, again, misleading.



Dr. van der Weide sets forth fulsome analyses and evidence explaining that ██████

Ex. 1 (van der Weide Op. Rpt.) ¶ 1175. Moreover, to the extent its not explicitly disclosed, Dr. van der Weide also states that ███

*Id.*   And as an aside, this type of ████████ tracks how Cobblestone views this element under its own interpretation for infringement. Ex. 3 (Williams Op. Rpt.) at ¶ 865 ████████

[REDACTED]

Like with Cobblestone's other arguments, for this element too, there remains disputed factual issues that are appropriate for consideration by the jury and not appropriate to determine on summary judgment.

**C.    Summary Judgment Should Not Be Granted as to the Combination of Gaal With TS 36.211.**

Cobblestone fails to substantively address how *any* of the claim limitations are purportedly not met under the second ground of Dr. van der Weide's report [REDACTED] Cobblestone's failure to address [REDACTED] in Sections B-D of its Motion, ultimately precludes summary judgment on that ground.

Further, as with a substantially similar section associated with Cobblestone's MSJ of No Invalidity of the '888 Patent, this part of Cobblestone's motion rests primarily on the premise that *if* Mr. Bishop's opinions regarding public availability are struck, then summary judgment of validity is proper. Mr. Bishop's opinions were proper and meet the *Daubert* standard, and thus Cobblestone's Motion with regard to Bishop should be denied.  If denied, then the Court should similarly deny this motion as to the combination of Gaal and TS 36.211.

Moreover, Defendants and Intervenors have set forth additional evidence regarding public availability. As explained in Defendants' and Intervenors' response to Cobblestone's *Daubert* of Dr. van der Weide, Dr. van der Weide does *not* rely exclusively on Mr. Bishop gathering evidence and Mr. Bishop's testimony about the evidence. Instead, the *unrebutted* testimony from Dr. van der Weide is that "[p]rior to the earliest alleged priority dates of the Asserted Patents a POSITA would have been familiar with the Third Generation Partnership Project (3GPP)." Ex. 1 (van der Weide Op. Rpt.) ¶ 43. Cobblestone does not rebut this fact. Since Dr. van der Weide is (again

17



*unrebutted*), a POSITA at the time of the Asserted Patents, he would have been familiar with the Third Generation Partnership Project (3GPP). *Id.*

Further, Cobblestone does not rebut additional facts such as "[w]ith respect to 3GPP Technical Specifications, it was widely known that Technical Specifications were publicly available on 3GPP's website." Ex. 1 (van der Weide Op. Rpt.) ¶ 716.  Thus, those Technical Specifications and the 3GPP website were known to Dr. van der Weide *and to Dr. Williams (Plaintiff's expert)* who both qualify as POSITAs. Ex. 1 (van der Weide Op. Rpt.) ¶ 716. As a result, both Dr. van der Weide and Dr. Williams, as POSITAs, are competent to testify about what a POSITA would have known at the time of the '361 patent. This would have included facts such as:



Ex. 1 (van der Weide Op. Rpt.) ¶ 716; *see also* ¶¶ 717-18.

The mere fact that Dr. van der Weide did not personally undertake this task at the time of the Asserted Patents does not mean a POSITA would not have known about it. But even so, an expert's personal "underlying level of knowledge on the issue at hand is best explored on cross-examination as it fundamentally goes to reliability." *Smart Path Connections, LLC v. Nokia of Am. Corp.*, No. 2:22-cv-0296-JRG-RSP, 2024 U.S. Dist. LEXIS 44219, at *17 (E.D. Tex. 2024).

███████████████████████████████

Moreover, even if Dr. van der Weide's testimony was disputed, because Dr. Williams is also a POSITA, the public availability of the reference can come in through Dr. Williams cross-examination.

As a result, there is a genuine dispute about whether ███████ was publicly available regardless of the outcome of Cobblestone's Motion to Exclude the Bishop Declaration or Motion to Exclude Dr. van der Weide's Testimony. Therefore, summary judgment here cannot be granted.

## V.    CONCLUSION

For these reasons, Defendants and Intervenors respectfully request Cobblestone's Motion be denied.

Dated: July 17, 2024                          Respectfully submitted,

                                              */s/ David S. Frist*
                                              David S. Frist (GA Bar No. 205611)
                                              John D. Haynes (GA Bar No. 340599)
                                              Emily C. Welch (GA Bar No. 606071)
                                              Michael C. Deane (GA Bar No. 497195)
                                              Sloane S. Kyrazis (GA Bar No. 878240)
                                              ALSTON & BIRD LLP
                                              1201 West Peachtree Street, Suite 4900
                                              Atlanta, GA 30309
                                              Phone: (404) 881-7000
                                              Fax:    (404) 881-7777
                                              Email: david.frist@alston.com
                                              john.haynes@alston.com
                                              emily.welch@alston.com
                                              michael.deane@alston.com
                                              sloane.kyrazis@alston.com

                                              Ross R. Barton (NC Bar No. 37179)
                                              ALSTON & BIRD LLP
                                              101 South Tryon Street
                                              Suite 4000
                                              Charlotte, NC 28280-4000
                                              Telephone: (704) 444-1000
                                              Facsimile: (704) 444-1111
                                              Email: ross.barton@alston.com

Theodore Stevenson, III (TX Bar No. 19196650)
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas TX 75201
Phone: (214) 922-3400
Fax:     (214) 922-3899
Email: ted.stevenson@alston.com

Katherine G. Rubschlager (CA Bar. No. 328100)
ALSTON & BIRD LLP
560 Mission St., Suite 2100
San Francisco, CA 94105
Phone: (415) 243-1000
Fax:     (415) 243-1001
Email: katherine.rubschlager@alston.com

Deron R. Dacus
THE DACUS FIRM
821 E SE Loop 323 Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Facsimile: (903) 581-2543

*Attorneys for Defendants AT&T Services, Inc.,
AT&T Mobility LLC, and AT&T Corp.; Defendant
T-Mobile USA, Inc.; Defendant Cellco
Partnership d/b/a Verizon; Intervenor Ericsson
Inc.; and Intervenor Nokia of America
Corporation*

Deron Dacus
ddacus@dacusfirm.com
THE DACUS FIRM
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Facsimile: (903)581-2543
Email: ddacus@dacusfirm.com

*Attorney for AT&T Services, Inc., AT&T Corp.,
AT&T Mobility LLC, Cellco Partnership d/b/a
Verizon Wireless, Ericsson Inc. and Nokia of
America Corporation*

Melissa R. Smith
melissa@gillamsmithlaw.com
Tom Gorham
tom@gillamsmithlaw.com
Gillam & Smith Llp
102 N. College, Suite 800
Tyler, TX 75702
903-934-8450
Fax: 903-934-9257

*Attorneys for T-Mobile USA, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was served by e-mail on July 17, 2024 on all counsel who have consented to electronic service.

*/s/ David S. Frist*
David S. Frist