# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br>    *Plaintiff*,<br><br>v.<br><br>T-MOBILE USA, INC.<br>    *Defendant*,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    *Intervenors*. | CASE NO. 2:22-cv-00477-JRG-RSP<br>(Lead Case)<br><br>JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC,<br>    *Plaintiff*,<br><br>v.<br><br>AT&T SERVICES INC.; AT&T<br>MOBILITY LLC; AT&T CORP.,<br>    *Defendants*,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    *Intervenors*. | CASE NO. 2:22-cv-00474-JRG-RSP<br>(Member Case)<br><br>JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC,<br>    *Plaintiff*,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a<br>VERIZON WIRELESS,<br>    *Defendant*,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    *Intervenors*. | CASE NO. 2:22-cv-00478-JRG-RSP<br>(Member Case)<br><br>JURY TRIAL DEMANDED |

**<u>DEFENDANTS' AND INTERVENORS' REPLY IN SUPPORT OF MOTION TO STRIKE AND EXCLUDE PORTIONS OF DR. WILLIAMS' EXPERT REPORTS (DKT. NO. 153)</u>**

**TABLE OF CONTENTS**

I. ARGUMENT ................................................................................................................. 1

    A. Cobblestone concedes that the Court should preclude Dr. Williams from providing improper claim construction opinions. ..................................................... 1

    B. The Carrier Aggregation theories presented by Dr. Williams were not timely disclosed in Cobblestone's Infringement Contentions ................................. 2

    C. Dr. Williams must be prohibited from including new evidence of infringement from his rebuttal report. ....................................................................... 5

II. CONCLUSION ............................................................................................................. 5

First, Dr. Williams's opinions in his depositions were new claim construction opinions. Cobblestone appears to concede he will not offer them during trial.

Second, Cobblestone is *still* trying to assert a carrier aggregation theory where the "first frequency resource" of claim element [10a] is an SCell. This was never disclosed. Worse now, Cobblestone is running from its own expert's admission that he will not assert a carrier aggregation theory unconnected to BWP. The Court should preclude this testimony.

Third, Cobblestone cannot be permitted to use new infringement evidence under the guise of a rebuttal report.

I.     ARGUMENT

   A.   **Cobblestone concedes that the Court should preclude Dr. Williams from providing improper claim construction opinions.**

Cobblestone does not dispute that Dr. Williams offered opinions regarding the scope of the claims during his deposition that go beyond the plain and ordinary meaning. For example, Cobblestone does not dispute that Dr. Williams offered opinions that construe (i) "propagation path" as a path that has the "characteristic of coherent reception," and (ii) "predistorting" as a signal that will be coherently received by the receiver. *See* Dkt. 153 (Mot.) at 2-4 (setting out the improper opinions of Dr. Williams); Dkt. No. 153-2 (Ex. B to Mot. (Williams Tr.)) at 188:3-10, 221:14-22. Cobblestone also does not dispute that Dr. Williams cannot offer claim construction opinions at trial. Dkt. No. 183 (Resp.) at 1. Thus, the present Motion should be granted.

Cobblestone, however, argues that the Motion should be denied because there is no connection between Dr. Williams's testimony regarding the scope of the claims and his infringement and invalidity opinions. Resp. at 3. Defendants and Intervenors disagree. Dr. Williams opined that his infringement and invalidity opinions are based on the "plain and ordinary meaning" of the claims as he interpreted them in light of the specification. Dkt. 153-2 (Williams

1

Tr.) at 149:8-150:2; 221:14-22. Defendants and Intervenors' questions at the deposition were more than "general colloquies;" they were intended to probe Dr. Williams understanding of the plain and ordinary meaning of the claims. The result of the deposition makes clear that Dr. Williams was interpreting the claims narrowly in light of the specification:

> Q. Is it your opinion, *reading Claim 15*, that the first propagation path has to be defined by *coherent reception* of one or more electromagnetic waves at the receiver?
>
> A. That's what's described in the specification.
>
> Q. And it's your understanding that *that's required by the claims* as well, correct?
>
> A. In my understanding, yes.

*Id.* at 221:14-22.

> Q. Does the transmission of the first signal via the first propagation path before the predistorting that's referenced *in the claim have to have the characteristic of coherent reception of radiation at the receiver*, based on your understanding of the claims?
>
> A. *Yes*.

