# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00477-JRG-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>AT&T SERVICES INC.; AT&T MOBILITY LLC; AT&T CORP.<br>    Defendants,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00474-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00478-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF COBBLESTONE WIRELESS, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON DEFENDANTS AND INTERVENORS' <u>AFFIRMATIVE DEFENSE ALLEGING LACK OF STANDING</u>**

# TABLE OF EXHIBITS

All exhibits referenced herein are attached to the concurrently filed Declaration of Reza Mirzaie.

| Exhibit | Document Description |
| --- | --- |
| G | USPTO "Assignments" webpage for U.S. Patent No. 8,891,347 |
| H | Reel/frame 028558/0025, Assignment from Xuefeng Yin to Shanghai Sage Information Technology Co., Ltd. |
| I | Reel/frame 028558/0126, Assignment from Shanghai Sage Information Technology Co., Ltd. to Empire Technology Development LLC |
| J | Reel/frame 048373/0217, Assignment from Empire Technology Development LLC to Crestline Direct Finance, L.P. |
| K | Reel/frame 061265-0146, Assignment from Crestline Direct Finance, L.P. to Empire Technology Development LLC |
| L | Reel/frame 062102-0649, Assignment from Empire Technology Development LLC to Cobblestone Wireless, LLC |
| M | USPTO "Assignments" webpage for U.S. Patent No. 9,094,888 |
| N | Reel/frame 026204/0004, Assignment from Ezekiel Kruglick to Ardent Research Corporation |
| O | Reel/frame 048373/0217, Assignment from Ardent Research Corporation to Empire Technology Development LLC |
| P | Reel/frame 048373/0217, Assignment from Empire Technology Development LLC to Crestline Direct Finance, L.P. |
| Q | Reel/frame 061265-0146, Assignment from Crestline Direct Finance, L.P. to Empire Technology Development LLC |
| R | Reel/frame 062102-0649, Assignment from Empire Technology Development LLC to Cobblestone Wireless, LLC |
| S | USPTO "Assignments" webpage for U.S. Patent No. 8,891,347 |
| T | Reel/frame 043159/0412, Assignment from Anpeng Huang to Beijing Jindianchuangqi Technology Development Co., Ltd. |
| U | Reel/frame 041359/0450, Assignment from Beijing Jindianchuangqi Technology Development Co., Ltd. to Empire Technology Development LLC |
| V | Reel/frame 048373/0217, Assignment from Empire Technology Development LLC to Crestline Direct Finance, L.P. |
| W | Reel/frame 061265-0146, Assignment from Crestline Direct Finance, L.P. to Empire Technology Development LLC |
| X | Reel/frame 062102-0649, Assignment from Empire Technology Development LLC to Cobblestone Wireless, LLC |

## **TABLE OF CONTENTS**

I.   Introduction ................................................................................................................... 1

II.  Reply Statement of Undisputed Material Facts ........................................................... 1

III. Summary Judgment Should Be Granted in Cobblestone's Favor Because There is No Genuine Dispute of Material Fact That Cobblestone is the Rightful Owner of the Asserted Patents and Defendants Fail to Rebut the Presumption of Validity. ..................................... 2

    A.   There is No Genuine Dispute of Material Fact That the Chain of Title Indicates Cobblestone is the Rightful Owner of Each of the Asserted Patents. ........................... 2

    B.   Summary Judgment Should Be Granted in Cobblestone's Favor Because Defendants Fail to Rebut the Presumption of Validity. ................................................................. 3

IV.  Conclusion ..................................................................................................................... 4

# TABLE OF AUTHORITIES

**Cases**

*Kaempe v. Myers*,
  367 F.3d 958 (D.C. Cir. 2004) .................................................................................................. 3

*Mobile Telcoms. Techs. v. ZTE United States*,
  2016 U.S. Dist. LEXIS 199667 (E.D. Tex. 2016) ..................................................................... 4

*Port-A-Pour, Inc. v. Peak Innovations, Inc.*,
  No. 13-CV-01511-WYD-BNB, 2014 WL 3512851 (D. Colo. July 14, 2014) ........................... 3

*Port-A-Pour, Inc. v. Peak Innovations, Inc.*,
  No. 13-cv-1511-WYD-BNB, 2015 WL 292913 (D. Colo. Jan. 20, 2015) ................................. 3

