# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| COBBLESTONE WIRELESS, LLC,<br>*Plaintiff*,<br><br>v.<br><br>T-MOBILE USA, INC.<br>*Defendant*,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>*Intervenors*. | § § § § § § § § § § § § § | CASE NO. 2:22-cv-00477-JRG-RSP<br>(Lead Case)<br><br>JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC,<br>*Plaintiff*,<br><br>v.<br><br>AT&T SERVICES INC.; AT&T<br>MOBILITY LLC; AT&T CORP.,<br>*Defendants*,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>*Intervenors*. | § § § § § § § § § § § § § § | CASE NO. 2:22-cv-00474-JRG-RSP<br>(Member Case)<br><br>JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC,<br>*Plaintiff*,<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a<br>VERIZON WIRELESS,<br>*Defendant*,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>*Intervenors*. | § § § § § § § § § § § § § § | CASE NO. 2:22-cv-00478-JRG-RSP<br>(Member Case)<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS' AND INTERVENORS' REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT THAT THE ACCUSED SAMSUNG PRODUCTS DO NOT INFRINGE THE ASSERTED PATENTS (DKT. NO. 150)**

## TABLE OF CONTENTS

I.    **INTRODUCTION** ................................................................................................................. 1

II.   **ARGUMENT** ....................................................................................................................... 1

    A.    The Court has jurisdiction to resolve Defendants' Motion because Cobblestone *has not conceded the issue* ................................................................................................ 1

    B.    Cobblestone's argument regarding the case or controversy standard is not supported by its caselaw. ........................................................................................ 3

III.  **CONCLUSION** ................................................................................................................ 5

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Celotex Corp. v. Catrett*,
　477 U.S. 317, 106 S. Ct. 2548 (1986) ................................................................................... 3

*Cobblestone Wireless, LLC v. Samsung Electronics Co., Ltd.*,
　Case No. 2:23-cv-285-JRG-RSP, Dkt. No. 43 (E.D. Tex. Feb. 22, 2024) ............................ 4

*Durisseau v. Union Tank Car Co.*,
　No. 1:22-CV-432, 2024 U.S. Dist. LEXIS 53274 (E.D. Tex. 2024) ..................................... 2

*Streck, Inc. v. Rsch. & Diagnostic Sys., Inc.*,
　665 F.3d 1269 (Fed. Cir. 2012) ............................................................................................ 3

**RULES**

Rule 56 ............................................................................................................................................ 3

**TABLE OF EXHIBITS**

| Exhibit No. | Description |
|---|---|
| 1 | Excerpts of Appendix C of Rebuttal Report of Dr. van Der Weide Regarding Non-Infringement of U.S. Patent No. 10,368,361 |
| 2 | Excerpts of Appendix A of Rebuttal Report of Dr. van Der Weide Regarding Non-Infringement of U.S. Patent No. 8,891,347 |
| 3 | Excerpts of Letter Regarding Discovery from Counsel for Plaintiff to Counsel for Defendants, January 5, 2024 |
| 4 | Excerpts of Letter Regarding Discovery from Counsel for Defendants to Counsel for Plaintiff, November 29, 2023 |

## I. INTRODUCTION

Cobblestone's response hinges on the premise that there is no case or controversy. However, Cobblestone explicitly creates the case or controversy *in the response* by stating Cobblestone "has not conceded" the issue and "Cobblestone may call other witnesses" at trial to testify that Samsung's base station's infringe. Cobblestone, however, did not dispute that has not offered any evidence of infringement with respect to the accused Samsung products. SUMF ¶ 14. Because Cobblestone may present argument that Samsung infringes but failed to offer any evidence that the accused Samsung products infringe, there's a case or controversy with respect to Samsung's products as to Cobblestone's infringement claim and Defendants' counterclaims. Therefore, summary judgment of noninfringement is appropriate.

## II. ARGUMENT

### A. The Court has jurisdiction to resolve Defendants' Motion because Cobblestone *has not conceded the issue*

Here, Cobblestone is not even conceding that it will not pursue Samsung products at trial. In the Response, Cobblestone *admits* there is an active case and controversy that requires the Court's adjudication:

> Cobblestone *has not conceded* that the accused Samsung products do not infringe. *Cobblestone may call other witnesses* at trial and *introduce other evidence* on which the jury could base a finding of infringement. There is no rule that expert testimony is required to prove infringement. *Cobblestone may rely on sources* such as Defendants' interrogatory responses, the testimony of their witnesses, or documents describing the operation of the accused Samsung products.

