**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| COBBLESTONE WIRELESS, LLC,<br>    *Plaintiff,*<br><br>v.<br><br>T-MOBILE USA, INC.<br>    *Defendant,*<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    *Intervenors.* | § § § § § § § § § § § § | CASE NO. 2:22-cv-00477-JRG-RSP<br>(Lead Case)<br><br>JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC,<br>    *Plaintiff,*<br><br>v.<br><br>AT&T SERVICES INC.; AT&T<br>MOBILITY LLC; AT&T CORP.,<br>    *Defendants,*<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    *Intervenors.* | § § § § § § § § § § § | CASE NO. 2:22-cv-00474-JRG-RSP<br>(Member Case)<br><br>JURY TRIAL DEMANDED |
| COBBLESTONE WIRELESS, LLC,<br>    *Plaintiff,*<br><br>v.<br><br>CELLCO PARTNERSHIP d/b/a<br>VERIZON WIRELESS,<br>    *Defendant,*<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    *Intervenors.* | § § § § § § § § § § § § | CASE NO. 2:22-cv-00478-JRG-RSP<br>(Member Case)<br><br>JURY TRIAL DEMANDED |

**<u>DEFENDANTS' AND INTERVENORS' REPLY TO PLAINTIFF'S RESPONSE TO
MOTION FOR SUMMARY JUDGMENT REGARDING 361 PATENT (DKT. NO. 152)</u>**

████████████████████

## **TABLE OF CONTENTS**

I.      Cobblestone Has Not Identified Any Facts That Generate a Dispute as to the "Updated Directional Allocation" Limitation. ................................................................................................ 1

II.     It Is Undisputed that the Uplink Downlink Configuration Within a Frame Are Fixed and Thus There Is No "Shared Resource Pool" ........................................................................................ 3

III.    Conclusion ........................................................................................................................ 5

████████████████████████████████████████

To survive summary judgment, Cobblestone must point to something in the Accused Products that changes the direction of the subframes. Knowing BWP adaptation does not change the direction of the subframes, Cobblestone sets forth a plethora of brand-new undisclosed claim construction and infringement theories in its Response (Dkt. No. 181). None of the arguments proffered by Cobblestone give rise to a material issue of fact precluding summary judgment.

**I.      Cobblestone Has Not Identified Any Facts That Generate a Dispute as to the "Updated Directional Allocation" Limitation.**

████████████████████████████████████████████████████

██████████████████████████████████████████████ In other words, Cobblestone has no evidence that a scheduler can change a resource from uplink to downlink or vice versa depending on what type of bandwidth part is selected. For this reason alone, the Motion should be granted, but the following addresses Cobblestone's additional arguments.

**There is no evidence that a slot within a bandwidth part can have an updated directional allocation.** Cobblestone alleges that the Motion failed to address Dr. William's opinions regarding how bandwidth part switching leads to a change in which slots are allocated to a UE. This fact is irrelevant because switching between BWPs does nothing to the *direction* of the resources. Mot. (Dkt. No. 152) at 9-10.  Each individual BWP is either an uplink bandwidth part or a downlink bandwidth part. Mot. at 10 (citing Ex. B to Mot. (Williams Dep. Tr.) at 110:18-22; *see also* Ex. C to Mot. (Williams Rpt., App'x A) at ¶¶ 817, 887, 892). Thus, while changing between bandwidth parts may switch which slots within a downlink subframe are used, the switch cannot change which slots can be used for downlink or which can be used for uplink. Instead, a downlink BWP can only be allocated within a subframe in TDD that has been designated as a downlink subframe, and an uplink BWP can only be allocated in an uplink subframe. Dkt. No. 152-2 (Ex. B (Williams Dep. Tr.)) at 97:21-98:11. Thus, the undisputed evidence shows that BWP



adaptation does not dictate which subframes are available for uplink and which are available for downlink, and Dr. Williams's theories related to slots are irrelevant. Mot. at 10.

████ Cobblestone argues that "a change to the subframe pattern is not the only possible change of 'directional allocation' in the accused products." Resp. at 8. ████████████████████

As preliminary matter, this is a new theory that was not disclosed in Cobblestone's contentions or expert reports.  Resp. at 9 (citing only Defendants' expert reports).  Moreover, there is no evidence or testimony that a POSITA would consider a gNB reset to be an updated directional allocation. ████████████████████████████████

Accordingly, Cobblestone's attempt to manufacture a factual dispute again fails.

Moreover, a gNB reset cannot satisfy the claims.  The claims require an initial directional allocation and then an updated directional allocation. The reason for this two-stage directional allocation is that the problem the '361 Patent was solving was inefficient use of fixed directional resources in TDD. Mot. at 3-4. The '361 Patent purports to address this prior art TDD problem by providing for an "adaptive" resource allocation scheme that does not use these fixed uplink/downlink configurations. Dkt. No. 152-1 (Ex. A to Mot. ('361 Patent)) at Title; Dkt. No. 152-3 (Ex. C to Mot. (Williams Rpt., App'x A)) at ¶ 49. Cobblestone argues that "[a]ttempting to require that the updated directional allocation be caused by bandwidth part adaptation" is improper. Resp. at 9. *But that is Cobblestone's theory.* Cobblestone is the party that set forth the



infringement read that BWP adaptation infringes the claims. It cannot now completely back down

from that theory

**Cobblestone's carrier aggregation theory was waived**

Resp. at 9-10. As stated in Defendants' Motion to Strike,

Cobblestone did not preserve an argument based on switching of "SCells" in carrier aggregation.

