IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00477-JRG-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>AT&T SERVICES INC.; AT&T MOBILITY LLC; AT&T CORP.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00474-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00478-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF COBBLESTONE WIRELESS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE UNDER *DAUBERT* AND STRIKE DECLARATION OF CRAIG BISHOP**

## **TABLE OF CONTENTS**

I.      Mr. Bishop offers nothing more than speculative lay testimony about the availability of alleged prior art ................................................................................................................. 1

ii.     Mr. Bishop is not a percipient fact witness ......................................................................... 4

iii.    Mr. Bishop's fact testimony should also be struck as untimely ......................................... 4

## **TABLE OF AUTHORITIES**

**Cases**

*King v. Cardinal Servs., LLC*,
     No. 2:19-cv-00217-RSP, 2021 WL 1377261 (E.D. Tex. Apr. 11, 2021) ................................... 1

*Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*,
     No. 2:21-cv-00113-JRG, Dkt. No. 229 (E.D. Tex. Mar. 16, 2022) ............................................ 3

### I. MR. BISHOP OFFERS NOTHING MORE THAN SPECULATIVE LAY TESTIMONY ABOUT THE AVAILABILITY OF ALLEGED PRIOR ART

Defendants offer Mr. Bishop as an *expert witness* concerning the accuracy and meaning of purported "timestamps" of certain 3GPP documents—TS 23.401 and TS 36.211. But, as detailed in Cobblestone's Motion, he has no specialized knowledge about this topic and instead is simply a layperson who, by his own admissions, has neither a role in maintaining or operating 3GPP systems that may generate these purported timestamps, nor knowledge concerning how these systems operate to do so. Mot. at 3-9.

Defendants do not rebut Cobblestone's arguments. Instead, they point at unrelated experience with 3GPP's standards setting functions and generalized telecommunications industry experience. *See, e.g.*, Opp. at 1 ("30 years experience in the telecommunications industry," and "longstanding, specialized knowledge regarding the 3GPP standardization process"); *id.* at 2 ("specialized knowledge of 3GPP standards"); *id.* at 4-5 (describing Mr. Bishop's involvement in standards-setting activities, and noting Mr. Bishop has "his own consulting firm, which is a full ETSI member and entitles Mr. Bishop to attend any ETSI meeting and/or become involved with any of the technical bodies at ETSI"). But none of this experience is related to the very specific matter of *how 3GPP's servers operate to generate "timestamps" and what those timestamps indicate*. Defendants' argument is akin to arguing that a person that has used computers extensively in an office setting is an expert on how computer RAM operates. The fact that Mr. Bishop may be qualified as an expert in areas in which he did not opine, such as 3GPP's standards setting processes, is irrelevant. *See, e.g.*, *King v. Cardinal Servs., LLC*, No. 2:19-cv-00217-RSP, 2021 WL 1377261, at *1-2 (E.D. Tex. Apr. 11, 2021) (excluding expert testimony from a Ph.D. engineer, rather than a medical doctor, concerning "medical causation of [plaintiff]'s injuries" because the testimony "exceed[ed] [the engineer's] scientific knowledge").

1

The testimony cited by Defendants (Opp. at 5-6 (citing Ex. A (Bishop Depo.) at 57:21-58:11, 62:12-18) further confirms that Mr. Bishop is providing layperson speculation, not expert opinion. In the first-cited deposition excerpt, Mr. Bishop says his speculation is because he has personally never heard of or seen an instance where a timestamp was inaccurate or an instance in which a timestamp was changed. Ex. A at 57:21-58:11. But Mr. Bishop does not explain why he would have heard of such instances. For the purposes of his experiences in standards development, it is unlikely that he or his colleagues would have been checking the accuracy of timestamps or tracking whether they changed. And as discussed in the Motion, Mr. Bishop has engaged in no studies or investigation about these issues. He implicitly trusts the timestamps, lay speculation that Defendants seek to disclose to the jury as expert testimony. Defendants' argument is akin to arguing that a person can offer the expert opinion that it never rains in Spain because, every time the person visited, it has not rained. This hypothetical person is not familiar with Spain's climate because they have never taken the time to research it, just as Mr. Bishop is not knowledgeable about the public availability of TS 23.401 and TS 36.211 because he never took the time to research the issue. Speculation based on assumptions and lack of investigation is not the type of specialized expertise envisioned by *Daubert* or Federal Rule of Evidence 702.

Defendants' second-cited excerpt, taken in full context, similarly confirms that his opinions are based on some unspecified "experience" that somehow leads him to believe in the accuracy of the timestamps. Ex. A at 62:3-18. But Mr. Bishop does not even know how 3GPP's file server creates the timestamps. Rather than facts, studies, or other scientific measures, Mr. Bishop's testimony confirms his opinions are based on his belief in systems he cannot even identify. *Id.* ("Q. How does the file server automatically generate the time stamp? … A. I haven't looked into that, so I don't know the details, so I don't know.").

2

Defendants also claim he "has experience using the relevant systems" (Opp. at 5) but the cited testimony demonstrates otherwise. The cited testimony describes Mr. Bishop's involvement with standards-setting activities, not anything concerning his experience with the operation of 3GPP's file servers and systems, let alone how timestamps are generated and what they mean. *See* Ex. A at 49:5-53:13. The more relevant testimony about his actual opinion (as opposed to standard setting issues he does not opine on) demonstrates that not only does he have no experience with the maintenance and operation of 3GPP's file servers, but he has also never uploaded any documents to the 3GPP during the timeframe of the alleged prior art documents. Ex. 3 (Bishop Depo.) at 36:24-37:19 (testifying that he has only uploaded *two* documents several years after the timeframe using a system different than is relevant here); *id.* at 41:4-16 (testifying that he has never uploaded documents like those relevant here—3GPP technical specifications). In other words, he has no "specialized knowledge [to] help the trier of fact understand the evidence and to determine a fact issue." *See* Fed. R. Evid. 702(a).

