# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00477-JRG-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>AT&T SERVICES INC.; AT&T MOBILITY LLC; AT&T CORP.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00474-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00478-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF COBBLESTONE WIRELESS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE OPINIONS OF DEFENDANTS' EXPERT JOHANNA DWYER**

## TABLE OF CONTENTS

I.      Dwyer's patent sale section contains no expert opinions ......................................................... 1

ii.     Dwyer's criticisms' of Cobblestone's damages expert's economic analysis are economic opinions ................................................................................................................................. 1

iii.    Dwyer provides an unsupported royalty stacking opinion ...................................................... 3

iv.   Dwyer's improper opinions are duplicative of Bennis .......................................................... 5

## **TABLE OF AUTHORITIES**

**Cases**

*Commonwealth Sci. & Indus. Research Org. v. Cisco Sys., Inc.*,
   809 F.3d 1295 (Fed. Cir. 2015) ................................................................................................ 4

*Daubert v. Merrell Dow Pharms, Inc.*,
   509 U.S. 579 (1993).................................................................................................................. 1

*Ericsson Inc. v. D-Link Sys., Inc.*,
   773 F.3d 1201 (Fed. Cir. 2014) ................................................................................................ 4

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
   No. 2:15-cv-00011-RSP, 2018 WL 2149736 (E.D. Tex. May 10, 2018).................................. 4

*Hearing Components, Inc. v. Shure, Inc.*,
   No. 9:07-cv-104, 2008 WL 5572824 (E.D. Tex. Dec. 1, 2008) ............................................... 5

*Immersion Corp. v. Samsung Elecs. Am., Inc.*,
   No. 2:17-cv-00572-JRG, Dkt. No. 188 (E.D. May 2, Tex. 2019) ............................................ 4

*Network-1 Techs., Inc. v. Alcatel-Lucent USA, Inc.*,
   no. 6:11-cv-429-RWS-KNM, 2017 WL 4173468 (E.D. Tex. Sept. 21, 2017).......................... 1

*Thomas v. T.K. Stanley, Inc.*,
   No. 9:12-cv-158, 2014 WL 12814614 (E.D. Tex. Oct. 28, 2014)............................................ 5

## I. DWYER'S PATENT SALE SECTION CONTAINS NO EXPERT OPINIONS

Faced with nothing more than a recitation of evidence, to conjure up expert opinions, Defendants point to "conclusions" about what the patent seller's attorney may have known or had the ability to do. Opp. at 2, 5 (citing Ex. A ¶¶36, 44); Ex. A ¶36 ("It is reasonable therefore to expect that Ms. Rudersdorf would have been able to roughly determine whether an offer to purchase a patent portfolio was reasonable …."); *id.* ¶44 ("Rudersdorf should have been able to obtain the best price in the market when monetizing the [patents] sold to Cobblestone.").

This is nothing more than unsupported conjecture reflecting Dwyer's personal opinions about a lawyer and her intent during sales negotiations. But an expert's opinions must be based on "more than subjective belief or unsupported speculation." *Daubert v. Merrell Dow*, 509 U.S. 579, 592 (1993); *cf. Network-1 v. Alcatel-Lucent*, 2017 WL 4173468, at *5-7 (E.D. Tex. 2017) (excluding speculative testimony concerning party's intent during patent prosecution). Statements from Dwyer along these lines at trial would do nothing but to prejudice Cobblestone and confuse the issues, particularly where Defendants' damages expert Bennis does not even rely upon them.

Even if these are proper expert opinions, Dwyer is not qualified to give them. Defendants claim she is qualified because these opinions "have nothing to do with 'economic matters'" and "Dwyer is an expert in patent licensing." Opp. at 5. But these statements are directed to issues and circumstances regarding sale of the Asserted Patents, nothing concerning the described or claimed technology. Although Dwyer may be qualified to offer opinions concerning *technical* aspects of patent licensing, she is not qualified to offer opinions on *economic* aspects. Mot. at 6-7; *infra* § II. Her opinions about Ruderdorf's professional abilities and intent during sale, which are directed only to economic and financial aspects of the sale, should be excluded for this additional reason.

