# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00477-JRG-RSP<br>(Lead Case)<br><br><br>**JURY TRIAL DEMANDED** |
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>AT&T SERVICES INC.; AT&T MOBILITY LLC; AT&T CORP.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00474-JRG-RSP<br>(Member Case)<br><br><br>**JURY TRIAL DEMANDED** |
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00478-JRG-RSP<br>(Member Case)<br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF COBBLESTONE WIRELESS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE OPINIONS OF DEFENDANTS' DAMAGES EXPERT MELISSA A. BENNIS**

**TABLE OF CONTENTS**

I.      Bennis does not explain the methology she used to arrive at her proposed royalties......... 1

II.     Defendants' opposition confirms Bennis provides an unsupported royalty stacking opinion ................................................................................................................................. 2

Iii.    Bennis' reliance on late-disclosed and unsupported alleged non-infringing alternatives should be excluded................................................................................................................ 4

## TABLE OF AUTHORITIES

**Cases**

*Ericsson, Inc. v. D-Link Sys., Inc.*,
  773 F.3d 1201 (Fed. Cir. 2014) ............................................................................................... 3

*Immersion Corp. v. Samsung Elecs. Am., Inc.*,
  No. 2:17-cv-00572-JRG, Dkt. No. 188 (E.D. Tex. May 2, 2019) ............................................ 3

*LaserDynamics, Inc. v. Quanta Comput., Inc.*,
  No. 2:06-cv-348, 2011 WL 197869 (E.D. Tex. Jan. 20, 2011) ................................................ 4

*Mars, Inc. v. Coin Acceptors, Inc.*,
  527 F.3d 1359 (Fed. Cir. 2008) ............................................................................................... 4

*Personalized Media Commc'ns, LLC v. Apple, Inc.*,
  No. 2:15-cv-01366-JRG-RSP, 2021 WL 662237 (E.D. Feb. 20, Tex. 2021) ............................ 2

*Smart Path Connections, LLC v. Nokia of Am. Corp.*,
  2:22-cv-0296-JRG-RSP, 2024 WL 1096138 (E.D. Tex. Mar. 13, 2024) ................................. 4

*Veritas Operating Corp. v. Microsoft Corp.*,
  No. 06-cv-0703, 2008 WL 7404617 (W.D. Wash. Feb. 26, 2008) ........................................... 2

████████████████████████████████████████████████████████████

**I.   BENNIS DOES NOT EXPLAIN THE METHOLOGY SHE USED TO ARRIVE AT HER PROPOSED ROYALTIES**

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████ She fails to disclose any discernable methodology, and her opinions are not sufficiently tied to the facts of this case.

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

Because she had no discernable methodology ████████████████ there is no way Cobblestone can test her theories on cross-examination. And she does not even attempt to tie this amount to the facts of the cases. ████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[1] Because Defendants primarily cite to Bennis' AT&T report, Cobblestone does the same, unless citation to the report addressing another Defendant is necessary. *See* Opp. at 2 n.2.

[2] Defendants claim Cobblestone's damages expert Stephen Dell took a similar, non-patent, non-Defendant specific approach. Opp. at 7. But as shown here, Mr. Dell instead took extent of use

1

███████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████

The cases on which Defendants rely are distinguishable. *Id.* at 6. In *Personalized Media v. Apple*, the expert conducted multiple analyses upheld by the Court, including tying license agreements to the facts of the case, performing a study on value over non-infringing alternatives, and discussing "how each consideration shaped his calculations and analysis." 2021 WL 662237, at *6 (E.D. Tex. 2021). And in *Veritas v. Microsoft*, the expert had conversations with a technical expert to determine the royalty base, obtained rates from agreements in which a party licensed its code, and took into account differences in accused products by applying different rates for them. 2008 WL 7404617, at *5 (W.D. Wash. 2008). It is not that Cobblestone seeks "mathematical precision." The problem lies in Bennis performing no testable analysis like the experts did in the above cases—████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████. This cannot pass muster under *Daubert*.

## II. DEFENDANTS' OPPOSITION CONFIRMS BENNIS PROVIDES AN UNSUPPORTED ROYALTY STACKING OPINION

Defendants claim Bennis does not offer a "royalty stacking" opinion because her "opinion is that the Carrier Defendants would consider *potential* exposure resulting from the agreement to Dell's royalty rate," and she will "explain to the jury … the possibility of significant portions of

---

into account when determining his base. He also took each Defendant's monthly average revenue per user into account when determining his rate; as a result, the per patent rates necessarily differed between Defendants (as well as between patents, for other reasons). *See* Dkt. No. 182 at 7.

