IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00477-JRG-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>AT&T SERVICES INC.; AT&T MOBILITY LLC; AT&T CORP.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00474-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00478-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF COBBLESTONE WIRELESS, LLC'S REPLY IN SUPPORT OF ITS MOTION TO EXCLUDE UNDER *DAUBERT* AND STRIKE PORTIONS OF INVALIDITY OPINIONS OF DR. DANIEL VAN DER WEIDE**

██████████████████████████████

## **TABLE OF CONTENTS**

I. Argument ................................................................................................................. 1

    A. Defendants concede the "sub-optimal" issue. ...................................................... 1

    B. Dr. van der Weide should be prevented from testifying that a frequency spectrum resource must be "one, and only one, subcarrier." .............................................. 1

    C. Defendants admit that the invalidity report does present any '361 Patent invalidity theory based on Cobblestone's infringement contentions. ............................................ 3

    D. Dr. van der Weide's reliance on Mr. Bishop—or Defendants' attempts to allow him to present Mr. Bishop's analysis as his own—should be excluded. ........................................ 4

I.   **ARGUMENT**

   A.   **Defendants concede the "sub-optimal" issue.**

Defendants' opposition brief states that Dr. van der Weide "was not opining that a determination of the most 'optimal' resource need[s] to be made" in order to meet the "sub-optimal" limitation of the '361 Patent. Dkt. 179 at 2-3. That would resolve the issue. Cobblestone respectfully requests that the Court either find this issue moot on the basis of that statement (thus preventing Defendants, by judicial estoppel, from presenting contrary testimony at trial), or expressly order that Dr. van der Weide is precluded from presenting a new interpretation that "sub-optimal" requires a determination of an "optimal" resource.

   B.   **Dr. van der Weide should be prevented from testifying that a frequency spectrum resource must be "one, and only one, subcarrier."**

In contrast to "sub-optimal," it is not clear whether Defendants disavow or affirm Dr. van der Weide's apparent improper interpretations that each "frequency spectrum resource" as claimed must be mapped to a "subcarrier," or that it is necessary to meet the "fine-grained description" of the patent specification. *Compare* Dkt. 157 at 4-5 *with* Dkt. 179 at 5-6. In any event, because Defendants do not defend those interpretations, this issue is either moot or should be resolved in favor of Cobblestone.

At his deposition, Dr. van der Weide was specifically asked whether he applied an interpretation that "a frequency spectrum resource has to be one, and only one, subcarrier, not multiple subcarriers, ... because of examples given in the '361 Patent specification." Dkt. 157 at 4-5. He gave a two-fold response. Defendants emphasize the first answer, which sounds like a denial: "I'm not importing limitations from the specification into the claims." *Id.* But that was not the end of the answer; he continued with a "however" that sounds much more like agreement: "However, I am informed, as one of skill in the art is informed by reading the specification, as to

1

██████████████████████████████

how it describes frequency spectrum resources, and it describes them at a very granular level." *Id.* The second answer certainly seems to suggest that he believes the term should have a particular and narrower interpretation ("a very granular level") based on the patent specification. *Id.* The narrower interpretation is improper claim construction and also outside the scope of the expert report, and should be excluded if Defendants will not disavow it.

████████████████████████

████████████████████████

██████████████

████████████████████████
████████████████

████████████████████████
████

██████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████

For the reasons stated in the opening brief, Cobblestone respectfully submits that the Court should preclude any testimony at trial that a "frequency spectrum resource" as claimed must be limited to a single subcarrier or otherwise discussing the patent specification in order to give the term a construction other than its plain and ordinary meaning.

C.  **Defendants admit that the invalidity report does present any '361 Patent invalidity theory based on Cobblestone's infringement contentions.**

Defendants do not and cannot show anything in Dr. van der Weide's opening report that states or implies that his invalidity theories for the '361 Patent were made according to Cobblestone's infringement theories. Defendants' cases purportedly showing that such "if infringement, then invalidity" theories are doctrinally permissible miss the mark; the issue here is whether those theories are within the parameters of the report. They are not. At trial, he should not be permitted to testify that Gaal meets the "first and second frequency resources" limitations under Cobblestone's interpretation of the '361 Patent or to compare Gaal with the Accused Instrumentalities, or present any other invalidity testimony "under Cobblestone's interpretation" except as explicitly disclosed in his expert report.

