**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>T-MOBILE USA, INC.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00477-JRG-RSP<br>(Lead Case)<br><br>**JURY TRIAL DEMANDED** |
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>AT&T SERVICES INC.; AT&T MOBILITY<br>LLC; AT&T CORP.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00474-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |
| COBBLESTONE WIRELESS, LLC,<br>    Plaintiff,<br><br>v.<br><br>CELLCO PARTNERSHIP D/B/A VERIZON<br>WIRELESS.<br>    Defendant,<br><br>NOKIA OF AMERICA CORPORATION,<br>ERICSSON INC.<br>    Intervenors. | Case No. 2:22-cv-00478-JRG-RSP<br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF COBBLESTONE WIRELESS, LLC'S MOTION *IN LIMINE***

██████████

## **TABLE OF CONTENTS**

I.   MIL NO. 1: TO PRECLUDE REFERENCE, EVIDENCE, OR ARGUMENT REGARDING A PRIOR EMPLOYMENT RELATIONSHIP BETWEEN MR. JAY CHUNG AND RUSS, AUGUST & KABAT LLP FROM TIMES PRIOR TO COBBLESTONE'S FORMATION AND ENGAGEMENT OF RUSS, AUGUST & KABAT AS LITIGATION COUNSEL ..................................................................................................................1

II.  MIL NO. 2: TO PRECLUDE ANY DEFENDANT OR INTERVENOR LAY WITNESS TESTIMONY PROVIDING NON-INFRINGEMENT OPINIONS CONCERNING THE ASSERTED PATENTS..................................................................................................................2

III. MIL NO. 3: TO PRECLUDE REFERENCE, EVIDENCE OR ARGUMENT REGARDING COBBLESTONE PARENT ENTITIES ...................................................................4

IV.  MIL NO. 4: TO PRECLUDE REFERENCE, EVIDENCE, OR ARGUMENT REGARDING LICENSES NOT RELIED UPON BY EITHER PARTY'S DAMAGES EXPERT ........................................................................................................................5

V.   MIL NO. 5: TO PRECLUDE REFERENCE, EVIDENCE OR ARGUMENT REGARDING STANDING BEFORE A JURY ...............................................................6

## **TABLE OF AUTHORITIES**

**Cases**

*HVLPO2, LLC v. Oxygen Frog, LLC*,
   949 F.3d 685 (Fed. Cir. 2020) ............................................................................................... 2, 4

*Intellectual Ventures II LLC v. FedEx Corp.*,
   No. 2:16-cv-00980-JRG, 2008 WL 10638138 (E.D. Tex. Apr. 26, 2018) .................................. 5

*Israel Bio-Eng'g Project v. Amgen, Inc.*,
   475 F.3d 1256 (Fed. Cir. 2007) .................................................................................................. 6

**Other Authorities**

13A Charles Alan Wright, Fed. Prac. & Proc. § 3531.15 (2d ed. 1984) ........................................ 6

**Rules**

Fed. R. Civ. P. 701 .......................................................................................................................... 2

Fed. R. Evid. 401 ............................................................................................................................ 5

Fed. R. Evid. 402 ....................................................................................................................... 2, 5

Fed. R. Evid. 403 .................................................................................................................... 2, 5, 7

Plaintiff Cobblestone Wireless, LLC ("Cobblestone") hereby respectfully submits the following motions *in limine* ("MILs"). Defendants and Intervenors oppose each MIL.

I. **MIL NO. 1: TO PRECLUDE REFERENCE, EVIDENCE, OR ARGUMENT REGARDING A PRIOR EMPLOYMENT RELATIONSHIP BETWEEN MR. JAY CHUNG AND RUSS, AUGUST & KABAT LLP FROM TIMES PRIOR TO COBBLESTONE'S FORMATION AND ENGAGEMENT OF RUSS, AUGUST & KABAT AS LITIGATION COUNSEL**

Cobblestone is the sole plaintiff in these consolidated actions, and Cobblestone's manager and corporate representative (who was also deposed in these actions) is Mr. Jay Chung. Prior to the formation of Cobblestone, and prior to Cobblestone's acquisition of the Asserted Patents at issue in these cases, Mr. Chung was employed as a partner as Russ August & Kabat LLP, who now represents Cobblestone in these actions. Mr. Chung terminated his employment with Russ August & Kabat LLP approximately one year before he became the manager of Cobblestone.

Mr. Chung's employment by Russ August & Kabat LLP thus *entirely predates* the formation and operation of Cobblestone (including the filing of these actions), and Cobblestone's retention of Russ August & Kabat LLP as litigation counsel in these actions *entirely postdates* Mr. Chung's employment by Russ August & Kabat LLP.

Nonetheless, Defendants and Intervenors have indicated that they intend to cross-examine Mr. Chung during trial to elicit testimony regarding the prior employment relationship between Mr. Chung and Russ August & Kabat LLP, in order to imply to the jury that Cobblestone's litigation counsel at Russ August & Kabat LLP is purportedly biased. Any such insinuations would be incorrect, improper, irrelevant to any triable issues, and confusing to the jury.

