**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| COBBLESTONE WIRELESS, LLC, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CASE NO. 2:22-cv-00477-JRG-RSP |
| T-MOBILE USA, INC. | § | (Lead Case) |
| *Defendant*, | § | |
| | § | JURY TRIAL DEMANDED |
| NOKIA OF AMERICA CORPORATION, | § | |
| ERICSSON INC. | § | |
| *Intervenors*. | § | |
| | § | |
| COBBLESTONE WIRELESS, LLC, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CASE NO. 2:22-cv-00474-JRG-RSP |
| AT&T SERVICES INC.; AT&T | § | (Member Case) |
| MOBILITY LLC; AT&T CORP., | § | |
| *Defendants*, | § | JURY TRIAL DEMANDED |
| | § | |
| NOKIA OF AMERICA CORPORATION, | § | |
| ERICSSON INC. | § | |
| *Intervenors*. | § | |
| COBBLESTONE WIRELESS, LLC, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | CASE NO. 2:22-cv-00478-JRG-RSP |
| CELLCO PARTNERSHIP d/b/a | § | (Member Case) |
| VERIZON WIRELESS, | § | |
| *Defendant*, | § | JURY TRIAL DEMANDED |
| | § | |
| NOKIA OF AMERICA CORPORATION, | § | |
| ERICSSON INC. | § | |
| *Intervenors*. | § | |

**DEFENDANTS' AND INTERVENORS'**
**MOTIONS IN LIMINE**

████████████████

## TABLE OF CONTENTS

I.     MIL 1: PRECLUDE COBBLESTONE WITNESSES FROM TESTIFYING ABOUT MATTERS AS TO WHICH COBBLESTONE CLAIMED PRIVILEGE DURING DISCOVERY................................................................................................... 1

    A.    Cobblestone claimed privilege over Mr. Chung's valuation of the Asserted Patents.......2

    B.    Cobblestone claimed privilege over pre-suit infringement analysis. ...............................3

    C.    Cobblestone claimed privilege over pre-suit target analysis............................................4

    D.    Cobblestone claimed privilege over pre-suit validity analysis .........................................4

II.    MIL #2: PRECLUDE FACT WITNESSES FOR COBBLESTONE FROM OFFERING OPINION TESTIMONY ABOUT THE VALUE, TECHNICAL BENEFITS, OR INFRINGEMENT AND VALIDITY OF THE ASSERTED PATENTS. ................................... 4

III.    MIL #3: PRECLUDE DISCUSSION OF BUSINESS-WIDE REVENUE OR CONSOLIDATED WIRELESS REVENUE OF THE CARRIERS. ........................................... 6

IV.    CONCLUSION..................................................................................................... 8

i

██████████████████████

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*BMC Software, Inc. v. ServiceNow, Inc.*,
  No. 2:14-cv-903-JRG, 2016 WL 379620 (E.D. Tex. Feb. 1, 2016) ..........................................8

*Commonwealth Sci. & Indus. Rsch. Organisation v. Cisco Sys.*,
  809 F.3d 1295 (Fed. Cir. 2015).................................................................................................7

*Elcommerce.com, Inc. v. SAP AG*,
  745 F.3d 490 (Fed. Cir. 2014)...................................................................................................6

*Ericsson, Inc. v. D-Link Sys., Inc.*,
  773 F.3d 1201 (Fed. Cir. 2014).................................................................................................6

*Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*,
  No. 2:16-cv-52-JRG-RSP (E.D. Tex. Sept. 29, 2017), Dkt. No. 440 .......................................7

*Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*,
  No. 4:14-cv-371, 2016 U.S. Dist. LEXIS 106535 (E.D. Tex. Feb. 1, 2016)............................8

*Implicit, LLC v. Trend Micro, Inc.*
  No. 6:16-cv-80-JRG (E.D. Tex. Oct. 3, 2017), Dkt. No. 253 ...................................................7