*Id.* at 188:3-10.

As these new claim construction opinions are improper, the Court must prohibit Dr. Williams from providing these opinions for the reasons explained in Defendants and Intervenors opening brief, which went largely unaddressed by Cobblestone in its response.

### B. The Carrier Aggregation theories presented by Dr. Williams were not timely disclosed in Cobblestone's Infringement Contentions

Cobblestone admits it will not present "use of an SCell in carrier aggregation alone as a basis for infringement." Resp. at 4 (citing Dkt. No. 153 (Mot.) at 6). They admit they will not proffer "a 'stand-alone' SCell infringement read 'untethered to' or 'unconnected to' infringement." *Id.* But Cobblestone argues that it has contended and plans to present to the jury a theory that "SCells in carrier aggregation are (at least an example of) frequency spectrum resources." *Id.* at 5.

2

Cobblestone never disclosed that *an SCell* was the alleged frequency spectrum resource. Accordingly, this motion should be granted.

Element 10[a] of the '361 Patent includes the requirement of a "first frequency spectrum resource." In Cobblestone's infringement contentions, there were two and only two examples of a frequency spectrum resource for element [10a]: (i) SUL band 80 and (ii) a bandwidth part:

> In the example highlighted above, a non-limiting first frequency spectrum resource is the Supplementary UpLink (SUL) band 80, and a non-limiting second frequency spectrum resource is the bi-directional TDD band 78.

. . .

> In the example above, BWP₃ is a non-limiting example of a first frequency spectrum resource, and BWP₁ is a non-limiting example of a second frequency spectrum resource.

Dkt. No. 153-4 (Ex. D to Mot (Infring. Contentions)) at 5, 9.

The contentions do not identify an SCell as the required resource, and Cobblestone does not contend that it identified an SCell as the first frequency spectrum resource in element 10[a]. Instead, Cobblestone argues that the contentions provide notice of its SCell theory because SCell is referenced in other parts of the contentions. But Cobblestone fails to acknowledge that each of the references to an SCell were to support its Supplemental Uplink (SUL) read (which Cobblestone has abandoned).

For example, in element [10d] (dealing with *assignment*), Cobblestone points to the statement that "[i]n handover, UE measurements are used to decide on the best serving cell, or carrier in CA [carrier aggregation]." Resp. at 4. Cobblestone intentionally omits the very next sentence showing it only points to CA to support its read on SUL. That sentence states: "*[t]he same mechanism as CA is used for adding/removing SUL*."

> For example, the handover mechanism referred to previously is used to add/remove second component carrier (SCells). In handover, UE measurements are used to decide on the best serving cell, or carrier in CA. The same mechanism as CA is used for adding/removing SUL. Previously it was shown that gNB is responsible for making radio resource decisions. By default, all available frequency resources are in a "Shared Resource Pool."

Dkt. No. 153-4 (Ex. D to Mot (Infring. Contentions) at 11. Cobblestone cited CA because the same mechanism allegedly used in SUL and CA. Cobblestone did not put the Defendants on notice that it was pursuing an independent SCell read or a read with respect to BWP.

Similarly, Cobblestone provides a screenshot on carrier aggregation from its contentions, but the *full* screenshot (shown below) from its contentions again shows Cobblestone was pointing to carrier aggregation because adding/removing SCell is the same "mechanism for adding/removing SUL," as Cobblestone had accused.



*Id.* at 12 (annotations added).

Cobblestone thus cannot point to a single statement in its contentions that the "first frequency spectrum resource" maps to an SCell. Cobblestone should be held to the accused functionality, which was "Supplementary Uplink (SUL) and/or Bandwidth Adaptation functionality." *Id.* at 1.

Moreover, allowing Cobblestone to present a standalone carrier aggregation argument (where an SCell is a "first frequency spectrum resource") runs counter to the sworn statements it

4

already presented to this Court. Cobblestone told this Court: "As set forth above, the Carrier 1 cases [this case] concern products pertaining to *beamforming, supplemental uplink, bandwidth adaptation, handover, and wifi-only automatic updates*, **whereas** the Carrier 2 cases [not this case] focus on products pertaining to *carrier aggregation*." Dkt. No. 98 at 5. Cobblestone told this Court "The accused products and accused functionalities [in the two cases] are *fundamentally* different." *Id.* at 3. Cobblestone's attempt to walk away from this sworn representation is exceedingly weak. Resp. at 7. Cobblestone attempts to justify its statement by saying the "addition and removal" of SCells in the Carrier 1 case is not the same as "center frequencies and *the implementation of carrier aggregation*" in the Carrier 2 case. *Id.* The addition and removal of SCells for carrier aggregation is *the same as* the implementation of carrier aggregation.