*SiRF Tech., Inc. v. Int'l Trade Comm'n*,
  601 F.3d 1319 (Fed. Cir. 2010) ................................................................................................. 4

*United Tactical Sys., LLC v. Real Action Paintball, Inc.*,
  No. 14-CV-04050-MEJ, 2017 WL 713135 (N.D. Cal. Feb. 23, 2017) ....................................... 3

**Rules**

Fed. R. Evid. 201 ............................................................................................................................ 3

Fed. R. Evid. 902(4) ....................................................................................................................... 3

**I.      INTRODUCTION**

Defendants' claim that six assignments are "missing" from the chain of title is unfounded. Defendants themselves acknowledged these assignments in their own interrogatory responses. These assignments are also recorded with the USPTO and are publicly available. As part of official government records, they are self-authenticating and admissible. Additionally, this Court can take judicial notice of them. Therefore, there are no concerns regarding the chain of title. Given the presumption of validity for these assignments and Defendants' failure to raise any genuine issue of material fact to rebut that presumption, summary judgment in Cobblestone's favor is warranted.

**II.     REPLY STATEMENT OF UNDISPUTED MATERIAL FACTS**

The entire chain of title for U.S. Patent No. 8,891,347 is documented in assignments publicly recorded at the following reel/frames with the USPTO: 028558/0025, 028558/0126, 048373/0217, 061265/0146, and 062102/0649. *See* Mirzaie Decl. ¶¶ 3-8; Exs. G-L. Reel/frame 028558/0025 contains the assignment from Xuefeng Yin to Shanghai Sage Information Technology Co. Ltd. Ex. H. Reel/frame 028558/0126 contains the assignment from Shanghai Sage Information Technology Co. Ltd. to Empire Technology Development, LLC. Ex. I. The chain of title indicates that Cobblestone is the rightful owner of the '347 patent. *See* Mirzaie Decl. ¶¶ 3-8; Exs. G-L.

The entire chain of title for U.S. Patent No. 9,094,888 is documented in assignments publicly recorded at the following reel/frames with the USPTO: 026203/0993, 026204/0004, 048373/0217, 061265/0146, and 062102/0649. *See* Mirzaie Decl. ¶¶ 9-14; Exs. M-R. Reel/frame 026203/0993, contains the assignment from Ezekiel Kruglick to Ardent Research Corporation. Ex. N. Reel/frame 026203/0004 contains the assignment from Ardent Research Corporation to Empire Technology Development, LLC. Ex. O. The chain of title indicates that Cobblestone is the rightful owner of the '888 patent. *See* Mirzaie Decl. ¶¶ 9-14; Exs. M-R.

The entire chain of title for U.S. Patent No. 10,368,361 is documented in assignments publicly recorded at the following reel/frames with the USPTO: 043159/0412, 041359/0450, 048373/0217, 061265/0146, and 062102/0649. *See* Mirzaie Decl. ¶¶ 15-20; Exs. S-X. Reel/frame 043159/0412, contains the assignment from Anpeng Huang to Beijing Jindianchuangqi Technology Development Co., Ltd. Ex. T. Reel/frame 041359/0450 contains the assignment from Beijing Jindianchuangqi Technology Development Co., Ltd to Empire Technology Development, LLC. Ex. U. The chain of title indicates that Cobblestone is the rightful owner of the '361 patent. *See* Mirzaie Decl. ¶¶ 15-20; Exs. S-X.

### III. SUMMARY JUDGMENT SHOULD BE GRANTED IN COBBLESTONE'S FAVOR BECAUSE THERE IS NO GENUINE DISPUTE OF MATERIAL FACT THAT COBBLESTONE IS THE RIGHTFUL OWNER OF THE ASSERTED PATENTS AND DEFENDANTS FAIL TO REBUT THE PRESUMPTION OF VALIDITY.

#### A. There is No Genuine Dispute of Material Fact That the Chain of Title Indicates Cobblestone is the Rightful Owner of Each of the Asserted Patents.