Resp. at 8.

Therefore, the entire premise of Cobblestone's Response in this section—and it's recitation of the case law on case and controversy—is moot. Cobblestone is actively stating that it has withdrawn allegations on the one hand (*see* Ex. B to Resp.) while on the other hand telling the

1

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Court it intends to present evidence on the issue at trial. Resp. at 8. Cobblestone cannot have this both ways, and therefore the Court should conclude there's a case or controversy that needs to be resolved.

Cobblestone, however, cannot "introduce other evidence" at trial. Cobblestone was required to provide its contentions regarding the accused Samsung products during discovery, and it admittedly failed to do so. Cobblestone does not dispute that it identified Samsung base stations as infringing products for each of the Asserted Patents (SUMF ¶¶ 6-9), but then failed to offer any evidence to support its allegations of infringement (SUMF ¶ 14). Cobblestone thus has not and cannot identify a single fact to support its claim that a factual dispute regarding Samsung products exists. Stating that Cobblestone may elicit such facts at trial is insufficient to avoid summary judgment. It must present affirmative facts, which it has not done. *Durisseau v. Union Tank Car Co.*, No. 1:22-CV-432, 2024 U.S. Dist. LEXIS 53274, at *4 (E.D. Tex. 2024) ("Once a proper motion has been made, the nonmoving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to demonstrate the existence of a genuine issue for trial.")

Finally, Cobblestone incorrectly alleges that Defendants non-infringement expert did not address Samsung products. To the contrary, Dr. van der Weide expressly stated that the Samsung base station do not : ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. 1 (Dr. van der Weide's Reb. Rept., App'x C) ¶388; *see also* Ex. 2 (Dr. van der Weide's Reb. Rept., App'x A) ¶242 (similar statement for '347 Patent). Therefore, Cobblestone's statement that "Defendants themselves did not believe there was any case or controversy with respect to the accused Samsung products because their

2

noninfringement expert did not address these products at all in his report" is simply false. Resp. at 5.

Moreover, the Plaintiff bears the burden of proving infringement—e.g., proving that Defendants use the Asserted Patents in their accused networks. It is not Defendants' burden to disprove infringement. Therefore, Defendants met their burden under *Celotex*. Defendants informed the Court of the basis of its motion and identified the evidence (*e.g.*, Dr. Williams infringement report) which shows that there is no genuine issue of material fact that Dr. Williams presented no infringement opinion on Samsung products. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) ("[W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim."). Plaintiff bore the burden to prove infringement of the Samsung products and Defendant showed that they did not present any evidence or opinion on that issue.

**B.  Cobblestone's argument regarding the case or controversy standard is not supported by its caselaw.**

Cobblestone argues that the Court lacks jurisdiction to enter judgment with respect to the Samsung products, but each of the cases cited by Cobblestone deal with case and controversy arising from *claims*, not products. *Streck, Inc. v. Rsch. & Diagnostic Sys., Inc.*, 665 F.3d 1269, 1281 (Fed. Cir. 2012). For example, in *Metaswitch Networks Ltd. v. Genband US LLC*, the defendant moved for summary judgment of invalidity of the '018 patent. No. 2:14-CV-744-JRG-RSP, 2016 WL 1426451, at *1 (E.D. Tex. Mar. 1, 2016). But because Plaintiff had dropped its *entire* claim for infringement against that patent, the Court found there was no case or controversy associated with that *claim* from the complaint. *Id.* In *Realtime Data LLC v. Echostar Corp.*, the plaintiff no longer pursued infringement of certain *claims* of the patent. No. 6:17-CV-00084-JDL,

3

2018 WL 6267332, at *2-3 (E.D. Tex. Nov. 29, 2018). Since jurisdiction was decided on a "claim-by-claim" basis, the Court found no controversy for the entirety of those dropped claims from the complaint.

Cobblestone acknowledges that its cases relate to claims, but argues that "logically, these principles should extend to withdrawn/unasserted products." Resp. at 2. Cobblestone, however, has failed to provide any support for such a logical leap. The fact is that Cobblestone continues to maintain a claim of infringement against each Defendant under each of the Asserted Claims, and Cobblestone ignores that it has alleged, and Dr. Williams has opined, that each Defendants' network infringes. SUMF ¶¶1-5. The network includes the accused Samsung products, and thus Cobblestone argument that it has "withdrawn" its allegation is misleading.