Dkt. No. 153 at 7.  Further, as stated in Defendants Motion, Dr. Williams abandoned standalone

SCells unrelated to BWP adaptation as an infringement theory. Mot. at 7 fn. 2; Dkt. No. 152-2

(Ex. B to Mot. (Dr. Williams Dep. Tr.)) at 87:13-21, 95:11-14.

## II.   It Is Undisputed that the Uplink Downlink Configuration Within a Frame Are Fixed and Thus There Is No "Shared Resource Pool"

First, Cobblestone's Response mischaracterizes the Court's construction of "shared

resource pool."  The Court construed the term to mean "a pool containing one or more frequency

spectrum resources that can be scheduled for either uplink or downlink channels." Dkt. 131 at 24.

The Court explained that its construction did "not mean the 'shared resource pool' might contain

resources that are limited to use only for downlink transmission or only for uplink transmission"

because "[t]*hat would eviscerate the notion of the resources being 'shared' with the uplink and

downlink resource pools as needed*." Dkt. 131 (*Markman* Order) at 23.  Cobblestone must show a

frequency resource that is available for downlink transmission or uplink transmission.

█████████████████████████████

**Cobblestone's tortured interpretation of the Court's construction should be rejected**. Cobblestone effectively argues that, because every frequency in a TDD system is used for uplink and downlink (just not at the same time), that every frequency is a shared resource pool, and that the claims could even cover "prior art TDD patterns." Resp. at 6. Cobblestone ignores that the Court's construction and the term "frequency spectrum resource" require an identification within a frequency of resources that can be assigned to uplink and downlink. Dkt. 131 (*Markman* Order) at 23. The '361 Patent proposed changing how prior art TDD schemes functioned. Mot. at 3-6. In the prior art schemes, the uplink and downlink time resources within each frequency were fixed as either uplink or downlink based on an uplink/downlink configuration. *Id.* The '361 Patent's shared resource pool, however, allowed the dynamic allocation of resources to uplink or downlink based on the updated directional allocation. *Id.* Thus, Cobblestone's argument that the claims cover "prior art TDD patterns" is incorrect.

**Cobblestone's S-Frame theory is waived and irrelevant.** Cobblestone also argues that the "S" subframe is a shared resource pool because it contains both uplink and downlink fields within a single subframe. This idea is found nowhere in Dr. Williams's report or Cobblestone's contentions, and thus Cobblestone has waived such argument. Tellingly, Cobblestone cites only *Defendants' expert* for the facts needed to make the argument. Resp. at 4 (repeatedly citing Ex. E, which is Dr. van der Weide's report). ███████████████████████

███████████████████████████████████████

███████████████████████████ Nothing in its contentions or offered by Dr. Williams preserved an argument that an S-Frame is the shared resource pool.

Even in an S-Frame, it is undisputed that the uplink and downlink resources are fixed. While an S-Frame has uplink and downlink resources within a single sub-frame, there is no

████████████████████████████████████████████████

evidence that each resource within an S-Frame can be assigned to uplink and downlink. ████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

     **SCells also do not include resources that are available to be allocated to uplink or downlink.** Cobblestone does not dispute that the uplink/downlink configuration of TDD applies to SCells as well as PCells. ████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

## III.   Conclusion

     For the forgoing reasons, Defendants respectfully request that this Court grant the Motion.

Dated: July 25, 2024                         Respectfully submitted,

*/s/ David S. Frist*
David S. Frist (GA Bar No. 205611)
John D. Haynes (GA Bar No. 340599)
Emily C. Welch (GA Bar No. 606071)
Michael C. Deane (GA Bar No. 497195)
Sloane S. Kyrazis (GA Bar No. 878240)
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Phone: (404) 881-7000
Fax:    (404) 881-7777
Email: david.frist@alston.com
john.haynes@alston.com
emily.welch@alston.com
michael.deane@alston.com
sloane.kyrazis@alston.com

Ross R. Barton (NC Bar No. 37179)
ALSTON & BIRD LLP
101 South Tryon Street
Suite 4000
Charlotte, NC 28280-4000
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
Email: ross.barton@alston.com

Theodore Stevenson, III (TX Bar No. 19196650)
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas TX 75201
Phone: (214) 922-3400
Fax:    (214) 922-3899
Email: ted.stevenson@alston.com

Katherine G. Rubschlager (CA Bar. No. 328100)
ALSTON & BIRD LLP
560 Mission St., Suite 2100
San Francisco, CA 94105
Phone: (415) 243-1000
Fax:    (415) 243-1001
Email: katherine.rubschlager@alston.com

6

Deron R. Dacus
THE DACUS FIRM
821 E SE Loop 323 Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Facsimile: (903) 581-2543

*Attorneys for Defendants AT&T Services,
Inc., AT&T Mobility LLC, and AT&T
Corp.; Defendant T-Mobile USA, Inc.;
Defendant Cellco Partnership d/b/a
Verizon; Intervenor Ericsson Inc.; and
Intervenor Nokia of America Corporation*

Deron Dacus
ddacus@dacusfirm.com
THE DACUS FIRM
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Facsimile: (903)581-2543
Email: ddacus@dacusfirm.com

*Attorney for AT&T Services, Inc., AT&T
Corp., AT&T Mobility LLC, Cellco
Partnership d/b/a Verizon Wireless,
Ericsson Inc. and Nokia of America
Corporation*

Melissa R. Smith
melissa@gillamsmithlaw.com
Tom Gorham
tom@gillamsmithlaw.com
Gillam & Smith Llp
102 N. College, Suite 800
Tyler, TX 75702
903-934-8450
Fax: 903-934-9257

*Attorneys for T-Mobile USA, Inc.*



**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing document was served by e-mail on July 25, 2024 on all counsel who have consented to electronic service.

<u>*/s/ David S. Frist*            </u>
David S. Frist

8