Defendants are also incorrect that "[t]his Court has already rejected the same argument against Ms. Bishop." Opp. at 2. In *Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*, the plaintiff did not raise a *Daubert* challenge, instead only raising arguments regarding hearsay and authenticity in opposition to a summary judgment motion. No. 2:21-cv-00113-JRG, Dkt. No. 229 at 10 (E.D. Tex. Mar. 16, 2022) (Ex. 4). Because the issue was not raised, the Court did not consider whether Mr. Bishop was a qualified expert about public availability of 3GPP documents, let alone did it reject Cobblestone's arguments. *Id.* (granting motion because plaintiff failed "to provide any evidence rebutting" the defendant's summary judgement argument; no ruling that Mr. Bishop was a qualified expert). Moreover, here, there are facts in the record demonstrating that Mr. Bishop's opinions are not unrebutted. Cobblestone has put forth evidence showing that it is questionable as

3

to whether TS 23.401 and TS 36.211 are in fact prior art. In the relevant time period, 3GPP documents could only be made publicly available by the 3GPP's MCC. Ex. 1 ¶27; Ex. 3 at 41:9-13, 42:5-14, 49:5-7. According to Mr. Bishop himself, MCC's delay in making documents publicly available could be at least two to three weeks. Ex. 3 at 49:8-19. This is important because the time gap between the alleged public availability date of TS 23.401 and TS 36.211, and the priority date of the patent each is being used as prior art against, is ***only a bit more than a month***. But Mr. Bishop has no relevant first-hand knowledge regarding the actual availability of either document because he lacks actual knowledge concerning what date the purported timestamps even refer to (e.g., document finalization versus upload) (Ex. 3 at 64:17-69:14, 70:1-71:1), and Defendants instead use his layperson speculation to bridge this gap. Defendants should not be permitted to do so.

The issue is not that Mr. Bishop does not have experience "matched precisely to the circumstances." Opp. at 7. The issue is that he has ***no expertise*** underlying his opinion about public availability of the 3GPP documents and instead relies on lack of knowledge as a basis for "expertise." This is precisely the type of unscientific *Daubert* and Rule 702 were designed to prevent. Mr. Bishop's declaration should be excluded in its entirety.

## II.     MR. BISHOP IS NOT A PERCIPIENT FACT WITNESS

Defendants also claim that Mr. Bishop's "opinions also constitute timely factual support for Defendants and Intervenors' public accessibility positions." Opp. at 2. Except that this cannot be the case because he has no firsthand knowledge about the documents or relevant systems, as discussed above.

## III.    MR. BISHOP'S FACT TESTIMONY SHOULD ALSO BE STRUCK AS UNTIMELY

Regardless of when Mr. Bishop's declaration was served, Defendants do not dispute that

4

they have never listed him on their initial disclosures. Defendants claim this non-disclosure brings no prejudice to Cobblestone because Cobblestone can cross-examine him and present contrary evidence at trial. Defendants' argument would render initial disclosures without a purpose. The purpose of initial disclosures is to allow the opposing parties to understand the witnesses Defendants intended to rely on at trial, and the knowledge they possess. Defendants' untimely disclosure deprived Cobblestone of the ability to conduct its own fact discovery into these issues. And, as Defendants admit, the declaration was served a week before discovery closed, far too late for Cobblestone to take any responsive discovery (including Mr. Bishop's deposition as a "fact" witness).

Defendants' argument that Mr. Bishop could be cross-examined is further contracted by Defendants' pre-trial disclosures disclosing that they may not call Mr. Bishop live at trial (*see, e.g.*, Ex. 5 at 3) or at all (Opp. at 8 (arguing that they may simply enter his declaration as evidence)).[1] Mr. Bishop was deposed as an expert witness, as he purports to be. If Defendants are permitted to offer him to the jury as a fact witness using his expert deposition or his declaration, Cobblestone will have not had the opportunity to depose him as a fact witness and will not be able to cross-examine him before the jury. This should not be permitted.

Dated: July 25, 2024                    Respectfully submitted,

                                        /s/ *Amy E. Hayden*
                                        Marc Fenster
                                        CA State Bar No. 181067
                                        Reza Mirzaie
                                        CA State Bar No. 246953
                                        Neil A. Rubin
                                        CA State Bar No. 250761

---

[1] Mr. Bishop's declaration is inadmissible hearsay. Defendants are relying upon it for the truth of certain statements contained in it—what Mr. Bishop says are the public availability dates of pieces of prior art. No hearsay exception applies to it. Admission of his declaration into evidence should not be permitted.

Amy E. Hayden
CA State Bar No. 287026
James Pickens
CA State Bar No. 307474
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
rak_cobblestone@raklaw.com

Andrea Fair
Ward Smith & Hill, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
andrea@wsfirm.com

***Attorneys for Plaintiff,
Cobblestone Wireless, LLC***



.

                                              */s/ Amy E. Hayden*
                                              Amy E. Hayden

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document is being served on all counsel of record via email on July 25, 2024.

                                              */s/ Amy E. Hayden*
                                              Amy E. Hayden