## II. DWYER'S CRITICISMS' OF COBBLESTONE'S DAMAGES EXPERT'S ECONOMIC ANALYSIS ARE ECONOMIC OPINIONS

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

Dwyer presented a detailed description of Cobblestone's damages expert Dell's model and criticism of it, including his economic comparability analysis of licenses (Ex. A ¶¶216-271), his methodology for determining a royalty rate (*id.* ¶¶279-297), and his selection of a base (*id.* ¶¶298-301). Cobblestone only seeks to exclude these portions, not her criticisms of Dell's reliance on Cobblestone's technical expert Williams' technical comparability analysis (or her criticisms of Williams' analysis itself). Mot. at 11; Ex. A ¶¶272-278. Cobblestone likewise does not seek to exclude Dwyer's lengthy affirmative technical comparability analysis. Ex. A ¶¶58-215.

Defendants attempt to confuse the issues by pointing to paragraphs vaguely referencing her technical comparability opinions, which Cobblestone is not seeking to exclude. Opp. at 6 (citing Ex. A ¶¶242, 244, 247, 249, 251). But ¶¶242, 244 are nothing more than a summary of what is found in her technical comparability section. *Compare, e.g.*, Ex. A ¶¶242, 244 *with id.* ¶275. And Defendants are incorrect that the other cited paragraphs do not involve economic matters. In ¶247, Dwyer discusses lack of information about payment amounts and extent of use, matters within the arena of an economic not a technical expert. *Id.* ¶247; *see also id.* ¶249. And in ¶251, she expressly discusses whether a license is "economically comparable" based on its timing in relation to the hypothetical negotiation. *Id.* ¶251. That this paragraph may refer back to her technical comparability analysis does not convert her economic opinions into technical ones.

Similarly, that Dwyer may be expert in the essentiality of patents to cellular standards (Opp. at 7) does not save her criticisms of Dell's royalty rate from exclusion. ▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See* Dkt. No. 182 at 14-15. Lacking economic training and experience in the economic aspects of patent licensing, it is apparent from Dwyer's

2

report that she simply misunderstood his approach. *See, e.g.*, Ex. A ¶281.

Defendants also claim the portion of her report that "provides a summary of how Dell arrived at his royalty calculation" is permissible because it "sets up and is directly relevant to" her technical comparability section. Opp. at 6. This makes no sense. Technical experts routinely offer technical comparability opinions without describing the damages expert's economic model, and for good reason—technical experts are simply not qualified to discuss and analyze a damages model. Indeed, Dwyer does not provide discussion of Bennis' model before providing a lengthy technical comparability analysis on which Bennis relies. Ex. A ¶¶58-215; *see generally id.*

Finally, Defendants claim her "Changing the Royalty Base" section (*id.* ¶¶298-301) is non-economic as well. First, they claim she presents opinions concerning Dell's royalty rate computation, and in particular the criticism he "never accounted for the difference between a patent and a patent family." Opp. at 7. But there is no such opinion in this section. Rather, this opinion is in the section addressing Dell's rate, not his base. Ex. A ¶293. Yet again, as Dell explained at his deposition, this is an issue related to the economic, not technical, aspects of licensing SEPs. Ex. G (Dell Depo.) at 87:4-89:12. Moreover, Defendants are further incorrect she offers similar opinions in *unchallenged* Section X.C or ¶¶341-346 (Opp. at 7) because Cobblestone is challenging this section as containing improper royalty stacking opinions. Mot. at 11; *infra* § III. This section only addresses Dell's choice of royalty base from a non-technical perspective. Ex. A ¶¶298-301.

**III.   DWYER PROVIDES AN UNSUPPORTED ROYALTY STACKING OPINION**

3

And here, by Defendants' own admission, her opinion is not tied to any stacking effects Defendants have experienced, but instead is speculative as to what may (or may not) happen in the future. Opp. at 8. There is no support Defendants have been, are, or will be subject to burdensome stacking effects. Dwyer's opinions must be excluded. *See Ericsson v. D-Link*, 773 F.3d 1201, 1234 (Fed. Cir. 2014) (affirming refusal to instruct jury on royalty stacking; "A jury, moreover, need not be instructed regarding royalty stacking unless there is actual evidence of stacking."); *see also Immersion v. Samsung*, No. 2:17-cv-00572-JRG, Dkt. No. 188 at 10 (E.D. Tex. 2019) (Ex. F).