2

their revenue being captured." Opp. at 7. This is exactly what a royalty stacking opinion is. Indeed, she explains "a license cap or **total royalty stack** is defined for a product with the licensee fee for the standards. This **total royalty stack** is usually an absolute amount to be paid in total to all SEP holders of the technology in question." Ex. B ¶115 (emphases added).

But here, by Defendants' own admission, her opinion is not tied to any stacking effects Defendants have experienced, but instead are speculative as to what may (or may not) happen in the future. Opp. at 8 (opinions are directed to "*potential* future exposure") (emphasis added). There is no support Defendants have been, are, or will be subject to burdensome royalty stacking effects. Bennis' opinions thus must be excluded. *See Ericsson v. D-Link*, 773 F.3d 1201, 1234 (Fed. Cir. 2014) (affirming refusal to instruct jury on royalty stacking; "A jury, moreover, need not be instructed regarding royalty stacking unless there is actual evidence of stacking."); *see also Immersion v. Samsung*, No. 2:17-cv-00572-JRG, Dkt. No. 188 at 10 (E.D. Tex. 2019) (Ex. L).

Moreover, Defendants confirm these opinions are irrelevant to her damages analysis and thus the only possible use for these opinions at trial is to prejudice Cobblestone. Indeed, they confirm "Bennis does not intend to tell the jury that the damages away in this case should be lower due to royalty stacking." Opp. at 8. Perhaps this is because there is no evidence to support such an opinion. Or perhaps this is because royalty stacking is a concern when a RAND commitment is in play (e.g., for SEPs), and none of the Asserted Patents in this case have been declared, let alone determined to be, essential to any standard. Thus, the royalties Cobblestone seeks here for non-SEPs (with no RAND commitment) bear little relevance to what Defendants may pay to license SEPs subject to RAND requirements. For this additional reason, these opinions should be excluded to avoid prejudice to Cobblestone and confusion of the issues at trial for the jury.

3

### III. BENNIS' RELIANCE ON LATE-DISCLOSED AND UNSUPPORTED ALLEGED NON-INFRINGING ALTERNATIVES SHOULD BE EXCLUDED

Her reliance on these alternatives should be excluded on this basis alone, as this deprived Cobblestone of the ability to conduct any discovery on, . *See, e.g.*, *Smart Path v. Nokia*, 2024 WL 1096138, at *4-5 (E.D. Tex. 2024).

Moreover, it is Defendants' burden to prove an alleged non-infringing alternative is in fact non-infringing, and would have been available, as well as technically and commercially acceptable, at the time of the hypothetical negotiation. *See, e.g.*, *LaserDynamics v. Quanta*, 2011 WL 197869, at *2 (E.D. Tex. 2011) ("Whether the accused infringer had ***acceptable non-infringing alternatives available to it at the time of the hypothetical negotiation*** may be probative of a reasonable royalty for a patented technology.") (emphasis added); *see also SmartPath*, 2024 WL 1096138, at *4 ("[I]t is [defendant]'s burden to show that an alternative is non-infringing."). The "mere[] possibility that [defendants] could have come up with one" is insufficient. *Mars v. Coin Acceptors*, 527 F.3d 1359, 1372-73 (Fed. Cir. 2008). Because none of Defendants, Bennis, or technical expert van der Weide provide any evidence these purported alternatives were acceptable and available at any time, let alone in the relevant timeframe, Bennis' opinions on must be excluded to avoid bringing prejudice to Cobblestone and confusing the issues for the jury.

4



There is also no analysis about whether (or not) this alternative still infringes, or addressing the costs of implementing such networks. And of course, such networks were not available at the time of the hypothetical negotiation (or even now), making them irrelevant and worthy of exclusion for this additional reason.

Finally, Bennis includes bullet-point lists of a large number of alleged alternatives with no analysis. Ex. B ¶¶260-263. Defendants do not address this issue in their response. Her testimony on these alternatives should be excluded because there is no evidence they are actually non-infringing, let alone they would have been acceptable as well as available to Defendants.

5

Dated: July 25, 2024

Respectfully submitted,

*/s/ Amy E. Hayden*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Neil A. Rubin
CA State Bar No. 250761
Amy E. Hayden
CA State Bar No. 287026
James Pickens
CA State Bar No. 307474
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
rak_cobblestone@raklaw.com

Andrea Fair
Ward Smith & Hill, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
andrea@wsfirm.com

**Attorneys for Plaintiff,
Cobblestone Wireless, LLC**



## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document is being served on all counsel of record via email on July 25, 2024.

*/s/ Amy E. Hayden*
Amy E. Hayden