Dr. van der Weide's analysis of the '347 Patent provides a useful contrast and illustrates the prejudice caused by his laying behind the log. For that patent, he had expressly disclosed a theory that the prior art was obvious under "Cobblestone's apparent infringement theory," in particular that the prior art disclosed the same "channel state information measured from the CSI-RS" that he believed Cobblestone to be accusing of infringement. *See* Dkt. 183 at 8-9 (quoting van der Weide Report, Dkt. 183-7, ¶ 161 & n.5). That disclosure put Dr. Williams on notice of the theory and allowed him to rebut it. *See generally* Dkt. 183 at 8-9. For the '361 Patent, however, Dr. van der Weide disclosed no such contention, preventing Dr. Williams from similarly rebutting the undisclosed theory.

3

Dr. van der Weide should not be permitted to introduce a new validity theory, either comparing the prior art to the accused instrumentalities or interpreting the claims in light of Cobblestone's infringement assertions, that was not included in his opening report. Cobblestone respectfully requests that the Court issue an order precluding such testimony.

**D.   Dr. van der Weide's reliance on Mr. Bishop—or Defendants' attempts to allow him to present Mr. Bishop's analysis as his own—should be excluded.**

Faced with the prospect of exclusion of Craig Bishop's layperson speculation, Defendants now present the counterfactual argument that "Dr. van der Weide does not rely *exclusively* on Mr. Bishop gathering evidence and Mr. Bishop's testimony about the evidence." Dkt. 179 at 9. In support, Defendants point out that Dr. van der Weide discusses that a POSITA would have been aware of the 3GPP and that 3GPP placed its technical specifications on its website. *Id.* at 10 (citing Ex. D ¶¶ 43, 716). But beyond those preliminary matters, everything on the subject in Dr. van der Weide's report is expressly based on Mr. Bishop's testimony. For example, Defendants block-quote a passage about dates on the 3GPP website from paragraph 717 of Dr. van der Weide's report and characterize it as Dr. van der Weide's testimony—but they conveniently end the quotation just before the supporting citation: "***Bishop Dec.*** at ¶ 57." *Compare* Dkt. 157-5 ¶ 717 (emphasis added) *with* Dkt. 179 at 10 (quoting Dkt. 157-5 ¶ 716 [sic]). And the very next sentence reiterates that Dr. van der Weide's conclusion is "[b]ased on the information provided by Mr. Bishop." Dkt. 157-5 ¶ 717.

Even under Defendants' counterfactual argument, though, Dr. van der Weide's analysis would be improper. Just as with Mr. Bishop's speculation, experience with 3GPP and its website has nothing to do with the issue at hand—the ***date*** of public availability of certain documents. Defendants also perplexingly point at Dr. van der Weide's application of Mr. Bishop's "expertise" to extend Mr. Bishop's opinion. *Id.* (citing Dkt. 157-5 ¶¶ 716-717). But, if Mr. Bishop's testimony

is excluded, the Court will have already ruled he is not an expert; Dr. van der Weide cannot then rely on Mr. Bishop's "expertise." And just as with Mr. Bishop, Defendants have not shown Dr. van der Weide is qualified to testify about the accuracy and meaning of purported "timestamps" of 3GPP documents. Indeed, he does not even profess to the same level of knowledge as Mr. Bishop. If Mr. Bishop's public availability "opinions" are excluded, the corresponding opinions from Dr. van der Weide should be also. *See* Dkt. 157 at 9-10.

Dated: July 25, 2024

Respectfully submitted,

*/s/ Christian W. Conkle*
Marc Fenster
CA State Bar No. 181067
Reza Mirzaie
CA State Bar No. 246953
Neil A. Rubin
CA State Bar No. 250761
Amy E. Hayden
CA State Bar No. 287026
James Pickens
CA State Bar No. 307474
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
rak_cobblestone@raklaw.com

Andrea Fair
Ward Smith & Hill, PLLC
1507 Bill Owens Parkway
Longview, Texas 75604
(903) 757-6400
andrea@wsfirm.com

**Attorneys for Plaintiff,
Cobblestone Wireless, LLC**



## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document is being served on all counsel of record via the Court's CM/ECF system on July 25, 2024.

*/s/ Christian W. Conkle*
Christian W. Conkle