The Court's Standing Order on Motions In Limine issued August 11, 2023, already prevents the parties from introducing evidence, testimony, or argument regarding "funding of the litigation or regarding any comment on attorney-fee compensation including amounts or structure" or "the size of the parties' law firms or the number of attorneys representing the parties." While

1

Defendants' and Intervenors' intended elicitation of the prior (and now terminated) employment relationship between Mr. Chung and Russ August & Kabat LLP may not fall squarely within either of those provisions, the reason to prohibit such evidence, testimony, or argument is the same, and the result should be the same.

Any attempts by Defendants or Intervenors to elicit such testimony or evidence is in violation of Federal Rules of Evidence Fed. R. Evid. 403 and 403 and should be precluded.

## II.   MIL NO. 2: TO PRECLUDE ANY DEFENDANT OR INTERVENOR LAY WITNESS TESTIMONY PROVIDING NON-INFRINGEMENT OPINIONS CONCERNING THE ASSERTED PATENTS

Defendants and Intervenors seek to have their lay witnesses provide non-infringement opinions concerning the Asserted Patents. This runs afoul of Federal Rule of Evidence 701, which provides:

> If a witness is not testifying as an expert, testimony in the form of an opinion is *limited* to one that is:
> (a)   rationally based on the witness's perception;
> (b)   helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c)   not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Civ. P. 701 (emphasis added). Indeed, "it is ***an abuse of discretion to permit a witness to testify as an expert on the issues of noninfringement*** … unless that witness is qualified as an expert in the pertinent art." *HVLPO2, LLC v. Oxygen Frog, LLC*, 949 F.3d 685, 689 (Fed. Cir. 2020) (emphasis added). "The prohibition of unqualified witness testimony extends to the ultimate conclusions of infringement … as well as to the underlying technical questions." *Id.* Thus, Defendants and Intervenors' lay witnesses should be precluded from providing non-infringement opinions.

Cobblestone provides the following non-exclusive examples where Defendants and Intervenors may elicit improper testimony or make improper arguments:

2



Throughout fact discovery Defendants and Intervenors' witnesses have testified in many similar instances where they offered improper expert opinion. *See also, e.g.*, *id*. at 32:19-34:25; 51:7-52:9; Ex. B (Deposition of Ericsson's 30(b)(6) Lay Witness, Ranjeet Bhattacharya) at 22:14-24:4; 46:24-47:48:1, 55:15-56:7; Ex. C (Deposition of Ericsson's 30(b)(6) Lay Witness, Par

3

Ankel) at 137:5-18. All such testimony is in violation and Federal Rule of Evidence 701 and should be precluded. *HVLPO2*, 949 F.3d at 690-91 (reversing and remanding for a new trial where district court abused its discretion by admitting lay witness testimony regarding obviousness).

### III.  MIL NO. 3: TO PRECLUDE REFERENCE, EVIDENCE OR ARGUMENT REGARDING COBBLESTONE PARENT ENTITIES

Cobblestone is the only plaintiff in these consolidated actions, and the sole owner and assignee of the Asserted Patents. Case 2:22-cv-00477, Dkt. 1. Nonetheless, Defendants and Intervenors have indicated that they intend to cross-examine Mr. Chung during trial to elicit testimony, or otherwise present argument or evidence, regarding Cobblestone's "parent" corporate entities and structure. But Defendants and Intervenors have not identified ***any*** relevant and probative value of such evidence, and as such any such references or insinuations would be improper, irrelevant to any triable issues, and substantially outweighed by a danger that such evidence or argument would be likely to confuse the jury.

As Cobblestone disclosed in its Rule 7.1 Disclosure Statement, Cobblestone is 100% owned by Granite IP, LLC, and Granite IP, LLC is 100% owned by Bedrock IP Co., Ltd.. Case 2:22-cv-00477, Dkt. 2. But these facts, while true, are not relevant to any triable issues before the jury. The Court's Standing Order on Motions In Limine issued August 11, 2023, already prevents the parties from introducing evidence, testimony, or argument "referring to any other person or entity in disparaging ways, such as… 'shell company'… or any such similar terms."

Defendants' and Intervenors' intended elicitation of the corporate structure between Cobblestone (the only plaintiff) and any other corporate entities can only be designed to prejudice the jury against Cobblestone and Mr. Chung based on nothing other than the fact that there are corporate entities who own Cobblestone. As such, any such testimony or evidence would be

improper, irrelevant to any triable issues, and confusing to the jury, in violation of Federal Rules of Evidence 402 and 403, and should be precluded.

### IV. MIL NO. 4: TO PRECLUDE REFERENCE, EVIDENCE, OR ARGUMENT REGARDING LICENSES NOT RELIED UPON BY EITHER PARTY'S DAMAGES EXPERT

Defendants and Intervenors should be precluded from introducing evidence or argument, including from fact witnesses, concerning patent licenses that are not relied upon in either sides' damages expert reports. Cobblestone has proposed the following common-sense, two-way stipulation to moot this motion, but Defendants and Intervenors have not agreed to it: "No evidence, argument, or testimony concerning the parties to, and the provisions and terms of, license agreements not relied upon by either party's damages experts."