*Intellectual Ventures I LLC v. T-Mobile USA Inc.*,
  No. 2:17-cv-577-JRG (E.D. Tex. Jan. 8, 2019), Dkt. No. 294 .................................................7

*Miss. Chem. Corp. v. Dresser-Rand Co.*,
  287 F.3d 359 (5th Cir. 2002) ....................................................................................................6

*Perret v. Nationwide Mut. Ins. Co.*,
  No. 4:10-cv-00522, 2013 U.S. Dist. LEXIS 192945 (E.D. Tex. July 18, 2013) ......................6

*SimpleAir, Inc. v. Google Inc.*,
  No. 2:14-cv-11-JRG (E.D. Tex. Oct. 6, 2015), Dkt. No. 325...................................................8

*Smart Path v. Nokia*,
  No. 2:22-cv-343, Dkt. No. 239 (E.D. Tex. March 25, 2024)....................................................5

*SynQor, Inc. v. Artesyn Techs., Inc.*,
  No. 2:07-CV-497-TJW-CE, 2011 U.S. Dist. LEXIS 91693 (E.D. Tex. 2011), *aff'd*,
  709 F.3d 1365 (Fed. Cir. 2013)..................................................................................................2

*TIVO Inc. v. EchoStar Commc'ns Corp.*,
  No. 2:04-CV-1 (DF), 2005 U.S. Dist. LEXIS 42481 (E.D. Tex. 2005) ...............................2, 4

*Uniloc USA, Inc. v. Microsoft Corp.*,
   632 F.3d 1292 (Fed. Cir. 2011)............................................................................................6, 7

**RULES**

FED. R. EVID. 402, 403 ...................................................................................................................8

FED. R. EVID. 701 ...........................................................................................................................6

**TABLE OF EXHIBITS**

| Exhibit No. | Description |
|:---:|:---|
| **1** | Excerpts of Transcript of Deposition of Jay Chung, dated May 9, 2024 ("Chung Dep.") |
| **2** | Excerpts of Expert Report of Stephen E. Dell, CVA Relating to Damages, dated May 24, 2024, served in *Cobblestone Wireless, LLC v. T-Mobile USA, Inc.*, No. 2:22-cv-477 (E.D. Tex.) ("Dell T-Mobile Rpt.") |
| **3** | Excerpts of Expert Report of Stephen E. Dell, CVA Relating to Damages, dated May 24, 2024, served in *Cobblestone Wireless, LLC v. AT&T Inc. et al.*, No. 2:22-cv-474 (E.D. Tex.) ("Dell AT&T Rpt.") |
| **4** | Excerpts of Errata and Supplement to the Expert Report of Stephen E. Dell, CVA Relating to Damages, dated June 21, 2024, served in *Cobblestone Wireless, LLC v. AT&T Inc. et al.*, No. 2:22-cv-474 (E.D. Tex.) ("Dell Supp. AT&T Rpt.") |
| **5** | Excerpts of Expert Report of Stephen E. Dell, CVA Relating to Damages, dated May 24, 2024, served in *Cobblestone Wireless, LLC v. Cellco Partnership d/b/a Verizon Wireless*, No. 2:22-cv-478 (E.D. Tex.) ("Dell Verizon Rpt.") |

██████████████████████████████████████████

## I.     MIL 1: PRECLUDE COBBLESTONE WITNESSES FROM TESTIFYING ABOUT MATTERS AS TO WHICH COBBLESTONE CLAIMED PRIVILEGE DURING DISCOVERY.

Cobblestone is an organization whose ██████████, Jay Chung, is a former patent litigator with Russ August & Kabat, counsel of record for Cobblestone in this litigation. Cobblestone purchased the patents-in-suit ████████████████████████████ ████████████████████████████████████.

During discovery, Defendants served a 30(b)(6) deposition request upon Cobblestone directed to topics such as how Cobblestone valued the patents, its technical due diligence (infringement and validity), and its analysis of potential licensing targets. The thrust of these topics were to understand how Cobblestone would explain at trial why it was able to purchase patents ████████████████████████████████████████. In response, Cobblestone uniformly claimed privilege over all the due diligence work that Mr. Chung, a lawyer, performed. Although he said he reviewed claim charts, identified targets, and did a validity analysis, he quickly claimed privilege and refused to provide any documents or testimony describing or supporting the technical analysis or valuation of the patents.