  **C.** **Dr. Williams must be prohibited from including new evidence of infringement from his rebuttal report.**

Cobblestone represented that it "is not going to rely on Dr. Williams's validity report as Rule 26 support for any *infringement* testimony at trial." Resp. at 8. But Cobblestone states that, "Dr. van der Weide opines that prior art renders the '347 Patent obvious under 'Cobblestone's apparent infringement theory,' and Dr. Williams should be permitted to rebut that, pointing out that the prior art and accused instrumentalities are different." Resp. at 8. Defendants' and Intervenors agree that Dr. Williams is permitted to rebut Dr. van der Weide, but he cannot do so by introducing *new infringement evidence* in the context of rebuttal. Dr. Williams's citation to the references in Paragraph 78 are a clear attempt to introduce new infringement opinions in the context of validity and thus Paragraph 78 should be struck.

**II.** **CONCLUSION**

For the forgoing reasons, Defendants and Intervenors respectfully request that this Court grant its Motion to Strike the testimony of Dr. Williams.

5

Dated: July 25, 2024                    Respectfully submitted,

                        */s/ David S. Frist*
                        David S. Frist (GA Bar No. 205611)
                        John D. Haynes (GA Bar No. 340599)
                        Emily C. Welch (GA Bar No. 606071)
                        Michael C. Deane (GA Bar No. 497195)
                        Sloane S. Kyrazis (GA Bar No. 878240)
                        ALSTON & BIRD LLP
                        1201 West Peachtree Street, Suite 4900
                        Atlanta, GA 30309
                        Phone: (404) 881-7000
                        Fax:     (404) 881-7777
                        Email: david.frist@alston.com
                        john.haynes@alston.com
                        emily.welch@alston.com
                        michael.deane@alston.com
                        sloane.kyrazis@alston.com

                        Ross R. Barton (NC Bar No. 37179)
                        ALSTON & BIRD LLP
                        101 South Tryon Street
                        Suite 4000
                        Charlotte, NC 28280-4000
                        Telephone: (704) 444-1000
                        Facsimile: (704) 444-1111
                        Email: ross.barton@alston.com

                        Theodore Stevenson, III (TX Bar No. 19196650)
                        ALSTON & BIRD LLP
                        2200 Ross Avenue, Suite 2300
                        Dallas TX 75201
                        Phone: (214) 922-3400
                        Fax:     (214) 922-3899
                        Email: ted.stevenson@alston.com

                        Katherine G. Rubschlager (CA Bar. No. 328100)
                        ALSTON & BIRD LLP
                        560 Mission St., Suite 2100
                        San Francisco, CA 94105
                        Phone: (415) 243-1000
                        Fax:     (415) 243-1001
                        Email: katherine.rubschlager@alston.com

Deron R. Dacus
THE DACUS FIRM
821 E SE Loop 323 Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Facsimile: (903) 581-2543

*Attorneys for Defendants AT&T Services, Inc., AT&T Mobility LLC, and AT&T Corp.; Defendant T-Mobile USA, Inc.; Defendant Cellco Partnership d/b/a Verizon; Intervenor Ericsson Inc.; and Intervenor Nokia of America Corporation*

Deron Dacus
ddacus@dacusfirm.com
THE DACUS FIRM
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Facsimile: (903)581-2543
Email: ddacus@dacusfirm.com

*Attorney for AT&T Services, Inc., AT&T Corp., AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, Ericsson Inc. and Nokia of America Corporation*

Melissa R. Smith
melissa@gillamsmithlaw.com
Tom Gorham
tom@gillamsmithlaw.com
Gillam & Smith Llp
102 N. College, Suite 800
Tyler, TX 75702
903-934-8450
Fax: 903-934-9257

*Attorneys for T-Mobile USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served via the Court's CM/ECF system on July 25, 2024 on all counsel who have consented to electronic service.

*/s/ David S. Frist*
David S. Frist