Cobblestone is the rightful owner of the Asserted Patents. *See* SUMF; Reply SUMF. Defendants' only complaint, that the six assignments are "missing" is incorrect. *See* Opp. at 6. Cobblestone's SUMF includes Defendants' admission that the six assignments are recorded and are part of the chain of title. *See* Mot. at 3-4 (citing Ex. E, and noting, for example, that "T-Mobile identifies the following agreements between Xuefeng Yin and Shanghai Sage Information Technology Co. Ltd. (Executed 2/15/2011; ***Recorded 7/16/2012***); Shanghai Sage Information Technology Co. Ltd. and Empire Technology Development LLC (Executed 2/15/2011; ***Recorded 7/16/2012***)" (emphases added)). Defendants do not dispute Cobblestone's SUMF. Opp. at 1. Their admission that they are recorded confirms they are not "missing." They are publicly recorded with the USPTO. The recording of these assignments places the world on notice of their existence. *See Port-A-Pour, Inc. v. Peak Innovations, In*c., No. 13-CV-01511-WYD-BNB, 2014 WL 3512851,

2

at *7 (D. Colo. July 14, 2014). Cobblestone's Reply SUMF further verifies the existence of these six assignments, and confirms Cobblestone's ownership of the Asserted Patents. *See* Mirzaie Decl. ¶¶ 1-20; Exs. G-X.

Defendant's argument that these assignment records cannot be authenticated is baseless. These assignments, filed with the USPTO, are self-authenticating under Fed. R. Evid. 902(4). *See Port-A-Pour, Inc. v. Peak Innovations, Inc.*, No. 13-cv-1511-WYD-BNB, 2015 WL 292913, at *2 (D. Colo. Jan. 20, 2015) (finding USPTO assignment records self-authenticating under Fed. R. Evid. 902(4)). Additionally, Cobblestone requests this Court takes judicial notice of the fact that these assignments were publicly recorded. *See* Fed. R. Evid. 201 ("The court may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Kaempe v. Myers*, 367 F.3d 958, 965 (D.C. Cir. 2004) (finding that documents recorded by the USPTO are subject to judicial notice); *United Tactical Sys., LLC v. Real Action Paintball, Inc.*, No. 14-CV-04050-MEJ, 2017 WL 713135, at *5 (N.D. Cal. Feb. 23, 2017) (same).

Therefore, there is no genuine dispute of material fact regarding Cobblestone's ownership of each of the Asserted Patents.

**B.      Summary Judgment Should Be Granted in Cobblestone's Favor Because Defendants Fail to Rebut the Presumption of Validity.**

Even if Cobblestone carries the burden of establishing standing, it has met that burden by thoroughly demonstrating and providing evidence supporting the chain of title from the inventors to Cobblestone for each of the Asserted Patents. *See* SUMF; Reply SUMF. The six "missing" assignment records are not missing. *See id.* Defendants do not identify any other issues with the chain of title.

3

Recording an assignment with the USPTO "creates a presumption of validity as to the assignment and places the burden to rebut such a showing on one challenging the assignment." *SiRF Tech., Inc. v. Int'l Trade Comm'n*, 601 F.3d 1319, 1328 (Fed. Cir. 2010). Cobblestone has established that each assignment in the chain of title for each Asserted Patent has been recorded with the PTO, thus the validity of those assignments is presumed. *See id.* Defendants have not challenged the validity of any assignments in the chain of title, failing to rebut the presumption of their validity. *See generally* Opp. Therefore, summary judgment should be granted in Cobblestone's favor. *See Mobile Telcoms. Techs. v. ZTE United States*, 2016 U.S. Dist. LEXIS 199667, at *9-10, *14 (E.D. Tex. 2016) (finding that the plaintiff met its burden of establishing standing where it established an unbroken chain of title which defendant failed to rebut).

### IV. CONCLUSION

For the foregoing reasons, this Court should grant summary judgment in Cobblestone's favor on Defendants' affirmative defense based on an alleged lack of standing.

Dated: July 25, 2024
Respectfully submitted,

*/s/ Reza Mirzaie*

Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Neil A. Rubin
CA State Bar No. 250761
Amy E. Hayden
CA State Bar No. 287026
James Pickens
CA State Bar No. 307474
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773

**Russ August & Kabat**
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
rak_cobblestone@raklaw.com

Andrea Fair
**Ward Smith & Hill, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400
andrea@wsfirm.com

*Attorneys for Plaintiff,*
*Cobblestone Wireless, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2024, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF System per Local Rule CV-5(a).

<i>/s/ Reza Mirzaie</i><br>
Reza Mirzaie