Cobblestone also ignores that each of the Defendants have filed counterclaims of non-infringement. Dkt. No. 22 at 13-16 (T-Mobile Answer); Dkt. No. 20 at 13-17 (Verizon Answer); Dkt. No. 18 at 13-16 (AT&T Answer), No. 2:22-cv-474. These counterclaims have not been dismissed, and there is no question a case or controversy remains as to those claims because Cobblestone admits that it alleged the Samsung devices infringe and still believes those products infringe.

Cobblestone next appeals to the policy of efficient judicial administration to conclude that the Court should decline to exercise jurisdiction. Resp. at 7-8. To the contrary, this is the very type of behavior that the Court should discourage. Cobblestone is not narrowing their case to improve judicial efficiency. Instead, Cobblestone is attempting to split their claims in order to have multiple attempts at pursuing their infringement theories. For example, Cobblestone has filed an entirely different lawsuit related to infringement of the Samsung products used by Defendants. *Cobblestone Wireless, LLC v. Samsung Electronics Co., Ltd.*, Case No. 2:23-cv-285-JRG-RSP,

Dkt. No. 43 (E.D. Tex. Feb. 22, 2024). Cobblestone has also refused to acknowledge that the separate lawsuit would resolve the current allegations against the Samsung products. *Compare, e.g.*, Ex. 3 (Jan. 5, 2024 Ltr. from Ma to Deane) at 8 (stating "[W]e maintain our assertion against Samsung base stations in this case.") *with* Ex. 4 (Nov. 29, 2023 Ltr. from Deane to Ma) at 7 ("With respect to Samsung, again, you have a pending case against Samsung that will resolve claims against Samsung products."). Thus, Cobblestone has expressly reserved the right to pursue its infringement theory related to the Samsung products against Defendants in the future. While Defendants believe any such future case would violate the doctrine of claim splitting, it is clear that Cobblestone's appeal to judicial efficiency argument rings hollow as it has already filed multiple lawsuits and appears poised to file others in the future.

### III.  CONCLUSION

For the forgoing reasons, Defendants and Intervenors respectfully request that this Court grant its Motion for Summary Judgement.

Dated: July 25, 2024                                    Respectfully submitted,

*/s/ David S. Frist*
David S. Frist (GA Bar No. 205611)
John D. Haynes (GA Bar No. 340599)
Emily C. Welch (GA Bar No. 606071)
Michael C. Deane (GA Bar No. 497195)
Sloane S. Kyrazis (GA Bar No. 878240)
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Phone: (404) 881-7000
Fax:    (404) 881-7777
Email: david.frist@alston.com
john.haynes@alston.com
emily.welch@alston.com

michael.deane@alston.com
sloane.kyrazis@alston.com

Ross R. Barton (NC Bar No. 37179)
ALSTON & BIRD LLP
101 South Tryon Street
Suite 4000
Charlotte, NC 28280-4000
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
Email: ross.barton@alston.com

Theodore Stevenson, III (TX Bar No. 19196650)
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas TX 75201
Phone: (214) 922-3400
Fax:    (214) 922-3899
Email: ted.stevenson@alston.com

Katherine G. Rubschlager (CA Bar. No. 328100)
ALSTON & BIRD LLP
560 Mission St., Suite 2100
San Francisco, CA 94105
Phone: (415) 243-1000
Fax:    (415) 243-1001
Email: katherine.rubschlager@alston.com

Deron R. Dacus
THE DACUS FIRM
821 E SE Loop 323 Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Facsimile: (903) 581-2543

*Attorneys for Defendants AT&T Services, Inc., AT&T Mobility LLC, and AT&T Corp.; Defendant T-Mobile USA, Inc.; Defendant Cellco Partnership d/b/a Verizon; Intervenor Ericsson Inc.; and Intervenor Nokia of America Corporation*

Deron Dacus

6

ddacus@dacusfirm.com
THE DACUS FIRM
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Facsimile: (903)581-2543
Email: ddacus@dacusfirm.com

*Attorney for AT&T Services, Inc., AT&T Corp., AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, Ericsson Inc. and Nokia of America Corporation*

Melissa R. Smith
melissa@gillamsmithlaw.com
Tom Gorham
tom@gillamsmithlaw.com
Gillam & Smith Llp
102 N. College, Suite 800
Tyler, TX 75702
903-934-8450
Fax: 903-934-9257

*Attorneys for T-Mobile USA, Inc.*



## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by e-mail on July 25, 2024 on all counsel who have consented to electronic service.

*/s/ David S. Frist*
David S. Frist