Defendants' sole cited case supports Cobblestone's motion. Opp. at 8. In *Ericsson v. TCL*, "[t]he concern that Ericsson's theory would erode all of TCL's profit" was related to the fact the royalty was **28%** of TCL's profits, not to a "royalty stacking" theory. 2018 WL 2149736, at *4 (E.D. Tex. 2018) ("Indeed, any juror can understand that if one infringing feature on a device demands **nearly a third** of the device's profit, it may become impossible to sell a profitable device") (emphasis added). And in the context of a different argument, this Court explained "Federal Circuit precedent suggests that TCL's theory about features covered by other unidentified patents would be ***unreliable opinion without actual evidence of royalty stacking***." *Id.* at *5 (citing *CSIRO v. Cisco*, 809 F.3d 1295, 1302 (Fed. Cir. 2015)) (emphasis added).

Finally, "royalty stacking" is an irrelevant distraction here. Royalty stacking is a concern when a RAND commitment is in play (e.g., for SEPs), and none of the Asserted Patents have been declared, let alone determined to be, essential to any standard. Thus, the royalties Cobblestone

4

seeks here for non-SEPs (with no RAND commitment) bear little relevance to what Defendants may pay to license SEPs subject to RAND requirements. For this additional reason, these opinions should be excluded to avoid prejudice to Cobblestone and confusion of the issues for the jury.

## IV. DWYER'S IMPROPER OPINIONS ARE DUPLICATIVE OF BENNIS

Dwyer's improper economic opinions are cumulative with those of another of Defendants' experts, Bennis, who is qualified as a damages and economic expert and who has provided her own rebuttal opinions describing the sale of the asserted patents, criticizing Dell's damages analysis including his reliance on certain licenses as well as his rate and base, and describing unsubstantiated royalty stacking concerns. Even if Dwyer's opinions on these topics did have any probative value (they do not since she is not qualified to give them), that probative value would be outweighed by the prejudice that duplicative testimony brings to Cobblestone via the dangers of confusing the issues and misleading the jury, as well as simply wasting valuable trial time.

Defendants criticize Cobblestone's reliance on *Thomas v. T.K. Stanley* and *Hearing Components v. Shure*, but their brief demonstrates that these cases are directly on point. Defendants claim numerous of Dwyer's opinions are not cumulative because she performed different calculations or analyses than Bennis. Opp. at 9-10. But that is simply illustrative of the problem—an unqualified expert is offering differing opinions on similar subject matter. This is the similar to the situation in *Thomas*, where two experts offered differing opinions on "similar" (not identical) "subject matter," and the court excluded expert testimony on that basis as well as because it was "inaccurate and unreliable." 2014 WL 12814614, at *2 (E.D. Tex. 2014). And gamesmanship concerns, akin to those in *Hearing Components*, are equally present here. 2008 WL 5572824, at *4 (E.D. Tex. 2008). Bennis does not rely on Dwyer for anything other than her technical comparability analysis. Defendants can thus have no intent other than presenting collateral, cumulative attacks on other aspects Dell's methodology and opinions through Dwyer.

5

|  |  |
|---|---|
| Dated: July 25, 2024 | Respectfully submitted,<br><br>*/s/ Amy E. Hayden*<br>Marc Fenster<br>CA State Bar No. 181067<br>Reza Mirzaie<br>CA State Bar No. 246953<br>Neil A. Rubin<br>CA State Bar No. 250761<br>Amy E. Hayden<br>CA State Bar No. 287026<br>James Pickens<br>CA State Bar No. 307474<br>Christian W. Conkle<br>CA State Bar No. 306374<br>Jonathan Ma<br>CA State Bar No. 312773<br>RUSS AUGUST & KABAT<br>12424 Wilshire Blvd. 12th Floor<br>Los Angeles, CA 90025<br>rak_cobblestone@raklaw.com<br><br>Andrea Fair<br>Ward Smith & Hill, PLLC<br>1507 Bill Owens Parkway<br>Longview, Texas 75604<br>andrea@wsfirm.com<br><br>***Attorneys for Plaintiff,***<br>***Cobblestone Wireless, LLC*** |

6



## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document is being served on all counsel of record via email on July 25, 2024.

*/s/ Amy E. Hayden*
Amy E. Hayden