As this stipulation makes clear, Cobblestone does not seek to preclude Defendants and Intervenors from introducing evidence and argument concerning their licensing practices and preferences as a general matter, but rather only seeks to preclude them from offering evidence and argument about the *details of specific license agreements* that no damages expert relies upon. These details lack any relevance to any claim, defense, or issue in the case, and would do nothing but to confuse the issues for the jury and to waste valuable, limited trial time. *See* Fed. R. Evid. 401, 403.

The Court should preclude Defendants from introducing this irrelevant, confusing, and potentially prejudicial material at trial. Indeed, this Court has previously granted similar *in limine* requests. *See, e.g.*, *Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-cv-00980-JRG, 2008 WL 10638138, at *6 (E.D. Tex. Apr. 26, 2018) (granting motion to "[p]reclude IV from referencing or introducing any argument, evidence, or testimony related to any other litigations involving [defendants], including the amounts for which the[y] may have settled other litigations,

that are not expressly addressed in a Party's expert report," and limiting the licensing evidence that IV may present to "any license that is addressed in IV's expert reports").

### V.   MIL NO. 5: TO PRECLUDE REFERENCE, EVIDENCE OR ARGUMENT REGARDING STANDING BEFORE A JURY

Defendants and Intervenors seek to raise the issue of standing before a jury. Standing is a question of law inappropriate for juror resolution. *Israel Bio-Eng'g Project v. Amgen, Inc.*, 475 F.3d 1256, 1262–63 (Fed. Cir. 2007) ("Whether a party has standing to sue is a question of law that this court reviews *de novo*."); *see also* Court MIL No. 5 (precluding evidence "that does not also serve another evidentiary purpose relevant to jury issues"). While there are a variety of methods to resolve standing, common approaches include a motion for summary judgment or through a preliminary hearing. *Id.* at 1263 (citing 13A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3531.15 (2d ed.1984)).

Here, Cobblestone has already filed a motion for summary judgment that Cobblestone has standing, which this Court should rule on as a matter of law in Cobblestone's favor, rendering this MIL moot. *See* Dkt. No. 161. In any event, if the motion for summary judgment does not resolve the issue, this Court should hold a preliminary hearing on standing before it is presented to the jury. Given the clear and straightforward proof that Cobblestone intends to present, and the lack of any meaningful defense Defendants and Intervenors have raised, a preliminary hearing is suitable. 13A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3531.15 (2d ed.1984) (indicating that a preliminary hearing makes great sense when issues involve "relatively clear questions of fact" that are substantially distinct from the merits).

Allowing Defendants and Intervenors to raise standing with the jury would further cause juror confusion, undue delay, and wasted time, when this issue could simply be resolved by the

Court. *See* Fed. R. Evid. 403. Thus, this Court should preclude reference, evidence or argument regarding standing in front of a jury.

█████████████

| | |
|---|---|
| Dated: July 29, 2024 | Respectfully submitted,<br><br>*/s/ Reza Mirzaie*<br>Marc Fenster<br>CA State Bar No. 181067<br>Reza Mirzaie<br>CA State Bar No. 246953<br>Neil A. Rubin<br>CA State Bar No. 250761<br>Amy E. Hayden<br>CA State Bar No. 287026<br>James Pickens<br>CA State Bar No. 307474<br>Jonathan Ma<br>CA State Bar No. 312773<br>Christian W. Conkle<br>CA State Bar No. 306374<br>RUSS AUGUST & KABAT<br>12424 Wilshire Blvd. 12th Floor<br>Los Angeles, CA 90025<br>Telephone: 310-826-7474<br>rak_cobblestone@raklaw.com<br><br>Qi (Peter) Tong<br>TX State Bar No. 24119042<br>RUSS AGUUST & KABAT<br>4925 Greenville Ave, Suite 200<br>Dallas, TX 75206<br>Telephone: 310-826-7474<br>rak_cobblestone@raklaw.com<br><br>Andrea Fair<br>Ward Smith & Hill, PLLC<br>1507 Bill Owens Parkway<br>Longview, Texas 75604<br>(903) 757-6400<br>andrea@wsfirm.com<br><br>***Attorneys for Plaintiff,***<br>***Cobblestone Wireless, LLC*** |

8



## CERTIFICATE OF CONFERENCE

Pursuant to Eastern District of Texas Local Rule CV-7(h), I certify that counsel for Cobblestone met and conferred telephonically on July 26, 2024 in a good faith effort to resolve all the issues addressed in this Motion but were unable to reach agreement.

*/s/ Reza Mirzaie*
Reza Mirzaie

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document is being served on all counsel of record via email on July 29, 2024.

*/s/ Reza Mirzaie*
Reza Mirzaie