Defendants file this motion *in limine* to preclude Cobblestone from presenting testimony or other evidence on these matters for which it has claimed privilege. Defendants are concerned that, despite asserting privilege in his deposition, Mr. Chung (who will be Cobblestone's corporate representative and likely only fact witness) will tell the jury that he identified an overlooked "gem in the rough" and, as a result of extensive analysis, was able to acquire the patents-in-suit for a fraction of their real value.

Such testimony, if permitted, would be highly unfair and prejudicial. Because Cobblestone refused to provide, on the grounds of privilege, any claim charts, prior art analysis, licensing target



lists, valuations, or any other evaluations, Defendants will be unable to challenge or fairly test any such assertion by Cobblestone on cross examination.

Cobblestone's witnesses should not be able to waive privilege on the stand and testify about issues over which privilege was claimed during discovery. "Considerations of fairness require that a litigant should not be able to claim reliance on advice of counsel as a defense, and hence a sword in litigation, while at the same time asserting attorney-client privilege or work product doctrine as a shield to protect against the opposing party testing the legitimacy of that claim." *TIVO Inc. v. EchoStar Commc'ns Corp.*, No. 2:04-CV-1 (DF), 2005 U.S. Dist. LEXIS 42481, at *16 (E.D. Tex. 2005); *see also SynQor, Inc. v. Artesyn Techs., Inc.*, No. 2:07-CV-497-TJW-CE, 2011 U.S. Dist. LEXIS 91693, at *83 (E.D. Tex. 2011) ("By sustaining SynQor's objections, the Court did not permit the Fish Defendants to affirmatively assert that they had searched for and failed to uncover SynQor's patents while denying all discovery into the scope of that search."), *aff'd*, 709 F.3d 1365 (Fed. Cir. 2013).

Some examples of areas where Cobblestone claimed privilege are as follows:







For each of these subjects, Cobblestone should not be able to waive privilege on the witness stand and testify to matters that were shielded by privilege during discovery. *See TIVO*, 2005 U.S. Dist. LEXIS 42481, at *16.

## II.  MIL #2: PRECLUDE FACT WITNESSES FOR COBBLESTONE FROM OFFERING OPINION TESTIMONY ABOUT THE VALUE, TECHNICAL BENEFITS, OR INFRINGEMENT AND VALIDITY OF THE ASSERTED PATENTS.

Cobblestone, and in particular its corporate representative Mr. Chung, should be precluded from offering opinions regarding the value, features, and technical benefits of the Asserted Patents.

4

███████████████████████████████████████████████

*Smart Path v. Nokia*, No. 2:22-cv-343, Dkt. No. 239 at 4 (E.D. Tex. March 25, 2024) (granting MIL preventing Smart Path's corporate representative, Mr. Pitcock, from testifying as to the substance and alleged benefits of the Asserted Patents). Mr. Chung is a fact witness and has not served an expert report or disclosure of opinions in this matter.

During his 30(b)(6) deposition, ███████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█████████████████████

         ███████████████████████████████████

         ███████████████████████████████████

███████████████████████████████████████

As a patent litigator testifying in this matter as a corporate representative, there is a substantial risk Mr. Chung will advocate from the witness stand. ██████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████

████████████████████████████████████████

████████████████████

Thus, any testimony from Mr. Chung regarding the substance and any alleged benefits of the Asserted Patents would constitute improper opinion testimony by a lay witness. FED. R. EVID. 701. A lay witness must have "personalized knowledge" of the facts underlying a lay opinion. *Miss. Chem. Corp. v. Dresser-Rand Co.*, 287 F.3d 359, 373 (5th Cir. 2002); *see also Perret v. Nationwide Mut. Ins. Co.*, No. 4:10-cv-00522, 2013 U.S. Dist. LEXIS 192945, at \*7–8 (E.D. Tex. July 18, 2013) ("Since [witness] had no personal knowledge . . . , any such testimony would constitute an expert, as opposed to a lay, opinion"). Allowing Mr. Chung to testify regarding the Asserted Patents would effectively allow Cobblestone to introduce attorney argument as "factual" testimony. Ex. 1 (Chung Dep.) 62:6-9; *Elcommerce.com, Inc. v. SAP AG*, 745 F.3d 490, 506 (Fed. Cir. 2014) ("Attorney argument is not evidence.").

## III.   MIL #3: PRECLUDE DISCUSSION OF BUSINESS-WIDE REVENUE OR CONSOLIDATED WIRELESS REVENUE OF THE CARRIERS.

Defendants and Intervenors seek to preclude discussion by Cobblestone or its experts, including Mr. Dell, ████████████████████████████████████ ██

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████ were presented to the jury, it would violate an "important evidentiary principle" because it "cannot help but skew the damages horizon for the jury" and "make a patentee's proffered damages amount appear modest by comparison." *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1226-27 (Fed. Cir. 2014) (quoting *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011)).

████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████ *See* Ex. 2 (Dell T-Mobile Rpt.) at ¶¶ 165, 387, Attachments 5.1, 5.2, 15; Ex. 3 (Dell AT&T Rpt.) at ¶¶ 168, 381, Attachments 8.5, 10; Ex. 4 (Dell Supp. AT&T Rpt.) at ¶¶ 4, 5, Appx. A at 2, Corrected Attachments 8.5, 10; Ex. 5 (Dell Verizon Rpt.) at ¶¶ 146, 360, Attachments 6.4, 6.5, 13. ██████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████ [1] Allowing Mr. Dell to present his ████████ number without showing the math containing the overall revenues balances the need to avoid skewing the damages horizon while still permitting Mr. Dell to present his theories to the jury.

The Federal Circuit has explicitly stated that "disclosure of the end product's total revenue cannot help but skew the damages horizon for the jury, regardless of the contribution of the patented component to this revenue." *Commonwealth Sci. & Indus. Rsch. Organisation v. Cisco Sys.*, 809 F.3d 1295, 1302 (Fed. Cir. 2015). The Federal Circuit has thus cautioned District Courts and litigants to "avoid misleading the jury by placing undue emphasis on the value of the entire product." *Id.* (emphasis added). Thus, overall revenue figures, whether at the company or end-user level, are legally irrelevant and only risk to prejudice the jury towards an inflated damages award. *See Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011). For these reasons, this Court routinely precludes reference to total revenue and other similar financial information. *See, e.g.*, *Intellectual Ventures I LLC v. T-Mobile USA Inc.*, No. 2:17-cv-577-JRG (E.D. Tex. Jan. 8, 2019), Dkt. No. 294 at 5; *Implicit, LLC v. Trend Micro, Inc.* No. 6:16-cv-80-JRG (E.D. Tex. Oct. 3, 2017), Dkt. No. 253 at 6; *Huawei Techs. Co. Ltd. v. T-Mobile US, Inc.*, No. 2:16-cv-52-

---

[1] Note that the Defendants may contest whether the ████████ number utilized by Mr. Dell is properly apportioned.

JRG-RSP (E.D. Tex. Sept. 29, 2017), Dkt. No. 440 at 11 ("Dr. Vander Veen may explain how he calculated the revenue per customer per month attributable to the LTE network from his starting estimate of the average revenue per customer per month."); *BMC Software, Inc. v. ServiceNow, Inc.*, No. 2:14-cv-903-JRG, 2016 WL 379620, at *3 (E.D. Tex. Feb. 1, 2016); *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, No. 4:14-cv-371, 2016 U.S. Dist. LEXIS 106535, at *4-5 (E.D. Tex. Feb. 1, 2016); *SimpleAir, Inc. v. Google Inc.*, No. 2:14-cv-11-JRG (E.D. Tex. Oct. 6, 2015), Dkt. No. 325 at *4.

The Court's Standing Order on Motions *in Limine* provides for Court MIL No. 3, which states: "The parties shall be precluded from introducing evidence, testimony, or argument concerning any party's overall financial size, wealth, or executive compensation."[2] Defendants and Intervenors seek the present additional MIL to confirm and clarify that Cobblestone and Mr. Dell may not show overall wireless subscriber revenue numbers to the jury under the guise of explaining Mr. Dell's methodology. Presenting these numbers to the jury is far more prejudicial than it is probative. *See* FED. R. EVID. 402, 403.

## IV.   CONCLUSION

For the forgoing reasons, Defendants and Intervenors respectfully request that this Court grant their Motions *in Limine*.

Dated: July 29, 2024                   Respectfully submitted,

                                         */s/ David S. Frist*
                                         David S. Frist (GA Bar No. 205611)
                                         John D. Haynes (GA Bar No. 340599)
                                         Emily C. Welch (GA Bar No. 606071)

---

[2]https://www.txed.uscourts.gov/sites/default/files/judgeFiles/12.14.22%20Standing%20Order%20on%20Motions%20in%20Limine.pdf.

Michael C. Deane (GA Bar No. 497195)
Sloane S. Kyrazis (GA Bar No. 878240)
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 4900
Atlanta, GA 30309
Phone: (404) 881-7000
Fax:     (404) 881-7777
Email: david.frist@alston.com
john.haynes@alston.com
emily.welch@alston.com
michael.deane@alston.com
sloane.kyrazis@alston.com

Ross R. Barton (NC Bar No. 37179)
ALSTON & BIRD LLP
101 South Tryon Street
Suite 4000
Charlotte, NC 28280-4000
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
Email: ross.barton@alston.com

Theodore Stevenson, III (TX Bar No. 19196650)
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 2300
Dallas TX 75201
Phone: (214) 922-3400
Fax:     (214) 922-3899
Email: ted.stevenson@alston.com

Katherine G. Rubschlager (CA Bar. No. 328100)
ALSTON & BIRD LLP
560 Mission St., Suite 2100
San Francisco, CA 94105
Phone: (415) 243-1000
Fax:     (415) 243-1001
Email: katherine.rubschlager@alston.com

Deron R. Dacus
THE DACUS FIRM
821 E SE Loop 323 Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Facsimile: (903) 581-2543

9

*Attorneys for Defendants AT&T Services, Inc., AT&T Mobility LLC, and AT&T Corp.; Defendant T-Mobile USA, Inc.; Defendant Cellco Partnership d/b/a Verizon; Intervenor Ericsson Inc.; and Intervenor Nokia of America Corporation*

Deron Dacus
ddacus@dacusfirm.com
THE DACUS FIRM
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1117
Facsimile: (903)581-2543
Email: ddacus@dacusfirm.com

*Attorney for AT&T Services, Inc., AT&T Corp., AT&T Mobility LLC, Cellco Partnership d/b/a Verizon Wireless, Ericsson Inc. and Nokia of America Corporation*

Melissa R. Smith
melissa@gillamsmithlaw.com
Tom Gorham
tom@gillamsmithlaw.com
Gillam & Smith Llp
102 N. College, Suite 800
Tyler, TX 75702
903-934-8450
Fax: 903-934-9257

*Attorneys for T-Mobile USA, Inc.*

10

████████████████████████████████████████████████

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served by e-mail on July 29, 2024 on all counsel who have consented to electronic service.

*/s/ David S. Frist*
David S. Frist

████████████████████████████████████████████████

## CERTIFICATE OF CONFERENCE

I hereby certify that Defendants and Intervenors have complied with the meet and confer requirements set forth in Local Rule CV-7(h). Counsel for Defendants and Intervenors met and conferred with counsel for Plaintiff on July 26, 2024. No agreement was reached regarding the relief sought in this motion.

*/s/ David S. Frist*
David S. Frist

11